IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Richard Horton,<br><br>    Plaintiff,<br><br>v.<br><br>City of Columbus, et al.,<br><br>    Defendants. | Case No. 2:23-cv-3888<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

**ANSWER OF DEFENDANTS
CITY OF COLUMBUS AND BRENDA K. WALKER
TO PLAINTIFF'S AMENDED COMPLAINT**

For their answer to the Amended Complaint filed by Plaintiff Richard Horton ("Plaintiff") on March 7, 2024 (R.17), Defendants City of Columbus and Brenda K. Walker ("Defendants") jointly and respectfully state the following:

**SPECIFIC ADMISSIONS, DENIALS & STATEMENTS**

**"Introduction"**

1. Defendants admit that Plaintiff was arrested, prosecuted, and convicted for a 2004 armed robbery in Columbus, Ohio. Defendants deny the remaining allegations in Paragraph 1.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants admit that Plaintiff maintained his innocence and that he was convicted. Defendants deny the remaining allegations in Paragraph 3, and specifically deny that they fabricated evidence or engaged in misconduct.

4. Defendants deny the allegations in Paragraph 4 for lack of knowledge, information, or belief.

5. Defendants admit that Plaintiff was convicted, incarcerated for approximately 17 years, and released in 2022. Defendants admit that Plaintiff was granted a new trial as a result of new DNA testing technology, and that Franklin County Prosecutors entered a nolle prosequi. Defendants deny the remaining allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

### "Jurisdiction and Venue"

7. Defendants admit that Plaintiff's Amended Complaint states at least one civil rights claim against Defendants under 42 U.S.C. § 1983. Defendants deny all other allegations in Paragraph 7.

8. Defendants admit this Court has subject matter jurisdiction over Plaintiff's claims.

9. Defendants admit that this Court is the proper venue for Plaintiff's claims. Defendants deny all other allegations in Paragraph 9.

### "Parties"

10. Defendants deny that Plaintiff was innocent of the crime(s) for which he was convicted, and admit the remaining allegations in Paragraph 10.

11. Defendants admit that Brenda K. Walker and Sam Sias were police officers in the Columbus Division of Police at all relevant times. Upon information and belief, Defendants state that Sam Sias is deceased.

12. The City is a municipal corporation within the State of Ohio. The City is organized, exists, and operates under the Ohio Constitution, the laws of the State of Ohio, the Columbus City Charter, and the Columbus City Codes. The City is a "person" within the meaning of 42 U.S.C. § 1983. The City acts at all times under color of state law. Defendants deny any remaining allegations in Paragraph 12, and specifically deny that the city is liable for the acts of its employees under a theory of respondeat superior.

13. Defendants deny the allegations in Paragraph 13 for lack of knowledge, information, or belief.

14. Defendants admit that Walker and Sias acted under color of law and within the scope of their employment at all relevant times.

**"Plaintiff's Factual Allegations"**

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit that the robber had a hoodie over his head, partly obscuring his face, but deny that the victims were unable to see his face completely. Defendants admit that the robber ordered Curry not to look at him, because she had looked at his face at least three times.

18. Defendants admit that the robber forced McClanahan backwards and struck him on the head with the handgun, causing his head to bleed. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24 for lack of knowledge, information, or belief.

25. Defendants admit the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26 for lack of knowledge, information, or belief.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants admit the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31 for lack of knowledge, information, or belief.

32. Defendants admit the allegations in Paragraph 32.

33. Defendants admit the allegations in Paragraph 33.

34. Defendants deny that McClanahan identified his assailant as "Richard Diggs." Defendants admit the remaining allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35 for lack of knowledge, information, or belief.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37 for lack of knowledge, information, or belief.

38. Defendants admit the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants admit that they arranged a photo array, and deny the remaining allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants admit that McClanahan and Curry had perceived the robber's voice, his height, and the fact that he was a young, light-skinned Black Man. Defendants deny all other allegations in Paragraph 49.

50. Defendants admit that they knew the photo array would not help identify the robber's voice or height, but state that the photo array allowed for the possibility of identifying the robber based on other observed characteristics.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 52.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants admit the allegations in Paragraph 57.

58. Defendants admit that McClanahan and Curry independently identified Plaintiff as the perpetrator, and deny that the photo array was in any way suggestive.

59. Defendants deny the allegations in Paragraph 59 for lack of knowledge, information, or belief.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants admit the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants admit the allegations in Paragraph 64.

65. Defendants admit the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69 for lack of knowledge, information, or belief.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants admit the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74 for lack of knowledge, information, or belief.

75. Defendants deny the allegations in Paragraph 75 for lack of knowledge, information, or belief.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants state that the typed police report speaks for itself. Further answering, Defendants deny that the report contains any false information. Defendants deny all other allegations in Paragraph 78.

79. Defendants state that the typed police report speaks for itself. Further answering, Defendants deny that the report contains any false information. Defendants deny all other allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants state that the notes speak for themselves. Further answering, Defendants deny the remaining allegations in Paragraph 84.

85. Defendants state that the report speaks for itself. Further answering, Defendants deny the remaining allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants admit the allegations in Paragraph 89.

