**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD HORTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 23-cv-3888 |
| | ) | |
| v. | ) | Chief Judge Algenon L. Marbley |
| | ) | |
| CITY OF COLUMBUS, Columbus Division of Police Officers BRENDA K. WALKER (Badge #1176), MIEKO SIAS as personal representative of the ESTATE OF SAM SIAS (Badge #1871), and AS-YET UNKNOWN COLUMBUS POLICE OFFICERS, | ) ) ) ) ) ) ) ) | Magistrate Judge Elizabeth P. Deavers  **JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS
CITY OF COLUMBUS AND BRENDA WALKER'S MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS (DKT. 19)**

**I.     Introduction**

Plaintiff Richard Horton was wrongfully arrested, prosecuted, and convicted for a 2004 armed robbery in Columbus, Ohio which he had nothing to do with. The fingerprint evidence recovered from the scene excluded him as the perpetrator, and later DNA testing on a shell casing fired by the robber confirmed Plaintiff's innocence. However, due to serious misconduct committed by Defendants—including inappropriate and highly suggestive identification procedures, fabrication of evidence, and suppression of police interview notes in which one of the victims identified a different man as the perpetrator—Plaintiff spent 17 years incarcerated for a crime he did not commit. Following the DNA testing which confirmed Plaintiff's innocence, his conviction was vacated and all charges against him were dropped in May of 2023. Plaintiff then filed this 9-count action on November 20, 2023 against Defendants City of Columbus ("City"), Brenda Walker, Sam Sias, and as-yet unknown Columbus Police Officers. Dkt. 1.

1

Defendants City and Walker now move this Court to grant them partial judgment on the pleadings and dismiss Plaintiff's *respondeat superior* (Count VIII) and indemnification (Count IX) causes of action with prejudice. Dkt. 19. Such a request is procedurally premature. For the reasons listed below, Plaintiff respectfully requests this Honorable Court deny Defendants City and Walker's motion in part by dismissing Count IX without prejudice, as the issue is unripe, and grant the motion in part by dismissing Count VIII with prejudice.

**II.     Argument**

*A.  Plaintiff's Indemnification Claim is Unripe and Should Be Dismissed Without Prejudice*

Plaintiff's indemnification claim is unripe and should thus be dismissed without prejudice. "Ripeness is a justiciability doctrine designed to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Ky. Press Ass'n v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (internal quotation marks omitted). The requirement of ripeness guards against the issuing of advisory opinions. *Celebrezze v. U.S. Dep't of Transp.*, 766 F.2d 228, 232 (6th Cir. 1985); *see also Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 493 (6th Cir. 1995) (noting that a court is "obliged under Article III to limit its jurisdiction to ripe cases, to avoid issuing advisory opinions based upon hypothetical situations"). "[T]he ripeness doctrine is discretionary." *Jackson v. City of Cleveland*, 925 F.3d 793, 808 (6th Cir. 2019). "Application of this doctrine requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Id*. at 807 (internal quotation marks omitted).

"A claim is unripe when it is anchored in future events that may not occur as anticipated, or at all." *Id*. (internal quotation marks omitted); *see also Gillispie v. City of Miami Twp.*, Case No. 3:13-cv-416, 2020 WL 5629677, at *39-40 (S.D. Ohio Sept. 21, 2020) (dismissing a claim for indemnification under Ohio law without prejudice at the summary judgment stage because it is

2

unripe); *Williams v. City of Canton*, Case No. 5:22-cv-0416, 2022 WL 17552459, at *3 (N.D. Ohio Dec. 9, 2022) (denying plaintiff's request to add a claim for declaratory judgment regarding Ohio's indemnification provision to his complaint as the issue was unripe); *Jackson*, 925 F.3d at 808 (the general rule is that a claim for indemnification for damages that may be awarded on an underlying tort claim should not be adjudicated until the underlying claim is adjudicated, and while courts sometimes apply an exception "for indemnification claims that have no possibility of success, regardless of the merits of the underlying claims," the Sixth Circuit Court of Appeals "has not analyzed the propriety of this exception."); *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) (the unripe claim "should have been dismissed without prejudice, thereby allowing the plaintiff to reassert" the claim "should it become ripe in the future"); *Wheatt v. City of East Cleveland*, 2017 WL 5187780, at *16 (N.D. Ohio Nov. 9, 2017) (dismissing plaintiff's indemnification claim without prejudice because the claim was not yet ripe). Such is the case here.

