# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HORTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 23-cv-3888 |
| | ) | |
| v. | ) | Chief Judge Algenon L. Marbley |
| | ) | |
| CITY OF COLUMBUS, Columbus Division | ) | Magistrate Judge Elizabeth P. Deavers |
| of Police Officers BRENDA K. WALKER | ) | |
| (Badge #1176), MIEKO SIAS as personal | ) | **JURY TRIAL DEMANDED** |
| representative of the ESTATE OF SAM SIAS | ) | |
| (Badge #1871), and AS-YET UNKNOWN | ) | |
| COLUMBUS POLICE OFFICERS, | ) | |
| | ) | |
| *Defendants*. | ) | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Offices of Michele Berry, respectfully submits this statement to show cause for why the action should not be dismissed as to Defendant Mieko Sias and why an additional extension of time to serve this Defendant should be allowed. Plaintiff states as follows:

1. Plaintiff filed this action on November 20, 2023 against Defendants City of Columbus ("City"), Brenda Walker, Sam Sias, and as-yet unknown Columbus Police Officers alleging violations of his constitutional rights during his wrongful arrest and prosecution for a 2004 robbery. Dkt. 1.

2. During the course of serving the various Defendants, Plaintiff learned that Defendant Sias was deceased. As such, Plaintiff moved for entry of an Amended Complaint substituting in the personal representative of Mr. Sias's estate, Mieko Sias, to defend this action. Dkt. 15.

3. On March 7, 2024, Plaintiff's Amended Complaint was entered in this case. Dkt. 17.

4. On March 27, 2024, Plaintiff contacted counsel for Defendants City and Walker to inquire as to whether they would be representing Mrs. Sias, and if they were amenable to waiving service pursuant to Fed. R. Civ. P. 4(d).

5. On April 2, 2024, counsel for Defendants City and Walker responded notifying Plaintiff that Mr. Sias's estate was closed.

6. Upon learning that Mr. Sias's estate was closed, Plaintiff immediately attempted to locate local counsel that could handle the probate court proceedings for re-opening Mr. Sias's estate, pursuant to Ohio law, and having his Administrator reappointed for the purpose of defending this action. *See* Exhibit A (Sworn Affidavit of Alyssa Martinez).

7. Unexpectedly and unfortunately, it has taken some time for Plaintiff to obtain an Ohio probate attorney to prepare the appropriate filings to reopen the estate in probate court. *Id.*

8. However, Plaintiff has now obtained such counsel, and the motion to reopen the estate will be filed this week in Pickaway County Probate Court. *Id.*

9. Plaintiff can immediately file a declaration with the hearing date set by the Pickaway County Probate Court for the motion to re-open Mr. Sias's estate so that this Court may be kept abreast of those proceedings. The matter will be fully briefed before the probate court, and Plaintiff believes the court will rule on or shortly after the hearing date. Once the Administrator is re-appointed, Plaintiff will serve them forthwith.

10. This Court in its discretion may extend the time for perfecting service under Fed. R Civ. P. 4(m) when a party demonstrates good cause for the delay in service. Fed. R. Civ. P. 4(m); *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Courts consider several factors in determining whether to extend the time for service, including:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Kirk v. Muskingum County of Ohio*, 2011 WL 1480136, at *5 (S.D. Ohio Apr. 19, 2011), *report and recommendation adopted*, 2011 WL 1843004 (S.D. Ohio May 16, 2011); *Searcy v. Cnty. of Oakland*, 735 F. Supp. 2d 759, 770 (E.D. Mich. 2010) (same). Courts have also considered whether the plaintiff has "made a reasonable and diligent effort to effect service," *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994), and "whether an extension of time would serve the overall policy of resolving disputes," *Turner v. Kentucky Transp. Cabinet*, 2010 WL 5014516, at *3 (E.D. Ky. Dec. 3, 2010).

11. These factors justify a conclusion that this Honorable Court find good cause not to dismiss this action for Defendant Sias and to grant Plaintiff a final extension for service thereof.

12. First, Plaintiff does not expect a significant extension of time is required in order to complete service. The probate court will set a hearing date forthwith and, as noted above, Plaintiff will immediately file a declaration with this Court apprising it of the hearing date. Plaintiff believes that he will be able to obtain the re-appointment of Mr. Sias's Administrator for his estate on the hearing date or shortly thereafter, and will promptly effect service.

13. Second, an extension of time would not prejudice Defendant Sias. Pursuant to Ohio law, as Plaintiff is not seeking any asset of the estate or heirs, and is seeking only indemnification from the City of Columbus, the presence of the administrator of the estate is, in a sense, perfunctory. Plaintiff has no reason to believe that Mrs. Sias has any personal knowledge of the misconduct Plaintiff alleges Defendants City, Walker, and Mr. Sias partook in. As such, Plaintiff would not be seeking to depose her as he would a living defendant.

14. Third, Mrs. Sias has had notice of this lawsuit since Plaintiff first tried to serve her husband, Sam Sias, and then through Plaintiff's attempts to serve her prior to finding out the estate of Sam Sias was closed.

