# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Richard Horton, <br><br> Plaintiff, <br><br> v. <br><br> City of Columbus, et al., <br><br> Defendants. | Case No. 2:23-cv-3888 <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Elizabeth Preston Deavers |

## DEFENDANTS CITY OF COLUMBUS AND BRENDA WALKER'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Defendants, the City of Columbus and Brenda Walker (collectively, "the City") respectfully request that the Court extend the discovery deadline by six months, from December 1, 2024 to June 1, 2025. The City also requests a corresponding extension of the deadline for dispositive motions, from March 1, 2025 to July 1, 2025. This is the City's first request for an extension of any case deadlines. A memorandum in support of this motion is attached.

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants City of Columbus*
*and Brenda Walker*

**MEMORANDUM IN SUPPORT**

## I. Introduction

Plaintiff Richard Horton was convicted of a 2004 home-invasion armed robbery, based on the eyewitness testimony of the two victims, Richard McClanahan and Rhonda Curry. Horton served 17 years in prison before he was granted a new trial on the basis of new DNA technology, which excluded him as the source of DNA on a shell casing found at the scene. By this time, Mr. McClanahan had passed away, and prosecutors elected not to retry Horton.

Horton then commenced this Section 1983 litigation, alleging that he was wrongfully arrested, prosecuted, and convicted, and that the Defendants[1] conspired to intentionally secure his conviction despite his purported "clear innocence." [Am. Compl., ECF No. 17, ¶¶ 36, 72, 76] As a result of his imprisonment, Horton alleges that he suffered, and continues to suffer, from "extreme physical and psychological pain and suffering, humiliation, fear, anxiety, depression, despair, and other physical and psychological effects." [*Id.*, ¶ 119] He further alleges that he "was deprived of the ability to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being." [*Id.*, ¶ 116]

Horton's allegations are extremely serious, his claimed damages are extensive, and the relevant evidence is, in many cases, twenty years old. The Court entered a Preliminary Pretrial Order in this case on February 1, 2024, setting a discovery deadline of December 1, 2024, and a dispositive motion deadline of March 1, 2025. ECF No. 12. Although the City is requesting a six-

---

[1] The Amended Complaint also names as a Defendant the Estate of Sam Sias, a now-deceased Columbus Division of Police Detective. To date, the Estate has not been served with a Summons. *See* Order, ECF No. 36 (granting Plaintiff an additional 60 days, until November 25, 2024, to complete service on the Estate). That lack of service alone may warrant an extension of the discovery deadline. *See Johnson v. ODRC*, No. 1:23-cv-39, 2024 U.S. Dist. LEXIS 106091, *7 (S.D. Ohio Jun. 14, 2014).

month extension of discovery, because the Scheduling Order contemplates expert discovery, the total delay to the dispositive motion deadline and everything else would be only four months.

As demonstrated below, the City has exercised due diligence in attempting to meet the Court's deadlines. Given the importance of this case, and the outstanding discovery that remains despite the City's diligence in seeking it, good cause exists to grant the requested extension. Plaintiff will not be unduly prejudiced by the requested extension.

## II. Legal Standard

The Court may extend a deadline "for good cause … if a request is made, before the original time … expires[.]" Under Fed. R. Civ. P. 6(b)(1)(A). The determination of good cause is within the Court's discretion. *Ott v. Fed. Home Loan Mortg. Corp.*, 535 Fed. Appx. 488, 489 (6th Cir. 2013). Deadlines set by a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines." *Turnbow-Avery v. DeJoy*, No. 1:23-cv-571, 2024 U.S. Dist. LEXIS 106417, *3 (S.D. Ohio Jun. 14, 2024). Good cause is shown when the moving party "show[s] that it could not have reasonably met the scheduled deadlines despite exercising due diligence." *Id.* While that is the primary focus, "the Court must also consider whether the nonmovant will be prejudiced." *Id.*

## III. Discussion

Good cause exists to grant the City's requested extension of the case deadlines because the City has been diligent in seeking discovery.

