Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HORTON, | ) | Case No. 23-cv-3888 |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Chief Judge Algenon L. Marbley |
| v. | ) | |
| | ) | |
| CITY OF COLUMBUS, *et al.*, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| *Defendants.* | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## PLAINTIFF'S RULE 26(a)(1) DISCLOSURES

Plaintiff Richard Horton, by his undersigned attorneys, hereby provides the following initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

**1. Rule 26(a)(1)(A)(i) – Persons with knowledge:**

**Plaintiff Richard Horton** has knowledge of the events described in his Complaint, including his arrest, interrogation, wrongful prosecution, conviction, wrongful imprisonment, exoneration, and damages that he has suffered and continues to suffer. Plaintiff lives in Columbus, Ohio. Plaintiff may be contacted via Plaintiff's counsel.

**Defendant Brenda K. Walker (Badge #1176)** may have knowledge concerning the investigation of the Loew street robbery; her contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Walker's misconduct as alleged in the Complaint. She may also have knowledge of the policies and practices of the City of Columbus. Further, Defendant Walker will be able to testify regarding her personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through her counsel.

**Defendant Sam Sias (Badge #1871)** may have knowledge concerning the investigation of the Loew street robbery; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Sias's misconduct as alleged in the Complaint. Defendant Sias is deceased and will be represented in this action by his personal representative, Mieko Sias.

**Kiley Beale**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Jordan Blake**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Kim Curry**, location unknown and investigation continues, daughter of Rhonda Curry, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Rhonda Curry**, location unknown and investigation continues, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Shelli Curry**, location unknown and investigation continues, sister of Rhonda Curry, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Ricardo Diggs**, location unknown and investigation continues, may have information regarding the true perpetrator of the Loew Street robbery.

**Richard Diggs**, location unknown and investigation continues, may have information regarding the true perpetrator of the Loew Street robbery.

**Dwight Dorsey**, may have information about the damages that Plaintiff suffered and continues to suffer as a result of Defendants' misconduct. He may be contacted through Plaintiff's counsel.

**Mark Godsey**, mark.godsey@uc.edu, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Sergeant Charles Greene (Badge #5143)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Alfred Harmon**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. He may be contacted through Plaintiff's counsel.

**Janette Harmon-Horton**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration; Plaintiff's alibi; and the damages that Plaintiff suffered and continues to suffer as a result. She may be contacted through Plaintiff's counsel.

**Alissa Holfinger**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**LaKeon Horton**, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, interactions between Plaintiff and Richard McClanahan, and the damages that Plaintiff suffered and continues to suffer as a result of Defendants' misconduct. He may be contacted through Plaintiff's counsel.

**Barbara Horton-Alomar**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. She may be contacted through Plaintiff's counsel.

**Brian Howe**, howebc@uc.edu, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Richard McClanahan**, location unknown and investigation continues, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and his own contact with Defendant Officers.

**Furquan McDougald**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. He may be contacted through Plaintiff's counsel.

**Pamela Rhodeback (Badge #1915)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Todd Rhodeback (Badge #1501)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and

conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Myron Schwartz**, deceased, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Cynthia Searcy**, location unknown and investigation continues, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Det. Tom Seevers (Badge #1042)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, evidence collection and processing, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**David Thomas**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Mallorie Thomas**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Carol Wright**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement this list as additional information becomes available. In addition, Plaintiff reserves the right to call at trial any witness disclosed by Defendants in this matter.

**2. Rule 26(a)(1)(A)(ii) – Documents to support claims:**

Plaintiff is in possession, custody, or control of the following documents, electronically stored information, and tangible things, which may be used to support Plaintiff's claims:

- Columbus Police Department reports

- Criminal trial transcripts

- DNA testing reports

- Documents relating to Plaintiff's post-conviction proceedings

- Documents relating to Richard Diggs and Ricardo Diggs's criminal history

Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement these documents as additional information becomes available.

**3. Rule 26(a)(1)(A)(iii) – Computation of damages:**

As a result of his wrongful prosecution and conviction, as well as nearly two decades spent in prison for a crime he did not commit, Plaintiff suffered and continues to suffer physical injuries, physical and emotional pain, psychological damage, anguish, humiliation, destruction of his reputation, loss of his young adulthood, disruption of his life and intimate and familial relationships, suspension of and interference with his ability to pursue a career, and deprivation of all of the basic pleasures of human experience, including the freedom to live one's life as an autonomous human being. Plaintiff also lost out on the opportunity to raise his children, one of whom has a serious heart condition that required multiple surgeries that he could not be present for. The years imprisoned are only a portion of Plaintiff's damages. Plaintiff's damages also include the time, including today, that Plaintiff continues to suffer as a direct result of his wrongful prosecution.

He seeks compensatory and punitive damages, as well as attorneys' fees and costs under 42 U.S.C. § 1988. At this time, Plaintiff has not made any computation of these damages. The jury will be tasked with quantifying these damages.

**4. Rule 26(a)(1)(A)(iv) – Insurance agreements:**

Plaintiff has no documents subject to disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

Respectfully submitted,

**RICHARD HORTON**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy*
Alyssa Martinez*
LOEVY + LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
alyssa@loevy.com

* *admitted pro hac vice*

Michele Berry
The Law Office of Michele L. Berry, LLC
3584 Mooney Avenue
Cincinnati, OH 45208
mberrylaw2007@gmail.com

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on February 5, 2024, I served the foregoing Plaintiff's Rule 26(a)(1) Disclosures upon all counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

6

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HORTON, | ) | Case No. 23-cv-3888 |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Chief Judge Algenon L. Marbley |
| v. | ) | |
| | ) | |
| CITY OF COLUMBUS, *et al.*, | ) | Magistrate Judge Elizabeth P. Deavers |
| | ) | |
| *Defendants*. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## PLAINTIFF'S FIRST SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

Plaintiff Richard Horton, by his undersigned attorneys, hereby provides the following

initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

1. **Rule 26(a)(1)(A)(i) – Persons with knowledge:**

**Plaintiff Richard Horton** has knowledge of the events described in his Complaint, including his arrest, interrogation, wrongful prosecution, conviction, wrongful imprisonment, exoneration, and damages that he has suffered and continues to suffer. Plaintiff lives in Columbus, Ohio. Plaintiff may be contacted via Plaintiff's counsel.

**Defendant Brenda K. Walker (Badge #1176)** may have knowledge concerning the investigation of the Loew Street robbery; her contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Walker's misconduct as alleged in the Complaint. She may also have knowledge of the policies and practices of the City of Columbus. Further, Defendant Walker will be able to testify regarding her personal assets and liabilities as it relates to punitive damages. Defendant may be contacted through her counsel.

**Defendant Sam Sias (Badge #1871)** may have knowledge concerning the investigation of the Loew Street robbery; his contact and communications with other Defendants, with witnesses, with suspects, and with Plaintiff during the course of the investigation; the wrongful arrest, interrogation, prosecution, and conviction of Plaintiff; and Defendant Sias's misconduct as alleged in the Complaint. Defendant Sias is deceased and will be represented in this action by his personal representative, Mieko Sias.

1

**Kiley Beale**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Jordan Blake**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Kim Curry**, 1730 Old Leonard Avenue, Columbus, OH 43219, daughter of Rhonda Curry, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Rhonda Curry**, 1730 Old Leonard Avenue, Columbus, OH 43219, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Shelli Curry**, 809 13th Street, Huntington, WV 25701-2935, sister of Rhonda Curry, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers.

**Ricardo Diggs**, may have information regarding the true perpetrator of the Loew Street robbery. Ricardo Diggs is deceased.

**Richard Diggs**, location unknown and investigation continues, may have information regarding the true perpetrator of the Loew Street robbery.

**Dwight Dorsey**, may have information about the damages that Plaintiff suffered and continues to suffer as a result of Defendants' misconduct. He may be contacted through Plaintiff's counsel.

**Mark Godsey**, mark.godsey@uc.edu, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Sergeant Charles Greene (Badge #5143)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Alfred Harmon**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. He may be contacted through Plaintiff's counsel.

**Janette Harmon-Horton**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration; Plaintiff's alibi; and the damages that Plaintiff suffered and continues to suffer as a result. She may be contacted through Plaintiff's counsel.

**Alissa Holfinger**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**LaKeon Horton**, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, interactions between Plaintiff and Richard McClanahan, and the damages that Plaintiff suffered and continues to suffer as a result of Defendants' misconduct. He may be contacted through Plaintiff's counsel.

**Barbara Horton-Alomar**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. She may be contacted through Plaintiff's counsel.

**Brian Howe**, howebc@uc.edu, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Richard McClanahan**, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and his own contact with Defendant Officers. Mr. McClanahan is deceased.

**Furquan McDougald**, may have information about Plaintiff's wrongful prosecution, conviction, and incarceration, along with the damages that Plaintiff suffered and continues to suffer as a result. He may be contacted through Plaintiff's counsel.

**Pamela Rhodeback (Badge #1915)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Todd Rhodeback (Badge #1501)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and

conviction, witness interviews, photo arrays, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**Myron Schwartz**, deceased, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Cynthia Searcy**, may have information regarding the Loew Street robbery, the fabrication and suppression of evidence by Defendant Officers during the Loew Street robbery investigation, and her own contact with Defendant Officers. Ms. Searcy is deceased.

**Det. Tom Seevers (Badge #1042)**, location unknown and investigation continues, may have information about the police investigation that caused Plaintiff's wrongful prosecution and conviction, witness interviews, photo arrays, evidence collection and processing, and false documents implicating Plaintiff in the crime, Plaintiff's criminal proceedings, and Defendants' misconduct as alleged in the Complaint.

**David Thomas**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Mallorie Thomas**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

**Carol Wright**, location unknown and investigation continues, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement this list as additional information becomes available. In addition, Plaintiff reserves the right to call at trial any witness disclosed by Defendants in this matter.

**2. Rule 26(a)(1)(A)(ii) – Documents to support claims:**

Plaintiff is in possession, custody, or control of the following documents, electronically stored information, and tangible things, which may be used to support Plaintiff's claims:

- Columbus Police Department reports

- Criminal trial transcripts

- DNA testing reports

- Documents relating to Plaintiff's post-conviction proceedings

- Documents relating to Richard Diggs and Ricardo Diggs's criminal history

Plaintiff's investigation into this matter continues. Plaintiff reserves the right to modify and supplement these documents as additional information becomes available.

**3. Rule 26(a)(1)(A)(iii) – Computation of damages:**

As a result of his wrongful prosecution and conviction, as well as nearly two decades spent in prison for a crime he did not commit, Plaintiff suffered and continues to suffer physical injuries, physical and emotional pain, psychological damage, anguish, humiliation, destruction of his reputation, loss of his young adulthood, disruption of his life and intimate and familial relationships, suspension of and interference with his ability to pursue a career, and deprivation of all of the basic pleasures of human experience, including the freedom to live one's life as an autonomous human being. Plaintiff also lost out on the opportunity to raise his children, one of whom has a serious heart condition that required multiple surgeries that he could not be present for. The years imprisoned are only a portion of Plaintiff's damages. Plaintiff's damages also include the time, including today, that Plaintiff continues to suffer as a direct result of his wrongful prosecution.

He seeks compensatory and punitive damages, as well as attorneys' fees and costs under 42 U.S.C. § 1988. At this time, Plaintiff has not made any computation of these damages. The jury will be tasked with quantifying these damages.

**4.  Rule 26(a)(1)(A)(iv) – Insurance agreements:**

Plaintiff has no documents subject to disclosure under Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

Respectfully submitted,

**RICHARD HORTON**

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Jon Loevy*
Alyssa Martinez*
LOEVY + LOEVY
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
alyssa@loevy.com

* *admitted pro hac vice*

Michele Berry
The Law Office of Michele L. Berry, LLC
3584 Mooney Avenue
Cincinnati, OH 45208
mberrylaw2007@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I, Alyssa Martinez, an attorney, hereby certify that on September 19, 2024, I served the foregoing Plaintiff's First Supplemental Rule 26(a)(1) Disclosures upon all counsel of record via electronic mail.

<u>/s/ Alyssa Martinez</u>
*One of Plaintiff's Attorneys*

Exhibit 3

**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,**

Richard Horton,

        Plaintiff,

   v.

City of Columbus, et al.,

        Defendants.

Case No. 2:23-cv-3888

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

**DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS
FOR ADMISSION, INTERROGATORIES, AND
PRODUCTION OF DOCUMENTS, TO PLAINTIFF
RICHARD HORTON**

Pursuant to Rules 26, 33, & 34 of the Federal Rules of Civil Procedure, Defendants City of Columbus and Brenda K. Walker ("City Defendants"), serve the following combined discovery requests upon Plaintiff Richard Horton and ask that he provide all responses to defense counsel on or before April 25, 2024.

**DEFINITIONS**

To avoid any ambiguity or confusion, the following definitions should be applied to the discovery requests propounded below:

Definition 1:     The **CITY** shall mean the City of Columbus.

Definition 2:     The **CPD** shall mean the City of Columbus' Division of Police, which is also known as the Columbus Police Department.

Definition 3:     **PLAINTIFF** shall mean Plaintiff Richard Horton.

Definition 4:     The **AMENDED COMPLAINT** shall mean the amended complaint that was filed on March 5, 2024.

Definition 5:     **DEFENDANTS** shall mean City of Columbus, Columbus Division of Police Officers Brenda K. Walker, Mieko Sias, and unknown Columbus police officers referenced in this Amended Complaint. The term shall mean the foregoing individuals collectively or individually so as to make any request in which this term is used as broad as is reasonably possible.

Definition 6:     **DOCUMENTS** has the full meaning given in Rule 34(a)(1) of the Federal Rules of Civil Procedure. It includes documents, items of electronically stored information, and tangible materials and things.

Definition 7:     **HORTON** shall mean Plaintiff Richard Horton.

Definition 8:     **WALKER** shall mean Defendant Brenda Walker.

Definition 9:     **McClanahan** shall mean Richard McClanahan.

Definition 10:    **IDENTIFY**, or any variation thereof, shall have the following meanings:

a.    With respect to a natural person or individual, it shall mean to provide information that would allow the defendants in this case to contact the natural person or individual and to serve a subpoena upon him or her. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the natural person's or individual's full name; (ii) any aliases or pseudonyms used by the natural person or individual; and (iii) the person's or individual's business and residential addresses, phone numbers and email addresses. If you cannot provide current identifying information for a particular natural person or individual, provide the most recent information in your possession, custody, or control after a reasonable inquiry.

b.    With respect to an entity or collective, it shall mean to provide information that would allow the defendants in this case to contact that entity or collective and to serve a subpoena upon it. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the entity's or collective's full legal name; (ii) any other names under which the entity or collective does business or conducts its activities; and (iii) the entity's or collective's main business address, main phone number, and main email address. If you cannot provide current identifying information for a particular entity or collective, provide the most recent identifying information in your possession, custody, or control after a reasonable inquiry.

     c.      With respect to a document, item of electrically stored information, or a tangible thing, it shall mean to provide: (i) a description of the document, item, or thing that would allow the defendants in this case to know its form, its content, the date upon which it was created, and the identity of its creator; and (ii) the current location of the document, item, or thing that would allow the defendants to inspect it. Any request asking you to identify a document or thing can be answered by producing a copy of that document or thing, so long as you provide a sufficient explanation as to where the document or thing can be located within your overall production (e.g., a Bates number).

**Definition 11:**    The **INCIDENT(S)** shall mean the incident(s) that are described in the Amended Complaint and upon which Plaintiff bases any of his claims for recovery.

**Definition 12:**    **LOSSES** means each, all, and every injury, death, or loss to person or property for which you seek recovery from Defendants.

**Definition 13:**    **ECONOMIC LOSSES** means those losses that can be measured objectively in pecuniary terms. The term includes, but is by no means limited to: (a) lost wages, lost salaries, lost profits, or other income lost as a result the incident; (b) expenditures for medical care or treatment, rehabilitation services, or any other care, treatment, services, products, etc., incurred as a result of any physical injuries sustained because of the incident; and (c) any other out-of-pocket expenditures that you were required to make as a result of the incident. **ECONOMIC LOSS** shall NOT mean attorney fees or other costs incurred in connection with your prosecution of this action.

**Definition 14:**    **NONECONOMIC LOSSES** means those losses that cannot be measured objectively in pecuniary terms. They are often referred to as intangible or subjective losses, and they include, but are by no means limited to: (a) pain & suffering; (b) mental anxiety; (c) emotional distress; (d) lost society, consortium, companionship, (e) disfigurement; and (f) anguish.

**Definition 15:**    **PERSON** shall mean any natural person, individual, corporation, company, partnership, proprietorship, association, or any other type of legal, social, or commercial entity or collective.

**Definition 16:**    **YOU**, and all other forms of the second-person, singular pronoun, shall mean Plaintiff Richard Horton and any person acting at his behest of, at his direction, under his control, or upon his behalf.

**Definition 17:**    **ROBBERY** shall mean the theft offense that was perpetuated by the use of a deadly weapon on October 9, 2004, at 927 Loew Street in Columbus, Ohio.

