IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD HORTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 23-cv-3888 |
| | ) | |
| v. | ) | Chief Judge Algenon L. Marbley |
| | ) | |
| CITY OF COLUMBUS, Columbus Division of Police Officers BRENDA K. WALKER (Badge #1176), MIEKO SIAS as personal representative of the ESTATE OF SAM SIAS (Badge #1871), and AS-YET UNKNOWN COLUMBUS POLICE OFFICERS, | ) ) ) ) ) ) ) ) | Magistrate Judge Elizabeth P. Deavers

**JURY TRIAL DEMANDED** |
| *Defendants*. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINE BY SIX MONTHS**

Plaintiff, Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, hereby respectfully submits this response in opposition to Defendants' motion to extend fact discovery by 180 days. In support, Plaintiff states as follows:

**INTRODUCTION**

Defendants' motion fails to identify good cause for their expansive request. Contrary to the suggestion in their motion, Plaintiff did not prevent Defendants from seeking to subpoena any records pertaining to this case or to depose any third party. As Plaintiff made clear to Defendants, Plaintiff would have no objection to his deposition occurring after the close of fact discovery, or the depositions of certain witnesses the parties previously sought to depose, but not been able to depose despite their diligence. Plaintiff would also have no objection to a reasonable extension. However, Defendants' request to keep open discovery for an additional 180 days as the parties near the close to conduct amorphous "follow-up discovery" that Defendants have

made no effort to do over the previous nine months is unjustified and prejudicial to Plaintiff. Defendants' motion for an extension should thus be denied or significantly limited.

## RELEVANT FACTUAL BACKGROUND

Plaintiff filed this action alleging violations of his constitutional rights stemming from his wrongful arrest, conviction, and imprisonment for the 2004 Loew Street robbery. In his lawsuit, Plaintiff named Defendant City of Chicago, Columbus police officers Brenda Walker and Samuel Sias, and other as-yet unknown Columbus police officers.

*Fed. R. Civ. P. 26(a)(1) Disclosures*

On January 25, 2024, the parties—through mutual agreement at the Fed. R. Civ. P. 26(f) Conference—requested that this Court set December 1, 2024 as the discovery deadline, Dkt. 11, which this Court did, Dkt. 12. The parties then exchanged 26(a)(1) initial disclosures in early February 2024. Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiff produced 3,210 pages of records. Defendants produced zero.

*Written Discovery Requests & Document Production*

As such, Plaintiff propounded his First Set of Discovery Requests upon Defendants. Ex. 1. Defendants requested an extension to July 15, 2024 by which to respond and produce documents, and Plaintiff did not object. In order to facilitate the production of documents and confidentiality concerns, Plaintiff sent Defendants a proposed confidentiality order on May 21, 2024, and proceeded to follow up several times. Ex. 2. Defendants did not respond until September 4, 2024, after Plaintiff again mentioned the proposal in an email exchange about the City's outstanding document production and deposition scheduling. Ex. 3 at 1.

2

Defendants produced their first documents in this case on July 15, 2024.[1] However, as Plaintiff knew certain documents to be missing, including documents Defendants received pursuant to subpoenas and Defendants' correspondence with certain third-party agencies, Plaintiff requested Defendants make a supplemental production. Defendants did not make this production until September 23, 2024. Ex. 4.

Defendants have issued three separate sets of discovery requests to Plaintiff, all of which have been responded to. Further, Defendants issued two letters to Plaintiff, identifying what Defendants believed were discovery deficiencies in Plaintiff's responses. The parties met and conferred three separate times to resolve the issues identified in Defendants' first letter[2], and Plaintiff has issued a written response to Defendants' second letter.[3]

Further, after this Court entered the parties' proposed confidentiality order on September 13, 2024, Plaintiff promptly supplemented his interrogatory responses identifying his medical providers and previous employers. Plaintiff also made a rolling production of all the remaining documents within his possession, custody, or control—the vast majority of which are copies of documents already produced in this case. As such, there are no outstanding discovery requests issued to Plaintiff, and he has produced all of the remaining documents within his possession, custody, or control—with four weeks still remaining in discovery.[4]

---

[1] Many of the documents produced by Defendants were produced without an identifying Bates-stamp. Plaintiff raised this with Defendants on October 1, 2024, and they did not rectify the error until October 30, 2024. Many of the documents produced by Defendants in response to subpoenas are also not properly stamped as Confidential subject to the Protective Order entered in this case.

