# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Richard Horton,<br><br>        Plaintiff,<br><br>  v.<br><br>City of Columbus, et al.,<br><br>        Defendants. | Case No. 2:23-cv-3888<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

## DEFENDANTS CITY OF COLUMBUS' AND BRENDA WALKER'S UNOPPOSED MOTION FOR EXTENSION OF EXPERT REPORT DEADLINE

Defendants the City of Columbus and Brenda Walker respectfully request that the Court extend the January 1, 2025 deadline for primary expert reports to January 30, 2025, and set a February 28, 2025 deadline for rebuttal reports. This extension is necessary because of previously scheduled international travel by an expert who will be providing a primary report for Defendants. This requested extension would not affect the April 1, 2025 discovery deadline or any deadlines thereafter. Plaintiff does not oppose this extension. A memorandum in support is attached.

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants City of Columbus and Brenda Walker*

**MEMORANDUM IN SUPPORT**

**I.  Introduction**

Plaintiff's allegations of a wrongful conviction are extremely serious, his claimed damages are extensive, and Defendants anticipate that both parties will utilize multiple expert witnesses. Defendants seek this brief extension of the deadline for primary expert reports, the first request for an extension of that deadline, to allow Defendants' retained expert sufficient time to complete his report after his international vacation around the New Year's Day holiday. Granting this extension will allow for all primary expert reports to be provided on the same day, and will not alter the discovery deadline or the case schedule thereafter.

The Court entered a Preliminary Pretrial Order in this case on February 1, 2024, setting a January 1, 2025 deadline for primary expert reports, with rebuttal expert reports to be due 45 days thereafter. Preliminary Pretrial Order, ECF No. 12, at 2. Following a motion by Defendants, the Court modified the Preliminary Pretrial Order by extending the discovery deadline to April 1, 2025, and by extending the dispositive motion deadline to May 1, 2025. Order, ECF No. 42, at 2. Defendants do not seek to extend these deadlines, and instead seek a brief extension of the expert report deadlines that would allow for expert discovery within these existing deadlines.

Defendants have exercised due diligence in attempting to meet the Court's deadlines. Given the importance and complexity of this case, good cause exists to grant the requested extension. Plaintiff will not be prejudiced by the requested extension, which does not extend the discovery deadline or any deadlines thereafter.

**II.  Legal Standard**

The Court may extend a deadline, including those set by a scheduling order "for good cause … if a request is made, before the original time … expires[.]" Fed. R. Civ. P. 6(b)(1)(A); see also

Fed. R. Civ. P. 16(b)(4). The determination of good cause is within the Court's discretion. *Ott v. Fed. Home Loan Mortg. Corp.*, 535 Fed. Appx. 488, 489 (6th Cir. 2013). Good cause "is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines." *Turnbow-Avery v. DeJoy*, No. 1:23-cv-571, 2024 U.S. Dist. LEXIS 106417, *3 (S.D. Ohio Jun. 14, 2024). While that is the primary focus, "the Court must also consider whether the nonmovant will be prejudiced." *Id.*

### III.  Discussion

Good cause exists to grant Defendants' requested extension of the expert report deadlines. Defendants have retained experts and have worked to meet the January 1, 2025 deadline for primary expert reports. However, one of those experts has previously scheduled international travel for the end-of-year holidays that will extend beyond the January 1 deadline, with a limited ability to communicate during that travel. As a result, he will require additional time to complete his report. To account for that, allow all primary experts time to complete their reports after the New Year's Day holiday, and to maintain a consistent deadline for all reports, Defendants request the brief extension to January 30, 2025 of the deadline for primary expert reports, with a February 28, 2025 deadline for rebuttal reports. This will allow expert discovery to be completed by the April 1, 2025 deadline.

There is no prejudice to Plaintiff in granting the requested extension. The extension would apply equally to any primary expert witnesses on behalf of Plaintiff and would allow expert discovery to occur within the existing discovery period. The requested extension would still provide sufficient time for rebuttal expert reports and discovery thereafter in advance of the existing April 1 discovery deadline. Thus, this extension will not delay the resolution of this case.

**IV.     Conclusion**

For all of the foregoing reasons, Defendants ask the Court to grant its Motion and extend the deadline for primary expert reports to January 30, 2025, with rebuttal expert reports due February 28, 2025.

                                Respectfully submitted,

                                /s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Dexter W. Dorsey (0097657)
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On December 13, 2024 I served a copy of the foregoing via the Court's CM/ECF system upon all parties of record.

                                /s/ Aaron D. Epstein
Aaron D. Epstein