IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD HORTON, | : |
| Plaintiff, | : |
| | : Case No. 2:23-cv-3888 |
| v. | : Judge Algenon L. Marbley |
| | : Magistrate Judge Deavers |
| CITY OF COLUMBUS, *et al*, | : |
| Defendant. | : |

**OPINION & ORDER**

This matter is before this Court on Defendants City of Columbus and Brenda Walker's (collectively, "Defendants") Motion for Partial Judgment on the Pleadings. (ECF No. 19). For the reasons that follow, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. Counts VIII and IX are entitled to judgment on the pleadings. Count VIII is dismissed with prejudice and count IX is dismissed without prejudice.

**I.     BACKGROUND**

This case originates from an armed robbery committed on October 9, 2004. (ECF No. 17 ¶ 15). Defendant Brenda K. Walker and Defendant Sam Sias, detectives with the Columbus Division of Police, were assigned as the lead investigators for the robbery. (*Id*. ¶ 23). The victims gave Defendant Walker a description of the robber including details that the robber was a Black male with light skin, between 5 feet 9 inches and 6 feet tall, and had been wearing a grey hoodie tied tight around his face so that only his eyes and nose were visible. (*Id*. ¶¶ 28–34). One victim told Defendant Walker that he could identify the robber and informed Defendant Walker that the robber's name is "Richard Diggs" also known as "Adidas boy." (*Id*. ¶ 34). After Defendants learned Plaintiff's name, "Richard Horton", Defendant Walker requested a fingerprint analysis

1

comparing the fingerprints recovered from the crime scene with Plaintiff's known fingerprints. (*Id*. ¶¶ 39–40). The fingerprint analysis confirmed that the fingerprints recovered from the crime scene were not left by Plaintiff. (*Id*. ¶ 41). On December 4, 2004, Defendant Walker showed the victims a photo array of six individuals, including a photograph of Plaintiff. (*Id*. ¶ 57). The victims identified Plaintiff after Defendant Walker instructed them to "[l]ook carefully at the photographs of all six people then advise the detective whether or not you recognize anyone." (*Id*.).

On December 15, 2004, Defendant Walker filed a criminal complaint and issued an arrest warrant against Plaintiff in connection with the robbery. (*Id*. ¶¶ 60–61). On December 27, 2004, Plaintiff voluntarily turned himself into the police and, in February of 2006, Plaintiff was tried for the robbery, identified by testimony at trial by the victims as the perpetrator, convicted by a jury, and sentenced to 23 years in prison. (*Id*. ¶¶ 89–99).

In January 2022, after consistently maintaining his innocence, Plaintiff's convictions were vacated based upon evidence from newly developed DNA technology and the trial court's barring the use of a victim's testimony at a new trial. (*Id*. ¶ 101; ECF No. 18 ¶ 101).

On November 20, 2023, Plaintiff filed a complaint against the City of Columbus and Detective Walker and Detective Sam Sias, who is now deceased. (ECF No. 1).  On March 7, 2024, Plaintiff filed an Amended Complaint substituting the estate of Detective Sias as a defendant. (ECF No. 17).   The Amended Complaint sets forth nine counts against Defendants: (i) due process violations (fourteenth amendment) (42 U.S.C. §1983); (ii) deprivation of liberty without probable cause (Fourth and Fourteenth Amendments) (42 U.S.C. §1983); (iii) failure to intervene (42 U.S.C. §1983);  (iv) conspiracy to deprive constitutional rights (42 U.S.C. §1983); (v) malicious prosecution (state law); (vi) intentional infliction of emotional distress (state law); (vii) civil conspiracy (state law); (viii) respondeat superior (state law); and (ix) indemnification (state law).

(*Id*.) Defendants filed an Answer to the Amended Complaint and a Motion for Partial Judgment on the Pleadings on Counts VIII and IX. (ECF Nos. 18, 19).

## II. STANDARD OF REVIEW

When a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is based on the argument that the complaint fails to state a claim upon which relief may be granted, the Court employs the same legal standard as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). The Court will grant the Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted). The Court must construe "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. at 581 (internal quotation marks omitted

The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "To withstand a Rule 12(c) motion for judgment on the pleadings, a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (internal quotation marks omitted).

### III.  LAW & ANALYSIS

#### A.  Respondeat Superior Claim

Defendants request Count VIII, the respondeat superior claim, be dismissed with prejudice. (ECF No. 19). In Plaintiff's response brief, Plaintiff voluntarily dismissed Count VIII. (ECF No. 22 at 4). Defendants' Motion is **GRANTED** as to Count VIII.

#### B.  Indemnification Claim

Defendants also request Count IX, the indemnification claim, be dismissed with prejudice. Defendants argue Plaintiff cannot assert a state law claim for indemnification against a defendant for any judgment entered against any individual defendants acting within the scope of their employment. (ECF No. 19). Defendants cite the relevant Ohio state law, which provides:

> [A] political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of a foreign jurisdiction and that is for damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function.

Ohio Rev. Code § 2744.07(B).

