THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Richard Horton,<br><br>        Plaintiff,<br><br>  v.<br><br>City of Columbus, et al.,<br><br>        Defendants. | Case No. 2:23-cv-3888<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

### DEFENDANTS CITY OF COLUMBUS AND BRENDA WALKER'S MOTION TO COMPEL

Defendants Detective Brenda Walker and the City of Columbus respectfully move the Court for an order compelling third-party witness Brian Howe to answer deposition questions he has previously refused to answer based on attorney-client privilege. Plaintiff, Richard Horton, waived his privilege with his former attorney, by identifying Mr. Howe as a trial witness to testify concerning privileged communications and allowing Mr. Howe to testify at deposition about only portions of those conversations. Because Mr. Horton cannot selectively waive privilege as to only those communications he wishes to disclose, Defendants respectfully ask the Court to grant this motion to compel.

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov

        avtanoury@columbus.gov
        snfeldkamp@columbus.gov
        djdirisamer@columbus.gov
        *Counsel for Defendants*
        *Brenda Walker and the City of Columbus*

**MEMORANDUM IN SUPPORT**

**I.      Background**

Richard Horton was convicted in February 2006 of a home-invasion robbery, and sentenced to a prison term of 23 years. A number of different attorneys represented Mr. Horton at trial and in postconviction proceedings. In 2018, Brian Howe of the Ohio Innocence Project ("OIP") assumed the representation, and filed a motion for a new trial, which was granted. The state's primary eyewitness, Richard McClanahan, had passed away in the interim, and when the trial court ruled that the state could not read Mr. McClanahan's prior testimony into evidence at the second trial, the state elected to dismiss the charges.

Mr. Horton then commenced this Section 1983 lawsuit against the City of Columbus and two retired Columbus police detectives. In his initial disclosures, Mr. Horton listed his OIP attorney, Mr. Howe, as a potential witness, offering the following description of Mr. Howe's anticipated testimony:

> **Brian Howe**, howebc@uc.edu, may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

[Exhibit A] Mr. Horton again identified Mr. Howe as a witness to these matters in his amended disclosures. [Exhibit B] Mr. Horton's current counsel have stated that they do indeed expect to call Mr. Howe to testify on these topics, along with two more of Mr. Horton's former attorneys, Dave Thomas and Carol Wright.[1]

---

[1] The depositions of Thomas and Wright are scheduled for March 24 and 26, respectively. Two other attorneys named in the disclosures are not at issue. Plaintiff has withdrawn Mark Godsey as a witness, and waived privilege with respect to Mr. Horton's trial attorney, Alyssa Holfinger.

On March 11, 2025, undersigned counsel took Mr. Howe's deposition. Mr. Howe readily answered questions regarding the parts of privileged communications that he deemed favorable, but then asserted privilege as to all other communications, even communications that occurred in the same conversation.

> Q: [D]uring those meetings with Mr. Horton, did he tell you that he was innocent of these crimes?
>
> A: Yes, he has always unequivocally maintained his innocence to me.
>
> Q: What else did he tell you during those meetings?
>
> Counsel instructs Mr. Howe not to answer on the grounds of attorney-client privilege.

[Doc. 63, p. 49-51]  Mr. Horton's Counsel continued to instruct Mr. Howe not to answer on the basis of privilege when asked additional questions, including:

> During your meeting with Mr. Horton, did Mr. Horton tell you about his past history selling drugs?
>
> During your meetings with Mr. Horton, did Mr. Horton tell – did Mr. Horton discuss the bribery allegation with you?
>
> At any time, did Mr. Horton admit to you that he had in fact attempted to bribe Mr. McClanahan?

[Doc.  63, p. 51-52]

Mr. Horton's statements of guilt or innocence were not the only topic regarding which Mr. Horton has waived privilege. As noted above, plaintiff also disclosed Mr. Howe as a witness on the subject of damages. At his own deposition, Mr. Horton testified that he suffered from PTSD as a result of his incarceration. [Doc. 62, p. 27]  Probing into this testimony, defense counsel asked Mr. Howe, "[t]o your knowledge, has Mr. Horton been diagnosed with PTSD?"  [Doc. 62, p. 174]  Here again, counsel instructed the witness not to answer based on privilege. [*Id*.]

