**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICHARD HORTON, ) | |
| ) | Case No. 23-cv-3888 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Chief Judge Algenon L. Marbley |
| ) | |
| CITY OF COLUMBUS, Columbus Division ) | |
| of Police Officers BRENDA K. WALKER ) | Magistrate Judge Elizabeth P. Deavers |
| (Badge #1176), MIEKO SIAS as personal ) | |
| representative of the ESTATE OF SAM SIAS ) | |
| (Badge #1871), and AS-YET UNKNOWN ) | **JURY TRIAL DEMANDED** |
| COLUMBUS POLICE OFFICERS, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR A PROTECTIVE ORDER**

## INTRODUCTION

Plaintiff seeks a protective order under Rule 26(c) to prevent the use and further disclosure of his private bank records, which Defendants obtained through a sweeping and overbroad subpoena. The subpoena seeks "any and all" records from all of Plaintiff's banking accounts, including a joint account Plaintiff shares with his wife, encompassing years of personal financial data that have no bearing on the claims or defenses in this wrongful conviction case. Despite the nature of this case, Defendants have served discovery seeking Plaintiff's personal banking records without articulating any valid basis for their relevance. Plaintiff does not oppose reasonable discovery of income-related damages and has already facilitated that through employment subpoenas. But Defendants' subpoena for Plaintiff's banking records goes far beyond the bounds of discovery. A protective order is both necessary and appropriate. As such, Plaintiff respectfully requests that the Court issue a protective order prohibiting the use and disclosure of such records on the grounds that they are not relevant to any party's claim or defense, are not proportionate to the needs of the case, and are in violation of Plaintiff and his wife's discovery interests, as required by Rule 26(b)(1) of the Federal Rules of Civil Procedure.

## RELEVANT FACTUAL HISTORY

Plaintiff initiated this 42 U.S.C. § 1983 civil rights action on November 20, 2023, asserting nine causes of action for constitutional violations arising from his wrongful arrest, conviction, and incarceration for a robbery that occurred on October 9, 2004, in Columbus, Ohio. *See* Dkt. 1. Plaintiff spent nearly two decades wrongfully imprisoned before his release in January 2022. *Id.*

During the course of discovery, Defendants have issued numerous requests for production and nearly fifty document subpoenas concerning a wide array of topics, including Plaintiff's criminal case, alleged damages, employment history, mental and physical health, and more. One

such request for production demanded any and all bank records from the date of Plaintiff's release through the present day. *See* Ex. A at 5. Plaintiff objected on multiple grounds, explaining that the request was overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and invasive of his privacy rights—particularly given that at least one of the bank accounts in question is jointly held with his wife, a non-party. *Id.*

Defendants claimed the request was aimed at evaluating Plaintiff's damages, specifically lost wages and post-release income. *Id.* However, Plaintiff had already agreed to, and in fact had facilitated, Defendants' discovery of such information through subpoenas directed to all of his known employers since 2000. In good faith, and to avoid unnecessary motion practice, Plaintiff offered to consider a more narrowly tailored request limited to documents directly relevant to his income, such as records reflecting income received from work since his release or funds from a work release program. Defendants declined to narrow the scope of their request.

Instead, on November 5, 2024, Defendants issued a third-party subpoena to Plaintiff's financial institution, Huntington Bancshares, demanding "[a]ny and all records related to any account in the name of Richard H. Horton . . . including all deposits and all withdrawals, from January 14, 2022 to present." *See* Ex. B. Plaintiff immediately objected and reiterated his prior concerns and offer to compromise. See Ex. C at 2–3. Plaintiff also requested that Defendants direct Huntington to withhold production pending judicial resolution of the dispute. *Id.*

The parties conferred by telephone on November 8, 2024, at which time Plaintiff agreed to send supporting case law. Plaintiff did so promptly. *Id.* at 1. On November 13, 2024, Defendants responded that they would review the materials and respond with their position. *See* Ex. D at 1. They declined, however, to instruct Huntington to delay production. Defendants agreed only that they would refrain from reviewing any responsive documents until the dispute was resolved. *Id.*

After receiving no follow-up, Plaintiff's counsel again contacted Defendants requesting their position in light of the authorities previously provided. *See* Ex. E at 1. Defendants never responded.

On March 18, 2025, Defendants informed Plaintiff's counsel that they had received records from Huntington and agreed to not view them until this Court has ruled on the issue.[1] As the parties were not able to come to agreement on the sensitive financial records, Plaintiff now respectfully moves for a protective order under Fed. R. Civ. P. 26(c) to preclude Defendants' use of those records and to prevent further disclosure of private financial information that is neither relevant nor proportionate to the needs of this case.

