# LOEVY + LOEVY

311 N. Aberdeen Street
Chicago, Illinois 60607
(312) 243-5900
www.loevy.com

November 1, 2024

**VIA EMAIL**
Aaron Epstein
Dexter W. Dorsey
Alana V. Tanoury
Sarah N. Feldkamp
David J. Dirisamer

Assistant City Attorneys
CITY OF COLUMBUS
DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
dwdorsey@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov

**RE:** *Horton v. City of Columbus, et al.* — Discovery Letter Response

Dear Counsel:

Please let this letter serve as Plaintiff's response to Defendants' October 16, 2024 correspondence. For convenience, Plaintiff has included Defendants' language and inserted Plaintiff's response below each request.

**Plaintiff's General Objections**

You had previously indicated, including in our phone call on September 30, 2024, that Mr. Horton was not withholding any documents on the basis of the psychotherapist/patient privilege. However, in Mr. Horton's general objections asserted in response to the Discovery Requests, he has once again "reserve[d] his right to invoke the patient-therapist privilege […] to withhold Documents and/or object to subpoenas on those bases." Please confirm in writing that, as you previously stated, Mr. Horton has not to date withheld any documents on the basis of the psychotherapist/patient privilege. Please further confirm that Mr. Horton will not be withholding documents from any future production of documents based on such a privilege.

**Plaintiff's Response: Plaintiff confirms that he is not withholding any documents.**

**Plaintiff's Responses to the City's Interrogatories**

In response to Interrogatories Nos. 17 and 18, Mr. Horton "states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name" though he does not provide the phone number associated with that phone that he used to make and receive calls in October 2004. However, Mr. Horton does not indicate whether or not that was the only cell phone that he possessed or whether he possessed a landline phone at the time. Mr. Horton must supplement this response to affirmatively state whether or not he possessed another phone in October 2004, and if so, to provide information about the phone number and/or provider for such a phone.

**Plaintiff's Response: Plaintiff will supplement this response by November 6, 2024.**

In response to Interrogatory No. 19, seeking the identification of all medical care received by Mr. Horton "due to any physical or psychic injury experienced as a result of the events alleged in the Amended Complaint," you have interposed objections based on the "attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges." You offer no basis as to why the requested information would be subject to an attorney-client or work product privilege, and none is apparent. Nor have you provided any privilege log. Once again, please confirm in writing that, Mr. Horton has not withheld, and will not in the future withhold, any information in response to this interrogatory or any other Discovery Request based on any doctor-patient or patient-psychotherapist privilege. In addition, this interrogatory asked Mr. Horton to provide the dates of treatment for each provider, the name/specialty of each identified provider, the dates of treatment, and the condition for which care was provided. Mr. Horton's response simply listed providers without providing any of this information. Mr. Horton must supplement this response to provide the requested information. Most significant among this information are the dates of treatment, to ensure that any subpoenas issued to such providers (after Mr. Horton provides executed authorizations for the release of such records) captures the full period of Mr. Horton's treatment from each identified provider.

**Plaintiff's Response: Plaintiff states that he is not currently withholding any documents. Further, Plaintiff states that his response includes detailed descriptions of his injuries which required medical attention. Plaintiff provided the names, addresses, and phone numbers for each of those medical providers, and executed authorizations for release of his full medical records. As Mr. Horton was released in January 2022, and has given permission for his entire medical file to be produced, it is unclear how any subpoenas issued to those providers would not capture the full period of Plaintiff's treatment. Those records should also be sufficient to identify dates of treatment.**

Mr. Horton identified two "pre-existing conditions" from which he suffered as of December 15, 2004—a broken nose in 2002 and a broken ankle in 2000 in his response to Interrogatory No. 20. Mr. Horton did not indicate who treated him for the broken nose in 2002, but indicated that he believed the ankle surgery occurred at the Ohio State University Medical Center. Mr. Horton must supplement this response to indicate where he was treated for his broken nose in 2002 and must provide executed authorizations for both whatever provider/facility treated him for his broken nose and for the Ohio State University Medical Center.

**Plaintiff's Response: Plaintiff does not recall where he was treated for his broken nose in 2002, and thus he did not list a location in his interrogatory response. Plaintiff agrees to sign an authorization for Ohio State University Medical Center and will provide it with the other authorizations Defendants requested on October 31, 2024.**

In response to Interrogatory No. 21, seeking an identification of all conditions Mr. Horton claims to suffer from at present, along with the last date of treatment and the dates of any future treatment, Mr. Horton's response simply refers to his response to Interrogatory No. 19. But that response does not indicate the last date of treatment for any identified conditions, nor the dates of any future treatment for any identified conditions. Mr. Horton must supplement his response to provide this information.

