Case: 2:23-cv-03888-ALM-EPD Doc #: 71-5 Filed: 04/18/25 Page: 1 of 3 PAGEID #: 2515

# LOEVY + LOEVY

**Alyssa Martinez <alyssa@loevy.com>**

---

## RE: [EXTERNAL] Horton v. City of Columbus - Service of Subpoena

---

**Epstein, Aaron D.** <ADEpstein@columbus.gov>                     Wed, Nov 13, 2024 at 1:55 PM
To: Alyssa Martinez <alyssa@loevy.com>
Cc: "Dirisamer, David J." <DJDirisamer@columbus.gov>, "Tanoury, Alana V." <AVTanoury@columbus.gov>, "Dorsey, Dexter W." <DWDorsey@columbus.gov>, "Feldkamp, Sarah N." <SNFeldkamp@columbus.gov>, Jon Loevy <jon@loevy.com>, Michele Berry-Godsey <mberrylaw2007@gmail.com>, Melinda Ek <melinda@loevy.com>, Christine Tran <tran@loevy.com>

Alyssa,


Thank you for providing those citations.  We will review them as quickly as possible and get back with you.  I do not believe Huntington will respond to the subpoena in the near future, but in case it does, we promise that we will not open or review the materials until this issue is resolved.


I do have a question for you.  You have objected to the scope of the subpoena, and indicated that you might not oppose a more limited subpoena.  Have I understood your position correctly?  And if so, in what manner do you think the subpoena should be limited?  Let me know if there is some limitation or carve-out that the parties can agree to that would resolve this issue.


Thanks,


Aaron




**From:** Alyssa Martinez <alyssa@loevy.com>
**Sent:** Tuesday, November 12, 2024 7:00 AM
**To:** Epstein, Aaron D. <ADEpstein@columbus.gov>
**Cc:** Dirisamer, David J. <DJDirisamer@columbus.gov>; Tanoury, Alana V. <AVTanoury@columbus.gov>; Dorsey, Dexter W. <DWDorsey@columbus.gov>; Feldkamp, Sarah N. <SNFeldkamp@columbus.gov>; Jon Loevy <jon@loevy.com>; Michele Berry-Godsey <mberrylaw2007@gmail.com>; Melinda Ek <melinda@loevy.com>; Christine Tran <tran@loevy.com>
**Subject:** Re: [EXTERNAL] Horton v. City of Columbus - Service of Subpoena


Dear Counsel:


Thank you again for your time on Friday.


As the parties discussed, Plaintiff sends along some case law on the issues discussed for your consideration:


Plaintiff relies on case law from the 6th Circuit concerning relevance under Fed. R. Civ. P. 26(b)(1), motions to quash

under Rule 45(d)(3), and/or motions for protective orders under Rule 26(b)(2) and 26(c). While irrelevance and overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts in this district have held that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *TCYK, LLC v. Does 1-47*, No. 2:13-CV-539, 2013 WL 4805022, at *4 (S.D. Ohio Sept. 9, 2013) (quoting *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)).

As Plaintiff stated on the call, he stands on his objections to this subpoena insofar as it is overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and infringes upon his privacy interests—particularly when the relevant component (Plaintiff's wages since being released) are discoverable through the subpoenas issued to all of his employers since 2004. *See, e.g., Omokehinde v. Detroit Bd. of Educ.*, 251 F.R.D. 261, 267 (E.D. Mich. 2007) (denying defendants' motion to compel and issuing a protective order over plaintiff's bank records because tax returns and earnings statements were sufficient to establish damages from lost income whereas bank records were "much less relevan[t]" and "would likely contain a great deal of personal information (such as expenditures) that has no relevance whatsoever to this case."); *Anderson v. Old National Bancorp*, No. 5:02-CV-00324-R, 2010 WL 5463397 at *2 (W.D. Ky. Dec. 29, 2010) (holding that the court must balance competing factors such as: (1) relevance, (2) need, (3) confidentiality, and (4) harm when deciding whether or not to grant a protective order); *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting 8A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2036 (3d ed. 2012) (in determining whether to grant a protective order and thus protect a party from annoyance, embarrassment, oppression, or undue burden or expense, "even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it."); *Popeck v. Rawlings Co. LLC*, No. 3:16-CV-138-GNS, 2017 WL 11725427, at *6 (W.D. Ky. Apr. 6, 2017) (granting motion for protective order over financial records because subpoena was, among other things, temporally overbroad, prejudicial to plaintiff, and not proportionate to needs of case considering "minimal relevance" to central issues in case.); *Moore v. WesBanco Bank, Inc.*, 612 F. App'x 816, 822 (6th Cir. 2015) (holding that while there is no fundamental right to privacy in one's financial records, plaintiff may still have a right to privacy in his financial information); *compare State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 707 (E.D. Mich. 2017), *aff'd*, No. 14-CV-11700, 2017 WL 3116261 (E.D. Mich. July 21, 2017) (denying motion for protective order, in part, because the parties do not otherwise have access to the relevant banking information).

Please let us know Defendants' position as soon as possible so we may timely raise the issue with the Court if need be. Plaintiff is more than willing to continue conferring if Defendants are amenable to narrowing their subpoena or discussing further. I will be out of the office for most of Tuesday but am available to confer Wednesday afternoon or Thursday/Friday after the depositions scheduled in this case. Please also continue to instruct Huntington Bancshares to not produce responsive records until this is resolved.

Thank you,
Alyssa

_____

**Alyssa Martinez** (she/her)

Office: (312) 243-5900
311 N Aberdeen St, Chicago, IL 60607
**www.loevy.com**

On Thu, Nov 7, 2024 at 3:53 PM Alyssa Martinez <alyssa@loevy.com> wrote:

> Dear Counsel:
>
> Thanks for the quick response. Plaintiff is available to confer at 2pm Eastern Time tomorrow. Please use this call-in information:
>
> (US) +1 515-518-4903
>
> PIN: 569 397 763#
>
> [Quoted text hidden]

> [Quoted text hidden]