THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | |
|---|---|
| Richard Horton,<br><br>   Plaintiff,<br><br> v.<br><br>City of Columbus, et al.,<br><br>   Defendants. | Case No. 2:23-cv-3888<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT CITY OF COLUMBUS'S SECOND SET OF DISCOVERY REQUESTS**

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, supplements certain responses to Defendant City of Columbus's Second Set of Discovery Requests.

**GENERAL OBJECTIONS**

Plaintiff expressly incorporates his general objections from Plaintiff's Responses to Defendant City of Columbus's Second Set of Discovery Requests.

**INTERROGATORIES**

**Interrogatory 17:** Identify all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004."

Page 1

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name. Plaintiff does not recall possessing any other cell phone. Plaintiff believes that the house he lived in at the time had a landline, but he does not currently recall the phone number of the landline.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 18:** Identify all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004."

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name. Plaintiff does not recall possessing any other cell phone. Plaintiff believes that the house he lived in at the time had a landline, but he does not currently recall the phone number of the landline.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 22:** Identify all employers for whom you have worked on or after September 30, 2000, including while imprisoned, whether as an employee or as an independent contractor, along with the dates you worked for each employer, your job title, and rate of pay.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case as it requests any and all employers from a 24-year period. Plaintiff further objects as information relevant to this inquiry is principally in the possession, custody, or control of third parties—namely the Ohio Department of Rehabilitation and Correction.

Subject to and without waiving any objection, Plaintiff states that he worked with Urban Roofing from 1998-2000 and believes his rate of pay was approximately $20 per hour. While incarcerated in West Virginia, Plaintiff recalls working in the kitchen, as a telemarketer as part of a work release program, and as a porter. In 2004, Plaintiff worked at Popeye's on Livingston Avenue in Columbus, Ohio, and he does not currently recall his rate of pay. In 2005, Plaintiff began work at K&K Builders, a small construction company located at 2678 Hoover Crossing Way, Grove City, OH 43123, as a laborer and believes his rate of pay was approximately $20 per hour. While at ODRC, Plaintiff worked a number of positions during his wrongful incarceration, including as a porter, maintenance, painter, and in the laundry room. Plaintiff further directs Defendants to documents already produced in this case which detail his work history while incarcerated in ODRC. Upon being released, Plaintiff began work at United Alloys & Metals, Inc. in 2022 as a laborer sorting metal and believes his pay was approximately $17 per hour. Plaintiff then moved to his current place of employment in December 2022: Debra-Kuempel. Plaintiff currently works there as a driver and is a member of the local 423 labor union. His current pay rate is $31.79 per hour. Lastly, Plaintiff works as a medical courier in his spare time.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 23:** Identify all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, disproportionate to the needs of this case, and vague in that it requests "all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present." Subject to and without waiving any objection, Plaintiff recalls receiving a check with the money he made while incarcerated in 2004 following his release. Plaintiff also recalls making more than $1,000 from his places of employment during the identified time periods. Answering further, Plaintiff recalls receiving a $5,000 check within the last two years from the University of Illinois for assisting with the creation of a curriculum centered on wrongful convictions. Lastly, Plaintiff recalls receiving overtime checks from his union at the end of 2023 which may have totaled more than $1,000.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 25:** Identify to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks information about the sale or transfer of a car without establishing the relevance of this information to any claims or defenses in this case.

Page 4

Plaintiff additionally objects to this Interrogatory as vague. Subject to and without waiving any objection, Plaintiff states that the car he purchased was impounded several months after he bought it by Columbus police. Plaintiff does not recall exactly when this occurred, and he did not see the car again after it was impounded. Plaintiff believes the seller was McClanahan's niece, but has no way to confirm that with any accuracy or confidence.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

Respectfully submitted,

**RICHARD HORTON**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Jon Loevy |
| THE LAW OFFICE OF | Alyssa Martinez |
| MICHELE BERRY, LLC | LOEVY & LOEVY |
| 114 East 8th Street | 311 N. Aberdeen, 3rd FL |
| Cincinnati, OH 45202 | Chicago, IL 60607 |
| Tel: 513.919.5315 | (312) 243-5900 |
| Fax: 513.376.8752 | alyssa@loevy.com |
| mberry@mberrylaw.com | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that on November 7, 2024 I served a copy of the foregoing upon counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*