THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,

| | |
|---|---|
| Richard Horton,<br><br>        Plaintiff,<br><br>  v.<br><br>City of Columbus, et al.,<br><br>        Defendants. | Case No. 2:23-cv-3888<br><br>Chief Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

**PLAINTIFF'S RESPONSES TO DEFENDANT CITY OF COLUMBUS'S SECOND SET OF DISCOVERY REQUESTS**

    Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, responds as follows to Defendant City of Columbus's Second Set of Discovery Requests.

**GENERAL OBJECTIONS**

    Plaintiff objects to these Interrogatories to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Interrogatories are not limited temporally to information relevant to this lawsuit.

    Plaintiff objects to these Interrogatories to the extent they seek information or Documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, psychotherapist-patient privilege, or other common law or statutory privileges. Plaintiff reasonably interprets the instructions and Interrogatories to not seek information or Documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A). In responding to

these Interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege.

Plaintiff objects to the instructions and definitions provided by Defendants to the extent they depart from the requirements of the Federal Rules of Civil Procedure, do not accurately reflect the law or rules governing this case, and/or purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff objects on burdensomeness grounds to, among others, Defendants' instructions and definitions regarding identification of people, entities, and documents. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff construes Defendants' instructions to request information and Documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek documents or information that are already in the possession, custody or control of Defendants, or that are obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendants.

Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff is producing all non-privileged Documents in his possession, custody, or control that are relevant to his claims. Plaintiff objects to producing Documents protected by the attorney-client privilege, the work-product doctrine, or other common law or statutory privileges.

In addition, Plaintiff reserves his right to invoke the patient-therapist privilege and other common law and statutory mental health privileges to withhold Documents and/or object to subpoenas on those bases. Plaintiff further objects to each of Defendants' requests to the extent that they mischaracterize allegations in Plaintiff's Amended Complaint, which speaks for itself. Moreover, Plaintiff objects to each request for production below to the extent that it uses vague and ambiguous terms that are undefined and to the extent that the request is not limited temporally to the time frame relevant to this lawsuit. Plaintiff objects to the extent that the requests call for Documents that are irrelevant to this lawsuit or that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to each request for production that references Defendants' instructions to the extent those instructions depart from the requirements of the Federal Rules of Civil Procedure on the ground that Defendants' instructions impose an undue burden on Plaintiff.

Plaintiff reserves the right to amend or supplement any response or objection contained in any discovery request.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

## REQUESTS FOR ADMISSION

12. Admit that the name of Richard McClanahan's niece from whom you purchased a car was Tracy McClanahan.

    **Answer:** Plaintiff does not recall the name of the person from whom he purchased a car more than 20 years ago and thus must deny.

13. Admit that the image attached hereto as Exhibit 1 is a true and accurate depiction of the home located at 780 Reynolds Avenue, Columbus, OH 43201 as of August 2007.

**Answer:** Plaintiff was incarcerated in August 2007, so he can neither admit nor deny if Exhibit 1 is an accurate depiction of the home located at 780 Reynolds Avenue, Columbus, OH 43201 as of August 2007.

14. Admit that you lived at 780 Reynolds Avenue, Columbus, OH 43201 as of October 9, 2004.

**Answer:** Plaintiff resided at 893 Camden Avenue, Columbus, Ohio as of October 9, 2004 and while he would sometimes stay with friends at 780 Reynolds Avenue, Columbus, Ohio 43201, it was not his permanent address.

## **INTERROGATORIES**

**Interrogatory 17:** Identify all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you made any phone calls or sent or received any text messages from October 1, 2004 to October 31, 2004."

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 18:** Identify all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004 as well as the carrier or provider (i.e. AT&T, Verizon, T-Mobile) for such phone number and the name of the subscriber for such phone number.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case in that it asks him to identify "all phone numbers from which you received a phone call or a text message from Janette Harmon from October 1, 2004 to October 31, 2004."

Subject to and without waving any objection, Plaintiff cannot recall every single phone number from which he made or received any correspondence over a 31-day period over 20 years ago. However, Plaintiff states that he possessed a cell phone at the time, and the phone plan was in Janette Harmon's name.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 19:** Identify all medical care you were provided due to any physical or psychic injury experienced as a result of the events alleged in the Amended Complaint by providing:

    a) The name, address, telephone number, and email address of the person who provided the medical care;

    b) The facility where the care was provided by name, association, and address;

    c) The specialty of the treating person;

    d) The date or dates of treatment; and,

    e) The physical, mental, or emotional condition for which the medical care was provided.

