THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Richard Horton,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>City of Columbus, et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-3888<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Elizabeth Preston Deavers |

### DEFENDANTS CITY OF COLUMBUS AND BRENDA WALKER'S SUPPLEMENT TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 76)

　　Pursuant to this Court's July 16, 2025, Order (ECF No. 97), Defendants make the following supplementation to their Response to Plaintiff's Motion for Protective Order.

　　Plaintiff Richard Horton seeks a protective order to shield his Huntington Bank records because, he asserts, Defendants served so many document subpoenas on so many entities, they must by now have a complete picture of his income. MOT. PROT. ORD., ECF NO. 71-1. But this is precisely the point: Defendants had to serve third-party subpoenas because Plaintiff did not produce the information himself. Defendants asked to file a supplemental memorandum to discuss new information they learned about a freelance delivery job Plaintiff did not previously disclose.

　　Defendants' Interrogatory No. 22 sought Plaintiff's complete employment information (including post-prison employment), and "the dates you worked for each employer, your job title, and rate of pay." On October 9, 2024, in his initial response to Interrogatory 22, Plaintiff wrote:

> Upon being released, Plaintiff began work at United Alloys & Metals, Inc. in 2022 as a laborer sorting metals. Plaintiff then moved to his current place of employment in December 2022: Debra-Kuempel. Plaintiff currently works there as a driver and is a member of the local 423 labor union.

RESP. TO MOT. PROT. ORD., ECF No. 76-2, PAGEID # 2625-26.  Plaintiff's initial response included no information regarding his pay, and an ambiguous description of his position as "driver."

On November 7, 2024, Plaintiff supplemented his Interrogatory No. 22 response to include some pay information, and an entirely new job that he omitted from his initial response.

> Upon being released, Plaintiff began work at United Alloys & Metals, Inc. in 2022 as a laborer sorting metal and believes his pay was approximately $17 per hour. Plaintiff then moved to his current place of employment in December 2022: Debra-Kuempel. Plaintiff currently works there as a driver and is a member of the local 423 labor union. His current pay rate is $31.79 per hour. Lastly, Plaintiff works as a medical courier in his spare time.

RESP. TO MOT. TO SUPP., EX. A, ECF NO. 81-1, PAGEID # 2689.  The supplemental response did not identify an employer for the "medical courier" work or a rate of pay.

On June 23, 2025, Defendants deposed Alfred Harmon, who testified Plaintiff "used to do delivery," explaining that "he would do delivery himself, though, I mean, almost like an Uber thing."  HARMON DEP., ECF No. 94-1, PAGEID # 3012-13.  The next day, Dwight Dorsey testified that Plaintiff "had a – he signed up to do like a carrier service.  He would go to FedEx, anything that was over bulk and, I mean, that was his second vehicle was a little Sprinter van so that he can work."  DORSEY DEP., ECF No. 96-1, PAGEID # 3357.  Possibly, Mr. Harmon and Mr. Dorsey described the same job.  But neither man's account matches the "medical courier" job in the November 7, 2024 supplemental response.

Because the Uber-like delivery job described by Mr. Harmon and Mr. Dorsey appeared to be a previously undisclosed job, Defendants asked for leave to supplement their opposition brief. Plaintiff took two actions in response.  First, on July 14, 2025, 90 minutes before the close of fact discovery, Plaintiff supplemented his response to Interrogatory 22 *again*.  The response now reads,

> Lastly, Plaintiff worked as a medical courier in his spare time from approximately mid-2022 through 2024. He was self-employed and performed such services through the Roadie Delivery app and Prime Time Delivery. Plaintiff believes he

2

>was paid per mile of driving and estimates that he made approximately $15,000 since being released through delivery driving. Plaintiff no longer works as a delivery driver in his spare time and has not for nearly a year.

PLAINTIFF'S JULY 14 10:27 PM EMAIL, attached as Ex. A; PLAINTIFF'S SECOND SUPP. RESP. attached as Ex. B, pgs. 7-8.  Plaintiff has not explained why he failed to produce any of this information until Defendants brought the issue of the delivery job to the Court's attention.

Second, after providing this supplemental information, Plaintiff opposed the motion for leave to supplement, arguing that *now* Defendants must certainly have all the information they require.  But the mere fact that Plaintiff had to *again* supplement this response underscores the fact that Defendants have consistently received incomplete responses.  Moreover, the two companies Plaintiff mentioned in his latest response do not appear to be medical shipping companies.  On its website, the Roadie Delivery App describes itself as "a crowdsourced delivery platform [that] works with businesses of all sizes to enable same-day and local next-day delivery in passenger vehicles across the U.S."[1]  Similarly, Prime Time Delivery describes itself as "a full-service delivery organization * * * for all your delivery and warehousing needs."[2]  Thus, it was unclear if the "medical courier" and package delivery jobs are the same, or whether a medical-delivery employer remains undisclosed.

It certainly appears as if Plaintiff reveals employment details for each job only after Defendants learn about the job from other sources.  Given the continuing uncertainty as to where he works, where he gives paid speeches, and how much he is paid for these endeavors, Defendants respectfully submit that the most reliable way to assess Plaintiff's economic-loss claim is to see how much cash is actually being deposited into his checking and savings accounts.  For this reason, Defendants respectfully ask the Court to deny the motion for protective order.

---

[1] ROADIE, https://driver.roadie.com/ (last visited July 22, 2025).
[2] PRIMETIME DELIVERY AND WAREHOUSE, https://www.primetimedelivery.com/ (last visited July 22, 2025).

Respectfully submitted,

/s/ Aaron D. Epstein
Aaron D. Epstein (0063286) – Lead
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
David J. Dirisamer (0092125)
Samantha J. Scherger (0097690)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
adepstein@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
djdirisamer@columbus.gov
sjscherger@columbus.gov
*Counsel for Defendants
Brenda Walker and the City of Columbus*

## **CERTIFICATE OF SERVICE**

On July 23, 2025, I served a copy of the foregoing via the Court's CM/ECF system upon all parties of record.

/s/ Aaron D. Epstein
Aaron D. Epstein