IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD HORTON,**

                                        Case No. 2:23-cv-3888
                                        Judge Algenon L. Marbley
      **Plaintiff,**                 Magistrate Judge Elizabeth P. Deavers

     v.

**CITY OF COLUMBUS,** *et al.,*

      **Defendants.**

## MEMORANDUM OPINION

This matter is before the Court to resolve the parties' discovery dispute presented by way of the attached letter briefing. The Court resolves the current issues as follows:

(1) Based on the circumstances as described more fully in Plaintiff's letter briefing, and accepting Plaintiff's representation that "the testimony is cabined to that already given" along with his recognition of the attendant safeguards, including, *inter alia*, Rules 702, 703, 705 and potential limiting instructions to the jury, the Court will not, at this time, order a second deposition of Plaintiff's four prior attorneys. On the other hand, the Court finds Plaintiff's Rule 26(a)(2)(C) disclosures insufficient. Contrary to Plaintiff's assertions, simply referring to depositions and general subjects is not enough. Accordingly, Plaintiff is **DIRECTED** to amend the disclosures **WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER.**

(2) Defendants' arguments that simply listing prior counsel as a hybrid expert results in an automatic blanket waiver of privilege beyond the subject matter of the expert opinion are unavailing. Accordingly, on the current record, the Court will not find any additional waiver beyond the waivers Plaintiff already voluntarily has made. To be clear, Plaintiff represents that he has made a complete waiver of attorney-client privilege as to his former trial counsel Alissa Holfinger and a subject matter waiver on *Brady* materials as to the remaining former counsel. Beyond this, Plaintiff also represents that his former counsel have produced their case files with no privilege log or withheld materials.

    **IT IS SO ORDERED.**

Date:  September 22, 2025                  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE



August 20, 2025

**Via email**

The Honorable Magistrate Judge Elizabeth Preston Deavers
Joseph P. Kinneary Courthouse, Room 225
85 Marconi Boulevard
Columbus, Ohio 43215

Re: *Richard Horton v. City of Columbus*, et al., Case No. 2:23-cv-3888

Judge Deavers,

Defendants respectfully submit this letter to address two discovery matters. The first concerns whether the Defendants may depose four fact witnesses a second time now that they have been designated as Rule 26(a)(2)(C) hybrid expert witnesses. In this case, because Plaintiff did not designate these witnesses as experts until after their depositions, Defendants had no reasonable opportunity to question them about their opinions. Moreover, because Plaintiff produced a defective Rule 26(a)(2)(C) disclosure, Defendants do not know what the witnesses' opinions are.

The second issue is whether Plaintiff waived privilege by designating his former attorneys as Rule 26(a)(2)(C) expert witnesses. " 'It is well-established that a party waives the attorney-client and work product privileges whenever it puts an attorney's opinion into issue, by calling the attorney as an expert witness or otherwise." *United States ex rel. Donald B. Murphy Contrs. v. Travelers Cas. & Sur. Co. of Am.*, 2017 U.S. Dist. LEXIS 115874, *7 (D. Neb.), *quoting The Herrick Company, Inc. v. Vetta Sports, Inc.*, 1998 U.S. Dist. LEXIS 14544, *1 (S.D.N.Y.).

## I. Background

On February 5, 2024, Plaintiff submitted Rule 26(a)(1) disclosures that identified four of his prior attorneys, Alyssa Holfinger, Brian Howe, David Thomas, and Carol Wright, as fact witnesses. For each, the description of their potential testimony was the same:

> [She] may have information about Plaintiff's criminal proceedings and evidence disclosed during those proceedings, Plaintiff's criminal defense, investigation of the crimes at issue, the reversal of Plaintiff's conviction, Plaintiff's consistent declarations of innocence, as well as Plaintiff's wrongful prosecution and conviction and the resulting damages.

Defendants deposed the attorney fact witnesses about their involvement in Mr. Horton's case.

On July 14, 2025, after those depositions, Plaintiff disclosed the same four attorneys as Rule 26(a)(2)(C) expert witnesses, without reports, with the following description:

> [The attorney] was one of Plaintiff's criminal defense attorneys. She may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705, consistent with

| Civil Division | Claims Section | Prosecution Division | Real Estate Section | Police Legal Advisor |
|---|---|---|---|---|
| 77 N. Front Street | 77 N. Front Street | 375 S. High Street | 77 N. Front Street | 120 Marconi Blvd. |
| Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 |
| 614-645-7385 | 614-645-7717 | 614-645-7483 | 614-645-7712 | 614-645-4530 |
| Fax: 614-645-6949 | Fax: 614-724-6503 | Fax: 614-645-8902 | Fax: 614-645-3913 | Fax: 614-645-4551 |

ColumbusCityAttorney.org

her deposition given in this case, her case files, and other documents relating to her representation of Plaintiff, disclosed in this case, including but not limited to the documents and materials she received from the Columbus Division of Police, Franklin County Prosecutor's Office, other defense counsel, and the exculpatory and impeachment value of evidence presented in Plaintiff's criminal case or withheld during Plaintiff's criminal case.

Defendants asked to depose the attorneys as expert witnesses. Plaintiff refuses to consent to second depositions because "These witnesses are being disclosed for the opinions they previously expressed in their depositions. As such, further depositions are neither necessary nor appropriate."

