# Exhibit 5

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Richard Horton, <br><br> *Plaintiff*, <br><br> v. <br><br> City of Columbus, *et al.*, <br><br> *Defendants*. | Case No. 2:23-cv-3888 <br><br> Chief Judge Algenon L. Marbley <br><br> Magistrate Judge Elizabeth Preston Deavers <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'**
**FIRST SET OF DISCOVERY REQUESTS**

Plaintiff Richard Horton, by and through his attorneys, Loevy & Loevy and The Law Office of Michele Berry, LLC, responds as follows to Defendants' First Set of Discovery Requests.

**GENERAL OBJECTIONS**

Plaintiff objects to these Interrogatories to the extent the information sought is not relevant and proportional to the needs of the case, and to the extent that the Interrogatories are not limited temporally to information relevant to this lawsuit.

Plaintiff objects to these Interrogatories to the extent they seek information or Documents protected by the attorney-client privilege, work-product doctrine, common interest privilege, psychotherapist-patient privilege, or other common law or statutory privileges. Plaintiff reasonably interprets the instructions and Interrogatories to not seek information or documents that are privileged, and therefore outside of the scope of discovery as defined by Federal Rule of Civil Procedure 26(b)(1), or protected as work product, which falls presumptively outside the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b)(3)(A). In responding to these Interrogatories, Plaintiff preserves all objections and intends to make no waiver with regard to any claim of privilege.

Page 1

Plaintiff objects to the instructions and definitions provided by Defendants to the extent they depart from the requirements of the Federal Rules of Civil Procedure, do not accurately reflect the law or rules governing this case, and/or purport to impose burdens or obligations on Plaintiff that are broader than, inconsistent with, not authorized under, or not reasonable pursuant to the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence. Plaintiff objects on burdensomeness grounds to, among others, Defendants' instructions and definitions regarding identification of people, entities, and documents. Plaintiff further reserves the right to assert additional objections which may become apparent in the course of this action, including those based on undue burden.

Plaintiff construes Defendants' instructions to request information and documents within his possession, custody, or control, consistent with the requirements of the Federal Rules of Civil Procedure, and to not seek documents or information that are already in the possession, custody or control of Defendants, or that are obtainable from public sources or court records, from a source more convenient or less burdensome than from Plaintiff, or from a source equally accessible to Plaintiff and Defendants.

Each objection applies to each instruction, definition, and specific request included in the requests; and unless otherwise stated, shall have the same force and effect as if set forth in full in response to each instruction, definition, and specific request.

Plaintiff is producing all non-privileged documents in his possession, custody, or control that are relevant to his claims. Plaintiff objects to producing documents protected by the attorney-client privilege, the work-product doctrine, or other common law or statutory privileges. In addition, Plaintiff reserves his right to invoke the patient-therapist privilege and other common law and statutory mental health privileges to withhold documents and/or object to subpoenas on those

Page 2

bases. Plaintiff further objects to each of Defendants' requests to the extent that they mischaracterize allegations in Plaintiff's Amended Complaint, which speaks for itself. Moreover, Plaintiff objects to each request for production below to the extent that it uses vague and ambiguous terms that are undefined and to the extent that the request is not limited temporally to the time frame relevant to this lawsuit. Plaintiff objects to the extent that the requests call for documents that are irrelevant to this lawsuit or that are not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to each request for production that references Defendants' instructions to the extent those instructions depart from the requirements of the Federal Rules of Civil Procedure on the ground that Defendants' instructions impose an undue burden on Plaintiff.

Plaintiff reserves the right to amend or supplement any response or objection contained in any discovery request.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

**REQUESTS FOR ADMISSION**

1.      Admit that you knew Richard McClanahan prior to October 9, 2004.

**ANSWER:** Admit.

2.      Admit that you knew Rhonda Curry prior to October 9, 2004.

**ANSWER:** Admit.

3.      Admit that you knew Richard McClanahan's niece prior to October 9, 2004.

**ANSWER:** Admit.

4.      Admit that you purchased a car from Richard McClanahan's niece prior to October 9, 2004.

Page 3

**ANSWER:** Admit.

5.      Admit that you never asserted your innocence in your Motion for Judicial Release filed on November 8, 2017.

**ANSWER:** As Plaintiff has asserted his innocence continuously over the last 20 years and attached letters of support attesting to his innocence with his Motion for Judicial Release, Plaintiff denies.