90. Defendants admit that McClanahan and Curry testified truthfully at the jury trial and positively identified Plaintiff as the perpetrator of the robbery. Defendants deny the remaining allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93 for lack of knowledge, information, or belief.

94. Defendants deny the allegations in Paragraph 94 for lack of knowledge, information, or belief.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96, and specifically deny that any exculpatory information was suppressed.

97. Defendants admit that Plaintiff was convicted of robbery, and deny that the conviction was wrongful. Defendants deny all other allegations in Paragraph 97.

98. Defendants admit that Plaintiff was sentenced to a term of 23 years in prison, and deny the remaining allegations in Paragraph 98.

99. Defendants admit that plaintiff has maintained his innocence and deny all other allegations in Paragraph 99.

100. Defendants admit that the trial court granted Plaintiff's motion for a new trial, and deny the remaining allegation in paragraph 100.

101. Defendants admit that the prosecutors moved for an entry of nolle prosequi after the trial court barred the state from using McClanahan's trial testimony at the new trial.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants admit the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. Defendants deny the allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants deny that Plaintiff was wrongly imprisoned and deny the remaining allegations in Paragraph 115 for lack of knowledge, information, or belief.

116. Defendants deny the allegations in Paragraph 116 for lack of knowledge, information, or belief.

117. Defendants deny that Plaintiff was wrongly imprisoned and deny the remaining allegations in Paragraph 117 for lack of knowledge, information, or belief.

118. Defendants deny the allegations in Paragraph 118 for lack of knowledge, information, or belief.

### "Count I"

119. Defendants restate and reallege their responses in Paragraph 1 through 118.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

### "Count II"

128. Defendants restate and reallege their responses in Paragraph 1 through 127.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants admit that the prosecutors moved for an entry of nolle prosequi after the trial court barred the state from using McClanahan's trial testimony at the new trial. Defendants deny all other allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

### "Count III"

136. Defendants restate and reallege their responses in Paragraph 1 through 135.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

### "Count IV"

142. Defendants restate and reallege their responses in Paragraph 1 through 141.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

### "Count V"

148. Defendants restate and reallege their responses in Paragraph 1 through 147.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

### "Count VI"

154. Defendants restate and reallege their responses in Paragraph 1 through 153.

155. Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

### "Count VII"

157. Defendants restate and reallege their responses in Paragraph 1 through 156.

158. Defendants deny the allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants deny the allegations in Paragraph 160.

161. Defendants deny the allegations in Paragraph 161.

162. Defendants deny the allegations in Paragraph 162.

### "Count VIII"

163. Defendants restate and reallege their responses in Paragraph 1 through 162.

164. Defendants deny the allegations in Paragraph 164.

165. Defendants deny the allegations in Paragraph 165.

### "Count IX"

166. Defendants restate and reallege their responses in Paragraph 1 through 165.

167. Defendants deny the allegations in Paragraph 167.

168. Defendants admit that Walker and Sias acted at all times in the course and scope of their employment with the City. Further answering, Defendants deny that Walker and Sias committed any misconduct. Defendants deny all other allegations in Paragraph 168.

169. Defendants deny the allegations in Paragraph 169.

170. Defendants deny the allegations in Paragraph 170.

171. Defendants deny that Plaintiff is entitled to the relief sought in his Amended Complaint.

172. Defendants deny each and every allegation in Plaintiff's Amended Complaint that has not been specifically and unequivocally admitted in one or more of the foregoing paragraphs of this answer.

## AFFIRMATIVE DEFENSES

173. Plaintiff fails to state claims upon which relief can be granted.

174. Plaintiff's claims are barred by the applicable statutes of limitations.

175. With respect to Plaintiff's federal claims, the Officer Defendants are entitled to qualified immunity.

176. With respect to Plaintiff's state-law claims, Defendants are entitled to the statutory immunity afforded them under Chapter 2744 of the Ohio Revised Code, as well as all other applicable defenses, set-offs, and limitations set forth therein.

177. Some or all of Plaintiff's claims are barred by the doctrines of res judicata and/or issue preclusion.

178. Plaintiff's claims are barred (either in whole or in part) by his own wrongful conduct.

179. Defendants reserve the right to assert such additional defenses that may become apparent as investigation and discovery in this civil action proceeds.

## PRAYER FOR RELIEF

180. Having fully answered the Amended Complaint of Plaintiff Richard Horton, Defendants City of Columbus and Brenda K. Walker jointly and respectfully request that this Court issue an order (a) dismissing this case with prejudice; (b) finding the claims asserted in Plaintiff's Amended Complaint to be frivolous and to have been asserted in bad faith or for purposes of vexation or harassment; (c) assessing the costs of this civil action, including all reasonable attorney fees incurred in the defense of these claims, against Plaintiff; and (d) awarding Defendants any and all other relief the Court deems just, equitable, or necessary.

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov

*Counsel for Defendants City of Columbus and Brenda K. Walker*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2024, I electronically filed the foregoing with the Clerk of this Court by using the Court's CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF System.

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286)