As shown in Plaintiff's Amended Complaint (Dkt. 17) and the text of Ohio Rev. Code § 2744.07, Plaintiff's claim for indemnification is anchored to him obtaining a judgment against "an employee" of Defendant City—a future event that may not occur. R.C. § 2744.07(B)(1) (unless an exception applies, "a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment … that is obtained against the employee in a state or federal court …."); *Ayers v. City of Cleveland*, 2020 WL 1445287, at *4 ("[i]n reviewing the plain language of R.C. 2744.07(A)(2), it is clear that a political subdivision must indemnify an employee in the amount of any judgment qualifying under the statute"); *Jackson*, 925 F.3d at 807 (explaining that indemnification claims typically depend on the favorable adjudication of underlying claims); *see also Ayers v. City of Cleveland*, 99 N.E.3d 1269, 1276, 2017-Ohio-8571 (Ohio Ct. App. 2017) (the statute "suggests that the political subdivision's duty to indemnify and hold harmless attaches

immediately upon the issuance of the judgment against the employee"). Plaintiff's case is in the early stages of discovery, and as such, there has not been any adjudication on the merits of his claims against Defendant Officers. Thus, it is currently speculative whether the judgment against Defendant Officers—which is the basis for indemnification—will occur, and adjudication of Plaintiff's indemnification claim is premature.

The sole case that Defendants cite in support of their argument for judgment on Plaintiff's indemnification count is *Gillispie v. City of Miami Twp.,* Case No. 3:13-cv-416. However, that reliance is insufficient. Counsel for Plaintiff also represents Mr. Gillispie and knows that Mr. Gillispie is appealing the ruling in that case. Centrally, he is appealing the issue of what role judgment creditors—such as civil rights plaintiffs who are awarded money verdicts at trial—play in enforcing indemnification under R.C. § 2744.07. As such, the law in this area is uncertain and not yet settled. Therefore, Defendants City and Walker cannot show entitlement to judgment as a matter of law. In addition, denying Defendants' motion and electing to dismiss Plaintiff's indemnification claim without prejudice does no prejudice to any party as, regardless of the disposition of the instant motion, all of the defendants will remain in this lawsuit. Therefore, as Plaintiff's indemnification claim is not yet ripe, and Defendants cannot show they are entitled to judgment as a matter of law at this stage, Count IX should be dismissed without prejudice.

B.  *Plaintiff Voluntarily Dismisses His Respondeat Superior Claim*

Plaintiff voluntarily dismisses his *respondeat superior* state-law cause of action (Count VIII).[1]

---

[1] For clarification, Defendants argue that Plaintiff's *respondeat superior* claim fails under both federal and state law. However, as made clear in his Amended Complaint, Plaintiff is only bringing that cause of action (Count VIII) pursuant to state law. In his Amended Complaint, Plaintiff makes separate *Monell* allegations against Defendant City as being a moving force underlying the constitutional violations which form the bases of Plaintiff's federal causes of action. *See* Amended Complaint, Dkt. 17, ¶¶ 103-15, 128, 136, 142, 148; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

### III. Conclusion

For the aforementioned reasons, Plaintiff respectfully requests this Honorable Court deny Defendants City and Walker's motion in part and grant in part by dismissing Count IX of Plaintiff's Amended Complaint without prejudice and dismissing Count VIII with prejudice.

                                    RESPECTFULLY SUBMITTED,

                                    /s/ Michele Berry_____
                                    *One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939)<br>THE LAW OFFICE OF MICHELE BERRY, LLC<br>114 East 8th Street<br>Cincinnati, OH 45202<br>Tel: 513.919.5315<br>Fax: 513.376.8752<br>mberry@mberrylaw.com<br><br>*Counsel for Plaintiff* | Jon Loevy<br>Alyssa Martinez<br>LOEVY & LOEVY<br>311 N. Aberdeen, 3rd FL<br>Chicago, IL 60607<br>(312) 243-5900<br>alyssa@loevy.com<br><br>*Counsel for Plaintiff* |

### **CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, certify that a copy of the foregoing was filed electronically on April 18, 2024 by using the Court's CM/ECF System, and that notice of this filing was sent that same day to the other parties to this case by operation of the Court's CM/ECF System.

                                    /s/ Alyssa Martinez
                                    *One of Plaintiff's Attorneys*