15. Fourth, depending on how this Court views the applicability of relation back, a dismissal without prejudice might substantially prejudice Plaintiff. Dismissal without prejudice "leaves the situation the same as if the suit had never been brought . . . ." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 16, 27 (6th Cir. 1987). The statute of limitations on Plaintiff's state law claims is one year. That one year began running on May 25, 2023. If this Court were to dismiss this action against Defendant Sias and find that Rule 15's relation back principle does not apply, then the statute of limitations would have run on Plaintiff's state law claims against Mr. Sias—claims that concern very serious conduct for which Plaintiff was wrongfully incarcerated for 17 years. Under those circumstances, Plaintiff would be substantially prejudiced by the dismissal of his state law claims against the Estate of Sam Sias. *See* Fed. R. Civ. P. 4, Advisory Committee Notes (1993 Amendments) ("[r]elief [from dismissal] may be justified, for example, if the applicable statute of limitations would bar the refiled action . . . ."); *United States v. 2,164 Watches*, 366 F.3d 767, 773 (9th Cir. 2004) ("A dismissal for untimely service is required to be a dismissal without prejudice"; such as dismissal "ordinarily enables the plaintiff to refile the complaint and effect timely service. It is conceivable, however, that prejudice might result from a dismissal without prejudice if, for example, the statute of limitations had expired. The existence of prejudice of this kind could affect what action a court might choose to take in response to untimely service of process."); *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997), *cert. denied*, 522 U.S. 1109 (1998) ("the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service[.]"); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 346 n.3 (6th Cir. 2007) ("any dismissal ordered under Rule 4(m) after expiration of the statute of limitations for failure to

establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action.").

16. If, however, the Court agrees with Plaintiff that the principle of relation back in Rule 15 would apply (because the substitution of the administrator of the estate for the estate would relate back to the original filing date of the complaint), a dismissal without prejudice would preserve the Plaintiff's claims. *See Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 934 (6th Cir. 2009) ("Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.") (internal quotation marks omitted), quoting *U.S. ex rel. Bledsoe v. Community Health Sys, Inc.*, 501 F.3d 493 (6th Cir. 2007); *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999).[1] A dismissal of the Estate without prejudice in this circumstance would then be a waste of resources because Plaintiff could simply re-file once the administrator is re-appointed and perfect service of process. *Cf. John W. Stone Oil Distributor, LLC v. PBI Bank, Inc.*, 2010 WL 3221800, at *2 (W.D. Ky. Aug. 12, 2010).

17. Fifth, Plaintiff has made good faith efforts at perfecting service of process in this case. Plaintiff has obtained an attorney admitted in the state courts of Ohio and qualified in probate matters to prepare and file the appropriate pleadings to reopen the Estate of Samuel Sias. This pleading will be filed by September 20, 2024.

18. Even if this Court does not find good cause shown, Plaintiff respectfully requests the Court not dismiss the action against Defendant Sias and rather direct that service be affected

---

[1] As *Bledsoe* and other Sixth Circuit cases instruct, Rule 15 "must be interpreted in light of the 'fundamental tenor of the Rules,' which is one of liberality rather than technicality." 501 F.3d at 516; *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

within a specified time. Fed. R. Civ. P. 4(m); *Stewart v. Tennessee Valley Authority*, 238 F.3d 424, 2000 WL 1786749, at *1 (6th Cir. 2000) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)); *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 755-56 (E.D. Ky. 2011) ("Rule 4(m) 'permits a district court to enlarge the time for service "even" if there is no good cause shown.'") (quoting *Henderson*, 517 U.S. at 658 n.5)); *Turner*, 2010 WL 5014516, at *4 ("[A]n extension of time is mandatory if good cause is shown, but it is discretionary if good cause is not demonstrated.").

19. Plaintiff apologizes to this Court for the delay in serving Defendant Mieko Sias. It was not done for the purpose of undue delay, and Plaintiff is proceeding as expeditiously and diligently as he can to effect service upon her, and the delay is not impacting discovery in the case. Discovery is still proceeding on the schedule established by this Court, and fact discovery will likely be complete in advance of the established December deadline.

20. Plaintiff thus respectfully requests this Honorable Court find good cause to extend service of Defendant Sias to a date certain and any other relief this Court deems just.

RESPECTFULLY SUBMITTED,

/s/ Michele Berry
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Jon Loevy |
| THE LAW OFFICE OF MICHELE BERRY, LLC | Alyssa Martinez |
| 114 East 8th Street | LOEVY & LOEVY |
| Cincinnati, OH 45202 | 311 N. Aberdeen, 3rd FL |
| Tel: 513.919.5315 | Chicago, IL 60607 |
| Fax: 513.376.8752 | (312) 243-5900 |
| mberry@mberrylaw.com | alyssa@loevy.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

6

**CERTIFICATE OF SERVICE**

  I, Alyssa Martinez, an attorney, certify that a copy of the foregoing was filed electronically on September 20, 2024 by using the Court's CM/ECF System, and that notice of this filing was sent that same day to the other parties to this case by operation of the Court's CM/ECF System.

               /s/ Alyssa Martinez
               *One of Plaintiff's Attorneys*