    **a. The City has been diligent in attempting to meet the Court's deadlines**

    1.    *Plaintiff Horton's Deficient Initial Disclosures*

3

Fed.R.Civ.Proc. 26(a)(1)(A)(iii) mandates that a party must, "without awaiting a discovery request," provide "a computation of each category of damages claimed," and must also "make available for inspection and copying * * * the documents or other evidentiary material * * * on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed.R.Civ.Proc. 26(a)(1)(A)(i) further requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses * * * *"

In his Initial Disclosures, Horton alleged extensive damages, including "physical injuries, physical and emotional pain, psychological damage, anguish, humiliation, destruction of his reputation, * * * [and] suspension of and interference with his ability to pursue a career ***." [Exhibit 1, at 5]. However, Horton did not identify a single medical provider or employer. *Id.* at 1-4. Nor did the Initial Disclosures quantify or produce any documentation of the alleged damages. In his Supplemental Disclosures, the damages language was unchanged, but again no information was provided. [Exhibit 2]

2. *First Set of Discovery Requests & Deficiency Letter*

On March 26, 2024, the City served an initial set of discovery requests on Horton, which included specific requests for medical and employment information. [Exhibit 3] On May 10, 2024, Horton responded with a production that did not contain any medical records or medical bills or any records relating to Horton's employment following his release from prison. [Exhibit 4] The production included only one pay stub from his pre-incarceration employment. [Exhibit 5, Affidavit of David Dirisamer, ¶ 6]

4

Horton indicated that he would "provide a further response [to the request for medical records] upon entry of a HIPAA-qualified protective order in this case," *id.*, Request for Production No. 34. The Court entered the parties' Stipulated Protective Order on September 13, 2024. (ECF No. 32.) Even so, Horton never made the promised "further response." [Exhibit 5, ¶ 12]

Thus, Horton had not identified a single employer or medical provider, much less turned over documents relating to medical and economic damages, even though these were materials that should have been produced without a discovery request as part of the Initial Disclosures. Therefore, the City sent a First Discovery Deficiency Letter and, shortly thereafter, authorizations for the release of medical records, and requested supplemental responses by September 20, 2024. [Exhibit 6; Exhibit 5; ¶ 7-8]

The parties held meet and confers related to the outstanding discovery, and Attorney Martinez stated that supplemental discovery responses and a supplemental production of documents would be forthcoming by the end of that week (October 4, 2024). [Exhibit 7; Exhibit 5, ¶ 12] When nothing arrived by that deadline, Ms. Martinez wrote on October 7, 2024 that their production of documents was delayed due to "technical difficulties last week scanning in the documents," and instead a series of rolling productions would be made that week, with the production and "supplemental responses" to be completed by October 11, 2024. [Exhibit 8] On October 11, 2024, Ms. Martinez orally promised that a production of "thousands" of documents was forthcoming. [Exhibit 5, ¶ 13]

To date, Horton has not responded in writing to the First Discovery Deficiency Letter and the only supplemental production was approximately 600 pages, a majority of which consisted of publicly-available filings from the criminal trial and related proceedings. [*Id.*, ¶ 14]

    2.    *The second set of discovery requests and the second deficiency letter*

On September 6, 2024, the City served a second set of discovery requests. [Exhibit 9] Once again, the responses, received on October 9, 2024, were insufficient. Among other things, the responses promised a subsequent production of records, such as paystubs, that have never arrived. [Exhibit 10; Exhibit 5, ¶ 14] On October 16, 2024, the City sent a Second Discovery Deficiency Letter, to which Horton's counsel has not responded. [Exhibit 11]

Horton did not provide information relating to his employers and medical caregivers until his October 9, 2024 responses to the City's second set of discovery requests. [Exhibit 10] The City did not receive authorizations to seek his medical records until October 17, 2024. [Exhibit 5, ¶ 15] Once the City received information related to Horton's employers and medical providers (as well as the requisite authorizations), the City issued eight subpoenas.[2] But because the City was not able to seek these records until very recently, responsive records will not arrive until very close to the December 1 close of discovery. In total, the City has issued over 25 third-party subpoenas in this case in an attempt to gather all relevant information related to Horton's claims.