## <u>REQUESTS FOR ADMISSION</u>

1.  Admit that you knew Richard McClanahan prior to October 9, 2004.

Answer:


2.  Admit that you knew Rhonda Curry prior to October 9, 2004.

Answer:


3.  Admit that you knew Richard McClanahan's niece prior to October 9, 2004.

Answer:


4.  Admit that you purchased a car from Richard McClanahan's niece prior to October 9, 2004.

Answer:


5.  Admit that you never asserted your innocence in your Motion for Judicial Release filed on November 8, 2017.

Answer:


6.  Admit that your nickname has been "Adidas boy" at some point in your life.

Answer:


7.  Admit that you owned a firearm at any point between March 11, 1996 and October 9, 2004.

Answer:


8.  Admit that you owned a grey hooded sweatshirt on October 9, 2004.

Answer:

9. Admit that you talked to Richard McClanahan on October 8, 2004.

Answer:

10. Admit that on October 8, 2004, you asked Richard McClanahan to give you money, and

Richard McClanahan refused.

Answer:

11. Admit that you offered Richard McClanahan money to not disclose your identity and/or

involvement with the October 9, 2004 robbery.

Answer:

## DEFENDANTS' FIRST SET OF INTERROGATORIES

In response to the following interrogatories, provide any non-privileged information that is responsive thereto and that is within your possession, custody, or control. You must make a reasonable inquiry into the matter, and you must conduct a reasonably diligent review of the information, files, documentation, and materials that are within your possession, custody, or control. Information files, documents, and materials are within your possession, custody, or control if they are within the possession, custody, or control of your attorneys, your representatives, or any person acting at your behest, at your direction, on your behalf, or under your control.

Interrogatory 1:     Identify all individuals that you believe have knowledge about your claims in this lawsuit, indicate what knowledge you believe they have, and provide contact information (address, phone number, and email address) for each individual.

Interrogatory 2:     Identify all individuals that you believe witnessed the events of the October 9, 2004 robbery, at 927 Loew Street, Columbus Ohio, and provide contact information (address, phone number, and email addresses).

Interrogatory 3:    Identify each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action.

Interrogatory 4:    For each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action, state the general subject matter upon which you expect each such person to testify.

Interrogatory 5:    Identify any and all alibi witnesses you intend to call in this case. Include the address(es) and phone number(s) of the person(s) listed.

Interrogatory 6:    Identify or describe all documents that you have in your possession or control and that you intend to use, introduce, or admit as an exhibit at, in, or during any hearing or trial in this action.

Interrogatory 7:    If you have been convicted of a crime other than a minor traffic violation or parking violation, state the offense(s), the date of the offense(s), the court in which you were convicted, and the date of your conviction(s). To be complete, this answer should include all in-state and out-of-state convictions if applicable.

Interrogatory 8:    Identify the address(es) of your residence(s) during the time period of 1990-October 9, 2004.

Interrogatory 9:    State the total amount of money that you seek from Defendants in this case.

Interrogatory 10:   Describe the method by which you calculated the total amount of money that you seek from Defendants in this case.

Interrogatory 11:   State the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Interrogatory 12:   Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Interrogatory 13:   State the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Interrogatory 14:   Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Interrogatory 15:   State the total amount of money that you have personally lost (i.e, out-of-pocket expenses) as a result of the incidents alleged in your Complaint.

Interrogatory 16:     Identify any and all persons that have knowledge of your declarations of innocence.

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

In response to the following requests for production, provide any non-privileged documents that are responsive thereto and that are within your possession, custody, or control. You must make a reasonable inquiry into the matter, and you must conduct a reasonably diligent review of the information, files, documentation, and materials that are within your possession, custody, or control. Information files, documents, and materials are within your possession, custody, or control if they are within the possession, custody, or control of your attorneys, your representatives, or any person acting at your behest, at your direction, on your behalf, or under your control.

Production Request 1: Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

Production Request 2: Produce all documents related to the incidents described in your Complaint.

Production Request 3: Produce all documents related to any of your losses.

Production Request 4: Produce all documents you intend to introduce at any hearing or trial in this case.

Production Request 5: Produce all documents upon which you relied to assert any of the allegations contained in the Complaint.

Production Request 6: Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Production Request 7: Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

Production Request 8: Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

Production Request 10: Produce all photographs that are relevant to the incidents described in your Complaint.

Production Request 11: Produce all photographs that are relevant to your losses.

Production Request 12: Produce all photographs that are relevant to this case itself.

Production Request 13: Produce all video recordings that are relevant to the incidents described in your Complaint.

Production Request 14: Produce all video recordings that are relevant to any of your losses.

Production Request 15: Produce all video recordings that are relevant to this case itself.

Production Request 16: Produce all audio recordings that are relevant to the incidents described in the Complaint.

Production Request 17: Produce all audio recordings that are relevant to any of your losses.

Production Request 18: Produce all audio recordings that are relevant to this case itself.

Production Request 19: Produce all written and/or recorded statements about the incidents that have been obtained from any person who has discoverable information about the incidents described in the Complaint.

Production Request 20: Produce all written and/or recorded statements about the incidents that have been obtained from any person who saw any part of the incidents described in the Complaint.

Production Request 21: Produce all written and/or recorded statements about your losses that have been obtained from any person who has discoverable information about your losses.

Production Request 22: Produce any documents that you reviewed or relied upon in order to respond to the above Interrogatories.

Production Request 23: Produce documentation pertaining to any income earned while incarcerated.

Production Request 24: Produce any documents, including yearbook albums or pictures, you retained or obtained from Everett Middle school in Columbus, Ohio from 1990-1991.

Production Request 25: Produce any lab reports that you obtained related to the October 9, 2004 Robbery. This should include all documentation related to fingerprint results.

Production Request 26: Produce any jail calls and/or prison phone calls from the Ohio Department of Rehabilitation and Corrections that you received or made.

Production Request 27: Produce any discovery requests sent from you to the Franklin County Prosecutor's Office.

Production Request 28: Produce any and all written and or recorded statements in which you assert your innocence.

Production Request 29: Produce all communications with the Franklin County Prosecutor's office related to this lawsuit.

Production Request 30: Produce any and all documents of achievements/ degrees/ and accolades Plaintiff earned in the Ohio Department of Rehabilitation and Correction.

Production Request 31: Produce any violations/ write-ups/ tickets, Plaintiff received in The Ohio Department of Rehabilitation and Correction.

Production Request 32: Produce any documentation of your work history prior to 2004.

Production Request 33: Produce any documentation of your work history from May 26, 2023, until present.

Production Request 34: Produce any medical documentation of any of your physical and physiological ailments that you allege arise from or were caused by your imprisonment

Production Request 35: Produce the letter(s) sent from your sister-in law sent to Judge Bender on 2/10/2006.

Production Request 36: Produce any subpoenas you sent in relation to the trial in case number 2005-CR-000146.

Production Request 37: Produce any documentation, including car title/registration/insurance/ of the car that you purchased from Richard McClanahan's niece.

Production Request 38: Produce any communications between you and Rhonda Curry.

Production Request 39: Produce any documents in your control containing the word or phrase, "Adidas boy"

Production Request 40: Produce any communications between you and your alibi witness(es) in relation to case number 2005-CR-00146.

Production Request 41: Produce all remaining documents you obtained from the Franklin County Prosecutor's Office, in relation to case number 2005-CR-00146. This should include, but is not limited to, the felony packet, photo array, indictment, police report(s), and firearm operability report.

Production Request 42: Produce any documents in which you offered Richard McClanahan any amount of money.

Respectfully submitted,

/s/ Aaron D. Epstein

Aaron D. Epstein (0063286) – Lead

Dexter W. Dorsey (0097657)

Alana V. Tanoury (0092265)

Sarah N. Feldkamp (0099464)

Assistant City Attorneys

CITY OF COLUMBUS, DEPARTMENT OF LAW

77 N. Front Street, Columbus, Ohio 43215

(614) 645-7385 / (614) 645-6949 (fax)

adepstein@columbus.gov

dwdorsey@columbus.gov

avtanoury@columbus.gov

snfeldkamp@columbus.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On March 26, 2024 I served a copy of the foregoing upon the following individual(s) via electronic mail.

Michele L. Berry (0081939)
The Law Office of Michele L. Berry, LLC
3584 Mooney Avenue
Cincinnati, Ohio 45208
mberrylaw2007@gmail.com

Alyssa C. Martinez
Jonathan I. Loevy
Loevy & Loevy
311 N. Aberdeen Street
Chicago, Illinois 60607
alyssa@loevy.com
jon@loevy.com
Counsel for Plaintiff

Respectfully submitted,
/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

| | |
|---|---|
| RICHARD HORTON, | Case No. 2:23-cv-3888 |
| Plaintiff, | Chief Judge Algenon L. Marbley |
| v. | Magistrate Judge Elizabeth Preston Deavers |
| CITY OF COLUMBUS, ET AL., | |
| Defendants. | |

**VERIFICATION OF PLAINTIFF RICHARD HORTON'S
RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES**

STATE OF OHIO

COUNTY OF FRANKLIN

     I, the undersigned, being first duly cautioned and sworn, do hereby swear, under penalty of perjury, that the factual statements made in the foregoing answers to Defendants' First Set of Interrogatories are true, accurate, and complete to the best of my knowledge, information, and belief.


_____
**Richard Horton**

Sworn to before me and subscribed in my presents on this _____ day of April, 2024.


_____
Notary Public

My commission expires:_____

Page 12

Exhibit 4

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Richard Horton, | Case No. 2:23-cv-3888 |
| *Plaintiff*, | |
| | Chief Judge Algenon L. Marbley |
| v. | |
| | Magistrate Judge Elizabeth Preston Deavers |
| City of Columbus, *et al.*, | |
| | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS'
## FIRST SET OF DISCOVERY REQUESTS

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, responds as follows to Defendants' First Set of Discovery Requests.

## GENERAL OBJECTIONS

Plaintiff objects to these Interrogatories to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Interrogatories are not limited temporally to information relevant to this lawsuit.

Plaintiff objects to these Interrogatories to the extent they seek information or Documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, psychotherapist-patient privilege, or other common law or statutory privileges. Plaintiff reasonably interprets the instructions and Interrogatories to not seek information or documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A). In responding to these Interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege.

Plaintiff objects to the instructions and definitions provided by Defendants to the extent they depart from the requirements of the Federal Rules of Civil Procedure, do not accurately reflect the law or rules governing this case, and/or purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff objects on burdensomeness grounds to, among others, Defendants' instructions and definitions regarding identification of people, entities, and documents. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff construes Defendants' instructions to request information and documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek documents or information that are already in the possession, custody or control of Defendants, or that are obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendants.

Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff is producing all non-privileged documents in his possession, custody, or control that are relevant to his claims. Plaintiff objects to producing documents protected by the attorney-client privilege, the work-product doctrine, or other common law or statutory privileges. In addition, Plaintiff reserves his right to invoke the patient-therapist privilege and other common law and statutory mental health privileges to withhold documents and/or object to subpoenas on those

bases. Plaintiff further objects to each of Defendants' requests to the extent that they mischaracterize allegations in Plaintiff's Amended Complaint, which speaks for itself. Moreover, Plaintiff objects to each request for production below to the extent that it uses vague and ambiguous terms that are undefined and to the extent that the request is not limited temporally to the time frame relevant to this lawsuit. Plaintiff objects to the extent that the requests call for documents that are irrelevant to this lawsuit or that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to each request for production that references Defendants' instructions to the extent those instructions depart from the requirements of the Federal Rules of Civil Procedure on the ground that Defendants' instructions impose an undue burden on Plaintiff.

Plaintiff reserves the right to amend or supplement any response or objection contained in any discovery request.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## REQUESTS FOR ADMISSION

1.     Admit that you knew Richard McClanahan prior to October 9, 2004.

**ANSWER:** Admit.

2.     Admit that you knew Rhonda Curry prior to October 9, 2004.

**ANSWER:** Admit.

3.     Admit that you knew Richard McClanahan's niece prior to October 9, 2004.

**ANSWER:** Admit.

4.     Admit that you purchased a car from Richard McClanahan's niece prior to October 9, 2004.

**ANSWER:** Admit.

5.     Admit that you never asserted your innocence in your Motion for Judicial Release filed on November 8, 2017.

**ANSWER:** As Plaintiff has asserted his innocence continuously over the last 20 years and attached letters of support attesting to his innocence with his Motion for Judicial Release, Plaintiff denies.

6.     Admit that your nickname has been "Adidas boy" at some point in your life.

**ANSWER:** Deny Plaintiff's nickname was ever "Adidas boy."

7.     Admit that you owned a firearm at any point between March 11, 1996 and October 9, 2004.

**ANSWER:** Admit that Plaintiff was charged with carrying a concealed weapon in 1996.

8.     Admit that you owned a grey hooded sweatshirt on October 9, 2004.

**ANSWER:** Plaintiff does not recall such specifics of his wardrobe from twenty years ago and thus cannot admit or deny this request.

9.     Admit that you talked to Richard McClanahan on October 8, 2004.

**ANSWER:** Deny.

10.     Admit that on October 8, 2004, you asked Richard McClanahan to give you money, and Richard McClanahan refused.

**ANSWER:** Deny.

11.     Admit that you offered Richard McClanahan money to not disclose your identity and/or involvement with the October 9, 2004 robbery.

**ANSWER:** Deny.

## INTERROGATORIES

**Interrogatory 1:**     Identify all individuals that you believe have knowledge about your claims in this lawsuit, indicate what knowledge you believe they have, and provide contact information (address, phone number, and email address) for each individual.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff objects to this request as premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the individual defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial orders that the Court may set regarding the time and manner for the disclosure of trial witnesses.

**Interrogatory 2:**     Identify all individuals that you believe witnessed the events of the October 9, 2004 robbery, at 927 Loew Street, Columbus Ohio, and provide contact information (address, phone number, and email addresses).

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it suggests that he was involved in the Loew Street Robbery on October 9, 2004. Plaintiff is innocent and was not involved in the robbery. Plaintiff objects to this Interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, and Plaintiff's general objections above, Plaintiff states first, with absolute certainty, that he was not present and had nothing to do with the Loew Street Robbery. Consequently, he has no personal knowledge of anyone who may or may not have witnessed the crime. Answering further, Plaintiff includes specific allegations in his Amended Complaint about the multitude of factors which prevented the witnesses to the robbery—Richard McClanahan and Rhonda Curry—from viewing the true perpetrator and being able to identify him, including the hood pulled completely over the robber's face obscuring everything but his eyes and part of his nose, and Ms. Curry covering her eyes with a pillow. *See* Amended Complaint ¶¶ 17-18, 28, Dkt. 17. Plaintiff states the witnesses were only able to give vague descriptions of the perpetrator's voice, height, and skin tone, with no distinguishing characteristics or facial features. *Id.* at ¶¶ 49-54. Answering further, Plaintiff refers Defendants to the testimony in his criminal proceedings, post-conviction proceedings, and the documents produced in discovery. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 3:** Identify each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, premature, and imposing obligations on Plaintiff that are inconsistent with the Federal Rules of Civil Procedure. Plaintiff objects to this request because the information is premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from Defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to his Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses.

**Interrogatory 4:** For each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action, state the general subject matter upon which you expect each such person to testify.

Page 7

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, premature, and imposing obligations on Plaintiff that are inconsistent with the Federal Rules of Civil Procedure. Plaintiff objects to this request because the information is premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from Defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to his Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses.

**Interrogatory 5:**     Identify any and all alibi witnesses you intend to call in this case. Include the address(es) and phone number(s) of the person(s) listed.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory Nos. 1, 3, and 4, above.

**Interrogatory 6:** Identify or describe all documents that you have in your possession or control and that you intend to use, introduce, or admit as an exhibit at, in, or during any hearing or trial in this action.

**ANSWER:** Plaintiff objects to this Interrogatory because it is overly broad premature as discovery has only just begun in this case. Plaintiff objects further to the extent that the information sought is in the possession, custody, or control of Defendants. In addition, Plaintiff objects to the extent that the Interrogatory seeks information protected from disclosure by the work-product doctrine, the attorney-client privilege, or any other statutory or common law privilege. Subject to and without waiving those objections, and Plaintiff's general objections, Plaintiff directs Defendants to the documents he produced in response to Defendants' requests for production in this case. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as the litigation proceeds.

**Interrogatory 7:** If you have been convicted of a crime other than a minor traffic violation or parking violation, state the offense(s), the date of the offense(s), the court in which you were convicted, and the date of your conviction(s). To be complete, this answer should include all in-state and out-of-state convictions if applicable.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks irrelevant and wholly inadmissible evidence, and lacks any reasonable temporal limit. Plaintiff further objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Subject to these and the general objections, and without waiving Plaintiff's objections to this Interrogatory and to Defendants' definitions and instructions, Plaintiff states that as a result of Defendants' misconduct, he was wrongly arrested for, charged with, and convicted of the Loew Street Robbery, a crime he did not commit, and spent 17 years in prison as a result. Answering further, Plaintiff recalls that he was convicted of concealing a carried weapon in 1996 in Ohio and possession with intent to distribute in West Virginia in 2001. Plaintiff has not been convicted of any crime since being released from his

Page 9

wrongful imprisonment. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 8:** Identify the address(es) of your residence(s) during the time period of 1990-October 9, 2004.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, unreasonable, unduly burdensome, and of an inappropriate temporal scope. Plaintiff objects that this Interrogatory seeks private and confidential information from Plaintiff, and he provides the following response subject to the protective order to be entered in this case. Plaintiff objects further that this Interrogatory seeks information that is irrelevant and not proportional to the needs of the case, such as his residence 14 years prior to Defendants' framing of him for a robbery he did not commit. Plaintiff further objects on privacy and relevance grounds to disclosure of his past residential addresses.