[2] The only outstanding obligation from these meetings is Plaintiff producing a supplemental initial disclosure which includes estimates for the damages he is seeking. Plaintiff made clear to Defendants that beyond the categories of damages already listed, he would do his best to compute damages but would largely be relying on an expert and the jury to calculate the exact amount of his injuries. Plaintiff intends to produce that supplemental disclosure by Monday, November 4, 2024.

[3] Defendants' motion expresses some frustration that Plaintiff does not possess medical records or employment documents. Plaintiff has produced the documents that he possesses, which is not many.

[4] Plaintiff will also be issuing a Rule 37 discovery deficiency letter to Defendants shortly.

*Depositions*

The first deposition in this case was held on September 27, 2024.[5] Since then, two additional depositions have occurred, including that of the sole living Defendant. Ten more depositions are currently scheduled to occur before the December 1, 2024 deadline. The only depositions that Plaintiff is aware of that have yet to be scheduled are Plaintiff's deposition and third-party witness Lakeon Horton.

*Subpoenas*

Defendants have issued nearly 30 subpoenas for documents in this case, including to universities where Plaintiff talked about his experience being wrongfully convicted, the Ohio Bureau of Motor Vehicles, the Ohio Department of Rehabilitation and Correction, various police departments, the offices of all of Plaintiff's medical providers, Plaintiff's previous and current employers, Plaintiff's bank, and the West Virginia Department of Corrections. The vast majority of subpoenas were sent out in August and September 2024, and responsive documents were subsequently produced. Defendants subpoenaed Plaintiff's employers on October 11, with records being due by October 30. Defendants then subpoenaed Plaintiff's medical providers on October 17, with records being due November 7.[6]

*Plaintiff's Offer to Compromise*

Defendants emailed Plaintiff on October 16, 2024 stating their intention to file a motion with this Court requesting a six-month extension to the fact discovery deadline. Plaintiff immediately responded stating that he was not aware why such a lengthy extension was

---

[5] Defendants characterize the re-scheduling of this deposition as Plaintiff's delay when Plaintiff's counsel had two back-to-back trials that it informed Defendants of.

[6] It is not clear to Plaintiff why Defendants waited until October 11, 2024 to subpoena employers that Defendants have known about since Plaintiff's 2006 trial. Additionally, it is not clear why Defendants waited to issue subpoenas to Plaintiff's medical providers until October 17, 2024 when Plaintiff supplemented his discovery responses with their contact information on October 9 and there is a protective order in place covering the collection and production of such records.

4

necessary considering the fact that (1) many depositions discussed between the parties had either occurred or were scheduled to occur before the deadline, (2) that Defendants had issued and received responses from many subpoenas, (3) that thousands of pages of records had been produced between the parties, and few if any are truly left to discover (4) that there had been several rounds of written discovery exchanged, and thus requested Defendants note the motion as opposed. Ex. 5. Plaintiff attempted to compromise and made clear that he was amenable to scheduling his deposition after the close of fact discovery, scheduling certain witnesses for after the close of fact discovery, or to compromise on an appropriate extension for Plaintiff's deposition and any follow-up discovery. *Id.* Rather than discuss or try to find an agreeable compromise, and without conferring with Plaintiff, Defendants emailed this Court listing its position on why it believed a six-month extension was necessary—making several misrepresentations to this Court concerning the history of discovery in this case—and not noting Plaintiff's position. Ex. 6.

## LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note, 1983 amd. Adherence to reasonable deadlines is critical to maintaining integrity in court proceedings. *Lambright v. Kidney Serviecs of Ohio*, No. 2:12-CV-594, 2013 WL 3322362, at *2 (S.D. Ohio July 1, 2013). In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. *Id.* In conducting that review, courts consider: (1) when the moving party learned of the issue that is the subject of discovery; (2) the length of the discovery period; (3) whether the

moving party was dilatory; and (4) whether the adverse party was responsive to discovery requests. *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011); *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

The presence or absence of prejudice to the non-moving party is a factor to be considered. *Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002); *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272–73 (6th Cir. 2021). However, a court need not determine whether the nonmoving party will be prejudiced unless "the movant proceeded diligently, and then only to ascertain whether there exist 'additional reasons to deny a motion.'" *Smith v. Holston Med. Grp., P.C.,* 595 F. App'x 474, 479 (6th Cir. 2014) (unpublished) (quoting *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