Defendants argue that, because only employees have standing to seek indemnification, third parties, such as Plaintiff, may not enforce the indemnification rights. (ECF No. 19 at 5).  Thus "Count IX of the Amended Complaint fails to state a claim for relief under either federal or state law." (*Id*.). To support this argument, Defendants cite *Gillispie v. City of Miami Twp.*, No. 3:13-CV-416, 2023 WL 4861025 (S.D. Ohio July 31, 2023), a district court case that relies on the holding in *Ayers v. Cleveland*, 2020-Ohio-1047, 160 Ohio St.3d 288, 156 N.E.3d 848 (Ohio 2020). In *Ayers*, plaintiff filed a complaint against the city of Cleveland, alleging claims of statutory indemnification under § 2744.07. *Ayers*, 2020-Ohio-1047 at ¶6, 160 Ohio St.3d at 289, 156 N.E.3d at 850–51. The Ohio Supreme Court held that the statute "provides that a political subdivision

4

'shall indemnify and hold harmless an employee.' Thus, the right of indemnification is personal to the employee." *Ayers*, 2020-Ohio-1047 at ¶21, 160 Ohio St.3d at 292, 156 N.E.3d at 853. In *Gillispie*, the court "agree[d] that *Ayers* limits who may bring a claim under Ohio Rev. Code § 2744.07 to the employee seeking to be indemnified by a political subdivision. *Gillispie*, 2023 WL 4861025, at *3; *see also Est. of Andrews v Cleveland*, 112 F.4th 436, 441 (6th Cir. 2024) ("The indemnification statute 'does not permit a judgment creditor' (like Andrews) 'to proceed directly against an indemnitor' (like Cleveland)." (quoting *Ayers*, 2020-Ohio-1047 at ¶21, 160 Ohio St.3d at 293, 156 N.E.3d at 853)).

Plaintiff requests the Court dismiss the indemnification claim *without* prejudice because the indemnification claim is not ripe. (ECF No. 20).  Defendants did not file a reply. Dismissals with prejudice "operate[] as a rejection of the plaintiff's claims on the merits." *Jackson v. City of Cleveland*, 925 F.3d 793, 809 (6th Cir. 2019) (quoting *Mich. Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010)). Generally, a claim may not be adjudicated on its merits unless it is ripe and "[a] claim is unripe when it is 'anchored in future events that may not occur as anticipated, or at all.'" *Id*. at 807 (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997)). The Sixth Circuit has held that claims for indemnification for judgment on an underlying claim should not be adjudicated on the merits until the underlying claim is adjudicated. *Jackson*, 925 F.3d at 807–08.[1]

Plaintiff's claim under Count IX is dependent on the occurrence of a future event: whether a judgment against an employee of the city is obtained. (ECF No. 22 at 2–3).  Additionally, the

---

[1] Application of the ripeness doctrine also "requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances." *Jackson*, 925 F.3d at 807–08 (quoting *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985)). This discretion has resulted in some courts applying an exception allowing for adjudicating indemnification claims that have no possibility of success. *Id*. Even so, the Sixth Circuit has not yet analyzed the propriety of that exception, and the Defendants did not argue that this Court should rely on the exception. *See id*. at 808.

5

claim is an indemnification claim involving an underlying claim that has not yet been adjudicated. (*Id*. at 3–4). As such, Plaintiff's indemnification claim is not ripe and should not be adjudicated on the merits.[2] Because "a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits," this Court must dismiss the indemnification claim without prejudice. *See Jackson*, 925 F.3d at 809 (quoting *Mich. Surgery Inv., LLC*, 627 F.3d at 575). Accordingly, the Motion is **GRANTED IN PART** and **DENIED IN PART** as to Count IX. Count IX is dismissed *without* prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 19) is **GRANTED as** to Count VIII. Count VIII is **DISMISSED WITH PREJUDICE**. The Motion is **GRANTED IN PART and DENIED IN PART** as to Count IX. Count IX is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

                                                                               **ALGENON L. MARBLEY**
                                                                               **UNITED STATES DISTRICT JUDGE**

**DATED: February 13, 2025**

---

[2] Plaintiff additionally argues the claim is not ripe due to unsettled law. (ECF No. 22 at 4). Plaintiff notes a relevant pending Sixth Circuit appeal in *Gillispie* which involves "the issue of what role judgment creditors—such as civil rights plaintiffs who are awarded money verdicts at trial—play in enforcing indemnification under R.C. § 2744.07." (*Id*.). The Sixth Circuit, however, has found in a separate case that "[t]he indemnification statute 'does not permit a judgment creditor' . . . 'to proceed directly against an indemnitor'. . . ." *Est. of Andrews*, 112 F.4th at 441 (q*uoting* Ayers, 2020-Ohio-1047 at ¶21, 160 Ohio St.3d at 293, 156 N.E.3d at 853). Nonetheless, regardless to whether the law is settled, this Court finds the claim is not yet ripe because it is anchored on future events that may not occur.