4

Mr. Howe and OIP have similarly withheld documents under a claim of privilege, although they have never produced a privilege log, as mandated by Fed.R.Civ.Proc. 45(e)(2)(A)(ii).

**II.      Legal argument**

The Sixth Circuit has long held that,

> litigants cannot hide behind the [attorney-client] privilege if they are relying on privileged communications to make their case.  'The attorney-client privilege cannot at once be used as a shield and a sword.'

*In re Lott*, 424 F.3d 466, 454 (6th Cir. 2005), quoting *United States v. Bilzerian¸* 926 F.2d 1285, 1292 (2d Cir. 1991).  The privilege may be implicitly waived by the holder.  *In re United Shore Fin. Servs., LLC*, 6th Cir. Case No. 17-2290, 2018 U.S. App. LEXIS 138 (Jan. 3, 2018), *3.  "The privilege is impliedly waived when a 'pleading places at issue the subject matter of a privileged communication in such a way that the party holding the privilege will be forced to draw upon the privileged material . . . to prevail.' "  *Siewertsen v. Worthington Indus.*, N.D. Ohio No. 3:11 CV 2572, 2017 U.S. Dist. LEXIS 237299 (Apr. 28, 2017), *2, quoting *Lott* at 453, quoting Developments in the Law—Privileged Communications, Implied Waiver, 98 Harv. L. Rev. 1629, 1638 (1985).

Mr. Horton has waived privilege because he voluntarily made his attorneys witnesses in this case for the specific purpose of having them testify about his privileged statements.  Mr. Horton is attempting to use the privilege as both a sword and a shield, in precisely the manner the Sixth Circuit has prohibited.  When Mr. Horton's attorneys testify to statements that appear helpful to his case, such as his proclamations of innocence, he strategically waives privilege on those portions of the conversation, but only as to those specific statements.  Likewise, Mr. Horton has disclosed his previous attorneys as damages witnesses, only to assert that any information regarding his damages (or lack thereof) is privileged.

Counsel for the defendants conferred with Mr. Horton's attorneys at least twice before the deposition, and again during the deposition, in an effort to resolve the dispute. Those efforts were ben unsuccessful.

### III.  Conclusion

Defendants ask the Court to declare that Mr. Horton has waived privilege as to his communications with Mr. Howe regarding the topics identified in his disclosures and the topics discussed at deposition, and issue an order compelling Mr. Howe to testify concerning these matters.

> Respectfully submitted,
>
> /s/ Aaron D. Epstein
> Aaron D. Epstein (0063286) – Lead
> Alana V. Tanoury (0092265)
> Sarah N. Feldkamp (0099464)
> David J. Dirisamer (0092125)
> Assistant City Attorneys
> CITY OF COLUMBUS, DEPARTMENT OF LAW
> 77 N. Front Street, Columbus, Ohio 43215
> (614) 645-7385 / (614) 645-6949 (fax)
> adepstein@columbus.gov
> avtanoury@columbus.gov
> snfeldkamp@columbus.gov
> djdirisamer@columbus.gov
> *Counsel for Defendants*
> *Brenda Walker and the City of Columbus*

**CERTIFICATE OF SERVICE**

On March 20, 2025, I served a copy of the foregoing via the Court's CM/ECF system upon all parties of record and a copy of the foregoing was served via electronic mail on the following:

Brian M. Spiess
Associate General Counsel
University of Cincinnati
University Hall | 51 Goodman Drive
Cincinnati OH 45221-0661
spiessbm@ucmail.uc.edu

Rory Callahan
Principal Assistant Attorney General, Education Section
Office of Ohio Attorney General Dave Yost
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Rory.Callahan@OhioAGO.gov

Counsel for Brian Howe

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286)