## **LEGAL STANDARD**

While subpoenas may be issued to third parties, pursuant to Fed. R. Civ. P. 45, those requests are not without limitation. The scope of discovery under a subpoena "is the same as the scope of discovery under Rule 26." *TCYK, LLC v. Does 1-47*, No. 2:13-CV-539, 2013 WL 4805022, at *4 (S.D. Ohio Sept. 9, 2013) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are both relevant to any party's claim or defense and proportional to the needs of the case. Even if information is relevant, a court must limit discovery if it is unreasonably cumulative, duplicative, or unduly burdensome. *See, e.g., Omokehinde v. Detroit Bd. of Educ.*, 251 F.R.D. 261, 267 (E.D. Mich. 2007); *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012); *Popeck v. Rawlings Co. LLC*, No. 3:16-CV-138-GNS, 2017 WL 11725427, at *6 (W.D. Ky. Apr. 6, 2017). Rule 26(c)(1) permits a court, for good cause, to issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

---

[1] Plaintiff's counsel was out on medical leave in mid- and late-March.

4

**ARGUMENT**

Courts routinely protect litigants from discovery of sensitive financial information where such information lacks relevance or is otherwise disproportionate to the issues in the case. In this instance, the discovery sought is irrelevant, disproportionate, and infringes upon Plaintiff and his wife's privacy interests.

I. **The Discovery Sought is Not Relevant to Any Party's Claims or Defenses**

A. **Plaintiff's Bank Records Are Not Relevant**

Plaintiff's bank records from the forty months since his release are not relevant to the claims or damages stemming from his wrongful conviction lawsuit against the City of Columbus and certain Columbus detectives. The investigation into the robbery occurred in 2004, and Plaintiff was convicted in 2006. Plaintiff was not released until sixteen years after his conviction. As such, his banking records have no connection to the underlying facts of his case, and the analysis turns on damages.

Courts routinely hold that bank records are not relevant where wage and employment records are otherwise available to assess damages. *See Omokehinde*, 251 F.R.D. at 267 (denying defendants' motion to compel and issuing a protective order over plaintiff's bank records because tax returns and earnings statements were sufficient to establish damages from lost income whereas bank records were "much less relevan[t]" and "would likely contain a great deal of personal information (such as expenditures) that has no relevance whatsoever to this case."); *Popeck,* No. 3:16-CV-138-GNS, 2017 WL 11725427, at *6 (granting motion for protective order over financial records because subpoena was, among other things, temporally overbroad, prejudicial to plaintiff, and not proportionate to needs of case considering "minimal relevance" to central issues in case).

5

The same logic applies here. Defendants have already (1) issued document subpoenas to every employer Plaintiff has had since 2000—years before his wrongful arrest and imprisonment, (2) subpoenaed the entirety of Plaintiff's Ohio Department of Rehabilitation and Correction file (which includes the jobs he held while incarcerated), (3) subpoenaed all documents pertaining to Plaintiff for every university at which Plaintiff has participated in a speaking engagement since his release, and (4) subpoenaed the Ohio Innocence Project for receipts of payments for every speaking engagement Plaintiff has ever participated in as a wrongfully convicted man. As such, any and all income Plaintiff has received since being released is well documented and accounted for. Defendants have offered no justification for why they require blanket access to all banking records *in addition to* the targeted discovery of income-related materials they have already engaged in. Plaintiff can only speculate that the request is to engage in a fishing expedition and further pierce into Plaintiff's (and his wife's) life in a way not sanctioned by the Federal Rules. Potential offset arguments are also not persuasive as Plaintiff's financial success or failure since his release has no bearing on the damage done to him by Defendants' unconstitutional conduct.

### B.  The Only Potentially Relevant Discovery Sought is Duplicative

This is not a case where the requesting party lacks other means to obtain the potentially relevant data. *C.f. State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 707 (E.D. Mich. 2017), *aff'd*, No. 14-CV-11700, 2017 WL 3116261 (E.D. Mich. July 21, 2017) (denying motion for protective order, in part, because the parties do not otherwise have access to the relevant banking information). Defendants have already issued employment-related subpoenas to all of Plaintiff's employers since 2000 that have yielded wage and income data. They also questioned Plaintiff about these employers and his wages at his deposition. While Plaintiff's

6

income information could be relevant to damages, that information is discoverable through payroll and tax documentation, not intrusive access to years of private bank statements.