**Plaintiff's Response: As noted above, Plaintiff provided a detailed response describing his injuries and listing the names, addresses, and phone numbers of his providers—along with signing an authorization—for a subpoena to be sent for his medical records. Plaintiff does not recall the exact date of his last treatment, but the records produced by the third parties pursuant to Defendants' subpoenas should be sufficient to establish those dates.**

In response to Interrogatory No. 22, Mr. Horton has identified certain employers for whom he has worked, but has failed to identify his rate of pay at any of those employers. Mr. Horton must supplement his response to provide this information.

**Plaintiff's Response: Plaintiff does not recall the rate of pay for certain employers. To the extent he recalls any, he will supplement this response. However, the subpoenas issued by Defendants should also capture this information.**

In response to Interrogatory No. 23, Mr. Horton asserts that he received a check in 2004 "with the money he made while incarcerated" in West Virginia, but does not identify any other source from which he has received more than $1,000 (or tangible items with such a value) in the identified periods. Mr. Horton must supplement this response to include any employers from whom he received more than $1,000 during such a period, and to affirmatively state that, other than the identified persons or entities, he has not received such a payment (or benefits) from any other person or entity.

**Plaintiff's Response: Plaintiff will supplement this response by November 6, 2024.**

You objected to Interrogatory No. 24 as "premature" because Mr. Horton had not yet had the opportunity to depose Brenda Walker. Now that Ms. Walker's deposition has occurred, Mr. Horton must supplement this response to identify any additional exculpatory documents and/or information that he contends were withheld from him and/or his attorneys prior to or during his 2006 criminal trial.

**Plaintiff's Response: Plaintiff stands on his objections—particularly that this interrogatory is a contention interrogatory and thus more appropriate near the close of fact discovery. Document production is still occurring, and there are many depositions still to take in the case. Defendants have also not supplemented any of their responses to such contention**

interrogatories. Therefore, Plaintiff proposes that the parties reach a mutually-agreeable date to supplement all interrogatory responses. Plaintiff additionally incorporates the testimony of Ms. Walker at her deposition.

In response to Interrogatory No. 25, Mr. Horton indicated that the car he purchased from Mr. McClanahan's niece "was impounded several months after he bought it." Mr. Horton must supplement this response to identify when that occurred and what person or entity impounded the vehicle.

**Plaintiff's Response: Plaintiff will supplement this response by November 6, 2024 with whatever information he can gather.**

### Plaintiff's Responses to the City's Requests for Production

Request for Production No. 43 sought only "documents reflecting any of the information required to be disclosed under Fed. R. Civ. P. 26(b)(4)(C)." You objected to the "extent that it calls for information protected from disclosure under Rule 26" or to the extent it called for information subject to an attorney-client or work product privilege. You also claimed that the request was "premature" and you would disclose such information "on the schedule set by the Court." However, you identify no authority that would support your assertion that information specifically required to be disclosed by Rule 26 is protected by Rule 26 or some other privilege or that the Court's scheduling order does not permit discovery of any such information now. You must either provide case law or other authority that you contend supports this objection sufficient to allow Defendants to evaluate it, or must withdraw the objection, have Mr. Horton revise his response to indicate that he will produce such documents, and actually produce them.

**Plaintiff's Response: Plaintiff stands on his objections to this request. Expert discovery has not yet begun. Subpoenas are still being issued, and document production is ongoing. Defendants have requested an additional six months of fact discovery. As such, this request is premature. The Court has set a deadline for expert disclosures, and Plaintiff is not aware of any authority that mandates he follow Defendants' timeline rather than the Court's. Plaintiff will produce any such responsive documents pursuant to Fed. R. Civ. P. 26(b)(4)(C) on the Court's timeline.**

Request for Production No. 51 sought copies of Mr. Horton's W-2s for the years 2000-2004 and 2022-2023. Mr. Horton responded that he "will produce any and all pay stubs within his possession, custody, or control sufficient to show his pay" during those periods. Mr. Horton should produce his pay stubs as responsive to various Requests for Production but that is not a substitute for his W-2s, as additional relevant information may be included on his W-2s that would not be included on pay stubs. Mr. Horton must supplement this response to confirm that he will produce copies of W-2s for the requested years.

**Plaintiff's Response: Plaintiff stands on his objections to the demand for production of his W-2 forms for the years 2000-2004 and 2022-2023 as unnecessary, duplicative, and overly**

**burdensome. Plaintiff has already agreed to provide all pay stubs within his possession, custody, or control for those periods, which are sufficient to satisfy the request's intent to determine his earnings. The pay stubs provide detailed records of income, deductions, and other relevant compensation information. Furthermore, requiring Mr. Horton to produce additional documents, particularly from 20 years ago, imposes an undue burden, especially given that he has already offered sufficient responsive information. If Defendants can demonstrate specific reasons why the W-2s would contain uniquely relevant information that is not available on the pay stubs or provided by the records produced pursuant to the subpoenas to Plaintiff's employers, Plaintiff may reconsider.**