**Answer:** Plaintiff objects to this Interrogatory on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this

Page 5

Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories. Further, Plaintiff objects because information relevant to this inquiry is principally in the possession, custody, or control of third parties—namely the Ohio Department of Rehabilitation and Correction. Plaintiff further objects to the extent that this Interrogatory seeks documents properly requested in a Rule 34 request for production rather than as a Rule 33 interrogatory. Plaintiff also cannot presently quantify the extent of or provide a calculation of the total losses relating to all of his injuries in this case. Plaintiff intends to ask the jury to calculate his total losses and may do so with the assistance of expert witnesses.

Subject to and without waiving the foregoing objections, Plaintiff states that he has explained in detail injuries and damages caused by Defendants' misconduct in Plaintiff's Amended Complaint, which he incorporates into this Interrogatory answer as if restated herein. During the nearly two decades of wrongful imprisonment to which Defendants subjected Plaintiff, Plaintiff was deprived of the opportunity to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being. In addition, he was unable to be present to raise his children, who grew up while he was wrongfully incarcerated, and to be there during the numerous surgeries his young son had to undergo for his health issues. During his wrongful incarceration, Plaintiff was forced to endure imprisonment in harsh, dangerous, and

isolating conditions. The deprivation of his liberty was made worse by the knowledge that he was innocent.

While incarcerated, Plaintiff also suffered several major injuries which required treatment. First, Plaintiff experienced a number of colds and bouts of the flu where he had a severe cough that lasted several months and put continuous pressure on his lungs, sinus pressure and congestion, and fatigue to the point of fainting. Plaintiff requested medical attention for these symptoms and was frequently denied. Plaintiff also caught COVID while incarcerated, and the culmination of lung issues and fatigue caused a drain on Plaintiff's mental health as well as physical health. Second, Plaintiff suffered several injuries from working and physical altercations while in prison that caused him joint and nerve damage that he continues to receive treatment for to this day. Plaintiff was not able to have many of these issues treated while incarcerated, and his condition thus deteriorated. Plaintiff now receives treatment at JIS Orthopedics (located at 7277 Smith's Mill Rd #200, New Albany, OH 43054; phone number (614) 221-6331), JIS Physical Therapy (located at 7277 Smith's Mill Rd #100, New Albany, OH 43054; phone number (614) 304-2123), and Inner Health Chiropractic (located at 1579 E Dublin Granville Rd; phone number (614) 888-8940). Third, Plaintiff experienced serious mental health struggles and feelings of hopelessness for being incarcerated as an innocent man. He attempted to receive mental health services several times while incarcerated but was told that if it was not life or death, he would not be able to receive services. Plaintiff's hopelessness thus grew, and he was not able to receive any support for his deteriorating mental health. Lastly, Plaintiff experienced several health problems while incarcerated that resulted in a diagnosis for high blood pressure in 2021 that he then received medication for.

As a result of his wrongful imprisonment, Plaintiff has also had, and continues to have, anxiety and depression and other medical consequences. Plaintiff is now receiving treatment for high blood pressure, numbness and other nerve issues in his right hand, sciatic nerve damage, and arthritis in his right hip stemming from his incarceration. To date, Plaintiff has not received any treatment for the psychological, emotional, and mental injuries resulting from Defendants' conduct.

Plaintiff further states that the stress and trauma of his wrongful imprisonment has had, and will continue to have, emotional and physical manifestations well into the future. Plaintiff's primary care physician is Dr. Michael Gallagher from Northwest Internal Medicine based out of Central Ohio Primary Care. His office is located at 4825 Knightsbridge Blvd., Columbus, OH 43214, and his phone number is (614) 451-9612.