## II. Plaintiff's Rule 26(a)(2)(C) disclosures are defective

Rule 26 of the Federal Rules of Civil Procedure provides for two types of experts, each with its own reporting requirements. Rule 26(a)(2)(B) requires retained experts to prepare detailed reports of their opinions. Rule 26(a)(2)(C), which governs non-retained experts, is less onerous. The disclosure of a Rule 26(a)(2)(C) non-retained expert must be accompanied by a statement regarding: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C)(i) and (ii).

The Court's Scheduling Order mandated that "If the expert is not specifically retained, the reports must conform to Fed.R.Civ.P. 26(a)(2)(C), unless otherwise agreed to by the parties." [Doc. # 103] If a disclosure does not meet the requirements of Rule 26(a)(2)(C), the expert may not testify, unless the failure " 'was substantially justified or harmless.' " *Tera II L.L.C. v. Rice Drilling D, L.L.C.*, 2024 U.S. Dist. LEXIS 25788, *24 (S.D. Ohio); *Ogle v. Koorsen Fire & Sec., Inc.*, 336 F.Supp.3d 874, 877-878 (S.D. Ohio 2018).

Plaintiff's disclosures concerning Holfinger, Howe, Thomas, and Wright did not satisfy Rule 26(a)(2)(c) because they do not summarize the opinions they will offer or the facts upon which those opinions are based. Disclosures "which merely state the topics of the opinions to which the expert will testify, without stating any view or judgment on such topics—e.g., an actual opinion—do not satisfy (a)(2)(C)." *Little Hocking Water Assn. v. E.I. du Pont de Nemours & Co.*, 2015 U.S. Dist. LEXIS 29918, *24 (S.D. Ohio); *see also Jennings v. Dow Corning Corp.*, U.S. Dist. LEXIS 22631, *4 (E.D. Mich.) (holding that the Rule requires a separate statement of the "subject matter" and the "summary of the facts and opinions").

## III. Only amended disclosures and expert depositions will cure the prejudice

Normally, Defendants would reserve the issue of insufficient disclosures for trial. But courts do permit a second deposition in these circumstances, to cure the prejudice. *See, e.g., Reliable Transp. Specialists, Inc. v. Wausau Underwriters Ins. Co.*, 2019 U.S. Dist. LEXIS 61537, *8-9 (E.D. Mich.) (trial court "allowed [Plaintiff] to reclassify its own fact witnesses as experts as well, [and] allowed the parties to reopen discovery to depose any lay witnesses also identified as experts"). Plaintiff resists second depositions on the ground that the attorneys gave their opinions in their depositions, so there is nothing left to inquire about. By that logic, courts would never permit depositions of Rule 26(a)(2)(B) experts because their opinions can all be found in the

2

reports. Moreover, Defendants did not have a fair opportunity to depose these witnesses. Had Defendants known the witnesses would be experts, they would have asked questions about the witnesses' qualifications, opinions, and facts they relied on (or overlooked). Indeed, many of the "opinions" were elicited by Plaintiff, who *did* know the use he intended to make of the answers.

The plaintiff in *Ogle* made a similar argument. Ogle failed to satisfy subsection (B) or (C) of Rule 26(a)(2), but claimed the omission was harmless because "reports" from the expert physicians could be found in the medical records produced in discovery. The Court rejected that argument, because "even assuming such information was otherwise exchanged in discovery, such fact does not relieve Plaintiff's counsel from making the required expert disclosures and is insufficient to demonstrate harmlessness under Rule 37(c)(1)." 336 F.Supp.3d at 880. If the Court adopted Plaintiff's argument, the disclosure requirement " 'would be eviscerated.' " *Id.*, *quoting Cosby v. Claiborne Cty. Bd. of Educ.*, 2018 U.S. Dist. LEXIS 109736 (E.D. Tenn.).

Defendants respectfully seek leave to conduct second depositions pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii). But second depositions without revised disclosures would be a meaningless remedy. It is not clear from the deposition transcripts what Plaintiff will later regard as the witnesses' opinions. Without a proper summary of the opinions and facts, Defendants will be proceeding blindly in a second deposition. On the other hand, if Plaintiff chooses not to provide new disclosures, then he knowingly assumes the risk that the experts will be excluded at trial.

IV.     **Attorneys cannot testify as Rule 26(a)(2)(C) witnesses without waiving privilege**

Numerous courts have recognized that designating one's former attorney as an expert witness waives privilege. *See, e.g., Fid. Natl. Title Ins. Co. v.; Bernstein*, 2012 U.S. Dist. LEXIS 81496, \*2 (D.S.C.); *Union Pacific R.R. Co. v. Loram Maint. of Way, Inc.*, 2006 U.S. Dist. LEXIS 109246, \*15-16 (D. Utah); *Hammonds v. Hartford Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 56018, \*6 (D.S.D.). A waiver of privilege must be found here to prevent unfair prejudice. *See Dion v. Nationwide Ins. Co.*, 185 F.R.D. 288, 295 (D. Mt. 1998) ("To permit Nationwide to offer [its former attorney's] conclusions and expert opinions regarding the underlying claim, where such conclusion and opinions serve Nationwide's purposes, without permitting [plaintiff] access to all the communications between [counsel] and Nationwide, would unduly prejudice [plaintiff] in the prosecution of the present action").