6.      Admit that your nickname has been "Adidas boy" at some point in your life.

**ANSWER:** Deny Plaintiff's nickname was ever "Adidas boy."

7.      Admit that you owned a firearm at any point between March 11, 1996 and October 9, 2004.

**ANSWER:** Admit that Plaintiff was charged with carrying a concealed weapon in 1996.

8.      Admit that you owned a grey hooded sweatshirt on October 9, 2004.

**ANSWER:** Plaintiff does not recall such specifics of his wardrobe from twenty years ago and thus cannot admit or deny this request.

9.      Admit that you talked to Richard McClanahan on October 8, 2004.

**ANSWER:** Deny.

10.      Admit that on October 8, 2004, you asked Richard McClanahan to give you money, and Richard McClanahan refused.

**ANSWER:** Deny.

Page 4

11.     Admit that you offered Richard McClanahan money to not disclose your identity and/or involvement with the October 9, 2004 robbery.

**ANSWER:** Deny.

## INTERROGATORIES

**Interrogatory 1:**     Identify all individuals that you believe have knowledge about your claims in this lawsuit, indicate what knowledge you believe they have, and provide contact information (address, phone number, and email address) for each individual.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad and unduly burdensome. Plaintiff objects to this request as premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from the City and the individual defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, see Plaintiff's Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter.

Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial orders that the Court may set regarding the time and manner for the disclosure of trial witnesses.

Page 5

**Interrogatory 2:** Identify all individuals that you believe witnessed the events of the October 9, 2004 robbery, at 927 Loew Street, Columbus Ohio, and provide contact information (address, phone number, and email addresses).

**ANSWER:** Plaintiff objects to this Interrogatory to the extent it suggests that he was involved in the Loew Street Robbery on October 9, 2004. Plaintiff is innocent and was not involved in the robbery. Plaintiff objects to this Interrogatory because information responsive to this inquiry is principally in the possession, custody, or control of Defendants. In addition, Plaintiff objects to this Interrogatory to the extent it seeks information not within Plaintiff's possession, custody, or control.

Subject to and without waiving the foregoing objections, and Plaintiff's general objections above, Plaintiff states first, with absolute certainty, that he was not present and had nothing to do with the Loew Street Robbery. Consequently, he has no personal knowledge of anyone who may or may not have witnessed the crime. Answering further, Plaintiff includes specific allegations in his Amended Complaint about the multitude of factors which prevented the witnesses to the robbery—Richard McClanahan and Rhonda Curry—from viewing the true perpetrator and being able to identify him, including the hood pulled completely over the robber's face obscuring everything but his eyes and part of his nose, and Ms. Curry covering her eyes with a pillow. *See* Amended Complaint ¶¶ 17-18, 28, Dkt. 17. Plaintiff states the witnesses were only able to give vague descriptions of the perpetrator's voice, height, and skin tone, with no distinguishing characteristics or facial features. *Id.* at ¶¶ 49-54. Answering further, Plaintiff refers Defendants to the testimony in his criminal proceedings, post-conviction proceedings, and the documents produced in discovery. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

Page 6

**Interrogatory 3:** Identify each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action.

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, premature, and imposing obligations on Plaintiff that are inconsistent with the Federal Rules of Civil Procedure. Plaintiff objects to this request because the information is premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from Defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to his Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses.

**Interrogatory 4:** For each person whom you intend to call as a witness (lay or expert) at any hearing or trial in this action, state the general subject matter upon which you expect each such person to testify.

Page 7

**ANSWER:** Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, premature, and imposing obligations on Plaintiff that are inconsistent with the Federal Rules of Civil Procedure. Plaintiff objects to this request because the information is premature because this Interrogatory is being propounded at the beginning of discovery, and so Plaintiff has not received complete responses to his discovery requests or a production of all Documents from Defendants, and depositions have not yet commenced. Plaintiff objects further because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff objects that this Interrogatory seeks the thoughts and mental impressions of counsel, and therefore invades the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff directs Defendants to his Rule 26(a)(1) disclosures, which list the witnesses likely to have discoverable information Plaintiff has identified to date and provides information about their relevance to this matter. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light. Plaintiff will continue to supplement his disclosures and will comply with FRCP 26(a)(3), which governs all pretrial disclosures, as well as any applicable pretrial order that the Court may set regarding the time and manner for the disclosure of trial witnesses.