**3.** *The City's efforts to take depositions have been stymied*

The City first requested dates for Horton's deposition on August 19, 2024. [Exhibit 12] Horton's deposition was initially scheduled for October 16, 2024. However, because a significant amount of documents were outstanding, the City could not take an effective deposition of Horton on that date. The parties therefore agreed to delay Horton's deposition. A new deposition date has not been set, as the City is still awaiting documents related to Horton's damages claims.

The City has also attempted to take third-party depositions, with limited success. The City first subpoenaed Rhonda Curry for deposition in May 2024 for a June 25, 2024 deposition. [ECF

---

[2] The eight subpoenas issued on October 11, 2024 and October 17, 2024 were to K and K Builders, Alloys and Metals, Inc., Debra-Kuempel, the Ohio Department of Rehabilitation (for medical records), Northwest Internal Medicine, JIS Physical Therapy, JIS Orthopedics, and Inner Health Chiropractic.

No. 24] As the Court will recall, the deposition was postponed twice at the request of Horton's counsel. Ms. Curry's deposition finally occurred on September 27, 2024, more than three months after its original scheduled date.

The City first expressed an intent to depose Shelli Curry (Rhonda Curry's sister, who was in the apartment at the time of the robbery) on August 19, 2024. [Exhibit 12] Horton's counsel declared that *they* would issue the subpoena. [Exhibit 13] Based on that representation, and unwilling to start another fight over whose subpoena arrived first, the City refrained from issuing its own subpoena. Shelli Curry's deposition is now tentatively scheduled for November 25, 2024, but it is unclear whether she has been subpoenaed, where the deposition is to occur, and whether Ms. Curry will attend. Despite the City's requests, Horton's counsel has never confirmed whether their subpoena was ever issued or served. [Exhibit 5, ¶ 16] And obviously, if Ms. Curry does not appear for a deposition scheduled just six days (including the Thanksgiving holiday) before the current discovery cutoff, the City will not have sufficient time to serve and enforce its own subpoena, much less engage in follow-up discovery that may be required after her deposition.

The City has diligently sought depositions of other third-party witnesses. The City first requested Horton's counsel's availability for depositions of six of Plaintiff's 16 disclosed damages witnesses, all of whom Horton indicated could be contacted through his counsel, on September 5, 2024. [Exhibit 14] Over a month later, Horton's counsel has never provided the availability of those damages witnesses, simply suggesting that one of them (Janette Horton) be set for November 6, with two unidentified damages witnesses to be set for November 7, and two other unidentified damages witnesses to be set for November 8. [Exhibit 8]

Now, with approximately five weeks left in the discovery period, there are more than a dozen depositions still to complete. Most critically, the City has not been able to depose the

7

Plaintiff. Four depositions have been confirmed or tentatively scheduled for the month of November. There are approximately nine more witnesses whose depositions have not even been scheduled, including that of Richard Diggs (the person Horton contends actually committed the robbery), whose current whereabouts are unknown.[3] Setting aside the dates on which depositions are currently scheduled, Horton's counsel is available only three other days in the month of November. [Exhibit 15] It is simply not possible to complete this discovery in the small amount of time remaining.

### b. Good cause exists to grant the City's requested extension

The City has diligently pursued discovery, but additional time is needed to complete party and non-party discovery. In evaluating whether good cause exists to extend a discovery deadline, courts consider the responsiveness of the non-moving party to discovery requests. *Hall v. Navarre*, Nos. 23-1711/1713, 2024 U.S. App. LEXIS 25052, *8-*9 (6th Cir. Oct. 3, 2024). And courts have recognized that ongoing discovery disputes or insufficient discovery responses requiring supplementation are good cause to extend discovery. *Lacroix v. Clayton*, No. 22-12936, 2024 U.S. Dist. LEXIS 130705, *3 (E.D. Mich. Jul. 24, 2024).