Subject to these and the general objections, and without waiving any objection, Plaintiff responds that in 2004, he lived at 780 Reynolds Avenue, Columbus, Ohio 43201 and 893 Camden Ave, Columbus, Ohio 43201. Plaintiff recalls that he moved to that area after being incarcerated from 2001 to 2004. Before that, he was living on Hildreth Avenue in Columbus, Ohio. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 9:** State the total amount of money that you seek from Defendants in this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. In addition, Plaintiff objects to the extent that this Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the psychotherapist-patient privilege, attorney-client privilege, or work-product

Page 10

doctrine. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff cannot presently quantify the extent of or provide a calculation of the total losses relating to all his injuries in this case. Plaintiff intends to ask the jury to calculate his total losses, likely with the assistance of expert witnesses.

Subject to and without waiving any objection, Plaintiff states that he has explained in detail injuries and damages caused by Defendants' misconduct in Plaintiff's Amended Complaint and directs Defendants to paragraphs 116-119, 127, 135, 139, 141, 147, 154, 157, and 163. Dkt. 17.

During the 17 years of wrongful imprisonment that Defendants subjected Plaintiff to, he was deprived of the opportunity to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being. He was also deprived of the opportunity to raise his children, one of whom has a serious heart condition that required multiple surgeries that he could not be present for. Instead, during this time period, he was forced to endure imprisonment in harsh, dangerous, and isolating conditions. He is working to re-build relationships with his family—relationships that were severely harmed during his incarceration—who were only able to visit him periodically during his imprisonment. The deprivation of his liberty was made worse by the knowledge that he was innocent. Plaintiff was stripped of his young adulthood and deprived of opportunities to gain an education, to engage in meaningful labor, to develop skills and a career, and to pursue his interests and passions.

During his imprisonment, Plaintiff also experienced physical injuries, as well as sleeplessness, depression, and anxiety. He has had, and continues to have, difficulty trusting people, distrust of police, anxious and worried feelings when in large groups of people, depression,

and PTSD—a significant departure from his social, jovial personality before his wrongful imprisonment. Plaintiff has also experienced, and continues to experience, trouble sleeping, anxiety attacks, heart problems, and nightmares. Plaintiff further states that the stress and trauma of his wrongful imprisonment has had, and will continue to have, emotional and physical manifestations well into the future.

Plaintiff states that he held employment before he was wrongfully arrested and framed for crimes he did not commit. During the decades of wrongful imprisonment that followed his arrest, Plaintiff was denied the opportunity to continue working, or to pursue other employment and gain meaningful wages. He was not able to rise within his profession, and he missed out on the opportunity to develop professional skills. Defendants' misconduct also deprived Plaintiff of the opportunity to pursue further education. Plaintiff cannot presently quantify the extent of or provide a calculation of the total lost wages that Defendants' misconduct caused him, and he intends to ask the jury to calculate his total lost wages, likely with the assistance of expert witnesses.

Notwithstanding the information provided above reflecting the nature and extent of Plaintiff's damages, Plaintiff cannot identify in one written response every incident or aspect of the damages and harm he suffered as a result of his two and a half decades of wrongful imprisonment, as the full extent of such damages is indescribable. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 10:**  Describe the method by which you calculated the total amount of money that you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

Page 12

**Interrogatory 11:**    State the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 12:**    Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 13:**    State the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 14:**    Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 15:**    State the total amount of money that you have personally lost (i.e, out-of-pocket expenses) as a result of the incidents alleged in your Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 16:**    Identify any and all persons that have knowledge of your declarations of innocence.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 1, above.

## REQUESTS FOR PRODUCTION

**Production Request 1:** Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, below.

**Production Request 2:** Produce all documents related to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, to the extent that that it seeks production of all documents relating to the case, without qualification or limitation as to time period. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to the case while discovery is in its early stages and before any depositions have been taken. In addition, Plaintiff objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, psychotherapist-patient privilege, or any other statutory or common law privilege or immunity. Plaintiff further objects to this Request to the extent that it seeks documents and communications that are already in Defendants' possession, custody, or control; available as a matter of public record or access or otherwise accessible to Defendants; or more appropriately obtained from third parties. Subject to and without waiving these objections, and Plaintiff's general objections above, Plaintiff will produce all responsive documents in his possession, custody, or control that have not been produced by other parties to this litigation and that are not publicly available. Please see the documents produced by Plaintiff and stamped R. Horton 000001-

003210. Investigation continues, and Plaintiff reserves the right to supplement this response.

**Production Request 3:** Produce all documents related to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 4:** Produce all documents you intend to introduce at any hearing or trial in this case.

**ANSWER:** Plaintiff objects to this Request to the extent that it calls for information protected from disclosure under Rule 26, and to the extent it calls for information protected by the attorney-client, work-product, or other statutory and common law privileges or protections. Plaintiff objects further because the Request is premature. Plaintiff will disclose such documents as required by the Rules and on the schedule set by the Court. Subject to and without waiving those objections, Plaintiff incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 5:** Produce all documents upon which you relied to assert any of the allegations contained in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 6:** Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 7:** Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the purely

economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 8:** Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 10:** Produce all photographs that are relevant to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff refers Defendants to his production of photos: R. HORTON 16, 663, 732, 835, 884, 885, 1000, 1586-1589, 1600-1613.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 11:** Produce all photographs that are relevant to your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 10, above.

**Production Request 12:** Produce all photographs that are relevant to this case itself.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 10, above.

**Production Request 13:** Produce all video recordings that are relevant to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not possess any responsive recordings in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 14:** Produce all video recordings that are relevant to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 13, above.

**Production Request 15:** Produce all video recordings that are relevant to this case itself.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 13, above.

**Production Request 16:** Produce all audio recordings that are relevant to the incidents described in the Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege,

psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not possess any responsive recordings in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 17:** Produce all audio recordings that are relevant to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 16, above.

**Production Request 18:** Produce all audio recordings that are relevant to this case itself.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 16, above.

**Production Request 19:** Produce all written and/or recorded statements about the incidents that have been obtained from any person who has discoverable information about the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 20:** Produce all written and/or recorded statements about the incidents that have been obtained from any person who saw any part of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 19, above.

**Production Request 21:** Produce all written and/or recorded statements about your losses that

have been obtained from any person who has discoverable information about your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 19, above.

**Production Request 22:** Produce any documents that you reviewed or relied upon in order to respond to the above Interrogatories.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff refers Defendants to Plaintiff's production and any supplements thereto.

**Production Request 23:** Produce documentation pertaining to any income earned while incarcerated.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome asking Plaintiff to produce any and all documentation related to income earned while incarcerated without any specificity or time period. Plaintiff further objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiting any objection, Plaintiff will produce any responsive documents he has in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 24:** Produce any documents, including yearbook albums or pictures, you retained or obtained from Everett Middle school in Columbus, Ohio from 1990-1991.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome asking Plaintiff to produce any documentation retained or obtained from Everett Middle School 34 years ago. Plaintiff further objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiting any objection, Plaintiff directs Defendants to his document production made in response to Defendants requests for production. Answering further, Plaintiff states he has no other responsive material in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 25:** Produce any lab reports that you obtained related to the October 9, 2004 Robbery. This should include all documentation related to fingerprint results.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 26:** Produce any jail calls and/or prison phone calls from the Ohio Department of Rehabilitation and Corrections that you received or made.

**ANSWER:** Plaintiff objects to this Request as overly broad, unduly burdensome, not reasonably limited in temporal scope, disproportionate to the needs of the case, vague, harassing, seeking irrelevant information, and infringing on Plaintiff's privacy interest. Plaintiff reserves his right to supplement this response as the litigation proceeds.

**Production Request 27:** Produce any discovery requests sent from you to the Franklin County Prosecutor's Office.

Page 20

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 28:** Produce any and all written and or recorded statements in which you assert your innocence.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 29:** Produce all communications with the Franklin County Prosecutor's office related to this lawsuit.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 30:** Produce any and all documents of achievements/ degrees/ and accolades Plaintiff earned in the Ohio Department of Rehabilitation and Correction.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague in that it asks for "any and all documents of achievements/degrees/and accolades" Plaintiff earned while incarcerated. Plaintiff further

Page 21

objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 31:** Produce any violations/ write-ups/ tickets, Plaintiff received in The Ohio Department of Rehabilitation and Correction.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague in that it asks for "any violations/write-ups/tickets" Plaintiff received while incarcerated. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 32:** Produce any documentation of your work history prior to 2004.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges.

Plaintiff further objects to the Request as vague and unduly burdensome in that it asks for "any documentation of [Plaintiff's] work history" from more than 20 years ago. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff directs Defendants to R. HORTON 3208. Answering further, Plaintiff states that he does not have any other responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 33:** Produce any documentation of your work history from May 26, 2023, until present.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague and unduly burdensome in that it asks for "any documentation of [Plaintiff's] work history" for the last year. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 34:** Produce any medical documentation of any of your physical and physiological ailments that you allege arise from or were caused by your imprisonment.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above. Plaintiff will provide a further response upon entry of a HIPAA-qualified protective order in this case.

**Production Request 35:** Produce the letter(s) sent from your sister-in law sent to Judge Bender on 2/10/2006.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague and unduly burdensome in that it asks for Plaintiff to "Produce the letter(s) sent from [Plaintiff's] sister-in law" to Judge Bender nearly 20 years ago. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 36:** Produce any subpoenas you sent in relation to the trial in case number 2005-CR-000146.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 37:** Produce any documentation, including car title/registration/insurance/ of the car that you purchased from Richard McClanahan's niece.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is unduly burdensome as it asks him produce records from more than 20 years ago that are not relevant to this case. Subject to and without waiving

these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 38:** Produce any communications between you and Rhonda Curry.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is overly broad and unduly burdensome as it asks him produce records of communications with an individual with no specified time period or subject matter. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 39:** Produce any documents in your control containing the word or phrase, "Adidas boy"

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is unduly burdensome as it asks him produce records of any documents in his control with the phrase "Adidas boy" with no temporal limitation. Subject to and without waiving these objections and Plaintiff's general objections above,

Page 25

Plaintiff directs Defendants to Plaintiff's production in response to Defendants' requests for production. Answering further, Plaintiff states that he does not have any other responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 40:** Produce any communications between you and your alibi witness(es) in relation to case number 2005-CR-00146.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as overly broad, unduly burdensome, and vague in that it asks for Plaintiff to "Produce any communications between [Plaintiff] and [Plaintiff's] alibi witness(es)" about Plaintiff's criminal case with no temporal limitation. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 41:** Produce all remaining documents you obtained from the Franklin County Prosecutor's Office, in relation to case number 2005-CR-00146. This should include, but is not limited to, the felony packet, photo array, indictment, police report(s), and firearm operability report.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 42:** Produce any documents in which you offered Richard McClanahan any amount of money.

Page 26

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is vague as it asks him produce "any documents in which [Plaintiff] offered Richard McClanahan any amount of money." Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control as he never offered Richard McClanahan money.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

Respectfully submitted,

**RICHARD HORTON**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Michele L. Berry (0018939)
THE LAW OFFICE OF MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com

*Counsel for Plaintiff*

Jon Loevy
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that I served the foregoing Plaintiff's Responses to Defendants' First Set of Discovery Requests to all parties of record via electronic mail.

<u>/s/ Alyssa Martinez</u>
*One of Plaintiff's Attorneys*

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

Richard Horton,

      Plaintiff,

      v.

City of Columbus, et al.,

      Defendants.

Case No. 2:23-cv-3888

Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

---

I, David J. Dirisamer, of the office of the Columbus City Attorney, having been first duly cautioned and sworn, and being under no disability that would prevent me from testifying herein, state from my own knowledge:

1. This affidavit is based on my personal knowledge of the facts set forth herein.

2. I am employed as an Assistant City Attorney by the office of the Columbus City Attorney.

3. I have entered an appearance as co-counsel for Defendants Brenda Walker and the City of Columbus in the above matter.

4. On May 10, 2024, Plaintiff provided responses to the discovery requests served on him on March 26, 2024, and produced documents in response to those requests.

5. I have reviewed the documents produced by Plaintiff on May 10, 2024.

6. That production of documents does not contain any documents reflecting Plaintiff's employment history prior to 2004 (with the exception of limited references from the criminal trial or related filings) or 2023-present, Plaintiff's medical records, or Plaintiff's medical bills.

7. I sent a discovery deficiency letter regarding the insufficiencies in Plaintiff's May 10, 2024 discovery responses on September 9, 2024.

8. I sent authorizations for the release of medical records, both as to the Ohio Department of Rehabilitation and Correction (at the time the only known medical provider to Plaintiff) and in blank as to all other providers, via email to Plaintiff's counsel on September 17, 2024.

9. We have received no written response to my September 9, 2024 discovery deficiency letter.

10. I arranged and participated in a meet and confer call on September 26, 2024, September 30, 2024, and October 1, 2024 with Plaintiff's counsel regarding the issues raised in my September 9, 2024 discovery deficiency letter.

11. During that call, Plaintiff's counsel represented that supplemental responses and a supplemental production to Plaintiff's May 10, 2024 discovery responses and document production would be forthcoming by the end of that week (or by October 4, 2024).

12. We have received no supplemental responses to the May 10, 2024 discovery responses.

13. On October 11, 2024, Plaintiff's counsel orally stated that a production of "thousands" of documents was forthcoming.

14. The only production of documents we have received after May 10, 2024 was a production of approximately 600 pages received on October 17, 2024, a majority of which once again relate to publicly available filings from Plaintiff's criminal trial and related proceedings, and none of which relate specifically to Plaintiff's employment.

No pay stubs from Plaintiff's employment (beyond the single pay stub introduced as evidence at his criminal trial) have been received as part of that or any other production.

15. On October 17, 2024, we finally received signed medical releases.

16. I and my colleagues have repeatedly requested confirmation as to the status of the subpoena to Shelli Curry that Plaintiff's counsel first indicated would be issued on August 28, 2024. However, we have never received confirmation of whether that subpoena has been issued or served, nor have we been provided a copy of it.

17. All letters or emails attached as exhibits to Defendants' Motion for Extension of Discovery Deadline are true and accurate copies of letters or emails sent or received by myself or my colleagues.

And further Affiant sayeth naught.

Sworn to before me and subscribed in my presence on this 24 day of October, 2024.

**NOTARY (signature)**

Douglas Girard

**NOTARY (print)**

Douglas Rand Girard
Notary Public, State of Ohio
My Commission Expires: 07/21/2026

**My Commission Expires**

3

Exhibit 6



September 9, 2024

Alyssa Martinez (alyssa@loevy.com)
Jon Loevy (jon@loevy.com)
Michelle Berry-Godsey (mberrylaw2007@gmail.com)
Melinda Ek (melinda@loevy.com)
Christine Tran (tran@loevy.com)

**VIA EMAIL ONLY**

Re:   *Horton v. City of Columbus ("City"), et al.*, Case No. 2:23-cv-3888
      Deficiencies in Plaintiff's Initial Disclosures and Responses to Defendant City of
      Columbus's First Set of Discovery Requests

Counsel:

This letter is sent regarding deficiencies in Plaintiff's initial disclosures and Plaintiff's responses to Defendants' First Set of Discovery Requests (the "Discovery Requests"). In light of the upcoming depositions, including of Mr. Horton, it is imperative that Plaintiff provide supplemental initial disclosures, full and complete responses to the Discovery Requests, and a corresponding complete production of documents, no later than September 20, 2024.

<u>**Plaintiff's Initial Disclosures**</u>

Plaintiff, in his initial disclosures, was required to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). This means what is says— a plaintiff that provides only broad categories of damages, with lump sum amounts demanded for some of those categories, without any calculations or supporting documents has failed to meet its obligation. *Cummerlander v. Patriot Preparatory Academy*, No. 2:13-cv-0329, 2014 U.S. Dist. LEXIS 67567, *42-*43 (S.D. Ohio May 16, 2014). Such failure, if not remedied, is a basis for the exclusion of damages evidence and/or calculations not disclosed. *Id.* Plaintiff's initial disclosures fail to provide any specificity as to the nature of damages sought, instead claiming only to seek "compensatory and punitive damages, as well as attorneys' fees and costs under 42 U.S.C. § 1988" based on purported "physical injuries," "emotional pain, psychological damage" and the "suspension of and interference with his ability to pursue a career." Furthermore, Plaintiff's initial disclosures fail to provide any amount of damages (even lump sum amounts) sought by Plaintiff for any claimed category of damages, and specifically indicate that "Plaintiff has not made any computation of these damages." Plaintiff's initial disclosures are significantly deficient on this point and must be supplemented.

| **Civil Division** | **Claims Section** | **Prosecution Division** | **Real Estate Section** | **Police Legal Advisor** |
|---|---|---|---|---|
| 77 N. Front Street | 77 N. Front Street | 375 S. High Street | 77 N. Front Street | 120 Marconi Blvd. |
| Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 |
| 614-645-7385 | 614-645-7717 | 614-645-7483 | 614-645-7712 | 614-645-4530 |
| Fax: 614-645-6949 | Fax: 614-724-6503 | Fax: 614-645-8902 | Fax: 614-645-3913 | Fax: 614-645-4551 |

ColumbusCityAttorney.org

**Plaintiff's Responses to Interrogatories**

Interrogatory No. 1 asks Plaintiff to provide the names, contact information, and relevant knowledge for all individuals that Plaintiff believes has information about his claims in this lawsuit. Plaintiff objects that such information "is principally in the possession, custody, or control of Defendants" and "invades the attorney work-product doctrine." Plaintiff offers no support for these objections. However, given the obligation of Fed. R. Civ. P. 26(A)(1)(A)(i), and his listing of a significant number of such individuals in Plaintiff's initial disclosures, along with the contact information and knowledge of such individuals, these objections appear to be baseless. However, to the extent Plaintiff is specifically withholding from his response the identity, contact information, or knowledge of any individual on the basis of this objection, please identify what is being withheld and on what basis, providing sufficient information for Defendants to evaluate any claim of privilege or other protection. Furthermore, the response to this interrogatory explicitly references Plaintiff's initial disclosures, and indicates that that response will be supplemented. However, Plaintiff has not supplemented his initial disclosures, even though your communications have made it clear that you have contact information for listed persons that Plaintiff has not disclosed. Plaintiff must supplement both his initial disclosures on this point and this response to comply with his discovery obligations and to fully reflect all information known to Plaintiff (or to you as his counsel) that would be responsive to this interrogatory.