## DISCUSSION

Defendants' motion on its face falls far short of the four-prong test courts in this district use in evaluating whether a moving party has established good cause for a discovery extension. A six-month extension would only serve to cause the parties to expend more time and resources on this case and would result in undue prejudice to Plaintiff. Plaintiff has made every effort to compromise so that Defendants maybe conduct whatever follow-up discovery was necessary regarding Plaintiff's deposition, but they refused. Defendants should not be permitted to embark on what appears to be a fishing expedition in the hopes that they find something inculpatory to undercut Plaintiff's claims.

### I. Defendants Have Not Shown Good Cause to Justify A Six-Month Extension

Defendants have not demonstrated good cause to modify the scheduling order to such a degree, and certainly not to extend fact discovery an additional six months.

### A. No New Information Has Come to Light to Justify a Six-Month Extension of Discovery

The first prong of the *Bentkowski* test weighs in favor of denying Defendants' motion for an extension or substantially limiting it. No new information has come to light that would justify such an extension of the deadline. As noted above, Plaintiff supplemented his discovery responses with his employers and medical providers on October 9, 2024. That left nearly two months for Defendants to issue subpoenas and conduct discovery into those providers and employers.[7] Defendants themselves state in their motion that they will have all the responsive records nearly one month before the current December 1 deadline. Dkt. 39 at 9. As such, Defendants do not articulate any new information that would justify such a lengthy extension.[8]

Defendants also make the convoluted argument that this case is particularly "complex," and that would provide good cause for an extension. For starters, Defendants were presumably aware of the allegations involved in this case back in January 2024 when the parties hosted their 26(f) Conference, and they agreed that 10 months would be sufficient for discovery. Second, Plaintiff's counsel has much experience in wrongful conviction lawsuits, and cases such as this—where there is a DNA exoneration, only one living defendant, and only one plaintiff—are relatively straightforward and simple.

Defendants erroneously rely on two cases to support the supposition that a case being "complex" means a large amount of additional discovery is warranted. The first case, *CSX Transp., Inc. v. Columbus Downtown Dev. Corp*, was between two transportation companies, a

---

[7] Of note, these are employers and providers from pre- and post-incarceration. Defendants have had months more to conduct discovery concerning Plaintiff's jobs and medical records during his 17 years of incarceration.

[8] Defendants also argue that Plaintiff producing the documents in his possession, custody, and control more than a month before the fact discovery deadline somehow provides good cause for extending the fact discovery deadline. However, the authority they cite does not contemplate any fact discovery extension whatsoever.

city insurance company, a construction company, and a host of other parties concerning structural damage to a bridge and breach of insurance policies. That is a very different situation than the case at bar, and many of the issues identified by the court as making the case "complex" do not apply here. *See generally CSX Transportation, Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-CV-557, 2018 WL 4090199 (S.D. Ohio Aug. 28, 2018). The second case cited by Defendants is *Williams v. Ohio Dep't of Rehab. & Corr*. However, Defendants merely cite a summary judgment opinion that has no bearing on this case. *See generally Williams v. Ohio Dep't of Rehab. & Corr.*, No. 2:20-CV-6424, 2023 WL 3437208 (S.D. Ohio May 12, 2023), *report and recommendation adopted*, No. 2:20-CV-6424, 2023 WL 4932872 (S.D. Ohio Aug. 2, 2023).

### B. Discovery Has Already Been Ongoing for Nearly Ten Months

The second prong of the *Bentkowski* test weighs in favor of denying Defendants' motion for an extension or substantially limiting it. Discovery in this case began in January 2024 after the parties held their 26(f) Conference and has, as such, been ongoing for over nine months. That is a substantial amount of time to conduct discovery, particularly in a case with such a complete record and limited number of parties. *See Com. Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377–78 (6th Cir. 2009) (affirming lower court ruling that denied extension of fact discovery when the parties were already given seven months to conduct discovery because the delay would result in additional time and expenses being incurred by the parties and unfair prejudice to the non-moving party).