## II. The Discovery Sought is Disproportionate to the Needs of the Case

Even if the bank records contained some marginally relevant information, the burden and intrusiveness of the request far outweigh any benefit. *See* Fed. R. Civ. P. 26(b)(1) (requires that discovery be "proportional to the needs of the case," considering, among other factors, the importance of the issues at stake, the amount in controversy, and whether the discovery can be obtained from a less burdensome source); *see also Anderson v. Old National Bancorp*, No. 5:02-CV-00324-R, 2010 WL 5463397 at *2 (W.D. Ky. Dec. 29, 2010) (holding that the court must balance competing factors such as: (1) relevance, (2) need, (3) confidentiality, and (4) harm when deciding whether or not to grant a protective order); *Serrano*, 699 F.3d at 901 (quoting *8A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2036* (3d ed. 2012) (in determining whether to grant a protective order and thus protect a party from annoyance, embarrassment, oppression, or undue burden or expense, "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it."); *Popeck*, No. 3:16-CV-138-GNS, 2017 WL 11725427, at *6. This is particularly true in a wrongful conviction case where damages arise from noneconomic harms such as the loss of liberty and emotional distress, not from plaintiff's banking activity.

Here, Plaintiff has already provided wage information and facilitated discovery from employers. The subpoena to Huntington seeks duplicative information at best and imposes significant burdens by requiring disclosure of sensitive data wholly unrelated to this lawsuit. As the court held in *Anderson*, No. 5:02-CV-00324-R, 2010 WL 5463397, at *2, courts must balance relevance, need, confidentiality, and potential harm. Where, as here, a subpoena seeks broad

7

categories of financial documents with minimal probative value, courts routinely find the discovery disproportionate and issue protective orders. *See Popeck*, 2017 WL 11725427, at *6. There is no need for this information as the only potentially relevant information is documented elsewhere; Plaintiff's financial situation and transactions are highly personal and confidential; Plaintiff and his wife would suffer embarrassment and harm from having their personal financial situation and decisions over more than a three year period disclosed to the very parties that caused them so much pain; and, there is no justifiable reason for imposing such a burden. Allowing such discovery would set a dangerous precedent, chilling access to justice for wrongfully convicted individuals by exposing them to intrusive, irrelevant inquiries.

### III. The Discovery Sought Infringes Upon the Privacy Rights of Plaintiff and His Wife

The subpoena poses an undue invasion of privacy, particularly because one of Plaintiff's bank accounts is jointly held with his wife—a non-party to this litigation. Courts have recognized that while there may not be a fundamental right to privacy in financial records, individuals still maintain a substantial interest in preventing disclosure of their private financial affairs. *See Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 822 (6th Cir. 2015). That interest is heightened when a subpoena sweeps in data belonging to a non-party. Plaintiff's wife endured nearly two decades of having her husband be branded a monster for something he did not do, and now Defendants seek to compound that indignity by subjecting her to having all of her private financial information, including income, spending habits, and account activity, turned over—none of which has any bearing on the claims in this case.

Plaintiff and his wife should not be forced to disclose intimate details about their spending habits, purchases, donations, or other personal financial matters that bear no relationship to Plaintiff's claims. As the Sixth Circuit has made clear, "even very slight inconvenience may be

8

unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Serrano*, 699 F.3d at 901 (quoting *Wright & Miller, Federal Practice and Procedure* § 2036).

Moreover, this is not a case where Defendants have no other means of accessing relevant financial data. *See State Farm Mut. Auto. Ins. Co.*, 255 F. Supp. 3d at 707 (distinguishing cases where parties lacked other access to financial records). Here, Defendants do have that access through Plaintiff's employers and offered no basis for circumventing that route. It cannot be the case that filing a wrongful conviction lawsuit necessarily equates with waiving any and all privacy in how one chooses to go about their life and private financial decisions.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a protective order under Fed. R. Civ. P. 26(c) precluding Defendants from using or further disseminating the bank records obtained from Huntington Bancshares, and prohibiting any further discovery into Plaintiff's or his wife's personal financial information unless specifically tailored and demonstrably relevant to the claims or defenses in this action.

Respectfully submitted,

**RICHARD HORTON**

/s/ Michele Berry
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Jon Loevy |
| The Law Office of Michele Berry, LLC | Alyssa Martinez |
| 114 East 8th Street | Loevy & Loevy |
| Cincinnati, OH 45202 | 311 N. Aberdeen, 3rd FL |
| Tel: 513.919.5315 | Chicago, IL 60607 |
| Fax: 513.376.8752 | (312) 243-5900 |
| mberry@mberrylaw.com | alyssa@loevy.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, certify that a copy of the foregoing was filed electronically on April 18, 2025 by using the Court's CM/ECF System, and that notice of this filing was sent that same day to the other parties to this case by operation of the Court's CM/ECF System.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*