Request for Production No. 52 sought Mr. Horton's bank account records subsequent to his release from prison. You objected on the basis that the request was "overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant and infringing upon Plaintiff's privacy interest." It appears based on your objection that you are objecting to any production of any of Mr. Horton's bank account information in this limited (less than 3 year) period. If that is incorrect, and the objection is only to the period of time for which such records are requested, please so state affirmatively and we will consider whether to narrow the time period of the request. This information is relevant to Mr. Horton's purported damages, which purportedly include lost wages, by reflecting all sources of Mr. Horton's income upon his release from prison, as well as any amounts he received after his imprisonment as a direct result of his imprisonment (i.e., the money he claims to have received from a work release program during his imprisonment in West Virginia after his release from prison in West Virginia). Mr. Horton must supplement his response to confirm that he will produce such documents and make a corresponding production of documents.

**Plaintiff's Response: Plaintiff maintains his objections to the request for bank account records following his release from prison on the grounds that it is overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and infringes upon his privacy interests. The request as currently framed lacks specificity in its scope, seeking a broad range of financial records that could include highly personal and private information unrelated to the subject matter of the case. Contrary to Defendants' assertion, Plaintiff's objection is not to the production of any bank information; rather, it is to the sweeping and intrusive nature of the request in its current form. If opposing counsel seeks specific records directly tied to the alleged damages—such as documentation specifically identifying income received from work release or earnings claimed as lost wages—Mr. Horton would be willing to consider a narrowly tailored request limited to only those records directly relevant to the damages claims. However, bank records reflecting Plaintiff's financial status back at the time of the robbery, the only time for which his bank records are relevant to the facts of this case, have already been produced, and Defendants' subpoena to that bank has already received a response. Plaintiff has also produced all of the pay stubs in his possession, custody, or control, and Defendants have subpoenaed all of his employers for the last 25 years which would be sufficient evidence of lost wages. Absent a more precise and narrowly tailored request that addresses only directly relevant financial transactions and earnings, Mr. Horton cannot comply with the current overly broad request without compromising his privacy rights unnecessarily.**

In response to Request for Production No. 55, seeking the production of fee agreements between Mr. Horton and his counsel and other documents reflecting his obligation to pay attorney fees, you objected that such information is "protected from disclosure by the attorney-client privilege or work-product doctrine." You provide no support for this objection, nor any privilege log that would support it. The Southern District of Ohio has specifically held that "absent more than a blanket assertion of privilege […] privilege does not attach to the [plaintiffs'] fee agreement with counsel." Robinson v. Wells Fargo Bank, N.A., No. 3:17-cv-261, 2018 U.S. Dist. LEXIS 37311 (S.D. Ohio Mar. 7, 2018). Given that, you must withdraw this objection, and Mr. Horton must supplement his response to confirm that he will produce, at a minimum, his attorney fee agreements. Furthermore, Mr. Horton must produce such documents.

**Plaintiff's Response: Plaintiff objects to producing any fee agreement with his civil attorneys, and does not believe based on prior practice and experience that he has any obligation even to log it. To the extent Defendants believe those agreements would be discoverable, they should inform Plaintiff's counsel of the basis. As for any fee agreements with prior counsel during the criminal proceedings, Plaintiff has produced all of the documents within his possession, custody, or control.**

In response to Requests for Production Nos. 57-59, Mr. Horton responds that he "expressly incorporates his objections and response to Defendant City's First Set of Requests for Production, No. 2." Those objections are inapplicable and/or insufficient as stated in my September 9, 2024 letter. Therefore, Mr. Horton must confirm that no documents are being withheld based on these objections and that all responsive documents have been produced, or provide a privileged log for any withheld documents along with complete responses and a complete production of documents. In addition, in that response Mr. Horton indicated that he was producing responsive documents as part of a production of documents in May 2024, but also that he reserved the right to supplement the response. Mr. Horton has neither supplemented that response nor provided any further production of documents, and the documents produced to date by Mr. Horton do not include the requested materials—all documents supporting Mr. Horton's claimed damages (Request for Production No. 57), audio or video recordings gathered by or on behalf of the Ohio Innocence Project (Request for Production No. 58), all video or audio recordings reflecting statements by anyone disclosed as a person with knowledge (Request for Production No. 59). Mr. Horton must supplement his response to actually respond to these Requests, indicate whether he will or will not be producing such documents, and supplement his production of documents accordingly.

**Plaintiff's Response: Plaintiff confirms that he is not withholding any documents. Plaintiff also states that he has produced additional responsive documents on October 17, 2024 and October 31, 2024, and that he has no further responsive documents in his possession, custody, or control.**

Please let us know if there are any requests that you would like to discuss.

Thank you.

November 1, 2024                                                                 Page **7** of **7**

Sincerely,

*/s/ Alyssa Martinez*


Cc: all counsel of record