Plaintiff cannot identify in one written response every incident or aspect of the damages and harm he suffered as a result of his nearly two decades of wrongful imprisonment, as the full extent of such damages is indescribable. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 20:** Identify any of your pre-existing conditions from which you suffered on or before December 15, 2004 by providing:

    a) The name of the pre-existing condition (such as depression, generalized anxiety disorder, post-traumatic stress disorder, etc...);

    b) The suspected causes of the pre-existing condition (by incident/course of conduct description and date range);

    c) The person(s) who treated you for the pre-existing condition;

    d) The date or dates of treatment;

      e) The medical care that was provided; and,

      f) Any claim for benefits, or benefits received, for any such condition, including, but not limited to, disability benefits or workers' compensation benefits.

**Answer:** Plaintiff objects to this Interrogatory on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges. Plaintiff further objects that this Interrogatory is compound and includes multiple questions and subparts that are properly set forth in multiple interrogatories.

Subject to and without waving any objection, Plaintiff states that he recalls having a broken nose in 2002 and a broken ankle in 2000 which required surgery. Plaintiff believes that the surgery occurred at Ohio State University Medical Center.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 21:** Identify all physical, mental, emotional, or psychological conditions which you claim to suffer at present. For each, identify the last date for which you received treatment for such condition, the person or entity who provided such treatment, as well as the date(s) of any scheduled future treatment, and the person(s) or entity/entities who will provide such treatment.

**Answer:** Plaintiff hereby expressly incorporates his objections and response to Defendant City's Interrogatory No. 19, above.

**Interrogatory 22:** Identify all employers for whom you have worked on or after September 30, 2000, including while imprisoned, whether as an employee or as an

Page 9

>independent contractor, along with the dates you worked for each employer, your job title, and rate of pay.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the case as it requests any and all employers from a 24-year period. Plaintiff further objects as information relevant to this inquiry is principally in the possession, custody, or control of third parties—namely the Ohio Department of Rehabilitation and Correction.

Subject to and without waiving any objection, Plaintiff states that he worked with Urban Roofing from 1998-2000. While incarcerated in West Virginia, Plaintiff recalls working in the kitchen, as a telemarketer as part of a work release program, and as a porter. In 2004, Plaintiff worked at Popeye's on Livingston Avenue in Columbus, Ohio. In 2005, Plaintiff began work at K&K Builders, a small construction company located at 2678 Hoover Crossing Way, Grove City, OH 43123, as a laborer. While at ODRC, Plaintiff worked a number of positions during his wrongful incarceration, including as a porter, maintenance, painter, and in the laundry room. Plaintiff further directs Defendants to documents already produced in this case which detail his work history while incarcerated in ODRC. Upon being released, Plaintiff began work at United Alloys & Metals, Inc. in 2022 as a laborer sorting metals. Plaintiff then moved to his current place of employment in December 2022: Debra-Kuempel. Plaintiff currently works there as a driver and is a member of the local 423 labor union.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 23:** Identify all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any

purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, disproportionate to the needs of this case, and vague in that it requests "all sources, including any person or entity, from which you received more than $1,000 total, or any tangible items with such a total value, for any purpose, from September 30, 2000 to December 15, 2004 or from January 1, 2022 to present." Subject to and without waiving any objection, Plaintiff states that he recalls receiving a check with the money he made while incarcerated in 2004 following his release.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 24:** Identify all documents and/or information that you contend was exculpatory and that you claim was not provided to you or to your attorneys prior to or during your 2006 criminal trial for the robbery.

**Answer:** Plaintiff objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome, including to the extent it is asking for every piece of information that was exculpatory and not provided to Plaintiff or his attorneys prior to or during his 2006 criminal trial. Furthermore, this Interrogatory is premature as it is being propounded before Plaintiff has had the opportunity to depose Defendant Walker and many of the relevant witnesses. Responding to contention interrogatories such as this is more appropriate when discovery is closer to completion. Plaintiff further objects to this Interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. Finally, Plaintiff objects to the extent that this Interrogatory calls for information protected by the attorney-client, work-product, or other common-law and statutory privileges.

Subject to and without waiving any objection, Plaintiff states that he has prepared an extensive Amended Complaint that alleges in detail how each of the Defendants—including Defendants Walker and Sias—acted individually and in conspiracy with one another to withhold exculpatory evidence from Plaintiff, his defense counsel, and the Franklin County Prosecutor's Office. *See generally* Amended Complaint, Dkt. 17. Plaintiff further incorporates the testimony elicited at the depositions in this case, including, for example, the testimony of Rhonda Curry about various pieces of information she told the police that were never conveyed to him during the criminal proceedings, *e.g.*, the one photo show-up procedure that predated the purported lineup identification.