Plaintiff disclosed his former attorneys as expert witnesses to testify to the opinions they formed "*consistent with * * * [their] case files*." In fairness, Defendants must be permitted to see all the information in those files, and inquire as to all information received from their client and others. Plaintiff may argue that there has been only a partial waiver, but because he has not summarized the facts and opinions, he cannot explain what the scope of the waiver should be.

Defendants ask the Court for an order compelling Plaintiff to: (1) produce a new Rule 26(a)(2)(C) disclosure; (2) produce the four attorneys for a second deposition; (3) produce the witness's complete files in advance of the depositions; and (4) clarifying that Plaintiff cannot assert privilege objections as to the subject-matter of the expert's testimony at the depositions.

Thank you for the opportunity to address the Court.

Sincerely,

/s/ Aaron D. Epstein
Aaron D. Epstein
Assistant City Attorney
adepstein@columbus.gov
(614) 645-7385

# LOEVY + LOEVY

August 20, 2025

**The Honorable Magistrate Judge Elizabeth A. Preston Deavers**
Southern District of Ohio, Eastern Division
Joseph P. Kinneary Courthouse, Room 225
85 Marconi Boulevard, Columbus, Ohio 43215

<u>Re: Horton v. Columbus, et al., 23-cv-3888-ALM-EPD — Plaintiff's Discovery Letter</u>

Dear Hon. Judge Deavers:

Plaintiff respectfully submits this letter brief to address a discovery dispute between the parties.

## I.     Introduction

Defendants seek leave to re-depose four witnesses—Mr. Horton's former criminal defense counsel—who have already been examined at length. Plaintiff's Rule 26(a)(2)(C) disclosures do not expand the scope of their testimony. Rather, the designations are expressly limited to opinions and subject matter already addressed in their prior depositions and case files, which Defendants obtained through subpoena before those depositions. Defendants' shifting arguments—from claiming re-depositions are necessary, to asserting broad privilege waivers already rejected by this Court—do not justify duplicative discovery. Because the Rules do not provide for a second round of depositions where the subject matter remains unchanged, the request should be denied.

## II.     Relevant Background

On July 14, 2025, Plaintiff identified four of his prior criminal defense attorneys as hybrid witnesses under Rule 26(a)(2)(C). Plaintiff's disclosure stated that the witnesses "may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705" consistent with their deposition testimony, their case files (already produced), and the exculpatory and impeachment value of evidence presented—or withheld—in Plaintiff's criminal case. Defendants had full opportunity to examine each attorney on these topics, with Plaintiff making a subject-matter privilege waiver regarding *Brady* evidence to facilitate that questioning, and they did so.[1]

On July 17, 2025, Defendants requested deposition dates for these individuals. Plaintiff explained that re-depositions were unwarranted because the disclosures were confined to testimony and opinions already covered. On August 6, Defendants expanded their position, asserting that Plaintiff waived attorney-client privilege and threatening subpoenas for attorney interview notes and communications with Plaintiff. Plaintiff objected, noting that the only case Defendants cited to support their position was inapposite, from outside this Circuit, and that this Court had already held no wholesale privilege waiver occurred.

---

[1] Defendants' letter appears to ignore the fact that Plaintiff made an explicit subject-matter waiver as to *Brady* allegations and that they questioned each attorney at their depositions extensively in line with that waiver.

On August 13, Defendants again broadened their position, now claiming: (1) the attorneys must be re-deposed; (2) Plaintiff waived attorney-client privilege; (3) the attorneys waived work-product and deliberative-process privilege; and (4) Defendants are entitled to the attorneys' files (which they already have) and further cross-examination.

  **I.**  **Defendants Are Not Entitled to Re-Depose Plaintiff's Rule 26(a)(2)(C) Witnesses**

  **A.** **Plaintiff's Rule 26(a)(2)(C) Disclosures Are Sufficient**

Rule 26(a)(2)(C) requires only a disclosure of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *See Chesney v. Tennessee Valley Auth.*, No. 3:09-CV-09, 2011 WL 2550721, at *2 (E.D. Tenn. June 21, 2011). Plaintiff's disclosures complied: they set out the subject matters for which the witnesses are expected to present evidence and provided a summary of the facts and opinions to which they will testify.

Courts have approved disclosures that reference a defined body of documents. *See Owens-Hart v. Howard Univ.*, 317 F.R.D. 1, 4 (D.D.C. 2016) (finding that referencing 123 pages of medical records was "hardly an overwhelming quantity" and was sufficient to satisfy Rule 26(a)(2)(C)(ii)); *compare Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *6–7 (S.D. Ohio Mar. 11, 2015) (finding that a reference to "large bodies of material as sources of facts, some thousands of pages long . . . fails to meet the standard of providing a 'summary of the facts.'"). That is exactly what Plaintiff has done here.[2]

The Advisory Committee has cautioned that a Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained." *See* Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. The disclosures need only "obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert." *Hampton v. Bob Evans Transportation Co., LLC*, No. CV 6:18-143-DCR, 2019 WL 615355, at *2 (E.D. Ky. Feb. 13, 2019) (citing *Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014)). "Rule 26(a)(2)(C)'s notice provision requirements are liberal." *Saline River Props., LLC v. Johnson Controls, Inc.*, No. CIV.A. 10-10507, 2011 WL 6031943, at *10 (E.D. Mich. Dec. 5, 2011) Plaintiff's disclosures satisfy this standard.