**Interrogatory 5:** Identify any and all alibi witnesses you intend to call in this case. Include the address(es) and phone number(s) of the person(s) listed.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory Nos. 1, 3, and 4, above.

**Interrogatory 6:** Identify or describe all documents that you have in your possession or control and that you intend to use, introduce, or admit as an exhibit at, in, or during any hearing or trial in this action.

**ANSWER:** Plaintiff objects to this Interrogatory because it is overly broad premature as discovery has only just begun in this case. Plaintiff objects further to the extent that the information sought is in the possession, custody, or control of Defendants. In addition, Plaintiff objects to the extent that the Interrogatory seeks information protected from disclosure by the work-product doctrine, the attorney-client privilege, or any other statutory or common law privilege. Subject to and without waiving those objections, and Plaintiff's general objections, Plaintiff directs Defendants to the documents he produced in response to Defendants' requests for production in this case. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as the litigation proceeds.

**Interrogatory 7:** If you have been convicted of a crime other than a minor traffic violation or parking violation, state the offense(s), the date of the offense(s), the court in which you were convicted, and the date of your conviction(s). To be complete, this answer should include all in-state and out-of-state convictions if applicable.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks irrelevant and wholly inadmissible evidence, and lacks any reasonable temporal limit. Plaintiff further objects because information relevant to this inquiry is principally in the possession, custody, or control of Defendants. Subject to these and the general objections, and without waiving Plaintiff's objections to this Interrogatory and to Defendants' definitions and instructions, Plaintiff states that as a result of Defendants' misconduct, he was wrongly arrested for, charged with, and convicted of the Loew Street Robbery, a crime he did not commit, and spent 17 years in prison as a result. Answering further, Plaintiff recalls that he was convicted of concealing a carried weapon in 1996 in Ohio and possession with intent to distribute in West Virginia in 2001. Plaintiff has not been convicted of any crime since being released from his

Page 9

wrongful imprisonment. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 8:** Identify the address(es) of your residence(s) during the time period of 1990-October 9, 2004.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, unreasonable, unduly burdensome, and of an inappropriate temporal scope. Plaintiff objects that this Interrogatory seeks private and confidential information from Plaintiff, and he provides the following response subject to the protective order to be entered in this case. Plaintiff objects further that this Interrogatory seeks information that is irrelevant and not proportional to the needs of the case, such as his residence 14 years prior to Defendants' framing of him for a robbery he did not commit. Plaintiff further objects on privacy and relevance grounds to disclosure of his past residential addresses.

Subject to these and the general objections, and without waiving any objection, Plaintiff responds that in 2004, he lived at 780 Reynolds Avenue, Columbus, Ohio 43201 and 893 Camden Ave, Columbus, Ohio 43201. Plaintiff recalls that he moved to that area after being incarcerated from 2001 to 2004. Before that, he was living on Hildreth Avenue in Columbus, Ohio. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 9:** State the total amount of money that you seek from Defendants in this case.

**ANSWER:** Plaintiff objects to this Interrogatory on the grounds that it is vague, overly broad, and unduly burdensome. In addition, Plaintiff objects to the extent that this Interrogatory calls for medical diagnoses and opinions that he is not qualified to offer, or information protected from disclosure by the psychotherapist-patient privilege, attorney-client privilege, or work-product

doctrine. Plaintiff objects to this Interrogatory to the extent that it prematurely seeks expert discovery; Plaintiff will disclose non-privileged expert information as required by Rule 26 and on the schedule established by the Court. Plaintiff cannot presently quantify the extent of or provide a calculation of the total losses relating to all his injuries in this case. Plaintiff intends to ask the jury to calculate his total losses, likely with the assistance of expert witnesses.

Subject to and without waiving any objection, Plaintiff states that he has explained in detail injuries and damages caused by Defendants' misconduct in Plaintiff's Amended Complaint and directs Defendants to paragraphs 116-119, 127, 135, 139, 141, 147, 154, 157, and 163. Dkt. 17.