The City timely served discovery requests, served deficiency letters, attempted to meet-and-confer, all in an effort to secure the basic documents it needs to defend the suit. Here, Horton's counsel has promised to supplement his production, only to have those deadlines pass with additional records still outstanding. The City has issued a total of 25 third-party document subpoenas, many of which could not be served earlier because Horton had not identified his treating physicians or employers, despite claiming medical and loss wages damages in his initial

---

[3] The City has made, and continues to make, extensive efforts to locate Mr. Diggs. The requested extension would allow Defendants additional time to locate Mr. Diggs.

disclosures.  At present, approximately a dozen subpoenas remain outstanding.  The significant delay in receiving the requested information from third parties (at best the information will be received less than one month before the December 1 deadline) is itself a basis to find good cause to extend the discovery deadline, especially given that the source of the delay was not a third-party, but Horton.  *See Strouse v. PTSI Managed Servs.*, No. 3:17-cv-396, 2020 U.S. Dist. LEXIS 40249, *3 (S.D. Ohio Mar. 9, 2020) (deadline extended based on "delays in receiving information [from a third party] in response to subpoenas…").

      As a result, the City cannot effectively depose Horton—or, really, any of his third-party damages witnesses—because it has limited knowledge of what Horton is alleging.  This Court has generally recognized that it is "reasonable" to delay taking certain depositions, and certainly a plaintiff's deposition, until after document productions are received.  *See, e.g., Mia. Valley Fair Hous. Ctr., Inc.*, No. 3:10-cv-00083, 2011 U.S. Dist. LEXIS 175740, *12 (S.D. Ohio Jul. 21, 2011); *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 U.S. Dist. LEXIS 41974 *6 (S.D. Ohio Jun. 8, 2007).  The fact that the deposition of Horton, the most crucial witness, remains unscheduled supports a finding of good cause to extend the discovery deadline. *See, e.g., Ruiz v. Bueno v. Scott*, No. 2:12-cv-0809, 2014 U.S. Dist. LEXIS 11492, *12-*13 (S.D. Ohio Jan. 30, 2014).

      Further, the City anticipates an additional production of documents, which further warrants an extension of the discovery deadline. *See Fluker v. TransUnion, LLC*, No. 1:22-cv-12240, 2023 U.S. Dist. LEXIS 236492, *2-*4 (E.D. Mich. Jul. 31, 2023) (finding a production of a significant volume of documents (1,200 pages) approximately five weeks before the scheduled discovery deadline was a basis for good cause to extend the discovery deadline).

Finally, a six-month extension of discovery may be appropriate based on "the complexity of this case" where diligent efforts have been made to complete discovery. *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2018 U.S. Dist. LEXIS 145878, *11-*12 (S.D. Ohio Aug. 28, 2018). Given the broad scope of Horton's claims and damages, the significant span of time at issue, and the substantial number of disclosed individuals with knowledge, this is a complex case. Indeed, the underlying robbery occurred over twenty years ago. Several key witnesses are dead and others—including Richard Diggs—have not yet been located despite the City's diligence. Much of the information in this case has been gathered through third-party subpoenas, which has created additional delays in completing discovery. This Court has permitted up to two years of discovery in cases with less complex discovery issues. *Williams v. Ohio Dep't of Rehab*, No. 2:20-cv-6424, 2023 U.S. Dist. LEXIS 84335, *7 (S.D. Ohio May 12, 2023) (prisoner suit regarding purportedly contaminated water). Here, even if the requested extension is granted, the total discovery period will be less than seventeen months.

Here, the City seeks a six-month extension of the discovery deadline, but only a four-month extension of the dispositive motion deadline. The City respectfully submits that this extension will not be prejudicial to Horton. *See Turnbow-Avery v. DeJoy*, No. 1:23-cv-571, 2024 U.S. Dist. LEXIS 106417, *10-*11 (S.D. Ohio Jun. 14, 2024) (finding a proposed delay of 90 days "is not significant" in the context of prejudice to the non-moving party).

Moreover, with only five weeks to go until the current December 1 discovery deadline, disputes remain over the adequacy of Horton's document production and interrogatory responses, approximately a dozen subpoenas are still outstanding, and as many as 13 depositions remain to be taken, including that of the Plaintiff. These issues, many of which resulted from the delay or

10

failure to respond by Horton's counsel, are more than sufficient to create good cause for this extension.

**V.     Conclusion**

For all of the foregoing reasons, the City asks the Court to grant its Motion and extend the discovery deadline to May 1, 2025 and the dispositive motion deadline to July 1, 2025.

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On October 24, 2024 I served a copy of the foregoing via the Court's CM/ECF system upon all parties of record.

/s/ Aaron D. Epstein
Aaron D. Epstein