Plaintiff's responses to Interrogatories Nos. 2-5, regarding the identification of witnesses to the underlying robbery, as well as anticipated witnesses for Plaintiff, all similarly rely on Plaintiff's initial disclosures. The responses further indicate that Plaintiff will supplement them as required under Fed. R. Civ. P. 26 and as more information is learned. However, Plaintiff has provided no supplementation to either these responses or to Plaintiff's initial disclosures since providing these responses in May. Plaintiff must provide supplemental responses and/or initial disclosures to meet his discovery obligations and to reflect the information presently known to Plaintiff (or to you as his counsel) that would be responsive to these interrogatories.

Plaintiff's response to Interrogatory No. 6 references Plaintiff's production of documents, but also indicates that Plaintiff may supplement or modify the response. Plaintiff must provide such supplementation, either of this response or the corresponding production of documents, or certify that Plaintiff's production of such documents is complete.

Plaintiff's responses to Interrogatories Nos. 9-15 fail to provide any itemization of Plaintiff's claimed damages, simply referencing various broad categories of past, current, and future purported damages (such as the claimed impact on family relationships, various medical and psychological conditions, and the purported loss of employment/educational opportunities). In fact, Plaintiff specifically claims that he "cannot presently quantify the extent of or provide a calculation of the total lost wages" that he claims to have suffered, and will rely on expert testimony regarding such damages. However, just as Plaintiff was required to provide an itemization of his damages in his initial disclosures, so too was Plaintiff required to provide an itemization of his damages in response to a discovery request seeking such information, and is not able to satisfy that obligation simply by pointing to forthcoming testimony from an unidentified expert. *Glasswall, LLC v. AGC Flat Glass N. Am., Inc.*, No. 3:17-cv-332, 2018 U.S. Dist. LEXIS 185266, *26-27 (E.D. Tenn. Oct. 30, 2018) (finding a response that failed to provide such an

itemization "wholly inadequate" and rejecting the blanket assertion that expert testimony would be necessary for a damages calculation in the absence of any itemization of damages or any articulation of a damages theory). Plaintiff must supplement these responses to provide an itemization of his claimed damages and the calculation(s) of such an itemization.

## Responses to Requests for Production

In response to Requests for Production Nos. 1-8, 19-21, 25, 27, 28, 36, and 41, Plaintiff objects on the basis that the Requests are overly broad and unduly burdensome, premature because discovery "is in its early stages," seek privileged information, and/or seek documents that are already in Defendants' possession or are a matter of public record. These boilerplate objections are, in several instances, nonsensical. For example, it is difficult to see how any document on which Plaintiff relied to calculate the total amount of Plaintiff's claimed damages (a calculation that Plaintiff claims not to have performed and an amount that Plaintiff refuses to disclose) or any statement that Plaintiff obtained about his own alleged losses is already in Defendants' possession or is publicly available. Nor are these objections sufficient. *In re Heparin Prods. Liabl. Litig.*, 273 F.R.D. 399, 411 (N.D. Ohio 2011) ("At the very least, where a party claims burdensomeness, it must explain why that is so. It should also propose alternatives, if such might be possible, that could enable some degree of production."); *Biondi v. Jaguar Land Rover N. Am.*, No. 1:23-cv-297, 2023 U.S. Dist. LEXIS 160482, *13-14 (N.D. Ohio Aug. 21, 2023) (objection on the basis of privilege insufficient unless accompanied by a privilege log). To the extent Plaintiff is withholding from disclosure any audio or video recording or any document reflecting verbatim statements from any potential witness on the basis of Plaintiff's attorney work product objection, such an objection is groundless. This Court has recognized the significant volume of case law finding that such verbatim witness statements are not protected from disclosure as attorney work product and has required the disclosure of such statements. *See King v. City of Columbus*, No. 2:18-cv-1060, ECF Nos. 72 and 72-1 (S.D. Ohio July 16, 2019) (M.J. Deavers) (adopting the City's argument that such statements were not protected from disclosure as attorney work product and ordering their disclosure). Finally, in response to each of these Requests, Plaintiff indicated that he was producing responsive documents as part of a production of documents in May 2024, but also that he reserved the right to supplement the response. Plaintiff has neither supplemented any of these responses nor provided any further production of documents. Plaintiff must confirm that no documents are being withheld based on these objections and that all responsive documents have been produced, or provide a privileged log for any withheld documents along with complete responses and a complete production of all documents that are not listed on the privilege log.

In response to Requests for Production Nos. 10-18 and No. 24, seeking relevant photographs, audio recordings, video recordings, and yearbook photos, Plaintiff objects and invokes the "attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges." These objections are both baseless and, because of the failure to provide a privilege log, insufficient. Furthermore, the psychotherapist-patient privilege, to the extent it would apply at all, is waived when a patient "puts his/her emotional state at issue in the case." *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 551 (S.D. Ohio 2014) (internal citation omitted). Among other things, a claim of "ongoing sleep deprivation" waived the psychotherapist-patient privilege that may otherwise have applied to a plaintiff's medical records. *Id.* at 553. Plaintiff specifically claims, among other things,

that he "has also experienced, and continues to experience, trouble sleeping […] and nightmares." Plaintiff's Response to Interrogatory No. 9. Plaintiff has thus put his emotional state at issue and waived any claim of psychotherapist-patient privilege. Plaintiff must confirm that he is not withholding any documents based on such an objection and that his production of documents in response to this Request is complete or must supplement his production to produce any documents that have been improperly withheld on the basis of such an objection.

Plaintiff's response to Request for Production No. 22 references Plaintiff's production of documents to date and "any supplements thereto." Plaintiff has not supplemented his production. Please confirm that Plaintiff's production of documents in response to this Request is complete, or provide any supplemental production of documents necessary to complete Plaintiff's production.

Plaintiff's response to Requests for Production Nos. 23, 30, and 31, regarding documentation of income earned by Plaintiff while incarcerated, achievements/degrees/accolades earned while incarcerated, and violations/write-ups/tickets received while incarcerated rely on the same objections as Plaintiff's responses to Requests for Production Nos. 10-18, and are insufficient for the same reasons. Following those objections, in response to these Requests Plaintiff claims that he "will produce any responsive documents he has in his possession, custody, or control." However, Plaintiff does not appear to have produced any such documents. Plaintiff must: identify with specificity the documents that have been produced that are responsive to this request; produce additional documents that are responsive to this request to complete his production of responsive documents; and/or confirm that he has no documents in his possession, custody, or control that are responsive to this request.

In response to Request for Production No. 26, Plaintiff raises a number of objections and then "reserves the right to supplement this response as the litigation proceeds." Based on that, it is unclear whether Plaintiff will be producing or withholding any such documents in his possession. Plaintiff must confirm whether or not any such documents are in fact being withheld based on this objection, and if so, on what basis. If documents are not being withheld, Plaintiff must produce additional documents that are responsive to this request to complete his production of responsive documents or confirm that he has no documents in his possession, custody, or control that are responsive to this request.

In response to Requests for Production Nos. 32 and 33, seeking a production of documents reflecting Plaintiff's work history prior to 2004 and from May 26, 2023 to present, Plaintiff raises a number of objections, including under the "attorney-client privilege, the work product doctrine, the common interest privilege, the psychotherapist-patient privilege and//or other applicable common law or statutory privileges," and that the Requests are vague and unduly burdensome. These objections are baseless. Plaintiff has specifically indicated an intent to claim damages based on the purported "interference with his ability to pursue a career." Documentation of his work history before the date of the robbery and after his release from prison are directly relevant to that issue and none of the myriad claimed privileges would cover such documents. In response to Request for Production No. 32, Plaintiff points to a single page of his document production, which was an exhibit at his criminal trial, reflecting his work for at Popeye's between September 26, 20024 and October 9, 2024. Plaintiff also indicates that "he does not have any other responsive documents in his possession, custody, or control." However, Plaintiff also states that his

"investigation in this matter continues, and he reserves the right to supplement this response as the litigation proceeds." In response to Request for Production No. 33, Plaintiff "states that he will produce any responsive documents in his possession, custody, or control," however to date it appears that Plaintiff has not produced any such documents. Plaintiff must confirm that his production of documents in response to these Requests is in fact complete and that neither Plaintiff, nor you as his counsel, nor any expert witness retained on Plaintiff's behalf, are in possession of any other documents reflecting Plaintiff's work history prior to 2004 or after May 26, 2023 that have not been produced to Defendants.

In response to Request for Production No. 34, seeking "any medical documentation of your physical and physiological ailments that you allege arise from or were caused by your imprisonment," Plaintiff asserts a variety of objections, including that the Request is overly broad and unduly burdensome, premature because discovery "is in its early stages," seeks privileged information, and/or seeks documents that are already in Defendants' possession or are a matter of public record. All of these objections are baseless as described above in relation to other Requests. Plaintiff also states that "Plaintiff will provide a further response upon entry of a HIPAA-qualified protective order in this case." However, Plaintiff has now recognized, based on your acknowledgement via email on September 5, 2024, that a HIPAA-qualified protective order is not necessary. Defendants will agree to treat any health records produced by Plaintiff and marked as Confidential as Confidential under the terms of the protective order to which the parties have agreed as per your September 5, 2024 email. In light of that, Plaintiff must supplement his production of documents and his response to this Request to produce all such documents and confirm that all such documents have been produced.

In response to Request for Production No. 35, seeking the letter(s) from Plaintiff's sister-in-law to Judge Bender at the time of his criminal trial and/or sentencing, Plaintiff indicates that he "will produce any responsive documents in his possession, custody, or control." However, Plaintiff does not appear to have produced any such documents. Plaintiff must: identify with specificity the documents that have been produced that are responsive to this request; produce additional documents that are responsive to this request; and/or confirm that he has no documents in his possession, custody, or control that are responsive to this request.

In response to Requests for Production Nos. 37-39 and 42, seeking title/registration/insurance information for the car Plaintiff purchased from Richard McClanahan's niece, any communications between Plaintiff and Rhonda Curry, any documents containing the phrase "Adidas boy," and any documents in which Plaintiff offered Richard McClanahan money, Plaintiff raises a number of baseless or inapplicable objections, including the attorney-client privilege, the psychotherapist-patient privilege, and relevance. Any such documents go to the relationship between Plaintiff and Richard McClanahan/Rhonda Curry prior to the robbery or after the robbery and/or the identification of Plaintiff as the robber and are thus clearly relevant and must be produced. Plaintiff states that, as of the date of his responses in May, he had no such documents in his possession, custody, or control, but also that he reserves the right to supplement the response. Plaintiff must produce any such documents that are now within his possession, custody, or control, or confirm that he still has no such documents in his possession, custody, or control, and is not withholding any such documents based on his objections.

In response to Request for Production No. 40, seeking communications between Plaintiff and his alibi witness(es), following the same series of baseless objections raised in response to Requests for Production Nos. 37-39 above, Plaintiff "states that he will produce any responsive documents in his possession, custody, or control." However, Plaintiff does not appear to have produced any such documents. Plaintiff must: identify with specificity the documents that have been produced that are responsive to this request; produce additional documents that are responsive to this request; and/or confirm that he has no documents in his possession, custody, or control that are responsive to this request.

To the extent you will not be remedying any of the above-identified deficiencies as described above, but wish to discuss this matter with us in advance of Court intervention regarding these deficiencies, please contact us immediately to schedule a call.

Sincerely,

*/s/ David J. Dirisamer*

David J. Dirisamer
Assistant City Attorney
614/645-6964

Cc:    Aaron Epstein
       Alana Tanoury
       Dexter Dorsey
       Sarah Feldkamp

included in the initial Preliminary Pretrial Order, the Court has compelled the production of such information during the pendency of the case, rejecting an argument that such information need not be disclosed until a post-trial motion. *Price v. Miami County*, No. 3:12-cv-388, 2013 U.S. Dist. LEXIS 90582, *2-4 (S.D. Ohio June 27, 2013).

But these required quarterly disclosures are only a minimum. The Southern District of Ohio has ordered disclosure of additional attorney fee information, beyond the regularly required quarterly disclosures, when attorney fees were part of the plaintiff's damages claim, because "[t]ypically, the attorney-client privilege does not extend to billing records and expenses reports" and "a blanket assertion of privilege regarding attorney fee bills is typically not appropriate." *Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, No. 2:09-cv-1081, 2013 U.S. Dist. LEXIS 22213, *52-54 (S.D. Ohio Feb. 19, 2013) (internal citation omitted).

Please indicate when you will be providing the requested information regarding the attorney fees incurred by Plaintiff in this litigation to date.

Thank you.

---

**From:** Alyssa Martinez <alyssa@loevy.com>
**Sent:** Monday, September 30, 2024 12:02 PM
**To:** Dirisamer, David J. <DJDirisamer@columbus.gov>
**Cc:** Tanoury, Alana V. <AVTanoury@columbus.gov>; Jon Loevy <jon@loevy.com>; Epstein, Aaron D. <ADEpstein@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>
**Subject:** Re: [EXTERNAL] Re: Richard Horton v. City of Columbus- Call to Discuss Deficiencies in Plaintiff's Discovery Responses

Thanks, Counsel. Please call 414-507-3515 tomorrow.

_____

**Alyssa Martinez** (she/her)

Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com

On Mon, Sep 30, 2024 at 10:54 AM Dirisamer, David J. <DJDirisamer@columbus.gov> wrote:

  Jon and Alyssa,

Thanks for speaking with us this morning.

You indicated that you would be providing supplemental interrogatory responses (including to Interrogatories Nos. 9-15) and making a supplemental production of documents this week. You also indicated that you would provide a prompt response regarding our request that Mr. Horton execute the attached authorization for the release of his medical records by the Ohio Department of Rehabilitation and Correction.

You also indicated that you were not withholding any witness identities, contact information, or statements based on your responses and objections to discovery requests to date, that you were not withholding any documents based on the psychotherapist/patient privilege, you agreed the protective order that is in place is sufficient to allow the release of medical records, and you confirmed that you were not withholding any communications with Rhonda Curry or any purported alibi witness.

Because you had a limited period of time for today's call, we were not able to discuss all the agenda items previously provided. We agreed that we would resume the call at 1 pm Central/2 pm Eastern tomorrow with Alyssa. Please let us know the number to call tomorrow.

Below are the agenda items we would like to discuss tomorrow. Thank you.

1. Authorizations

    a. Child and Family Services
    b. Blanks for medical providers

2. Deletion of accidental LEADS production
3. Deposition scheduling

    a. Kim Curry on 10/4
    b. Brenda Walker on 10/11- A date you offered and to which we agreed
    c. Horton- to be continued from 10/16?
    d. Shelli Curry on 10/22? We have asked for confirmation of whether you have served a subpoena for that date
    e. Pamela Rhodeback- We offered 10/18, 10/24, or 10/25, with no response
    f. Todd Rhodeback- We offered 10/18, 10/25, 11/1, 11/8, 11/15, with no response
    g. Dwight Dorsey- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided
    h. Alfred Harmon- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided
    i. Janette Horton- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided
    j. Lakeon Horton- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided
    k. Barbara Horton-Alamar- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided

    l.  Furquan McDougald- We requested availability during weeks of 11/4, 11/11, 11/18, but not provided
    m.  Kawanna Harris- We asked for confirmation of 11/15 (a date you had previously indicated you were available), not yet received
    n.  Tracy McClanahan- We asked for confirmation of 11/14 (a date you had previously indicated you were available), not yet received
    o.  Brian Howe, Mark Godsey- need to discuss potential dates
    p.  Total number of depositions to be taken by each side

---

**From:** Dirisamer, David J.
**Sent:** Thursday, September 26, 2024 3:22 PM
**To:** Tanoury, Alana V. <AVTanoury@columbus.gov>; Jon Loevy <jon@loevy.com>
**Cc:** Alyssa Martinez <alyssa@loevy.com>
**Subject:** RE: [EXTERNAL] Re: Richard Horton v. City of Columbus- Call to Discuss Deficiencies in Plaintiff's Discovery Responses

Jon,

You indicated that Alyssa was more familiar with the status of the discovery issues that we hoped to address on our call today. As a result, we agreed to reconvene our call at 9:30 am Eastern/8:30 am Central on Monday.

Below are the items we would like to discuss on Monday. Thank you.