Defendants' reliance on *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp* and *Permasteelisa CS Corp. v. Airolite Co., LLC* does not justify delaying this case by six months so that they may conduct whatever discovery they see fit both before and after Plaintiff's deposition. In fact, Defendants cite no basis or authority that supports the proposition that

8

Defendants may refuse to take Plaintiff's deposition before receiving any and all possible documentation they believe to be in existence pertaining to this case and should be granted months to conduct follow-up discovery. Rather, the cases that Defendants cite stand for the proposition that discovery should be reasonably timed and that a party is not unreasonable for waiting for a third party to respond to initial discovery requests before noticing their deposition. *See Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10CV00083, 2011 WL 13157347, at *4 (S.D. Ohio July 21, 2011); *Permasteelisa CS Corp. v. The Airolite Company, LLC*, 2007 U.S. Dist. LEXIS 41974 at *5 (S.D. Ohio June 8, 2007).

In this case, Plaintiff agreed to reschedule his deposition to allow Defendants time to receive and review his medical and employment records since being released in 2022—rather than simply having them question him about it during his deposition. However, Defendants are now improperly weaponizing that courtesy to extend this case beyond the near-ten months of active fact discovery that have already occurred.

Defendants also erroneously state in their motion that there are nine witnesses who have not had their depositions scheduled yet. Dkt. 39 at 8. In fact, the only depositions not currently scheduled to occur before the December 1, 2024 deadline are Plaintiff's and that of Lakeon Horton—a witness who overheard one of the victims of the robbery attempting to blackmail Plaintiff.[9] It is unclear if Defendants are referring to additional depositions they would like to take. However, Defendants have already notified Plaintiff that they will be taking the depositions of nine of the witnesses listed on his 26(a)(1) disclosure, including himself, and flagged that they

---

[9] These other depositions are currently scheduled for: Nov. 1 (Todd Rhodeback), Nov. 6 (Janette Harmon-Horton), Nov. 7 (Alfred Harmon and Barbara Horton-Alamar – the parties agreed to do two on this date), Nov. 8 (Furquan McDougald and Dwight Dorsey – the parties agreed to do two on this date), Nov. 12 (Pamela Rhodeback), Nov. 14 (Tracy McClanahan), Nov. 15 (Kawanna Harris), and Nov. 22 (Shelli Curry). Defendants also stated their intention to depose two of Plaintiff's prior counsel from his post-conviction proceedings, but have not provided any dates or made any efforts to subpoena those witnesses. Plaintiff also intends to issue a Fed. R. Civ. P. 30(b)(6) notice of deposition to Defendant City.

might be deposing one or two of Plaintiff's prior attorneys. As such, any additional depositions would be in excess of the ten depositions allotted pursuant to Fed. R. Civ. P. 30(a)(2)(A), and Defendants have not sought leave of Court for more.[10] As such, Plaintiff presumes that Defendants are referring to the depositions the parties have discussed, for which there are already dates. This factor thus also weighs in favor of denying or limiting Defendants' motion.

### C. Defendants Have Been Dilatory in Conducting Discovery

Defendants have failed to conduct discovery in a timely manner and now seek this Court to grant them additional time. Defendants *did not even produce a single document until six months after discovery began.* Yet they now ask for that same amount of time to be tacked on so that they may make up for lost time.[11] Defendants in their motion even allege that they "cannot effectively depose Horton—or, really, any of his third-party damages witnesses—because it has limited knowledge of what Horton is alleging." Dkt. 39 at 9. The notion that Defendants are not aware of the record or prepared for these depositions, despite being in possession of thousands of documents pertaining to this case since 2004, Plaintiff giving detailed and precise responses to discovery requests, and there being a replete record of Plaintiff's criminal trial, post-conviction proceedings, and declarations and affidavits from damage witnesses, is difficult to believe.

Defendants have also delayed settlement negotiations, despite having been in possession of thousands of pages of records pertaining to Plaintiff's criminal conviction, post-conviction proceedings, damages, alibi, etc. for months—if not years. Ex. 7 at 1-2. Plaintiff has reiterated his position to Defendants that he is ready and willing to discuss settlement at any time, including prior to expending more of the parties' resources on discovery, but Defendants have

---

[10] At least one of the witnesses Defendants are seeking to depose is not even named on any party's 26(a)(1) disclosures.
[11] Defendants also make the claim that the additional six months would enable them to locate Richard Diggs but do not make it clear why the ten months they have already been given are insufficient.