**Interrogatory 25:** Identify to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

**Answer:** Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, as it seeks information about the sale or transfer of a car without establishing the relevance of this information to any claims or defenses in this case. Plaintiff additionally objects to this Interrogatory as vague. Subject to and without waiving any objection, Plaintiff states that the car he purchased was impounded several months after he bought it, and he did not see it again. Plaintiff believes the seller was McClanahan's niece, but has no way to confirm that with any accuracy or confidence.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

## REQUESTS FOR PRODUCTION

**Production Request 43:** Produce all documents reflecting any of the information required to be disclosed under Fed. R. Civ. P. 26(b)(4)(C).

Page 12

**Response:** Plaintiff objects to this Request to the extent that it calls for information protected from disclosure under Rule 26, and to the extent it calls for information protected by the attorney-client, work-product, or other statutory and common law privileges or protections. Plaintiff objects further because the Request is premature. Plaintiff will disclose expert witnesses and documents pursuant to Fed. R. Civ. P. 26(b)(4)(C) as required by the Rules and on the schedule set by the Court.

**Production Request 44:** Produce all documents related to the whereabouts of Richard or Riccardo Diggs as of October 1, 2004-October 31, 2004.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case as it spans a 31-day period, and vague and ambiguous as it requests "documents related to the whereabouts of Richard or Riccardo Diggs as of October 1, 2004-October 31, 2004." Plaintiff additionally objects to this Request as seeking information equally, or more, accessible to Defendants. Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 45:** Produce all documents reflecting the criminal history of Richard or Riccardo Diggs, including but not limited to records reflecting any arrests and/or convictions.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents reflecting the criminal history of Richard or Riccardo Diggs." Plaintiff additionally objects to this Request as seeking information more accessible to Defendants. Subject to the foregoing,

Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 46:** Produce all documents or recordings related to or reflecting any communications between Richard or Riccardo Diggs and any other person at any time.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Richard or Riccardo Diggs and any other person at any time." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 47:** Produce all documents or recordings related to or reflecting any communications between Rhonda Curry and yourself or between Rhonda Curry and any other person regarding the incident.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Rhonda Curry and yourself or between Rhonda Curry and any other person regarding the incident." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 48:** Produce all documents or recordings related to or reflecting any communications between Richard McClanahan and yourself or between Richard McClanahan and any other person regarding the incident.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportionate to the needs of the case, and vague and ambiguous as it requests "all documents or recordings related to or reflecting any communications between Richard McClanahan and yourself or between Richard McClanahan and any other person regarding the incident." Subject to the foregoing, Plaintiff does not have any responsive documents in his possession, custody, or control and directs Defendants to documents already produced in this action.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 49:** Produce all documents reflecting treatment you received for any pre-existing condition as of December 15, 2004 at any time on or prior to December 15, 2004.

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Request calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges.

Subject to and without waiving any objection, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 50:** Produce all documents reflecting scheduled appointments and/or treatment for any physical, emotional, psychological, or medical condition that you claim is caused by or exacerbated by your imprisonment from 2005-2022.

Page 15

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, and disproportionate to the needs of the case. Plaintiff objects to the extent that this Request calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the attorney-client privilege or work-product doctrine, or doctor-patient and patient-psychotherapist privileges.

Subject to and without waiving any objection, Plaintiff states that he will produce any and all responsive documents within his possession, custody, or control subject to the confidentiality order entered in this case.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 51:** Produce copies of your W-2s for the years 2000-2004 and the years 2022-2023.

**Response:** Plaintiff objects to this Request on the ground that it is unduly burdensome, overly broad, disproportionate to the needs of the case, and infringes upon his privacy interest.

Subject to and without waiving any objection, Plaintiff states that he will produce any and all pay stubs within his possession, custody, or control sufficient to show his pay during the requested time periods.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 52:** Produce your bank account records from January 1, 2022 to present.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, irrelevant, and infringing upon Plaintiff's privacy interest.

**Production Request 53:** Produce all documents reflecting any and all payments, benefits, or remunerations received from any source as a result of: your imprisonment from 2005-2022; any physical or psychological condition that you claim was caused by or exacerbated by your imprisonment from 2005-2022; or from any source on or after January 1, 2022.

**Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, disproportionate to the needs of the case, seeks irrelevant information, and is vague as it asks for "all documents reflecting any and all payments, benefits, or remunerations received from any source as a result of: your imprisonment from 2005-2022; any physical or psychological condition that you claim was caused by or exacerbated by your imprisonment from 2005-2022; or from any source on or after January 1, 2022."

Subject to and without waiving any objection, Plaintiff states that he will produce any and all responsive documents within his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 54:** Produce all documents reflecting to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car.

**Response:** Plaintiff objects to this Request as vague in that it asks him to "produce all documents reflecting to whom you sold (or gave away) the car you purchased from Richard McClanahan's niece, when you sold (or gave away) that car, and the consideration you received (if any) in exchange for the car." Plaintiff further objects that this request is disproportionate to the needs of the case and not likely to lead to relevant information.

Subject to and without waving the foregoing, Plaintiff does not possess any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

Page 17

**Production Request 55:** Produce all documents reflecting your obligation to pay attorney fees to any person or entity as a result of the claims asserted in the Amended Complaint, including but not limited to your fee agreement(s) with Loevy & Loevy and/or The Law Office of Michele L. Berry, LLC.

 **Response:** Plaintiff objects to this Request as overly broad and unduly burdensome as it asks Plaintiff to produce "all documents reflecting your obligation to pay attorney fees to any person or entity as a result of the claims asserted in the Amended Complaint." Plaintiff further objects to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege or work-product doctrine.

**Production Request 56:** Produce all documents reflecting any contract or other agreement between you and the Ohio Innocence Project for services to be provided by the Ohio Innocence Project to you or for services to be provided by you to the Ohio Innocence Project.

 **Response:** Plaintiff objects to this Request as overly broad and unduly burdensome as it asks Plaintiff to produce "all documents reflecting any contract or other agreement between you and the Ohio Innocence Project for services to be provided by the Ohio Innocence Project to you or for services to be provided by you to the Ohio Innocence Project." Plaintiff further objects to this Request insofar as it seeks information protected from disclosure by the attorney-client privilege or work-product doctrine.

 Subject to and without waiving any objection, Plaintiff states that he does not have any responsive documents within his possession, custody, or control.

 Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Production Request 57:** Produce all documents that you contend support your claimed damages as stated in your response to Interrogatory No. 9 and/or stated in your initial disclosures.

 **Response:** Plaintiff expressly incorporates his objections and response to Defendant City's First Set of Requests for Production, No. 2.

**Production Request 58:** Produce all video or audio recordings of, or documents reflecting any statements by, individuals with purported knowledge of the robbery gathered by, or on behalf of, the Ohio Innocence Project.

    **Response:** Plaintiff expressly incorporates his objections and response to Defendants' First Set of Requests for Production No. 2.

**Production Request 59:** Produce all video or audio recordings of, or documents reflecting any statements by, any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

    **Response:** Plaintiff expressly incorporates his objections and response to Defendants' First Set of Requests for Production No. 2.

**Production Response 60:** Produce all video or audio recordings of, or documents reflecting any, communications between Cindy Chekingo and any individual disclosed in either Plaintiff's or Defendants' initial disclosures as a person with knowledge.

    **Response:** Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and vague and ambiguous in that it does not specify individuals or time frame. Plaintiff additionally objects insofar as this Request seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine. Subject to and without waving the foregoing, Plaintiff does not possess any responsive documents within his possession, custody, or control.

    Respectfully submitted,

    **RICHARD HORTON**

    By: /s/ Alyssa Martinez
    *One of Plaintiff's Attorneys*

| | |
|---|---|
| Michele L. Berry (0018939) | Jon Loevy |
| THE LAW OFFICE OF | Alyssa Martinez |
| MICHELE BERRY, LLC | LOEVY & LOEVY |
| 114 East 8th Street | 311 N. Aberdeen, 3rd FL |
| Cincinnati, OH 45202 | Chicago, IL 60607 |

Page 19

Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com
*Counsel for Plaintiff*

(312) 243-5900
alyssa@loevy.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on October 9, 2024 I served a copy of the foregoing upon counsel of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*