  **B.** **Defendants Have Already Examined These Witnesses on the Relevant Opinions**

Defendants have already questioned the four witnesses at length about their relevant opinions and bases for those opinions. As noted, each was disclosed insofar as testimony ***they have already given*** about their files and the exculpatory and impeachment value of evidence withheld during Plaintiff's criminal case.[3] Rule 26(a)(2)(C) expressly contemplates the disclosure of witnesses who

---

[2] For the Court's reference, the deposition transcript of Alissa Holfinger is 62 pages; Carol Wright's is 70 pages; and Brian Howe's is 209 pages. Plaintiff is not aware of any party having ordered the transcript for Mr. Thomas, but based on the errata submitted, it is fewer than 123 pages. Plaintiff is prepared to provide the transcripts for the Court's review if the Court so requests.

[3] It is, in fact, routine in wrongful conviction cases, particularly where there is a *Brady* claim, to disclose a plaintiff's former criminal defense counsel as Rule 26(a)(2)(C) witnesses. Plaintiff is not aware of any authority permitting

will present both fact and opinion testimony, and it does not create an automatic entitlement to re-depose such witnesses. Here, Defendants had full opportunity to examine these witnesses on the topics covered in their testimony, which they did, and nothing in the Federal Rules requires duplicative depositions where the subject matter remains the same. Defendants were already in possession of the case files prior to each deposition, and Defendants questioned each attorney at length about the exculpatory and impeachment value of evidence pertaining to Plaintiff's case under the subject-matter waiver. There can be nothing left to ask. Plaintiff can thus see no other justification for requesting to re-depose these individuals than an attempt to circumvent this Court's prior ruling on privilege, *discussed infra*. *See* Dkt. 104.

Defendants' argument here also appears to suffer from the same defect as their earlier efforts to pierce Plaintiff's attorney-client privilege: speculation. *Id*. Defendants seem to suggest that Plaintiff's former counsel possess undisclosed opinions that will be deployed at trial in a manner that will prejudice them. That suggestion is unfounded. Plaintiff has expressly limited the designated testimony to what was already provided, and would remain subject to the inherent limitations of Rules 702, 703, and 705. *See Call v. City of Riverside*, No. 3:13-CV-133, 2014 WL 2048194, at *1–3 (S.D. Ohio May 19, 2014) (discussing the proper scope of a Rule 26(a)(2)(C) expert); *Beaton v. SpeedyPC Software*, 338 F.R.D. 232, 236 (N.D. Ill. 2021).

### C. No Privilege Waiver Results from the Hybrid Designations

As a last resort, Defendants argue that these individuals should be re-deposed as the attorney-client, work-product, and deliberative-process privilege have supposedly now been waived. This argument both asks this Court to re-tread ground it has already walked and misstates the law.[4] Defendants have already made multiple attempts to pierce Plaintiff's attorney-client privilege (along with that of his damages witnesses). *See* Dkt. 64, 73–75, 104. This Court rejected these efforts, holding that Plaintiff's and the attorneys' prior testimony, and the identification of the attorneys as Rule 26(a)(1) witnesses, did not amount to a waiver—particularly given Plaintiff's voluntary subject-matter waiver made in order to avoid unnecessary disputes and motion practice.

Nothing has changed since the Court's last examination of the issue. Plaintiff's four prior attorneys were questioned extensively about their files and the *Brady* allegations in this case. A subject-matter waiver was made concerning the *Brady* allegations. The Court found that this was not sufficient to justify a finding of wholesale waiver. Defendants now seek a second bite at the same apple, but this time, rather than justify the waiver because of these attorneys being listed under 26(a)(1), they seek it due to their disclosure under 26(a)(2)(C). The testimony in question is the exact same. Further, Plaintiff is not aware of any authority which holds that disclosure of prior counsel as a hybrid expert under Rule 26(a)(2)(C) automatically amounts to waiver.

For these reasons, Plaintiff respectfully requests this Court reject Defendants' request for leave to re-depose these individuals. We thank the Court for the opportunity to address these issues and for its consideration.

---

defendants to re-depose such counsel after such designation—particularly where, as here, the testimony has been expressly confined to what was already provided in prior depositions and a *Brady* waiver had already been made.
[4] Defendants' letter to the Court appears to again raise new arguments not previously presented to Plaintiff during the conferrals. Should the Court wish Plaintiff to respond to those points, he would welcome the opportunity.

Sincerely,

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*



September 4, 2025

**Via email**

The Honorable Magistrate Judge Elizabeth Preston Deavers
Joseph P. Kinneary Courthouse, Room 225
85 Marconi Boulevard
Columbus, Ohio 43215

Re: *Richard Horton v. City of Columbus*, et al., Case No. 2:23-cv-3888

Judge Deavers,

The Court has asked the parties to brief three topics. Defendants, the City of Columbus and retired Detective Brenda Walker, respectfully submit the following responses.

**I.    Whether Plaintiff's Rule 26(a)(2)(C) disclosures are sufficient?**

A Rule 26(a)(2)(C) disclosure must contain three categories of information: (1) the subject matter on which the witness is expected to testify, (2) a summary of the facts underpinning the expected testimony, and (3) a statement of the witness's opinions. *West v. Heimermann*, 2023 U.S. App. LEXIS 3167, *6 (6th Cir.). In this case, Plaintiff's disclosures arguably, albeit barely, satisfied the first prong, but did not meet the other two requirements.