During the 17 years of wrongful imprisonment that Defendants subjected Plaintiff to, he was deprived of the opportunity to interact freely with his loved ones; to be present for holidays, births, deaths, and other life events; to pursue his passions and interests; to engage in meaningful labor and develop a career; and to live freely, as an autonomous being. He was also deprived of the opportunity to raise his children, one of whom has a serious heart condition that required multiple surgeries that he could not be present for. Instead, during this time period, he was forced to endure imprisonment in harsh, dangerous, and isolating conditions. He is working to re-build relationships with his family—relationships that were severely harmed during his incarceration— who were only able to visit him periodically during his imprisonment. The deprivation of his liberty was made worse by the knowledge that he was innocent. Plaintiff was stripped of his young adulthood and deprived of opportunities to gain an education, to engage in meaningful labor, to develop skills and a career, and to pursue his interests and passions.

During his imprisonment, Plaintiff also experienced physical injuries, as well as sleeplessness, depression, and anxiety. He has had, and continues to have, difficulty trusting people, distrust of police, anxious and worried feelings when in large groups of people, depression,

Page 11

and PTSD—a significant departure from his social, jovial personality before his wrongful imprisonment. Plaintiff has also experienced, and continues to experience, trouble sleeping, anxiety attacks, heart problems, and nightmares. Plaintiff further states that the stress and trauma of his wrongful imprisonment has had, and will continue to have, emotional and physical manifestations well into the future.

Plaintiff states that he held employment before he was wrongfully arrested and framed for crimes he did not commit. During the decades of wrongful imprisonment that followed his arrest, Plaintiff was denied the opportunity to continue working, or to pursue other employment and gain meaningful wages. He was not able to rise within his profession, and he missed out on the opportunity to develop professional skills. Defendants' misconduct also deprived Plaintiff of the opportunity to pursue further education. Plaintiff cannot presently quantify the extent of or provide a calculation of the total lost wages that Defendants' misconduct caused him, and he intends to ask the jury to calculate his total lost wages, likely with the assistance of expert witnesses.

Notwithstanding the information provided above reflecting the nature and extent of Plaintiff's damages, Plaintiff cannot identify in one written response every incident or aspect of the damages and harm he suffered as a result of his two and a half decades of wrongful imprisonment, as the full extent of such damages is indescribable. Plaintiff's investigation into this matter continues, and he reserves the right to supplement or modify this answer as new information comes to light.

**Interrogatory 10:** Describe the method by which you calculated the total amount of money that you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 11:** State the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 12:** Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 13:** State the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 14:** Describe the method by which you calculated the total amount of money you believe would provide reasonable compensation for the purely economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 15:** State the total amount of money that you have personally lost (i.e, out-of-pocket expenses) as a result of the incidents alleged in your Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 9, above.

**Interrogatory 16:** Identify any and all persons that have knowledge of your declarations of innocence.

Page 13

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Interrogatory No. 1, above.

## REQUESTS FOR PRODUCTION

**Production Request 1:** Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, below.

**Production Request 2:** Produce all documents related to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, unduly burdensome, and vague, to the extent that that it seeks production of all documents relating to the case, without qualification or limitation as to time period. Plaintiff further objects to the Request as premature in that it seeks the production of documents in relation to the case while discovery is in its early stages and before any depositions have been taken. In addition, Plaintiff objects to this Request to the extent it seeks the disclosure of information or material subject to the attorney-client privilege, work-product privilege, psychotherapist-patient privilege, or any other statutory or common law privilege or immunity. Plaintiff further objects to this Request to the extent that it seeks documents and communications that are already in Defendants' possession, custody, or control; available as a matter of public record or access or otherwise accessible to Defendants; or more appropriately obtained from third parties. Subject to and without waiving these objections, and Plaintiff's general objections above, Plaintiff will produce all responsive documents in his possession, custody, or control that have not been produced by other parties to this litigation and that are not publicly available. Please see the documents produced by Plaintiff and stamped R. Horton 000001-

003210. Investigation continues, and Plaintiff reserves the right to supplement this response.

**Production Request 3:** Produce all documents related to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 4:** Produce all documents you intend to introduce at any hearing or trial in this case.