1.  Plaintiff's Discovery Deficiencies as per Discovery Deficiency Letter

    a.  Damages information (incl. calculation) and documents- medical records, medical bills, employment history/lost wages, attorney fees
    b.  Withholding any witness identities, contact info, or statements?
    c.  No supplementation of responses or production. Can we expect supplementation?
    d.  Withholding any documents based on psychotherapist/patient privilege?
    e.  Agree protective order sufficient to allow for release of medical records?
    f.  Withholding any communications with Rhonda Curry or any purported alibi witness(es)?

2.  Authorizations

    a.  Child and Family Services
    b.  ODRC
    c.  Blanks for medical providers

3.  Deletion of accidental LEADS production

Exhibit 8

## Dirisamer, David J.

| | |
|---|---|
| **From:** | Alyssa Martinez <alyssa@loevy.com> |
| **Sent:** | Monday, October 7, 2024 2:53 PM |
| **To:** | Dirisamer, David J. |
| **Cc:** | Tanoury, Alana V.; Jon Loevy; Epstein, Aaron D.; Feldkamp, Sarah N.; Dorsey, Dexter W. |
| **Subject:** | Re: [EXTERNAL] Re: Richard Horton v. City of Columbus- Call to Discuss Deficiencies in Plaintiff's Discovery Responses |

Dear Counsel:

Our office experienced some technical difficulties last week scanning in the documents, so we will make rolling productions this week as we get through batches and should have it all completed this week with the supplemental responses.

As to the medical authorizations, despite not believing the records from 1997 are relevant, Plaintiff is willing to sign the authorization and will execute and send it along shortly.

As to Defendant Walker's deposition, we will be attending in person, so please let us know if there is anything we need to do to enter the building.

For Ms. Curry's deposition, we had a different date set aside and are not available October 22. Are Defendants available Oct. 30, Nov. 4, or Nov. 25 to schedule her deposition?

Thanks for the confirmation concerning dates. Plaintiff would propose we schedule Mrs. Horton's deposition for November 6, and can then set two depositions for Nov. 7 and two for Nov. 8?

Thanks,
Alyssa

_____

**Alyssa Martinez** (she/her)



Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com

On Mon, Oct 7, 2024 at 1:22 PM Dirisamer, David J. <DJDirisamer@columbus.gov> wrote:

Alyssa,

During our phone call last Monday (September 30) you indicated that you would be providing supplemental interrogatory responses (including to Interrogatories Nos. 9-15) and making a supplemental production of documents by the end of last week, or by October 4.

You also indicated that you would provide a prompt response regarding our request that Mr. Horton execute the previously provided authorization for the release of his medical records by the Ohio Department of Rehabilitation and Correction.

Finally, you indicated that you would provide a response to our request that you delete or destroy inadvertently produced materials from LEADS within Defendants' first production of documents.

However, we have received not received any supplemental interrogatory responses, nor a supplemental production of documents, nor a response regarding the LEADS materials. In fact, we still have not received any written response at all to the discovery deficiency letter sent on September 9.

Plaintiff's failure to provide sufficient responses to discovery requests, including but not limited to information concerning his medical providers and employment history, has already required the postponement of Mr. Horton's deposition and, if not remedied, will prevent other discovery from moving forward. Please provide the promised responses and/or supplementation.

As to depositions, could you confirm whether you will be attending Brenda's deposition on Friday in person or via Zoom? Also, please confirm whether you served Shelli Curry with a subpoena for her deposition, and, if you have, please provide us with notice of the date, time, and location of her deposition.

We are willing to schedule any two of our requested witnesses, other than Richard Horton and Janette Horton, for deposition on the same day.

Thank you.

---

**From:** Alyssa Martinez <alyssa@loevy.com>
**Sent:** Friday, October 4, 2024 4:52 PM
**To:** Dirisamer, David J. <DJDirisamer@columbus.gov>
**Cc:** Tanoury, Alana V. <AVTanoury@columbus.gov>; Jon Loevy <jon@loevy.com>; Epstein, Aaron D. <ADEpstein@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>
**Subject:** Re: [EXTERNAL] Re: Richard Horton v. City of Columbus- Call to Discuss Deficiencies in Plaintiff's Discovery Responses

Exhibit 9

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO,**

Richard Horton,

        Plaintiff,

    v.

City of Columbus, et al.,

        Defendants.

Case No. 2:23-cv-3888

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

**DEFENDANT CITY OF COLUMBUS'S SECOND SET OF DISCOVERY REQUESTS FOR ADMISSION, INTERROGATORIES, AND PRODUCTION OF DOCUMENTS, TO PLAINTIFF RICHARD HORTON**

Pursuant to Rules 26, 33, 34, & 36 of the Federal Rules of Civil Procedure, Defendant City of Columbus serves the following combined discovery requests upon Plaintiff Richard Horton and ask that he provide all responses, and the corresponding production of documents, to undersigned counsel within thirty (30) days of the date of service of these requests.

## **DEFINITIONS**

To avoid any ambiguity or confusion, the following definitions should be applied to the discovery requests propounded below:

Definition 1:    The **CITY** shall mean the City of Columbus.

Definition 2:    The **CPD** shall mean the City of Columbus' Division of Police, which is also known as the Columbus Police Department.

Definition 3:    **PLAINTIFF** shall mean Plaintiff Richard Horton.

Definition 4:    The **AMENDED COMPLAINT** shall mean the amended complaint that was filed on March 5, 2024.

Definition 5:    **DEFENDANTS** shall mean City of Columbus, Columbus Division of Police Officers Brenda K. Walker, Mieko Sias, and unknown Columbus police officers referenced in this Amended Complaint. The term shall mean the foregoing individuals collectively or individually so as to make any request in which this term is used as broad as is reasonably possible.

Definition 6:    **DOCUMENTS** has the full meaning given in Rule 34(a)(1) of the Federal Rules of Civil Procedure. It includes documents, items of electronically stored information, and tangible materials and things.

Definition 7:    **HORTON** shall mean Plaintiff Richard Horton.

Definition 8:    **WALKER** shall mean Defendant Brenda Walker.

Definition 9:    **McClanahan** shall mean Richard McClanahan.

Definition 10:    **IDENTIFY**, or any variation thereof, shall have the following meanings:

    a.    With respect to a natural person or individual, it shall mean to provide information that would allow the defendants in this case to contact the natural person or individual and to serve a subpoena upon him or her. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the natural person's or individual's full name; (ii) any aliases or pseudonyms used by the natural person or individual; and (iii) the person's or individual's business and residential addresses, phone numbers and email addresses. If you cannot provide current identifying information for a particular natural person or individual, provide the most recent information in your possession, custody, or control after a reasonable inquiry.

    b.    With respect to an entity or collective, it shall mean to provide information that would allow the defendants in this case to contact that entity or collective and to serve a subpoena upon it. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the entity's or collective's full legal name; (ii) any other names under which the entity or collective does business or conducts its activities; and (iii) the entity's or collective's main business address, main phone number, and main email address. If you cannot provide current identifying information for a particular entity or collective, provide the most recent identifying information in your possession, custody, or control after a reasonable inquiry.

     c.    With respect to a document, item of electrically stored information, or a tangible thing, it shall mean to provide: (i) a description of the document, item, or thing that would allow the defendants in this case to know its form, its content, the date upon which it was created, and the identity of its creator; and (ii) the current location of the document, item, or thing that would allow the defendants to inspect it. Any request asking you to identify a document or thing can be answered by producing a copy of that document or thing, so long as you provide a sufficient explanation as to where the document or thing can be located within your overall production (e.g., a Bates number).

**Definition 11:**    The **INCIDENT(S)** shall mean the incident(s) that are described in the Amended Complaint and upon which Plaintiff bases any of his claims for recovery.

**Definition 12:**    **LOSSES** means each, all, and every injury, death, or loss to person or property for which you seek recovery from Defendants.

**Definition 13:**    **ECONOMIC LOSSES** means those losses that can be measured objectively in pecuniary terms. The term includes, but is by no means limited to: (a) lost wages, lost salaries, lost profits, or other income lost as a result the incident; (b) expenditures for medical care or treatment, rehabilitation services, or any other care, treatment, services, products, etc., incurred as a result of any physical injuries sustained because of the incident; and (c) any other out-of-pocket expenditures that you were required to make as a result of the incident. **ECONOMIC LOSS** shall NOT mean attorney fees or other costs incurred in connection with your prosecution of this action.

**Definition 14:**    **NONECONOMIC LOSSES** means those losses that cannot be measured objectively in pecuniary terms. They are often referred to as intangible or subjective losses, and they include, but are by no means limited to: (a) pain & suffering; (b) mental anxiety; (c) emotional distress; (d) lost society, consortium, companionship, (e) disfigurement; and (f) anguish.

**Definition 15:**    **PERSON** shall mean any natural person, individual, corporation, company, partnership, proprietorship, association, or any other type of legal, social, or commercial entity or collective.

**Definition 16:**    **YOU**, and all other forms of the second-person, singular pronoun, shall mean Plaintiff Richard Horton and any person acting at his behest of, at his direction, under his control, or upon his behalf.

**Definition 17:**    **ROBBERY** shall mean the theft offense that was perpetuated by the use of a deadly weapon on October 9, 2004, at 927 Loew Street in Columbus, Ohio.

## <u>DEFENDANT CITY OF COLUMBUS'S SECOND SET OF REQUESTS FOR ADMISSION</u>

12. Admit that the name of Richard McClanahan's niece from whom you purchased a car was Tracy McClanahan.

Answer:

13. Admit that the image attached hereto as Exhibit 1 is a true and accurate depiction of the home located at 780 Reynolds Avenue, Columbus, OH 43201 as of August 2007.

Answer:

14. Admit that you lived at 780 Reynolds Avenue, Columbus, OH 43201 as of October 9, 2004.

Answer:

## <u>DEFENDANT CITY OF COLUMBUS'S SECOND SET OF INTERROGATORIES</u>

In response to the following interrogatories, provide any non-privileged information that is responsive thereto and that is within your possession, custody, or control. You must make a reasonable inquiry into the matter, and you must conduct a reasonably diligent review of the information, files, documentation, and materials that are within your possession, custody, or control. Information files, documents, and materials are within your possession, custody, or control if they are within the possession, custody, or control of your attorneys, your representatives, or any person acting at your behest, at your direction, on your behalf, or under your control.

Interrogatory 17:     Identify all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

Answer:

Interrogatory 18:     Identify all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

Answer:

Interrogatory 19:     Identify all medical care you were provided due to any physical or psychic injury experienced as a result of the events alleged in the Amended Complaint by providing:

a) The name, address, telephone number, and email address of the person who provided the medical care;

b) The facility where the care was provided by name, association, and address;

Page 5

    c) The specialty of the treating person;

    d) The date or dates of treatment; and,

    e) The physical, mental, or emotional condition for which the medical care was provided.

Answer:

Interrogatory 20:     Identify any of your pre-existing conditions from which you suffered on or before December 15, 2004 by providing:

    a) The name of the pre-existing condition (such as depression, generalized anxiety disorder, post-traumatic stress disorder, etc...);

    b) The suspected causes of the pre-existing condition (by incident/course of conduct description and date range);

    c) The person(s) who treated you for the pre-existing condition;

    d) The date or dates of treatment;

    e) The medical care that was provided; and,

    f) Any claim for benefits, or benefits received, for any such condition, including, but not limited to, disability benefits or workers' compensation benefits.

Answer:

Interrogatory 21:     Identify all physical, mental, emotional, or psychological conditions which you claim to suffer at present. For each, identify the last date for which you received treatment for such condition, the person or entity who provided such treatment, as well as the date(s) of any scheduled future treatment, and the person(s) or entity/entities who will provide such treatment.

Answer:

Interrogatory 22:     Identify all employers for whom you have worked on or after September 30, 2000, including while imprisoned, whether as an employee or as an independent contractor, along with the dates you worked for each employer, your job title, and rate of pay.

Answer:


Interrogatory 23:     Identify all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present.


Answer:


Interrogatory 24:     Identify all documents and/or information that you contend was exculpatory and that you claim was not provided to you or to your attorneys prior to or during your 2006 criminal trial for the robbery.

Answer:


Interrogatory 25:     Identify to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

Answer:

## **DEFENDANT CITY OF COLUMBUS'S SECOND SET OF REQUESTS FOR PRODUCTION**

In response to the following requests for production, provide any non-privileged documents that are responsive thereto and that are within your possession, custody, or control. You must make a reasonable inquiry into the matter, and you must conduct a reasonably diligent review of the information, files, documentation, and materials that are within your possession, custody, or control. Information files, documents, and materials are within your possession, custody, or control if they are within the possession, custody, or control of your attorneys, your representatives, or any person acting at your behest, at your direction, on your behalf, or under your control.

Production Request 43: Produce all documents reflecting any of the information required to be disclosed under Fed. R. Civ. P. 26(b)(4)(C).

Response:

Production Request 44: Produce all documents related to the whereabouts of Richard or Riccardo Diggs as of October 1, 2004-October 31, 2004.

Response:

Production Request 45: Produce all documents reflecting the criminal history of Richard or Riccardo Diggs, including but not limited to records reflecting any arrests and/or convictions.

Response:

Production Request 46: Produce all documents or recordings related to or reflecting any communications between Richard or Riccardo Diggs and any other person at any time.

Response:

Production Request 47: Produce all documents or recordings related to or reflecting any communications between Rhonda Curry and yourself or between Rhonda Curry and any other person regarding the incident.

Response:

Production Request 48: Produce all documents or recordings related to or reflecting any communications between Richard McClanahan and yourself or between Richard McClanahan and any other person regarding the incident.

Response:

Production Request 49: Produce all documents reflecting treatment you received for any pre-existing condition as of December 15, 2004 at any time on or prior to December 15, 2004.

Response:

Production Request 50: Produce all documents reflecting scheduled appointments and/or treatment for any physical, emotional, psychological, or medical condition that you claim is caused by or exacerbated by your imprisonment from 2005-2022.

Response:

Production Request 51: Produce copies of your W-2s for the years 2000-2004 and the years 2022-2023.

Response:

Production Request 52: Produce your bank account records from January 1, 2022 to present.

Response:

Production Request 53: Produce all documents reflecting any and all payments, benefits, or remunerations received from any source as a result of: your imprisonment from 2005-2022; any physical or psychological condition that you claim was caused by or exacerbated by your imprisonment from 2005-2022; or from any source on or after January 1, 2022.

Response:

Production Request 54: Produce all documents reflecting to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

Response:

Production Request 55: Produce all documents reflecting your obligation to pay attorney fees to any person or entity as a result of the claims asserted in the Amended Complaint, including but not limited to your fee agreement(s) with Loevy & Loevy and/or The Law Office of Michele L. Berry, LLC.

Response:

Production Request 56: Produce all documents reflecting any contract or other agreement between you and the Ohio Innocence Project for services to be provided by the Ohio Innocence Project to you or for services to be provided by you to the Ohio Innocence Project.

Response:

Production Request 57: Produce all documents that you contend support your claimed damages as stated in your response to Interrogatory No. 9 and/or stated in your initial disclosures.

Response:

Production Request 58: Produce all video or audio recordings of, or documents reflecting any statements by, individuals with purported knowledge of the robbery gathered by, or on behalf of, the Ohio Innocence Project.

Response:

Production Request 59: Produce all video or audio recordings of, or documents reflecting any statements by, any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

Response:

Production Response 60: Produce all video or audio recordings of, or documents reflecting any, communications between Cindy Chekingo and any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

Response:

 

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

On September 6, 2024 I served a copy of the foregoing upon the following individual(s) via electronic mail.

Michele L. Berry
The Law Office of Michele L. Berry, LLC
3584 Mooney Avenue
Cincinnati, Ohio 45208
mberrylaw2007@gmail.com

Alyssa C. Martinez
Jonathan I. Loevy
Loevy & Loevy
311 N. Aberdeen Street
Chicago, Illinois 60607
alyssa@loevy.com
jon@loevy.com

*Counsel for Plaintiff*

<u>/s/ Aaron D. Epstein</u>
Aaron D. Epstein

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION**

| | |
|---|---|
| RICHARD HORTON, | Case No. 2:23-cv-3888 |
| Plaintiff, | |
| | Chief Judge Algenon L. Marbley |
| v. | |
| | Magistrate Judge Elizabeth Preston Deavers |
| CITY OF COLUMBUS, ET AL., | |
| Defendants. | |

**VERIFICATION OF PLAINTIFF RICHARD HORTON'S
RESPONSES TO DEFENDANT CITY OF COLUMBUS'S
SECOND SET OF INTERROGATORIES**

STATE OF OHIO

COUNTY OF FRANKLIN

     I, the undersigned, being first duly cautioned and sworn, do hereby swear, under penalty of perjury, that the factual statements made in the foregoing answers to Defendant City of Columbus's Second Set of Interrogatories are true, accurate, and complete to the best of my knowledge, information, and belief.


_____
**Richard Horton**

Sworn to before me and subscribed in my presents on this _____ day of_____, 2024.


_____
Notary Public

My commission expires:_____

Exhibit 1



### THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO,

Richard Horton,

Plaintiff,

v.

City of Columbus, et al.,

Defendants.

Case No. 2:23-cv-3888

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

---

### DEFENDANT BRENDA WALKER'S SECOND SET OF INTERROGATORIES TO PLAINTIFF RICHARD HORTON

Pursuant to Rules 26 & 33 of the Federal Rules of Civil Procedure, Defendant Brenda Walker serves the following discovery requests upon Plaintiff Richard Horton and ask that he provide all responses, and the corresponding production of documents, to undersigned counsel within thirty (30) days of the date of service of these requests.