10

not come to the table. As such, this factor also weighs in favor of denying or limiting Defendants' motion.

### D. Plaintiff Has Been Responsive to Discovery Requests

The final factor also weighs in favor of denying Defendants' motion or limiting the extension. Plaintiff has been responsive to all three of Defendants' discovery request and has participated in the discovery process in good faith and diligently to prosecute his case and get his day in Court. He has timely produced thousands of pages of documents, issued and responded to discovery requests, conferred with Defendants numerous times about discovery issues pertaining to all parties, executed authorizations to aid the acquisition of responsive documents, and has deposed three witnesses thus far. As such, any claim that he has not been responsive to discovery requests, or is intentionally delaying the prosecution of his own case, is sophistry.[12]

Defendants' reliance on *LaCroix v. Clayton* is inapposite. In that case, the plaintiff had not responded to the defendants' discovery requests *at all*. *See id.*, No. 22-12936, 2024 WL 3523968, at *1 (E.D. Mich. July 24, 2024). As such, the court compelled the plaintiff to respond to the discovery requests and granted a *two-month* extension to fact discovery. Such is not the case here. Plaintiff has responded to all three sets of Defendants' discovery requests and has either met and conferred with Defendants or issued a written response concerning Defendants' deficiency letters. Plaintiff has also produced everything within his possession, custody, or control. In their motion, Defendants lament all the different documents that Plaintiff has supposedly not produced, but he cannot produce what he does not have.

---

[12] Defendants also cite to Defendant Sias's estate not being served as a reason to extend discovery in this case. As Defendants are well aware, being the ones who first informed Plaintiff, there is currently no open estate for Defendant Sias. Plaintiff is currently in the middle of state-court proceedings to open the estate so that it may be properly served.

Defendants' reliance on *Strouse v. Ptsi Managed Services, Inc*. is also inapposite. In that case, the parties jointly moved for the court to extend the fact discovery deadline because of delays in getting the United States Air Force to respond to a subpoena. *See id.*, No. 3:17-CV-396, 2020 WL 1140063, at *1 (S.D. Ohio Mar. 9, 2020). There is no evidence whatsoever here that the third-party entities subpoenaed by Defendants will not produce documents in line with the date noticed on the subpoena. As such, this factor also weighs in favor of denying or limiting Defendants' motion.

## II.    A Six-Month Extension Is Too Long

Plaintiff understands that some extra time might be appropriate, but Plaintiff has been waiting since 2004 for the opportunity to present his claims in Court. He is the one who bears the burden at trial. He has had to endure nearly ten months of discovery, and it has been nearly a year since this case was filed. He seeks to avoid further delay to an extent that would deny Plaintiff his right to a "just, speedy, and inexpensive" resolution of his claims. Fed. R. Civ. P. 1.[13]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court deny Defendants' Motion to Extend Fact Discovery by Six Months, or significantly limit the request, and any other relief this Court deems just.

---

[13] Defendants' reliance on *Turnbow-Avery v. Dejoy* to characterize their request for an additional six months of discovery as a "not significant" prejudice to Plaintiff is misplaced. Dkt. 39 at 10. What Defendants fail to consider is that the court in *Turnbow-Avery* granted that extension **because discovery had only been ongoing for four and a half months.** *Turnbow-Avery v. Dejoy*, No. 1:23-CV-571, 2024 WL 3011197, at *4 (S.D. Ohio June 14, 2024). And even then, the court only granted a 90-day extension. Here, where discovery has been ongoing for ten months, a six-month extension would be far afield of any reasonable extension and would thus constitute a "significant" prejudice to Plaintiff.

Respectfully submitted,

**RICHARD HORTON**

/s/ Michele Berry
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Jon Loevy |
| | Alyssa Martinez |
| THE LAW OFFICE OF | |
| MICHELE BERRY, LLC | LOEVY & LOEVY |
| 114 East 8th Street | 311 N. Aberdeen, 3rd FL |
| Cincinnati, OH 45202 | Chicago, IL 60607 |
| Tel: 513.919.5315 | (312) 243-5900 |
| mberry@mberrylaw.com | alyssa@loevy.com |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

13

## **CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that on October 31, 2024, I served the foregoing document on all counsel of record via the Court's CM/ECF system.

/s/ Alyssa Martinez
*One of Plaintiff's Counsel*