As Judge Marbley observed in *Little Hocking Water Assn. v. E.I. du Pont de Nemours & Co.*, 2015 U.S. Dist. LEXIS 29918, *32 (S.D. Ohio), "a mere statement of the topics of the opinions is insufficient." *Id.* at *32; *see also Austin v. Phillips*, 2024 U.S. Dist. LEXIS 145688, *5-6 (E.D. Tenn.); *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich.). Rather, a summary of opinions means "a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case." *Little Hocking* at *32. As for the statement of facts, "it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies." *Id.*

Numerous courts have agreed with Judge Marbley that a tranche of records is no substitute for a disclosure. *See, e.g., See Allstate Ins. Co. v. Ayman Tarabishy, M.D., LLC*, 2025 U.S. Dist. LEXIS 18151, *5 (E.D. Mich.), quoting *Carrillo v. B & J Andrews Enters., LLC*, 2013 U.S. Dist. LEXIS 12435, *6 (D. Nev.) ("declining to 'place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to' when plaintiff 'simply dumped medical records onto Defendants' counsel' "); *see also Fitzgerald v. Cath. Health Initiatives Colo.*, 2025 U.S. Dist. LEXIS 50683, *15-16 (D. Col.); *Little v. Wal-Mart Stores E., L.P.*, 2022 U.S. Dist. LEXIS 131452, *14 (W.D. Tenn.); *Cripe v. Henkel Corp.*, 2017 F.R.D. 356, 360-361 (N.D. Ind.).

| Civil Division | Claims Section | Prosecution Division | Real Estate Section | Police Legal Advisor |
|---|---|---|---|---|
| 77 N. Front Street | 77 N. Front Street | 375 S. High Street | 77 N. Front Street | 120 Marconi Blvd. |
| Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 | Columbus, OH 43215 |
| 614-645-7385 | 614-645-7717 | 614-645-7483 | 614-645-7712 | 614-645-4530 |
| Fax: 614-645-6949 | Fax: 614-724-6503 | Fax: 614-645-8902 | Fax: 614-645-3913 | Fax: 614-645-4551 |

ColumbusCityAttorney.org

Plaintiff cited *Owens-Hart v. Howard Univ.*, 317 F.R.D. 1 (D.C.D.C. 2016) as support for the sufficiency of his disclosure. In *Owens-Hart*, the court held that the plaintiff satisfied her "summary-of-fact requirement" by providing medical records. In that case, the plaintiff at least provided a statement of the expert's *opinions*, which is more than Plaintiff has done here. But even courts that agree with *Owens-Hart* have held that a "reference to other documents, *or the suggestion that the opponent read the witness's deposition*, will not suffice." (Emphasis added). *Cahoo v. Fast Enters. LLC*, 2021 U.S. Dist. LEXIS 50647, *9 (E.D. Mich.).

Some courts have held that an improper Rule 26(a)(2)(C) disclosure requires "automatic exclusion" of the expert testimony, unless the nondisclosure is harmless. *Karum Holdings LLC v. Lowe's Cos.*, 895 F.3d 944, 952 (7th Cir. 2018), *citing* Fed.R.Civ.P. 37(c)(1). In *Little Hocking Water Assn.*, Judge Marbley took a more nuanced view: in order to alleviate any prejudice, he ordered the production of a supplemental disclosure, and allowed the opposing party to depose the witnesses a second time, if necessary. *Little Hocking* at *33-34.[1]

Under the Court's scheduling order [Doc. # 103], Defendants have until September 12, 2025 to produce rebuttal expert reports. But the lack of a clear statement of expert opinions from Plaintiff has hampered Defendants' ability to arrange rebuttal witnesses. In an effort to clarify what opinions the defense experts would have to rebut, Defendants asked to depose the attorney-witnesses. Plaintiff refused. Defendants then suggested, in their letter to the Court, that Plaintiff file a revised disclosure. Plaintiff refused. Defendants are significantly prejudiced by Plaintiff's noncompliance with Rule 26(a)(2)(C): even if the Court now orders Plaintiff to provide a proper disclosure (with or without additional discovery), Defendants will not be able to produce an adequate rebuttal report by the September 12 deadline.

Given Plaintiff's failure to file a proper disclosure by the Court's deadline, his continuing refusal to do so, and the obvious prejudice resulting therefrom, Defendants now see only two options. The Court can (1) order Plaintiff to file new disclosures, extend all the case deadlines (including for rebuttal expert reports), and permit new discovery (including depositions and discovery of previously-privileged matters); **or** (2) bar the four attorney-witnesses from testifying as Rule 26(a)(2)(C) experts.

II. **Whether it is routine in a wrongful conviction case to disclose a plaintiff's former defense counsel as a Rule 26(a)(2)(C) witness?**

As discussed in the next section, calling one's former attorney as an expert witness constitutes a waiver of the attorney-client and work-product privileges. "For this reason, attorney testimony rarely occurs." *Talos Capital Designated Activity Co. v. 257 Church Holdings LLC*, 182 N.Y.S.3d 603 (S.C.N.Y.). Criminal defense counsel rarely testify as experts in Section 1983 cases (and are subject to successive depositions, first as fact witnesses, then as experts, when they do). *See, e.g., Ezell v. City of Chicago*, 2023 U.S. Dist. LEXIS 143832, *118 (N.D. Ill.).