**ANSWER:** Plaintiff objects to this Request to the extent that it calls for information protected from disclosure under Rule 26, and to the extent it calls for information protected by the attorney-client, work-product, or other statutory and common law privileges or protections. Plaintiff objects further because the Request is premature. Plaintiff will disclose such documents as required by the Rules and on the schedule set by the Court. Subject to and without waiving those objections, Plaintiff incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 5:** Produce all documents upon which you relied to assert any of the allegations contained in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 6:** Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the noneconomic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 7:** Produce all documents upon which you relied in order to calculate the total amount of money you believe would provide reasonable compensation for the purely

Page 15

economic losses you suffered or are likely to suffer as a result of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 8:** Produce all documents upon which you relied in order to calculate the total amount of money you seek from Defendants in this case.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 10:** Produce all photographs that are relevant to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff refers Defendants to his production of photos: R. HORTON 16, 663, 732, 835, 884, 885, 1000, 1586-1589, 1600-1613.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 11:** Produce all photographs that are relevant to your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 10, above.

**Production Request 12:** Produce all photographs that are relevant to this case itself.

Page 16

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 10, above.

**Production Request 13:** Produce all video recordings that are relevant to the incidents described in your Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not possess any responsive recordings in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 14:** Produce all video recordings that are relevant to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 13, above.

**Production Request 15:** Produce all video recordings that are relevant to this case itself.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 13, above.

**Production Request 16:** Produce all audio recordings that are relevant to the incidents described in the Complaint.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege,

Page 17

psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of Defendants (or equally or more easily accessible to Defendants). Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not possess any responsive recordings in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 17:** Produce all audio recordings that are relevant to any of your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 16, above.

**Production Request 18:** Produce all audio recordings that are relevant to this case itself.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 16, above.

**Production Request 19:** Produce all written and/or recorded statements about the incidents that have been obtained from any person who has discoverable information about the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 20:** Produce all written and/or recorded statements about the incidents that have been obtained from any person who saw any part of the incidents described in the Complaint.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 19, above.

**Production Request 21:** Produce all written and/or recorded statements about your losses that

Page 18

have been obtained from any person who has discoverable information about your losses.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 19, above.

**Production Request 22:** Produce any documents that you reviewed or relied upon in order to respond to the above Interrogatories.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff refers Defendants to Plaintiff's production and any supplements thereto.

**Production Request 23:** Produce documentation pertaining to any income earned while incarcerated.

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome asking Plaintiff to produce any and all documentation related to income earned while incarcerated without any specificity or time period. Plaintiff further objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiting any objection, Plaintiff will produce any responsive documents he has in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 24:** Produce any documents, including yearbook albums or pictures, you retained or obtained from Everett Middle school in Columbus, Ohio from 1990-1991.

Page 19

**ANSWER:** Plaintiff objects to this Request on the grounds that it is overly broad, vague, and unduly burdensome asking Plaintiff to produce any documentation retained or obtained from Everett Middle School 34 years ago. Plaintiff further objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Subject to and without waiting any objection, Plaintiff directs Defendants to his document production made in response to Defendants requests for production. Answering further, Plaintiff states he has no other responsive material in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 25:** Produce any lab reports that you obtained related to the October 9, 2004 Robbery. This should include all documentation related to fingerprint results.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 26:** Produce any jail calls and/or prison phone calls from the Ohio Department of Rehabilitation and Corrections that you received or made.

**ANSWER:** Plaintiff objects to this Request as overly broad, unduly burdensome, not reasonably limited in temporal scope, disproportionate to the needs of the case, vague, harassing, seeking irrelevant information, and infringing on Plaintiff's privacy interest. Plaintiff reserves his right to supplement this response as the litigation proceeds.

**Production Request 27:** Produce any discovery requests sent from you to the Franklin County Prosecutor's Office.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 28:** Produce any and all written and or recorded statements in which you assert your innocence.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 29:** Produce all communications with the Franklin County Prosecutor's office related to this lawsuit.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 30:** Produce any and all documents of achievements/ degrees/ and accolades Plaintiff earned in the Ohio Department of Rehabilitation and Correction.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague in that it asks for "any and all documents of achievements/degrees/and accolades" Plaintiff earned while incarcerated. Plaintiff further

Page 21

objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 31:** Produce any violations/ write-ups/ tickets, Plaintiff received in The Ohio Department of Rehabilitation and Correction.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague in that it asks for "any violations/write-ups/tickets" Plaintiff received while incarcerated. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 32:** Produce any documentation of your work history prior to 2004.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges.