### **DEFINITIONS**

To avoid any ambiguity or confusion, the following definitions should be applied to the discovery requests propounded below:

Definition 1:     The **CITY** shall mean the City of Columbus.

Definition 2:     The **CPD** shall mean the City of Columbus' Division of Police, which is also known as the Columbus Police Department.

Definition 3:    **PLAINTIFF** shall mean Plaintiff Richard Horton.

Definition 4:    The **AMENDED COMPLAINT** shall mean the amended complaint that was filed on March 5, 2024.

Definition 5:    **DEFENDANTS** shall mean City of Columbus, Columbus Division of Police Officers Brenda K. Walker, Mieko Sias, and unknown Columbus police officers referenced in this Amended Complaint. The term shall mean the foregoing individuals collectively or individually so as to make any request in which this term is used as broad as is reasonably possible.

Definition 6:    **DOCUMENTS** has the full meaning given in Rule 34(a)(1) of the Federal Rules of Civil Procedure. It includes documents, items of electronically stored information, and tangible materials and things.

Definition 7:    **HORTON** shall mean Plaintiff Richard Horton.

Definition 8:    **WALKER** shall mean Defendant Brenda Walker.

Definition 9:    **McClanahan** shall mean Richard McClanahan.

Definition 10:   **IDENTIFY**, or any variation thereof, shall have the following meanings:

    a.   With respect to a natural person or individual, it shall mean to provide information that would allow the defendants in this case to contact the natural person or individual and to serve a subpoena upon him or her. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the natural person's or individual's full name; (ii) any aliases or pseudonyms used by the natural person or individual; and (iii) the person's or individual's business and residential addresses, phone numbers and email addresses. If you cannot provide current identifying information for a particular natural person or individual, provide the most recent information in your possession, custody, or control after a reasonable inquiry.

    b.   With respect to an entity or collective, it shall mean to provide information that would allow the defendants in this case to contact that entity or collective and to serve a subpoena upon it. Such information would include as much of the following as is in your possession, custody, or control after reasonable inquiry: (i) the entity's or collective's full legal name; (ii) any other names under which the entity or collective does business or conducts its activities; and (iii) the entity's or collective's main business address, main phone number, and main email address. If you cannot provide current identifying information for a particular entity or collective, provide the most recent identifying information in your possession, custody, or control after a reasonable inquiry.

      c.     With respect to a document, item of electrically stored information, or a tangible thing, it shall mean to provide: (i) a description of the document, item, or thing that would allow the defendants in this case to know its form, its content, the date upon which it was created, and the identity of its creator; and (ii) the current location of the document, item, or thing that would allow the defendants to inspect it. Any request asking you to identify a document or thing can be answered by producing a copy of that document or thing, so long as you provide a sufficient explanation as to where the document or thing can be located within your overall production (e.g., a Bates number).

**Definition 11:** The **INCIDENT(S)** shall mean the incident(s) that are described in the Amended Complaint and upon which Plaintiff bases any of his claims for recovery.

**Definition 12:** **LOSSES** means each, all, and every injury, death, or loss to person or property for which you seek recovery from Defendants.

**Definition 13:** **ECONOMIC LOSSES** means those losses that can be measured objectively in pecuniary terms. The term includes, but is by no means limited to: (a) lost wages, lost salaries, lost profits, or other income lost as a result the incident; (b) expenditures for medical care or treatment, rehabilitation services, or any other care, treatment, services, products, etc., incurred as a result of any physical injuries sustained because of the incident; and (c) any other out-of-pocket expenditures that you were required to make as a result of the incident. **ECONOMIC LOSS** shall NOT mean attorney fees or other costs incurred in connection with your prosecution of this action.

**Definition 14:** **NONECONOMIC LOSSES** means those losses that cannot be measured objectively in pecuniary terms. They are often referred to as intangible or subjective losses, and they include, but are by no means limited to: (a) pain & suffering; (b) mental anxiety; (c) emotional distress; (d) lost society, consortium, companionship, (e) disfigurement; and (f) anguish.

**Definition 15:** **PERSON** shall mean any natural person, individual, corporation, company, partnership, proprietorship, association, or any other type of legal, social, or commercial entity or collective.

**Definition 16:** **YOU**, and all other forms of the second-person, singular pronoun, shall mean Plaintiff Richard Horton and any person acting at his behest of, at his direction, under his control, or upon his behalf.

**Definition 17:** **ROBBERY** shall mean the theft offense that was perpetuated by the use of a deadly weapon on October 9, 2004, at 927 Loew Street in Columbus, Ohio

<u>**DEFENDANT BRENDA WALKER'S SECOND SET OF INTERROGATORIES**</u>

In response to the following interrogatories, provide any non-privileged information that is responsive thereto and that is within your possession, custody, or control. You must make a reasonable inquiry into the matter, and you must conduct a reasonably diligent review of the information, files, documentation, and materials that are within your possession, custody, or control. Information files, documents, and materials are within your possession, custody, or control if they are within the possession, custody, or control of your attorneys, your representatives, or any person acting at your behest, at your direction, on your behalf, or under your control.

Interrogatory 17:     For all communications between Cindy Chekingo and any individual(s) disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge, identify (a) the date(s) on which each communication occurred; (b) the method of each communication (i.e. in person, via phone, via email); and (c) the substance of each communication.

Answer:

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT
OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

On September 6, 2024 I served a copy of the foregoing upon the following individual(s) via electronic mail.

Michele L. Berry
The Law Office of Michele L. Berry, LLC
3584 Mooney Avenue
Cincinnati, Ohio 45208
mberrylaw2007@gmail.com

Alyssa C. Martinez
Jonathan I. Loevy
Loevy & Loevy
311 N. Aberdeen Street
Chicago, Illinois 60607
alyssa@loevy.com
jon@loevy.com

*Counsel for Plaintiff*

/s/ Aaron D. Epstein
Aaron D. Epstein

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO,**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD HORTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLUMBUS, ET AL.,<br><br>Defendants. | Case No. 2:23-cv-3888<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

---

**VERIFICATION OF PLAINTIFF RICHARD HORTON'S**
**RESPONSES TO DEFENDANT CITY OF COLUMBUS'S**
**SECOND SET OF INTERROGATORIES**

---

STATE OF OHIO

COUNTY OF FRANKLIN

I, the undersigned, being first duly cautioned and sworn, do hereby swear, under penalty of perjury, that the factual statements made in the foregoing answers to Defendant City of Columbus's Second Set of Interrogatories are true, accurate, and complete to the best of my knowledge, information, and belief.

_____
**Richard Horton**

Sworn to before me and subscribed in my presents on this _____ day of____, 2024.

7

_____
Notary Public

My commission expires:

Exhibit 10

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO,**

Richard Horton,

        Plaintiff,

   v.

City of Columbus, et al.,

        Defendants.

Case No. 2:23-cv-3888

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

## PLAINTIFF'S RESPONSES TO DEFENDANT CITY OF COLUMBUS'S SECOND SET OF DISCOVERY REQUESTS

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, responds as follows to Defendant City of Columbus's Second Set of Discovery Requests.

## **GENERAL OBJECTIONS**

Plaintiff objects to these Interrogatories to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Interrogatories are not limited temporally to information relevant to this lawsuit.

Plaintiff objects to these Interrogatories to the extent they seek information or Documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, psychotherapist-patient privilege, or other common law or statutory privileges. Plaintiff reasonably interprets the instructions and Interrogatories to not seek information or Documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A). In responding to

these Interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege.

Plaintiff objects to the instructions and definitions provided by Defendants to the extent they depart from the requirements of the Federal Rules of Civil Procedure, do not accurately reflect the law or rules governing this case, and/or purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff objects on burdensomeness grounds to, among others, Defendants' instructions and definitions regarding identification of people, entities, and documents. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff construes Defendants' instructions to request information and Documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek documents or information that are already in the possession, custody or control of Defendants, or that are obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendants.

Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff is producing all non-privileged Documents in his possession, custody, or control that are relevant to his claims. Plaintiff objects to producing Documents protected by the attorney-client privilege, the work-product doctrine, or other common law or statutory privileges.

In addition, Plaintiff reserves his right to invoke the patient-therapist privilege and other common law and statutory mental health privileges to withhold Documents and/or object to subpoenas on those bases. Plaintiff further objects to each of Defendants' requests to the extent that they mischaracterize allegations in Plaintiff's Amended Complaint, which speaks for itself. Moreover, Plaintiff objects to each request for production below to the extent that it uses vague and ambiguous terms that are undefined and to the extent that the request is not limited temporally to the time frame relevant to this lawsuit. Plaintiff objects to the extent that the requests call for Documents that are irrelevant to this lawsuit or that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to each request for production that references Defendants' instructions to the extent those instructions depart from the requirements of the Federal Rules of Civil Procedure on the ground that Defendants' instructions impose an undue burden on Plaintiff.

Plaintiff reserves the right to amend or supplement any response or objection contained in any discovery request.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## REQUESTS FOR ADMISSION

12. Admit that the name of Richard McClanahan's niece from whom you purchased a car was Tracy McClanahan.

    **Answer:** Plaintiff does not recall the name of the person from whom he purchased a car more than 20 years ago and thus must deny.

13. Admit that the image attached hereto as Exhibit 1 is a true and accurate depiction of the home located at 780 Reynolds Avenue, Columbus, OH 43201 as of August 2007.

**Answer:** Plaintiff was incarcerated in August 2007, so he can neither admit nor deny if Exhibit 1 is an accurate depiction of the home located at 780 Reynolds Avenue, Columbus, OH 43201 as of August 2007.

14. Admit that you lived at 780 Reynolds Avenue, Columbus, OH 43201 as of October 9, 2004.

**Answer:** Plaintiff resided at 893 Camden Avenue, Columbus, Ohio as of October 9, 2004 and while he would sometimes stay with friends at 780 Reynolds Avenue, Columbus, Ohio 43201, it was not his permanent address.

## **INTERROGATORIES**

**Interrogatory 17:**   Identify all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004."

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

Page 4

**Interrogatory 18:** Identify all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004."

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 19:** Identify all medical care you were provided due to any physical or psychic injury experienced as a result of the events alleged in the Amended Complaint by providing:

    a) The name, address, telephone number, and email address of the person who provided the medical care;

    b) The facility where the care was provided by name, association, and address;

    c) The specialty of the treating person;

    d) The date or dates of treatment; and,

    e) The physical, mental, or emotional condition for which the medical care was provided.

**Answer:** Plaintiff objects to this Interrogatory on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this

Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Further, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of third parties—namely the Ohio Department of Rehabilitation and Correction. Plaintiff further objects to the extent that this Interrogatory seeks documents properly requested in a Rule 34 request for production rather than as a Rule 33 interrogatory. Plaintiff also cannot presently quantify the extent of or provide a calculation of the total losses relating to all of his injuries in this case. Plaintiff intends to ask the jury to calculate his total losses and may do so with the assistance of expert witnesses.

Subject to and without waiving the foregoing objections, Plaintiff states that he has explained in detail injuries and damages caused by Defendants' misconduct in Plaintiff's Amended Complaint, which he incorporates into this Interrogatory answer as if restated herein. During the nearly two decades of wrongful imprisonment to which Defendants subjected Plaintiff, Plaintiff was deprived of the opportunity to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being. In addition, he was unable to be present to raise his children, who grew up while he was wrongfully incarcerated, and to be there during the numerous surgeries his young son had to undergo for his health issues. During his wrongful incarceration, Plaintiff was forced to endure imprisonment in harsh, dangerous, and

isolating conditions. The deprivation of his liberty was made worse by the knowledge that he was innocent.

       While incarcerated, Plaintiff also suffered several major injuries which required treatment. First, Plaintiff experienced a number of colds and bouts of the flu where he had a severe cough that lasted several months and put continuous pressure on his lungs, sinus pressure and congestion, and fatigue to the point of fainting. Plaintiff requested medical attention for these symptoms and was frequently denied. Plaintiff also caught COVID while incarcerated, and the culmination of lung issues and fatigue caused a drain on Plaintiff's mental health as well as physical health. Second, Plaintiff suffered several injuries from working and physical altercations while in prison that caused him joint and nerve damage that he continues to receive treatment for to this day. Plaintiff was not able to have many of these issues treated while incarcerated, and his condition thus deteriorated. Plaintiff now receives treatment at JIS Orthopedics (located at 7277 Smith's Mill Rd #200, New Albany, OH 43054; phone number (614) 221-6331), JIS Physical Therapy (located at 7277 Smith's Mill Rd #100, New Albany, OH 43054; phone number (614) 304-2123), and Inner Health Chiropractic (located at 1579 E Dublin Granville Rd; phone number (614) 888-8940). Third, Plaintiff experienced serious mental health struggles and feelings of hopelessness for being incarcerated as an innocent man. He attempted to receive mental health services several times while incarcerated but was told that if it was not life or death, he would not be able to receive services. Plaintiff's hopelessness thus grew, and he was not able to receive any support for his deteriorating mental health. Lastly, Plaintiff experienced several health problems while incarcerated that resulted in a diagnosis for high blood pressure in 2021 that he then received medication for.

As a result of his wrongful imprisonment, Plaintiff has also had, and continues to have, anxiety and depression and other medical consequences. Plaintiff is now receiving treatment for high blood pressure, numbness and other nerve issues in his right hand, sciatic nerve damage, and arthritis in his right hip stemming from his incarceration. To date, Plaintiff has not received any treatment for the psychological, emotional, and mental injuries resulting from Defendants' conduct.

Plaintiff further states that the stress and trauma of his wrongful imprisonment has had, and will continue to have, emotional and physical manifestations well into the future. Plaintiff's primary care physician is Dr. Michael Gallagher from Northwest Internal Medicine based out of Central Ohio Primary Care. His office is located at 4825 Knightsbridge Blvd., Columbus, OH 43214, and his phone number is (614) 451-9612.

Plaintiff cannot identify in one written response every incident or aspect of the damages and harm he suffered as a result of his nearly two decades of wrongful imprisonment, as the full extent of such damages is indescribable. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.


**Interrogatory 20:**   Identify any of your pre-existing conditions from which you suffered on or before December 15, 2004 by providing:

> a) The name of the pre-existing condition (such as depression, generalized anxiety disorder, post-traumatic stress disorder, etc...);
>
> b) The suspected causes of the pre-existing condition (by incident/course of conduct description and date range);
>
> c) The person(s) who treated you for the pre-existing condition;
>
> d) The date or dates of treatment;

        e)   The medical care that was provided; and,

        f)   Any claim for benefits, or benefits received, for any such condition, including, but not limited to, disability benefits or workers' compensation benefits.

**Answer:** Plaintiff objects to this Interrogatory on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges. Plaintiff further objects that this Interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

Subject to and without waving any objection, Plaintiff states that he recalls having a broken nose in 2002 and a broken ankle in 2000 which required surgery. Plaintiff believes that the surgery occurred at Ohio State University Medical Center.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 21:** Identify all physical, mental, emotional, or psychological conditions which you claim to suffer at present. For each, identify the last date for which you received treatment for such condition, the person or entity who provided such treatment, as well as the date(s) of any scheduled future treatment, and the person(s) or entity/entities who will provide such treatment.

**Answer:** Plaintiff hereby expressly incorporates his objections and response to Defendant City's Interrogatory No. 19, above.

**Interrogatory 22:** Identify all employers for whom you have worked on or after September 30, 2000, including while imprisoned, whether as an employee or as an

independent contractor, along with the dates you worked for each employer, your job title, and rate of pay.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case as it requests any and all employers from a 24-year period. Plaintiff further objects as information relevant to this inquiry is principally in the possession, custody, or control of third parties—namely the Ohio Department of Rehabilitation and Correction.

Subject to and without waiving any objection, Plaintiff states that he worked with Urban Roofing from 1998-2000. While incarcerated in West Virginia, Plaintiff recalls working in the kitchen, as a telemarketer as part of a work release program, and as a porter. In 2004, Plaintiff worked at Popeye's on Livingston Avenue in Columbus, Ohio. In 2005, Plaintiff began work at K&K Builders, a small construction company located at 2678 Hoover Crossing Way, Grove City, OH 43123, as a laborer. While at ODRC, Plaintiff worked a number of positions during his wrongful incarceration, including as a porter, maintenance, painter, and in the laundry room. Plaintiff further directs Defendants to documents already produced in this case which detail his work history while incarcerated in ODRC. Upon being released, Plaintiff began work at United Alloys & Metals, Inc. in 2022 as a laborer sorting metals. Plaintiff then moved to his current place of employment in December 2022: Debra-Kuempel. Plaintiff currently works there as a driver and is a member of the local 423 labor union.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 23:**     Identify all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any

purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, disproportionate to the needs of this case, and vague in that it requests "all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present." Subject to and without waiving any objection, Plaintiff states that he recalls receiving a check with the money he made while incarcerated in 2004 following his release.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 24:**  Identify all documents and/or information that you contend was exculpatory and that you claim was not provided to you or to your attorneys prior to or during your 2006 criminal trial for the robbery.

**Answer:** Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including to the extent it is asking for every piece of information that was exculpatory and not provided to Plaintiff or his attorneys prior to or during his 2006 criminal trial. Furthermore, this Interrogatory is premature as it is being propounded before Plaintiff has had the opportunity to depose Defendant Walker and many of the relevant witnesses. Responding to contention interrogatories such as this is more appropriate when discovery is closer to completion. Plaintiff further objects to this Interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. Finally, Plaintiff objects to the extent that this Interrogatory calls for information protected by the attorney-client, work-product, or other common-law and statutory privileges.