---

[1] Judge Marbley declined to impose sanctions in part because, at the time, "little guidance exist[ed] in this Circuit regarding Rule 26(a)(2)(C)." *Id*. at *33. Ten years later, that is no longer the case.

2

Former attorneys cannot testify as experts regarding the very legal issues they worked on during the representation. *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (S.D.N.Y.Bankr. 2003) ("It would be most inappropriate to permit [counsel] now to testify as an expert witness about the very matters he helped develop as a lawyer-advocate"). So to take one example, Brian Howe filed a motion for a new trial on Plaintiff's behalf based on alleged *Brady* material. Having done so, he cannot now testify as an expert witness about those same *Brady* issues. Indeed, an attorney-expert (retained or hybrid) cannot opine as to whether certain evidence is *Brady* material because that would be a "legal conclusion[] as to the ultimate issue[] in the case and [therefore] [an] impermissible subject[] for expert testimony." *Trulove v. D'Amico*, 2018 U.S. Dist. LEXIS 32994, *2-3 (N.D. Cal.). So it may be the case that the issue of defense counsel testifying as a hybrid expert rarely, if ever, arises because such a witness rarely has admissible opinions to offer.

### III. Any authority that holds that disclosure of prior counsel as a hybrid expert under Rule 26(a)(2)(C) amounts to a waiver.

Defendants have cited opinions from District Courts in six states—Nebraska, New York, South Carolina, Utah, South Dakota, and Montana—for the proposition that "a party waives the attorney-client and work product privileges whenever it puts an attorney's opinion into issue, by calling the attorney as an expert witness or otherwise." Defendants now add to that list decisions from Florida (*Responsible Me, Inc. v. Evenflo Co.*, 2008 U.S. Dist. LEXIS 128351, *8-9 (S.D. Fla.), and Maryland (*USGen New England, Inc. v. TransCanada Pipelines, Ltd. (In re USGen New England, Inc.)*, 2007 Bankr. 2820, *28 (Md. Bkr.). Defendants are unaware of contrary authority.

The need for a waiver is a matter of fundamental fairness. As with any expert witness, an opposing party must be able to cross-examine, which requires access to the expert's materials. *The Herrick Company, Inc. v. Vetta Sports, Inc.*, 1998 U.S. Dist. LEXIS 14544, *7 (S.D.N.Y.). A party cannot call an expert and then invoke privilege to prevent that cross-examination. *Id*. at *7-8; *see also Dion v. Nationwide Ins. Co.*, 185 F.R.D. 288, 293 (D. Mt. 1998) (finding a waiver where defendant named former counsel as an expert witness because "[w]ithout said discovery, Dion will be unable to ascertain the basis and facts upon which Meismer's opinions are based and, as a result, her ability for effective cross-examination on crucial issues will undoubtedly be impaired").

There is a disagreement in the caselaw over the *scope* of the waiver, whether it is global or pertains only to the topics the witness will be testifying about. But in this instance, where the four attorneys are opining about their representation of Plaintiff in his criminal proceedings, no aspect of that representation would be beyond the scope of the waiver.

Thank you for the opportunity to address the Court.

Sincerely,

/s/ Aaron D. Epstein
Aaron D. Epstein
Assistant City Attorney
adepstein@columbus.gov
(614) 645-7385

3

**LOEVY + LOEVY**

September 4, 2025

**The Honorable Magistrate Judge Elizabeth A. Preston Deavers**
Southern District of Ohio, Eastern Division
Joseph P. Kinneary Courthouse, Room 225
85 Marconi Boulevard
Columbus, Ohio 43215

**Re: Richard Horton v. Columbus, et al., No. 23-cv-3888-ALM-EPD — Plaintiff's Discovery Disputes Letter Supplement**

Dear Hon. Judge Deavers:

Plaintiff respectfully submits this letter brief to address the three issues identified by the Court.

### (1) Plaintiff's Rule 26(a)(2)(C) Disclosures Are Sufficient

Rule 26(a)(2)(C) requires only a disclosure of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *See Chesney v. Tennessee Valley Auth.*, No. 3:09-CV-09, 2011 WL 2550721, at *2 (E.D. Tenn. June 21, 2011); *Ramsey v. Rivard*, 694 F. Supp. 3d 955, 972 (E.D. Mich. 2023), *aff'd in part, appeal dismissed in part*, 110 F.4th 860 (6th Cir. 2024). As laid out in his previous letter brief, Plaintiff's disclosures satisfy both.

First, the disclosures clearly identify the topics on which prior counsel will testify.[1] Second, the disclosures encapsulate the precise facts and opinions to which the witnesses are expected to testify, as already provided in their depositions—a step beyond what Rule 26(a)(2)(C) requires.