Page 22

Plaintiff further objects to the Request as vague and unduly burdensome in that it asks for "any documentation of [Plaintiff's] work history" from more than 20 years ago. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff directs Defendants to R. HORTON 3208. Answering further, Plaintiff states that he does not have any other responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 33:** Produce any documentation of your work history from May 26, 2023, until present.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague and unduly burdensome in that it asks for "any documentation of [Plaintiff's] work history" for the last year. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 34:** Produce any medical documentation of any of your physical and physiological ailments that you allege arise from or were caused by your imprisonment.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above. Plaintiff will provide a further response upon entry of a HIPAA-qualified protective order in this case.

**Production Request 35:** Produce the letter(s) sent from your sister-in law sent to Judge Bender on 2/10/2006.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as vague and unduly burdensome in that it asks for Plaintiff to "Produce the letter(s) sent from [Plaintiff's] sister-in law" to Judge Bender nearly 20 years ago. Plaintiff further objects to the Request because it seeks documents in the possession, custody, or control of a third party and is equally accessible to Defendants. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 36:** Produce any subpoenas you sent in relation to the trial in case number 2005-CR-000146.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production No. 2, above.

**Production Request 37:** Produce any documentation, including car title/registration/insurance/ of the car that you purchased from Richard McClanahan's niece.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is unduly burdensome as it asks him produce records from more than 20 years ago that are not relevant to this case. Subject to and without waiving

Page 24

these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 38:** Produce any communications between you and Rhonda Curry.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is overly broad and unduly burdensome as it asks him produce records of communications with an individual with no specified time period or subject matter. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 39:** Produce any documents in your control containing the word or phrase, "Adidas boy"

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is unduly burdensome as it asks him produce records of any documents in his control with the phrase "Adidas boy" with no temporal limitation. Subject to and without waiving these objections and Plaintiff's general objections above,

Page 25

Plaintiff directs Defendants to Plaintiff's production in response to Defendants' requests for production. Answering further, Plaintiff states that he does not have any other responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 40:** Produce any communications between you and your alibi witness(es) in relation to case number 2005-CR-00146.

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects to the Request as overly broad, unduly burdensome, and vague in that it asks for Plaintiff to "Produce any communications between [Plaintiff] and [Plaintiff's] alibi witness(es)" about Plaintiff's criminal case with no temporal limitation. Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he will produce any responsive documents in his possession, custody, or control.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

**Production Request 41:** Produce all remaining documents you obtained from the Franklin County Prosecutor's Office, in relation to case number 2005-CR-00146. This should include, but is not limited to, the felony packet, photo array, indictment, police report(s), and firearm operability report.

**ANSWER:** Plaintiff expressly incorporates his objections and response to Defendants' Request for Production, No. 2, above.

**Production Request 42:** Produce any documents in which you offered Richard McClanahan any amount of money.

Page 26

**ANSWER:** Plaintiff objects to this Request to the extent it calls for documents protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, psychotherapist-patient privilege, and/or other applicable common law or statutory privileges. Plaintiff objects further that the Request is vague as it asks him produce "any documents in which [Plaintiff] offered Richard McClanahan any amount of money." Subject to and without waiving these objections and Plaintiff's general objections above, Plaintiff states that he does not have any responsive documents in his possession, custody, or control as he never offered Richard McClanahan money.

Plaintiff's investigation into this matter continues, and he reserves his right to supplement this response as the litigation proceeds.

Respectfully submitted,

**RICHARD HORTON**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Michele L. Berry (0018939)
THE LAW OFFICE OF MICHELE BERRY, LLC
114 East 8th Street
Cincinnati, OH 45202
Tel: 513.919.5315
Fax: 513.376.8752
mberry@mberrylaw.com

Jon Loevy
Alyssa Martinez
LOEVY & LOEVY
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

*Counsel for Plaintiff*

*Counsel for Plaintiff*

Page 27

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that I served the foregoing Plaintiff's Responses to Defendants' First Set of Discovery Requests to all parties of record via electronic mail.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*