Subject to and without waiving any objection, Plaintiff states that he has prepared an extensive Amended Complaint that alleges in detail how each of the Defendants—including Defendants Walker and Sias—acted individually and in conspiracy with one another to withhold exculpatory evidence from Plaintiff, his defense counsel, and the Franklin County Prosecutor's Office. *See generally* Amended Complaint, Dkt. 17. Plaintiff further incorporates the testimony elicited at the depositions in this case, including, for example, the testimony of Rhonda Curry about various pieces of information she told the police that were never conveyed to him during the criminal proceedings, *e.g.*, the one photo show-up procedure that predated the purported lineup identification.

**Interrogatory 25:**     Identify to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks information about the sale or transfer of a car without establishing the relevance of this information to any claims or defenses in this case. Plaintiff additionally objects to this Interrogatory as vague. Subject to and without waiving any objection, Plaintiff states that the car he purchased was impounded several months after he bought it, and he did not see it again. Plaintiff believes the seller was McClanahan's niece, but has no way to confirm that with any accuracy or confidence.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

## **REQUESTS FOR PRODUCTION**

**Production Request 43:** Produce all documents reflecting any of the information required to be disclosed under Fed. R. Civ. P. 26(b)(4)(C).

Page 12

**Response:** Plaintiff objects to this Request to the extent that it calls for information protected from disclosure under Rule 26, and to the extent it calls for information protected by the attorney-client, work-product, or other statutory and common law privileges or protections. Plaintiff objects further because the Request is premature. Plaintiff will disclose expert witnesses and documents pursuant to Fed. R. Civ. P. 26(b)(4)(C) as required by the Rules and on the schedule set by the Court.

**Production Request 44:** Produce all documents related to the whereabouts of Richard or Riccardo Diggs as of October 1, 2004-October 31, 2004.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case as it spans a 31-day period, and vague and ambiguous as it requests "documents related to the whereabouts of Richard or Riccardo Diggs as of October 1, 2004-October 31, 2004." Plaintiff additionally objects to this Request as seeking information equally, or more, accessible to Defendants. Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 45:** Produce all documents reflecting the criminal history of Richard or Riccardo Diggs, including but not limited to records reflecting any arrests and/or convictions.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents reflecting the criminal history of Richard or Riccardo Diggs." Plaintiff additionally objects to this Request as seeking information more accessible to Defendants. Subject to the foregoing,

Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 46:** Produce all documents or recordings related to or reflecting any communications between Richard or Riccardo Diggs and any other person at any time.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Richard or Riccardo Diggs and any other person at any time." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 47:** Produce all documents or recordings related to or reflecting any communications between Rhonda Curry and yourself or between Rhonda Curry and any other person regarding the incident.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Rhonda Curry and yourself or between Rhonda Curry and any other person regarding the incident." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 48:** Produce all documents or recordings related to or reflecting any communications between Richard McClanahan and yourself or between Richard McClanahan and any other person regarding the incident.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Richard McClanahan and yourself or between Richard McClanahan and any other person regarding the incident." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 49:** Produce all documents reflecting treatment you received for any pre-existing condition as of December 15, 2004 at any time on or prior to December 15, 2004.

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Request calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges.

Subject to and without waiving any objection, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 50:** Produce all documents reflecting scheduled appointments and/or treatment for any physical, emotional, psychological, or medical condition that you claim is caused by or exacerbated by your imprisonment from 2005-2022.

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Request calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges.

Subject to and without waiving any objection, Plaintiff states that he will produce any and all responsive documents within his possession, custody, or control subject to the confidentiality order entered in this case.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 51:** Produce copies of your W-2s for the years 2000-2004 and the years 2022-2023.

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and infringes upon his privacy interest.

Subject to and without waiving any objection, Plaintiff states that he will produce any and all pay stubs within his possession, custody, or control sufficient to show his pay during the requested time periods.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 52:** Produce your bank account records from January 1, 2022 to present.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and infringing upon Plaintiff's privacy interest.

Page 16

**Production Request 53:** Produce all documents reflecting any and all payments, benefits, or remunerations received from any source as a result of: your imprisonment from 2005-2022; any physical or psychological condition that you claim was caused by or exacerbated by your imprisonment from 2005-2022; or from any source on or after January 1, 2022.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, seeks irrelevant information, and is vague as it asks for "all documents reflecting any and all payments, benefits, or remunerations received from any source as a result of: your imprisonment from 2005-2022; any physical or psychological condition that you claim was caused by or exacerbated by your imprisonment from 2005-2022; or from any source on or after January 1, 2022."

Subject to and without waiving any objection, Plaintiff states that he will produce any and all responsive documents within his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 54:** Produce all documents reflecting to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

**Response:** Plaintiff objects to this Request as vague in that it asks him to "produce all documents reflecting to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car." Plaintiff further objects that this request is disproportionate to the needs of the case and not likely to lead to relevant information.

Subject to and without waving the foregoing, Plaintiff does not possess any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 55:** Produce all documents reflecting your obligation to pay attorney fees to any person or entity as a result of the claims asserted in the Amended Complaint, including but not limited to your fee agreement(s) with Loevy & Loevy and/or The Law Office of Michele L. Berry, LLC.

     **Response:** Plaintiff objects to this Request as overly broad and unduly burdensome as it asks Plaintiff to produce "all documents reflecting your obligation to pay attorney fees to any person or entity as a result of the claims asserted in the Amended Complaint." Plaintiff further objects to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege or work-product doctrine.

**Production Request 56:** Produce all documents reflecting any contract or other agreement between you and the Ohio Innocence Project for services to be provided by the Ohio Innocence Project to you or for services to be provided by you to the Ohio Innocence Project.

     **Response:** Plaintiff objects to this Request as overly broad and unduly burdensome as it asks Plaintiff to produce "all documents reflecting any contract or other agreement between you and the Ohio Innocence Project for services to be provided by the Ohio Innocence Project to you or for services to be provided by you to the Ohio Innocence Project." Plaintiff further objects to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege or work-product doctrine.

     Subject to and without waiving any objection, Plaintiff states that he does not have any responsive documents within his possession, custody, or control.

     Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 57:** Produce all documents that you contend support your claimed damages as stated in your response to Interrogatory No. 9 and/or stated in your initial disclosures.

     **Response:** Plaintiff expressly incorporates his objections and response to Defendant City's First Set of Requests for Production, No. 2.

Page 18

**Production Request 58:** Produce all video or audio recordings of, or documents reflecting any statements by, individuals with purported knowledge of the robbery gathered by, or on behalf of, the Ohio Innocence Project.

    **Response:** Plaintiff expressly incorporates his objections and response to Defendants'

First Set of Requests for Production No. 2.

**Production Request 59:** Produce all video or audio recordings of, or documents reflecting any statements by, any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

    **Response:** Plaintiff expressly incorporates his objections and response to Defendants'

First Set of Requests for Production No. 2.

**Production Response 60:** Produce all video or audio recordings of, or documents reflecting any, communications between Cindy Chekingo and any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

    **Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not

proportional to the needs of the case, and vague and ambiguous in that it does not specify

individuals or time frame. Plaintiff additionally objects insofar as this Request seeks the

thoughts and mental impressions of counsel, and therefore invades the attorney work-product

doctrine. Subject to and without waving the foregoing, Plaintiff does not possess any responsive

documents within his possession, custody, or control.


                    Respectfully submitted,

                    **RICHARD HORTON**

                    By: /s/ Alyssa Martinez
                    *One of Plaintiff's Attorneys*

Michele L. Berry (0018939)        Jon Loevy
THE LAW OFFICE OF           Alyssa Martinez
MICHELE BERRY, LLC          LOEVY & LOEVY
114 East 8th Street             311 N. Aberdeen, 3rd FL
Cincinnati, OH 45202         Chicago, IL 60607

Tel: 513.919.5315                          (312) 243-5900
Fax: 513.376.8752                          alyssa@loevy.com
mberry@mberrylaw.com                       *Counsel for Plaintiff*
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on October 9, 2024 I served a copy of

the foregoing upon counsel of record via electronic mail.


/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO,

Richard Horton,

Plaintiff,

v.

City of Columbus, et al.,

Defendants.

Case No. 2:23-cv-3888

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

## PLAINTIFF'S RESPONSE TO DEFENDANT WALKER'S SECOND SET OF INTERROGATORIES

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, responds as follows to Defendant Walker's Second Set of Discovery Requests.

## <u>GENERAL OBJECTIONS</u>

Plaintiff objects to these Interrogatories to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Interrogatories are not limited temporally to information relevant to this lawsuit.

Plaintiff objects to these Interrogatories to the extent they seek information or Documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, psychotherapist-patient privilege, or other common law or statutory privileges. Plaintiff

reasonably interprets the instructions and Interrogatories to not seek information or Documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A). In responding to these Interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege.

Plaintiff objects to the instructions and definitions provided by Defendants to the extent they depart from the requirements of the Federal Rules of Civil Procedure, do not accurately reflect the law or rules governing this case, and/or purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff objects on burdensomeness grounds to, among others, Defendants' instructions and definitions regarding identification of people, entities, and documents. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff construes Defendants' instructions to request information and Documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek documents or information that are already in the possession, custody or control of Defendants, or that are obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendants.

Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff reserves the right to amend or supplement any response or objection contained in any discovery request.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## INTERROGATORIES

**Interrogatory 17:** For all communications between Cindy Chekingo and any individual(s) disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge, identify (a) the date(s) on which each communication occurred; (b) the method of each communication (i.e. in person, via phone, via email); and (c) the substance of each communication.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous in that it does not specify individuals or time frame. Plaintiff additionally objects insofar as this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine. Lastly, Plaintiff objects to this Interrogatory as requesting a narrative that is more appropriate for a third-party deposition.

Subject to and without waiving any objection, Plaintiff states that Ms. Chekingo spoke with Rhonda Curry and Kim Curry on August 28, 2024, in the presence of Plaintiff's counsel, and has not had any other communications with them or any individual on Plaintiff's or Defendants' initial disclosures as a person with knowledge.

3

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

Respectfully submitted,

**RICHARD HORTON**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Michele L. Berry (0018939)
THE LAW OFFICE OF
MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com
*Counsel for Plaintiff*

Jon Loevy
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on October 9, 2024 I served a copy of the foregoing upon counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Exhibit 11



October 16, 2024

Alyssa Martinez (alyssa@loevy.com)
Jon Loevy (jon@loevy.com)
Michelle Berry-Godsey (mberrylaw2007@gmail.com)
Melinda Ek (melinda@loevy.com)
Christine Tran (tran@loevy.com)

**VIA EMAIL ONLY**

Re:     *Horton v. City of Columbus ("City"), et al.*, Case No. 2:23-cv-3888
        Deficiencies in Plaintiff's Responses to Defendant City of Columbus's Second Set of
        Discovery Requests

Counsel:

This letter is sent regarding deficiencies in Plaintiff's responses to Defendant City of Columbus's Second Set of Discovery Requests (collectively the "Discovery Requests"). The deficiencies herein are in addition to the deficiencies in Plaintiff's prior responses to Defendants' discovery requests, as noted in my September 9, 2024 letter. In addition, the deficiencies outlined below are based solely on Plaintiff's responses to the Discovery Requests, as we have not received a corresponding production of documents. We will address any additional deficiencies in Plaintiff's responses to the Discovery Requests and/or Plaintiff's corresponding production of documents once we receive that corresponding production of documents. Please provide supplemental responses and a complete corresponding production of documents within seven (7) days of the date of this letter.

**<u>Plaintiff's General Objections</u>**

You had previously indicated, including in our phone call on September 30, 2024, that Mr. Horton was not withholding any documents on the basis of the psychotherapist/patient privilege. However, in Mr. Horton's general objections asserted in response to the Discovery Requests, he has once again "reserve[d] his right to invoke the patient-therapist privilege […] to withhold Documents and/or object to subpoenas on those bases." Please confirm in writing that, as you previously stated, Mr. Horton has not to date withheld any documents on the basis of the psychotherapist/patient privilege. Please further confirm that Mr. Horton will not be withholding documents from any future production of documents based on such a privilege.

**<u>Plaintiff's Responses to the City's Interrogatories</u>**

In response to Interrogatories Nos. 17 and 18, Mr. Horton "states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name" though he does not provide the phone

| **Civil Division** | **Claims Section** | **Prosecution Division** | **Real Estate Section** | **Police Legal Advisor** |
|---|---|---|---|---|
| 77 N. Front Street | 77 N. Front Street | 375 S. High Street | 77 N. Front Street | 120 Marconi Blvd. |
| Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 |
| 614-645-7385 | 614-645-7717 | 614-645-7483 | 614-645-7712 | 614-645-4530 |
| Fax: 614-645-6949 | Fax: 614-724-6503 | Fax: 614-645-8902 | Fax: 614-645-3913 | Fax: 614-645-4551 |

**ColumbusCityAttorney.org**

number associated with that phone that he used to make and receive calls in October 2004. However, Mr. Horton does not indicate whether or not that was the only cell phone that he possessed or whether he possessed a landline phone at the time. Mr. Horton must supplement this response to affirmatively state whether or not he possessed another phone in October 2004, and if so, to provide information about the phone number and/or provider for such a phone.

In response to Interrogatory No. 19, seeking the identification of all medical care received by Mr. Horton "due to any physical or psychic injury experienced as a result of the events alleged in the Amended Complaint," you have interposed objections based on the "attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges." You offer no basis as to why the requested information would be subject to an attorney-client or work product privilege, and none is apparent. Nor have you provided any privilege log. Once again, please confirm in writing that, Mr. Horton has not withheld, and will not in the future withhold, any information in response to this interrogatory or any other Discovery Request based on any doctor-patient or patient-psychotherapist privilege. In addition, this interrogatory asked Mr. Horton to provide the dates of treatment for each provider, the name/specialty of each identified provider, the dates of treatment, and the condition for which care was provided. Mr. Horton's response simply listed providers without providing any of this information. Mr. Horton must supplement this response to provide the requested information. Most significant among this information are the dates of treatment, to ensure that any subpoenas issued to such providers (after Mr. Horton provides executed authorizations for the release of such records) captures the full period of Mr. Horton's treatment from each identified provider.

Mr. Horton identified two "pre-existing conditions" from which he suffered as of December 15, 2004—a broken nose in 2002 and a broken ankle in 2000 in his response to Interrogatory No. 20. Mr. Horton did not indicate who treated him for the broken nose in 2002, but indicated that he believed the ankle surgery occurred at the Ohio State University Medical Center. Mr. Horton must supplement this response to indicate where he was treated for his broken nose in 2002 and must provide executed authorizations for both whatever provider/facility treated him for his broken nose and for the Ohio State University Medical Center.

In response to Interrogatory No. 21, seeking an identification of all conditions Mr. Horton claims to suffer from at present, along with the last date of treatment and the dates of any future treatment, Mr. Horton's response simply refers to his response to Interrogatory No. 19. But that response does not indicate the last date of treatment for any identified conditions, nor the dates of any future treatment for any identified conditions. Mr. Horton must supplement his response to provide this information.

In response to Interrogatory No. 22, Mr. Horton has identified certain employers for whom he has worked, but has failed to identify his rate of pay at any of those employers. Mr. Horton must supplement his response to provide this information.

In response to Interrogatory No. 23, Mr. Horton asserts that he received a check in 2004 "with the money he made while incarcerated" in West Virginia, but does not identify any other source from which he has received more than $1,000 (or tangible items with such a value) in the identified periods. Mr. Horton must supplement this response to include any employers from whom he

received more than $1,000 during such a period, and to affirmatively state that, other than the identified persons or entities, he has not received such a payment (or benefits) from any other person or entity.

You objected to Interrogatory No. 24 as "premature" because Mr. Horton had not yet had the opportunity to depose Brenda Walker. Now that Ms. Walker's deposition has occurred, Mr. Horton must supplement this response to identify any additional exculpatory documents and/or information that he contends were withheld from him and/or his attorneys prior to or during his 2006 criminal trial.

In response to Interrogatory No. 25, Mr. Horton indicated that the car he purchased from Mr. McClanahan's niece "was impounded several months after he bought it." Mr. Horton must supplement this response to identify when that occurred and what person or entity impounded the vehicle.

### Plaintiff's Responses to the City's Requests for Production

Request for Production No. 43 sought only "documents reflecting any of the information required to be disclosed under Fed. R. Civ. P. 26(b)(4)(C)." You objected to the "extent that it calls for information protected from disclosure under Rule 26" or to the extent it called for information subject to an attorney-client or work product privilege. You also claimed that the request was "premature" and you would disclose such information "on the schedule set by the Court." However, you identify no authority that would support your assertion that information specifically required to be disclosed by Rule 26 is protected by Rule 26 or some other privilege or that the Court's scheduling order does not permit discovery of any such information now. You must either provide case law or other authority that you contend supports this objection sufficient to allow Defendants to evaluate it, or must withdraw the objection, have Mr. Horton revise his response to indicate that he will produce such documents,, and actually produce them.

Request for Production No. 51 sought copies of Mr. Horton's W-2s for the years 2000-2004 and 2022-2023. Mr. Horton responded that he "will produce any and all pay stubs within his possession, custody, or control sufficient to show his pay" during those periods. Mr. Horton should produce his pay stubs as responsive to various Requests for Production but that is not a substitute for his W-2s, as additional relevant information may be included on his W-2s that would not be included on pay stubs. Mr. Horton must supplement this response to confirm that he will produce copies of W-2s for the requested years.