The guiding principle behind expert disclosures is to "eliminate 'unfair surprise to the opposing party.'" *City of Owensboro v. Ky. Utilities Co.*, No. 4:04-CV-87-M, 2008 WL 4642262, at *3 (W.D. Ky. Oct. 14, 2008) (quoting *Muldrow ex rel. Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)). That principle drove the 2010 amendments, which clarified that hybrid witnesses need not provide detailed reports Here, Defendants cannot claim surprise: the testimony is cabined to that already given, and Defendants have had the deposition transcripts for months. No prejudice arises from declining to allow Defendants to re-depose these witnesses.[2]

Defendants' reliance on *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.,* No. 2:09-CV-1081, 2015 WL 1105840 (S.D. Ohio Mar. 11, 2015) is misplaced. *Little Hocking* involved thousands of pages of medical records with no clear statement of opinion or fact by a treating physician who had not been deposed. The 2010 amendments contemplated such hybrid testimony

---

[1] Defendants concede this point in their letter brief.
[2] Defendants appear to expand the Court's directive regarding the sufficiency of Plaintiff's disclosures into a request for exclusion. Plaintiff does not believe exclusion is warranted, but respectfully requests the opportunity to address that issue should the Court consider it.

from fact witnesses who have special knowledge and thus come to expert conclusions during the course of their work—specifically physicians. Lawyers have been found to serve a similar role. *Cleveland Bros. Equip. Co. v. Vorobey*, 655 F. Supp. 3d 305, 332 (M.D. Pa. 2023) (analogizing prior counsel's testimony in a subsequent matter to a treating physician testifying as a hybrid expert). However, in cases where physicians are disclosed as hybrid experts, as with *Little Hocking* and other cases cited by Defendants, the designated testimony is often thousands of pages of medical documents with no clear statement of opinion or factual basis by the hybrid expert (and they have usually not already been deposed).

This case is fundamentally different. Here, there is a clearly defined and delineated question-answer transcript of the precise testimony that is being disclosed. Defendants do not need to sift through thousands of pages of documents to ascertain what the witnesses' testimony will be. In such instances, courts have found the designation of a limited amount of documents to be appropriate and satisfy Rule 26(a)(2)(C)(ii). *Owens-Hart v. Howard Univ.*, 317 F.R.D. 1, 4 (D.D.C. 2016) (finding that referencing 123 pages of records was "hardly an overwhelming quantity" and was sufficient to satisfy Rule 26(a)(2)(C)(ii)); *see also* Plaintiff's Exhibit 1 (listing wrongful conviction cases for which the disclosure designation was the prior counsel's deposition testimony). In this very district, such practice was permitted and the prior counsel were not re-deposed. *See Gillispie v. City of Miami Township, et al.,* No. 13-cv-416 (S.D. Ohio 2013).

### (2) It is Routine Practice in a Wrongful Conviction Case to Disclose Plaintiff's Prior Defense Counsel as Rule 26(a)(2)(C) Witnesses

It is routine in wrongful conviction cases to disclose a plaintiff's former defense counsel as hybrid witnesses under Rule 26(a)(2)(C). Plaintiff's counsel's firm, Loevy & Loevy, has litigated hundreds of such cases nationwide, and both this firm and others regularly make these designations. This was common practice even before the 2010 amendments that facilitated the disclosure of hybrid witnesses. Attached as Exhibit 1 is a list of 16 recent wrongful conviction cases across five circuits where prior defense counsel were disclosed as Rule 26(a)(2)(C) witnesses, often with nearly identical designations, and in the cases that proceeded to trial, those witnesses testified.[3]

This District is no exception. In *Gillispie v. City of Miami Township, et al.,* the plaintiff's previous defense counsel were disclosed as Rule 26(a)(2)(C) witnesses. *Gillispie,* No. 13-cv-416. In that case, the individuals were not re-deposed and there was no finding of waiver. In fact, both Mr. Gillispie and Plaintiff were represented by the Ohio Innocence Project, so one of the attorneys listed in that case as a Rule 26(a)(2)(C) witness is also Plaintiff's prior counsel. Any assertion that disclosing prior counsel is not routine practice is thus incorrect.[4]

---

[3] Plaintiff's counsel can provide the disclosures themselves to the Court if helpful.

[4] In their letter brief, Defendants cite inapposite case law on the role of *current* counsel testifying as a witness as opposed to prior counsel and then point to *Ezell v. City of Chicago* to suggest that any counsel disclosed as an expert automatically makes them subject to re-deposition. That is not accurate. Plaintiff's counsel is also counsel in *Ezell*, and the prior counsel was only re-deposed because he was disclosed as a rebuttal expert against the prosecutor that the defendants had designated and was providing *additional* opinions to what was in his previous deposition. Plaintiff agrees that under those circumstances, a second, limited deposition is appropriate. But that is not the case here.

### (3) Listing Prior Counsel as Hybrid Experts Under Rule 26(a)(2)(C) Does Not Amount to Waiver

Listing prior counsel as hybrid experts does not automatically waive privilege. None of the cases cited by Defendants hold otherwise (and some do not even address the correct type of expert designation at issue here). To the contrary, in one of the cases cited by Defendants, the court *declined* to find that a waiver had been made for hybrid witnesses. *See In re USGen New England, Inc.*, No. 03-30465, 2007 WL 2363353, at *12 (Bankr. D. Md. Aug. 16, 2007) ("If they are hybrid fact/expert witnesses, the court will not require the production of materials protected by the attorney work product doctrine or attorney-client privilege"). While Plaintiff is aware of certain sword-and-shield arguments (as laid out in the parties' previous briefing on privilege, Dkt. 74) whereby a party cannot rely on documents or confidential communications and then refuse to disclose them under the shield of privilege, that is not the case here.