 Request for Production No. 52 sought Mr. Horton's bank account records subsequent to his release from prison. You objected on the basis that the request was "overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant and infringing upon Plaintiff's privacy interest." It appears based on your objection that you are objecting to any production of any of Mr. Horton's bank account information in this limited (less than 3 year) period. If that is incorrect, and the objection is only to the period of time for which such records are requested, please so state affirmatively and we will consider whether to narrow the time period of the request. This information is relevant to Mr. Horton's purported damages, which purportedly include lost wages, by reflecting all sources of Mr. Horton's income upon his release from prison, as well as any

amounts he received after his imprisonment as a direct result of his imprisonment (*i.e.*, the money he claims to have received from a work release program during his imprisonment in West Virginia after his release from prison in West Virginia). Mr. Horton must supplement his response to confirm that he will produce such documents and make a corresponding production of documents.

In response to Request for Production No. 55, seeking the production of fee agreements between Mr. Horton and his counsel and other documents reflecting his obligation to pay attorney fees, you objected that such information is "protected from disclosure by the attorney-client privilege or work-product doctrine." You provide no support for this objection, nor any privilege log that would support it. The Southern District of Ohio has specifically held that "absent more than a blanket assertion of privilege […] privilege does not attach to the [plaintiffs'] fee agreement with counsel." *Robinson v. Wells Fargo Bank, N.A.*, No. 3:17-cv-261, 2018 U.S. Dist. LEXIS 37311 (S.D. Ohio Mar. 7, 2018). Given that, you must withdraw this objection, and Mr. Horton must supplement his response to confirm that he will produce, at a minimum, his attorney fee agreements. Furthermore, Mr. Horton must produce such documents.

In response to Requests for Production Nos. 57-59, Mr. Horton responds that he "expressly incorporates his objections and response to Defendant City's First Set of Requests for Production, No. 2." Those objections are inapplicable and/or insufficient as stated in my September 9, 2024 letter. Therefore, Mr. Horton must confirm that no documents are being withheld based on these objections and that all responsive documents have been produced, or provide a privileged log for any withheld documents along with complete responses and a complete production of documents. In addition, in that response Mr. Horton indicated that he was producing responsive documents as part of a production of documents in May 2024, but also that he reserved the right to supplement the response. Mr. Horton has neither supplemented that response nor provided any further production of documents, and the documents produced to date by Mr. Horton do not include the requested materials—all documents supporting Mr. Horton's claimed damages (Request for Production No. 57), audio or video recordings gathered by or on behalf of the Ohio Innocence Project (Request for Production No. 58), all video or audio recordings reflecting statements by anyone disclosed as a person with knowledge (Request for Production No. 59). Mr. Horton must supplement his response to actually respond to these Requests, indicate whether he will or will not be producing such documents, and supplement his production of documents accordingly.

To the extent you will not be remedying any of the above-identified deficiencies as described above, but wish to discuss this matter with us in advance of Court intervention regarding these deficiencies, please contact us immediately to schedule a call.

Sincerely,

*/s/ David J. Dirisamer*

David J. Dirisamer
Assistant City Attorney
614/645-6964

Cc:    Aaron Epstein
          Alana Tanoury
          Dexter Dorsey
          Sarah Feldkamp

Exhibit 12

## Dirisamer, David J.

| | |
|---|---|
| **From:** | Tanoury, Alana V. |
| **Sent:** | Monday, August 19, 2024 1:02 PM |
| **To:** | Alyssa Martinez |
| **Cc:** | Epstein, Aaron D.; Dorsey, Dexter W.; Feldkamp, Sarah N.; Dirisamer, David J.; Jon Loevy; Michele Berry-Godsey; Melinda Ek; Christine Tran |
| **Subject:** | RE: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition |

Counsel,

Thank you for your message. We plan to depose all of the witnesses identified in Plaintiff's initial disclosures, but would like to start by scheduling the following depositions: Rhonda Curry, Richard Horton, Kim Curry, Shelli Curry, Riccardo Diggs/ Richard Diggs, and Cynthia Searcy. Please let us know dates that will work in September.

Additionally, Brenda Walker is available for her deposition on September 17, 18, 23, 24, and 25. Please let us know if any of those dates work.

Thank you,
Alana

**Alana Tanoury**
Assistant City Attorney



77 N. Front Street
Columbus, OH 43215
614-645-6945



*This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain private, confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, employee or agent responsible for delivering this message, please contact the sender by reply e-mail and delete all copies of the original e-mail message.*

**From:** Alyssa Martinez <alyssa@loevy.com>
**Sent:** Friday, August 16, 2024 7:41 AM
**To:** Tanoury, Alana V. <AVTanoury@columbus.gov>
**Cc:** Epstein, Aaron D. <ADEpstein@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Dirisamer, David J. <DJDirisamer@columbus.gov>; Jon Loevy <jon@loevy.com>; Michele Berry-Godsey <mberrylaw2007@gmail.com>; Melinda Ek <melinda@loevy.com>; Christine Tran <tran@loevy.com>
**Subject:** Re: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition

Dear Counsel:

We will have proposed dates to you later today to reschedule Ms. Curry's deposition along with proposed dates for Plaintiff and third parties.

**Dirisamer, David J.**

| | |
|---|---|
| **From:** | Alyssa Martinez <alyssa@loevy.com> |
| **Sent:** | Wednesday, August 28, 2024 8:00 AM |
| **To:** | Dirisamer, David J. |
| **Cc:** | Tanoury, Alana V.; Epstein, Aaron D.; Dorsey, Dexter W.; Feldkamp, Sarah N.; Jon Loevy; Michele Berry-Godsey; Melinda Ek; Christine Tran |
| **Subject:** | Re: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition |

Dear Counsel:

Thanks for your email. There are a number of things in your email that Plaintiff will address in turn.

First, Plaintiff is working to supplement his 26(a)(1) disclosures with new identifying information that he has discovered and asks that Defendants do the same. For example, Defendants have listed that the address information for Rhonda Curry is unknown and haven't even listed Shelli or Kim Curry.

Second, while we appreciate your offer as it pertains to Rhonda Curry's deposition, we still believe that the potential prejudice to Plaintiff's case is too great. As Plaintiff does not believe the interests of justice weigh in favor of Defendants questioning her first, as Plaintiff has the burden at trial and will likely need to re-cover significant ground which also risks re-traumatizing the witness, we will be seeking court intervention. Plaintiff will aim to have the motion on file before Monday, September 2, so that the parties hopefully have the briefing completed in advance of the subpoenaed date. It is also not clear to Plaintiff how stopping the video recording of her deposition after Defendants' questioning will ameliorate some of Plaintiff's concerns. Regardless, as the parties appear to be at an impasse, Plaintiff will file his motion shortly.

Of note, Plaintiff does not appreciate Defendants' allegation that he is somehow obstructing his case in any way. Your statements of what Plaintiff did as it relates to Ms. Curry's deposition are inaccurate. As we have already discussed multiple times, and as stated on the record when Ms. Curry did not appear for her most-recent deposition date, Plaintiff's counsel's trial was running long, and I left her a voicemail apprising her of the potential conflict (at the same time I informed Defendants so all parties were aware) and asked for her to give me a call—which she never did. I then called her a few hours later, instructing her to disregard my previous message and informing her that she was required to appear—something Defendants also did. All of this was done pursuant to the Federal Rules and in the interest of efficiency to avoid having to re-open the deposition of, as Defendants acknowledge, a traumatized witness and likely the most critical witness in Plaintiff's case-in-chief.

Additionally, Plaintiff disagrees with your evaluation that he has not taken any steps to secure witness testimony over the last seven months. As I stated on the call with Ms. Tanoury, Plaintiff's position is that he wanted to receive Defendants' responses to Plaintiff's written discovery requests, as Defendants had not yet produced any documents pursuant to FRCP 26(a)(1)(A)(ii) and had requested a 30-day extension to respond to Plaintiff's discovery, before proceeding with oral discovery. That is one of the reasons, along with Plaintiff's unavailability, the parties rescheduled Ms. Curry's unilaterally-scheduled initial deposition date. Plaintiff has also been attempting to receive a response to his proposed confidentiality protective order and HIPAA-qualified protective order, orders that have bearing on deposition testimony, for months with no response.

Third, Plaintiff is not aware of any authority that dictates he must wait and not serve a witness that both parties are interested in deposing, and one that he is worried will be unavailable for trial, when he has employed efforts to locate her, and must send her address and wait for opposing counsel to serve her and question her first. To be clear, Plaintiff is diligently supplementing his disclosures with all recently learned information pursuant to FRCP 26(e), which he will be sending along shortly; however, Plaintiff does not believe he has to wait to attempt to serve Shelli Curry for her

1

deposition in this matter. For that reason, unless you are able to send suitable authority on that issue by EOD today, Plaintiff intends to attempt to serve Shelli Curry this week for October 22, 2024.

As stated in my previous email, Plaintiff's counsel currently has other professional obligations, including a three-week trial, so our availability is limited. However, Plaintiff is available to meet and confer on Friday, August 30 before 2pm CT about the depositions of Mr. Diggs, Ms. Searcy, Mr. Rhodeback, and Ms. Rhodeback. Please let us know if that works for Defendants.

Thank you,
Alyssa

_____

**Alyssa Martinez** (she/her)



Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com

On Mon, Aug 26, 2024 at 10:28 AM Dirisamer, David J. <DJDirisamer@columbus.gov> wrote:

Alyssa,

As to the scheduling of party depositions, we would like to take Mr. Horton's deposition on October 16. We will provide you with new proposed dates for Brenda Walker's deposition as soon as possible, and will make every effort to find dates that correspond with your availability in October.

Plaintiff's initial disclosures indicated that Shelli's Curry's address, and the addresses of a number of other individuals with relevant knowledge, were unknown. Based on your email below, it appears that you know Shelli Curry's address. Please supplement Plaintiff's initial disclosures, pursuant to Fed.R.Civ.P. 26(e), with Shelli Curry's address and the address of any other listed individuals with previously unknown addresses that are now known.

The Sixth Circuit does not impose an affirmative duty on the parties to meet and confer about the sequence of discovery, much less to reach an agreement as to which party will get to question specific witnesses first. Instead, it is generally accepted that the party issuing a subpoena gets to question a witness first. A court can make orders concerning the sequence of questioning when both parties have tried to secure the witness. But in this case, Plaintiff has not taken any steps during the last seven months to secure Rhonda Curry's (or any other third party witness's) testimony. To the contrary, Plaintiff has obstructed our efforts: when we had Ms. Curry under subpoena, Plaintiff told her not to appear, and attempted to unilaterally cancel the deposition. Furthermore, we first issued a subpoena to Ms. Curry on May 3 and at no time between then and August 22 was there any suggestion that Defendants would not be questioning Rhonda Curry first as the party issuing the subpoena. This even includes your remote appearance for Ms. Curry's deposition on August 6 as Plaintiff's counsel, when she did not appear.

To be clear, we are issuing a subpoena to Ms. Curry for a deposition on September 27, 2024 in accordance with your availability. Absent a court order, Defendants will question her first. We believe that the "interests of justice" support the Defendants questioning Rhonda Curry, a reluctant and traumatized witness, before she is cross-examined by the

2

Exhibit 14

## Dirisamer, David J.

| | |
|---|---|
| **From:** | Dirisamer, David J. |
| **Sent:** | Thursday, September 5, 2024 3:20 PM |
| **To:** | 'Alyssa Martinez' |
| **Cc:** | Tanoury, Alana V.; Epstein, Aaron D.; Dorsey, Dexter W.; Feldkamp, Sarah N.; Jon Loevy; Michele Berry-Godsey; Melinda Ek; Christine Tran |
| **Subject:** | RE: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition |

Alyssa,

Brenda is available for her deposition on October 7 or October 9-11.

Could you please provide us with the availability of the following witnesses for deposition during the weeks of November 4, 11, and 18?

- Dwight Dorsey
- Alfred Harmon
- Janette Harmon-Horton
- LaKeon Horton
- Barbara Horton-Alomar
- Furquan McDougald

Thank you.

**From:** Alyssa Martinez <alyssa@loevy.com>
**Sent:** Thursday, September 5, 2024 12:07 PM
**To:** Dirisamer, David J. <DJDirisamer@columbus.gov>
**Cc:** Tanoury, Alana V. <AVTanoury@columbus.gov>; Epstein, Aaron D. <ADEpstein@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Jon Loevy <jon@loevy.com>; Michele Berry-Godsey <mberrylaw2007@gmail.com>; Melinda Ek <melinda@loevy.com>; Christine Tran <tran@loevy.com>
**Subject:** Re: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition

Dear Counsel:

Thanks for your email and for sending Defendants' supplemental initial disclosures and interrogatory responses. Plaintiff will have his supplemental disclosures to you today.

I am also reviewing your proposed edits to the protective order and will respond shortly.

For Defendant Walker's deposition, could you please apprise Plaintiff of which dates work for her the week following September 30? Plaintiff's counsel has had a hearing scheduled for the first week of October and does not want to risk any scheduling issues. We are available that entire next week, so there will be no issue getting her deposition done before she becomes unavailable on the 14th.

Concerning deposition subpoenas, Plaintiff is in the process of serving Shelli Curry in West Virginia and hopes to provide proof of service by Friday. However, it is our understanding that she may be struggling with some health issues, so we may be in touch about potential alternatives (i.e., taking the deposition by Zoom, limiting the deposition to a certain number of hours) to accommodate. Further, it was our understanding when we spoke to Rhonda and Kim Curry that neither had been served, so we served Ms. Rhonda Curry with the agreed-upon date and location, subject to the Court's

1

ruling on Plaintiff's forthcoming motion concerning who should question her first, and to Ms. Kim Curry with the agreed-upon date and a location in Columbus. Please see attached for the subpoenas and proof of service. Both have stated that they will appear for their depositions.

Lastly, we will issue subpoenas for Mr. Rhodeback and Ms. Rhodeback's depositions once you are able to send us dates.

Thanks,
Alyssa

_____

**Alyssa Martinez** (she/her)

Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com


On Wed, Sep 4, 2024 at 11:04 AM Dirisamer, David J. <DJDirisamer@columbus.gov> wrote:

> Alyssa,
>
>
> Attached are our proposed edits to the standard protective order. We accepted your changes to the Court's template protective order and the redlines in the attached reflect our proposed changes. Please let us know if we have your approval to file this. We do not consent to the filing of a HIPAA protective order.
>
>
> Also attached are the City's interrogatory responses.
>
>
> Of the dates you previously proposed, Brenda Walker is available for her deposition on October 1-3. She also has some availability the following week. She is unavailable beginning October 14.
>
>
> Please let us know if you have taken any steps to schedule depositions, including issuing and/or serving any subpoenas, and if so the date, time, and location of any such depositions so that we can plan accordingly.
>
>
> Thank you.
>
> _____
>
> **From:** Dirisamer, David J.
> **Sent:** Wednesday, August 28, 2024 4:27 PM
> **To:** 'Alyssa Martinez' <alyssa@loevy.com>
> **Cc:** Tanoury, Alana V. <AVTanoury@columbus.gov>; Epstein, Aaron D. <ADEpstein@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Jon Loevy <jon@loevy.com>; Michele Berry-Godsey <mberrylaw2007@gmail.com>; Melinda Ek <melinda@loevy.com>; Christine Tran

Exhibit 15

## Dirisamer, David J.

| | |
|---|---|
| **From:** | Alyssa Martinez <alyssa@loevy.com> |
| **Sent:** | Friday, September 6, 2024 1:43 AM |
| **To:** | Dirisamer, David J. |
| **Cc:** | Tanoury, Alana V.; Epstein, Aaron D.; Dorsey, Dexter W.; Feldkamp, Sarah N.; Jon Loevy; Michele Berry-Godsey; Melinda Ek; Christine Tran |
| **Subject:** | Re: [EXTERNAL] Horton v. City of Columbus - Ms. Curry's Deposition |
| **Attachments:** | Horton Protective Order City Edits_9_5_24.docx |

Dear Counsel:

Plaintiff has accepted all of Defendants' edits, inserted counsel's signature, and has no additional proposed edits for the (attached) proposed confidentiality order. In light of the inclusion of medical and psychiatric records in the PO, Plaintiff believes that a HIPAA order will not be necessary.

For Defendant Walker's deposition, October 11 works best for Plaintiff. We will issue a notice shortly, so please let us know ASAP if that date no longer works.

Lastly, Plaintiff is currently available on November 4, 6-8, 14, and 15 for third-party depositions. We will confer with the identified individuals on their availability between those options and propose dates shortly. Plaintiff's counsel has other depositions scheduled for the week of November 18 but can do November 25 and/or 26 if we need to spill over. Please also provide availability for Mr. Rhodeback and Ms. Rhodeback.

Thanks,
Alyssa

_____

**Alyssa Martinez** (she/her)

Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
www.loevy.com


On Thu, Sep 5, 2024 at 2:20 PM Dirisamer, David J. <DJDirisamer@columbus.gov> wrote:

Alyssa,


Brenda is available for her deposition on October 7 or October 9-11.


Could you please provide us with the availability of the following witnesses for deposition during the weeks of November 4, 11, and 18?


- Dwight Dorsey
- Alfred Harmon

1