Even if this Court were to determine that a waiver had been made by the specifics of the designation, *the relevant waiver was already voluntarily made*. Plaintiff designated prior counsel to testify to what they already discussed at their deposition about their files, representation of Plaintiff, and the exculpatory or impeachment value of evidence presented in Plaintiff's case. Because of Plaintiff's waiver on *Brady* materials, Defendants asked each witness about each of these topics extensively. Defendants had also already issued subpoenas to each of the witnesses and their documents were produced with no privilege log or withheld materials. Further, in another attempt to compromise by Plaintiff, he agreed to make a complete waiver of attorney-client privilege for Ms. Holfinger (Plaintiff's trial attorney) because of the *Brady* allegations, so it is not clear what more Defendants seek from her.[5]

It is also not clear what Defendants are seeking from the others beyond the ability to conduct a fishing expedition and question Plaintiff's counsel about conversations they had with him—as evidenced by Defendants' letter briefing. Rule 26(a)(2)(C) does not authorize such an intrusion. Moreover, nowhere in their letter briefing do Defendants identify what specific testimony they were denied or any documents withheld on privilege grounds. Their argument rests on speculation that additional opinion testimony might exist. The designation of prior deposition testimony moots that concern, along with the inherent safeguards built into Rules 702, 703, 705, and limiting instructions for the jury.

Defendants' position reflects a fundamental misunderstanding of the case law, governing rules, and the scope of Plaintiff's disclosures. Listing prior counsel as hybrid witnesses is not a blank check to ask them about any conversation they ever had with Plaintiff—especially because it does not form the basis for the opinions—opinions for which the factual bases were already given at their depositions. There are no privileged communications or documents at issue that form the basis for any expert opinion they have given, and as such, privilege was not waived.

We thank the Court for the opportunity to address these issues and for its consideration.

---

[5] Plaintiff entered into both agreements in good faith in an effort to reduce unnecessary motion practice and ensure fairness to all parties. Defendants, however, have used those agreements as a springboard to seek further intrusions, repeatedly challenging the privileges of Plaintiff, his damages witnesses, and all prior counsel—even after this Court has already ruled on those issues.

Sincerely,

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

**LOEVY + LOEVY**

September 4, 2025

**The Honorable Magistrate Judge Elizabeth A. Preston Deavers**
Southern District of Ohio, Eastern Division
Joseph P. Kinneary Courthouse, Room 225
85 Marconi Boulevard
Columbus, Ohio 43215

**Re: Plaintiff's Discovery Disputes Letter Exhibit 1**

1. *Roger Dean Gillispie v. City of Miami Township, et al*., No. 13-cv-416 (S.D. Ohio 2013) (designated by deposition testimony)
2. *Arturo De-Leon Reyes v. Guevara, et al*., No 18-cv-1028 (N.D. Ill. 2018) (designated by deposition testimony)
3. *Gabriel Solache v. City of Chicago, et al*., No. 18-cv-2312 (N.D. Ill. 2019) (designated by deposition testimony)
4. *Thomas Sierra v. City of Chicago, et al*., No. 18-cv-3029 (N.D. Ill. 2018) (designated by deposition testimony)
5. *Geraldo Iglesias v. City of Chicago, et al*., No 19-cv-6508 (N. D. Ill. 2018) (designated by deposition testimony)
6. *Demetrius Johnson v. City of Chicago, et al.,* No. 20-cv-4156 (N.D. Ill. 2020) (designated by deposition testimony)
7. *Juan Hernandez, et al. v. City of Chicago, et al.,* No 23-cv-1737 (N.D. Ill. 2023) (designated by deposition testimony)
8. *Ben Baker & Clarissa Glenn v. City of Chicago, et al.*, No. 16-cv-8940 (N.D. Ill. 2016) (*In re: Watts Coordinated Pretrial Proceedings*, No. 19-cv-1717 (N.D. Ill. 2019)) (designated by deposition testimony in coordinated proceeding with hundreds of plaintiffs alleging they were wrongfully convicted)
9. *Jeremy Jackson v. Anthony Wojcik, et al*., No. 23-cv-2027 (N.D. Ill. 2023) (designated by deposition testimony)
10. *Daniel Villegas v. City of El Paso, et al.,* No 15-cv-386-DCG (W. D. Tex. 2015) (designated by deposition testimony)
11. *George Perrot v. City of Springfield, et al*., No 18-cv-10147 (D. Mass. 2018) (designated by deposition testimony)
12. *Victor Rosario v. Waterhouse, et al*., No. 19-cv-10532 (D. Mass. 2019) (designated by deposition testimony)
13. *Frederick Weichel v. Town of Braintree, et al*., No. 20-cv-11456 (D. Mass. 2020) (designation was made prior to any deposition)
14. *Angel Echavarria v. J. Michael Roach, et al.,* No. 16-cv-11118 (D. Mass. 2016) (designated by deposition testimony)
15. *Gary Cifizzari v. Town of Milford, et al*., No. 22-cv-40139-MRG (D. Mass. 2022) (designation was made prior to any deposition)
16. *Ian Simmers v. King County, et al*., No. 21-cv-100-BJR-JRC (W.D. Wash. 2021) (designation was made prior to any deposition)