# Exhibit 9

Case: 2:23-cv-03888-ALM-SCS Doc #: 149-10 Filed: 03/28/26 Page: 2 of 26 PAGEID #: 10397

1

57776 - A2

FILED
COURT OF APPEALS
2006 JUL -6 PM 4: 19
CLERK OF COURTS

2010 OCT 26 AM 11: 08
CLERK OF COURTS
COURT OF
FRANKLIN

06 JUL -3 AM 10: 46
CLERK OF COURTS
FILED

IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO

CRIMINAL DIVISION  52124C01

- - -

STATE OF OHIO,                  :

          PLAINTIFF,            :

     VS.                        : CASE NO. 05CR-146

RICHARD HORTON,                 :

          DEFENDANNT.           :

                         - - -

          TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE JOHN F. BENDER, JUDGE, ON

WEDNESDAY, MARCH 1, 2006.

                    - - -

APPEARANCES:

          MESSERS            AD, AND NATHAN SMITH,

ASSISTANT FRANKL                 ATTOTRNEYS, ON

BEHALF OF THE

                                         INGER, ON

BEHALF OF 10AP-466

06AP-311

BOX 253

2.

160

57776 - A3

WEDNESDAY MORNING SESSION,

MARCH 1ST, 2006.

- - -

THEREUPON, THE FURTHER TRIAL OF THIS CAUSE WAS RESUMED PURSUANT TO ADJOURNMENT.

- - -

THE COURT: PLEASE BE SEATED. THIS IS 05CR-01-146. STATE OF OHIO VERSUS RICHARD HORTON.

A JURY TRIAL WAS HELD IN THIS CASE AT WHICH TIME, MR. HORTON, YOU WERE CONVICTED OF COUNT ONE OF THE INDICTMENT, AGGRAVATED BURGLARY, COUNT TWO OF THE INDICTMENT, AGGRAVATED ROBBERY WITH REGARD TO MR. MCCLANAHAN. COUNT FIVE OF THE INDICTMENT, KIDNAPPING WITH REGARD TO MR. MCCLANAHAN. AND COUNT SIX OF THE INDICTMENT, FELONIOUS ASSAULT, IN REGARD TO MR. MCCLANAHAN. AND COUNT SEVEN OF THE INDICTMENT, AGGRAVATED ROBBERY IN REGARD TO MISS CURRY. COUNT 10 OF THE INDICTMENT, KIDNAPPING IN REGARD TO MISS CURRY. AND THE COURT, UPON WAIVER OF THE JURY TRIAL, ENTERED A FINDING OF GUILTY TO A WEAPON UNDER DISABILITY CHARGE.

AM I CORRECT IN WHAT I STATED?

MR. STEAD: YES.

MR. SHWARTZ: YES, YOUR HONOR.

THE COURT: ALL RIGHT. NOW, WE ARE HERE TODAY FOR SENTENCING IN THIS MATTER. THE FIRST ISSUE I

57776 - A4

WISH TO RAISE WITH THE STATE IS THE ISSUE OF WHAT THEY VIEW THE MAXIMUM PERMISSIBLE PENALTY IS IN THIS CASE.

AND I AM TAKING IT THAT THE STATE DOES AGREE WITH THE PROPOSITION THAT THE GUN SPECIFICATIONS, AND THERE WERE SPECIFICATIONS HERE, AS I RECALL, THREE-YEAR SPECIFICATIONS, THAT THOSE DO ALL MERGE; IS THAT CORRECT?

MR. STEAD:  YES, THERE WILL BE ONE THREE-YEAR FIREARM SPECIFICATION.

THE COURT:  ONE THREE-YEAR FIREARM SPECIFICATION.  THE DEFENDANT WAS FOUND GUILTY THEREAFTER WITH REGARD TO VARIOUS OFFENSES.  I TAKE IT THE STATE AGREES THAT THE KIDNAPPING CHARGES REALLY ARE ALLIED OFFENSES OF SIMILAR IMPORT?

MR. STEAD:  IN LIGHT OF THE LANGUAGE USED IN THE INSTRUCTIONS, YES, THE STATE WOULD AGREE WITH THAT.

THE COURT:  YOU AGREE WITH THAT?

MR. SHWARTZ:  YES, YOUR HONOR.

THE COURT:  ALL RIGHT.  GIVEN THAT AGREEMENT, THAT THEY, IN EFFECT, MERGE, THE KIDNAPPINGS MERGE WITH THE ROBBERY CHARGES, I THINK IN THIS CASE. IT DOESN'T MATTER.  BUT THAT IS WHERE I AM GOING TO MERGE THEM.  THEN THERE WILL BE NO CONVICTIONS ENTERED UNDER 2941.25 FOR THE KIDNAPPING CHARGES BECAUSE OF THAT FACT.

57776 - A5

NOW, THAT LEAVES US WITH THE ISSUE OF WHETHER OR NOT THE AGGRAVATED ROBBERY AND THE FELONIOUS ASSAULT CHARGE IN REGARD TO MR. MCCLANAHAN ARE ALLIED OFFENSES OF SIMILAR IMPORT, WHICH IS SOMETHING I HAVE RAISED WITH COUNSEL.

DOES THE STATE HAVE A POSITION?

MR. STEAD:  YES.  THE STATE STRONGLY BELIEVES THOSE OFFENSES DO NOT MERGE.  WE PROVIDED YOU WITH CASE LAW TO SUPPORT OUR POSITION.

THE COURT:  DOES THE DEFENSE HAVE A POSITION?

MS. HOLFINGER:  YOUR HONOR, WE WOULD ARGUE THAT THEY DO MERGE.

THE COURT:  WHY?

MS. HOLFINGER:  I HAVEN'T SEEN THE CASE LAW THAT'S BEEN PROVIDED BY THE STATE, BUT I FOUND A CASE, IT IS STATE OF OHIO VERSUS MICKENS, WHICH DEALS SPECIFICALLY WITH THIS ISSUE OF AGGRAVATED ROBBERY AND FELONIOUS ASSAULT.

THE COURT:  IT SAYS THEY DO MERGE, RIGHT?

MS. HOLFINGER:  IT SAYS THEY DO MERGE.

THE COURT:  WHAT'S THE DATE?

MS. HOLFINGER:  2002 MAYBE THERE.  I'M SORRY.  1992.

THE COURT:  I THINK YOU BOTH -- HAVE EITHER

57776 - A6

SIDE READ STATE OF OHIO VERSUS RANCE, SUPREME COURT CASE 85 OHIO ST. 3D 362, A 1999 CASE?

MR. STEAD:  I ONLY LOOKED AT THE MATERIAL WE PROVIDED TO YOU.

THE COURT:  WELL, RANCE IS THE LEAD CASE ON HOW WE DEAL WITH THESE ISSUES.  AND I WILL GIVE EACH PARTY A FEW MINUTES TO LOOK AT THE DECISION OR COPY IT AND REVIEW IT, IF THEY CARE TO.

MS. HOLFINGER:  I WILL LOOK IT OVER.

THE COURT:  HAVE YOU HAD A CHANCE TO REVIEW THIS, COUNSEL?

THE REASON I RAISE THIS ISSUE IS BECAUSE IN TERMS OF THE FACTS OF THIS CASE, FROM THE FACTS PRESENTED AT TRIAL, WHAT THE JURY FOUND IS THAT THE DEFENDANT COMMITTED THE FELONIOUS ASSAULT SHOOTING OF MR. MCCLANAHAN AS PART OF THE AGGRAVATED ROBBERY.  IT WAS PART OF THAT.

NOW, THE WAY THIS CASE WAS INDICTED, IT WAS INDICTED ON THE AGGRAVATED ROBBERY, THAT EITHER THE DEFENDANT HAD A DEADLY WEAPON ON OR ABOUT HIS PERSON OR UNDER HIS CONTROL, AND DISPLAYED THAT WEAPON, BRANDISHED OR INDICATED THAT HE POSSESSED IT, AND/OR INFLICTED OR ATTEMPTED TO INFLICT SERIOUS PHYSICAL HARM ON ANOTHER, IN THIS CASE MR. MCCLANAHAN.  AND THE JURY I INSTRUCTED ON BOTH, BECAUSE THE PROSECUTION DIDN'T WANT TO PICK,

57776 - A7

AND THE JURY RETURNED A FINDING ON BOTH, IN MY VIEW.

UNDER 2903.11 OF FELONIOUS ASSAULT, THE ELEMENTS OF THAT OFFENSE ARE NO PERSON SHALL DO ANY OF THE FOLLOWING: CAUSE SERIOUS PHYSICAL HARM TO ANOTHER OR TO ANOTHER'S UNBORN.

SO WHAT WE HAVE HERE IS THE ACT OF INFLICTING SERIOUS PHYSICAL HARM AS AN ELEMENT, THE SAME ACT AS AN ELEMENT, AN ESSENTIAL ELEMENT OF BOTH OFFENSES. THAT, TO ME, RAISES A SERIOUS ISSUE.

HOWEVER, THE RANCE CASE APPEARS TO RESOLVE THAT ISSUE. AND I WOULD LIKE TO HEAR FROM THE PROSECUTION AND THE DEFENSE WHETHER THEY THINK IT DOES.

MR. STEAD: I THINK THE RANCE OPINION IS CONSISTENT WITH THE STATE'S BELIEF THAT YOU CAN SENTENCE ON BOTH IN THIS CASE.

THE COURT: THEY'RE NOT ALLIED OFFENSES?

MR. STEAD: THEY ARE NOT.

THE COURT: NOT JUST SENTENCE ON BOTH, BUT CAN BE CONVICTED OF BOTH AND SENTENCED?

MR. STEAD: YES.

THE COURT: OKAY.

MR. STEAD: YOU MAY IMPOSE A SENTENCE FROM THREE TO 10 ON THE AGGRAVATED ROBBERY, AND YOU MAY IMPOSE A SENTENCE OF TWO TO EIGHT ON THE FELONIOUS ASSAULT.

57776 - A8

THE COURT: WHY IS THAT?

MR. STEAD: BECAUSE, WELL, CONSISTENT WITH YOUR CASE YOU JUST SHOWED US, BUT WHEN HE CAME IN THE DOOR WITH THE DEADLY WEAPON AND SAID GIVE ME YOUR MONEY, THE OFFENSE OF AGGRAVATED ROBBERY WAS COMMITTED AT THAT POINT. THE SUBSEQUENT SHOOTING OF MR. MCCLANAHAN IS A SEPARATE ACT, AND THEREFORE --

THE COURT: SEPARATE ANIMUS?

MR. STEAD: YES. HE CAN BE PUNISHED FOR BOTH.

THE COURT: LET'S SAY I DON'T FIND A SEPARATE ANIMUS, COULD I STILL DO IT UNDER RANCE?

I THINK UNDER RANCE I COULD.

MR. STEAD: I BELIEVE YOU CAN UNDER BOTH THEORIES THAT YOU CAN DO THIS. AND, YOU KNOW, OBVIOUSLY, IF YOU DON'T, IT IS SOMETHING THAT -- I MEAN, IT IS YOUR DECISION.

THE COURT: UNDERSTOOD.

MR. STEAD: BUT I -- THE STATE IS CONFIDENT ON APPELLATE BASIS WE WOULD PREVAIL ON THIS ISSUE.

THE COURT: DEFENSE, YOU WANT TO COMMENT?

MR. SHWARTZ: WE HAVE NOTHING TO ADD, YOUR HONOR.

THE COURT: ALL RIGHT. WELL, I THINK RANCE WAS DECIDED BY THE SUPREME COURT TO CLEAR UP ALL THE

57776 - A9

CONFUSION THAT HAD PREVIOUSLY EXISTED UNDER 2941.25 AS TO WHAT WAS AN ALLIED OFFENSE, WHICH WASN'T A SEPARATE ANIMUS AND ALL THAT SORT OF THING, BY BASICALLY FALLING BACK AND SAYING FORGET ABOUT THAT, LET'S LOOK REALLY AT THE ELEMENTS OF THE OFFENSE IN MOST CASES. AND IF THE ELEMENTS ARE DIFFERENT THAN, GUESS WHAT? YOU DON'T HAVE, YOU KNOW, A BLACKENBURGER (PHONETIC) PROBLEM. I AM NOT SO SURE THAT WAS A GOOD DECISION. IT'S THE DECISION THAT IT IS.

FOR EXAMPLE, WHAT IT DOES, IS ALLOW THE GENERAL ASSEMBLY, IT SEEMS TO ME, TO CREATE THESE COMPOUND OFFENSES, WHICH THEY HAVE DONE IN AGGRAVATED ROBBERY, BY HAVING ALTERNATIVE ELEMENTS, ALTERNATIVE ELEMENTS THAT ALSO CONSTITUTE THE DISTINCT SEPARATE OFFENSES. IN THIS CASE, THE FELONIOUS ASSAULT. AND DEPENDING UPON HOW THE STATE THEN CHOOSES TO CHARGE, OR DEPENDING UPON HOW THE STATE THEN CHOOSES TO PROCEED ON ITS THEORIES UNDER ONE SCENARIO, IT IS VERY CLEAR IF YOU HAD NOT PROCEEDED ON THE AGGRAVATED ROBBERY WITH THE INFLICTION OR ATTEMPT TO INFLICT SERIOUS PHYSICAL HARM, YOU WOULD CLEARLY NOT HAVE UNDER RANCE A PROBLEM. I MEAN, YOU HAVE TO HAVE SEPARATE ELEMENTS -- OR EXCUSE ME, UNDER TRADITIONAL LAW YOU WOULD NOT HAVE A PROBLEM BECAUSE YOU WOULD HAVE TOTALLY SEPARATE AND DISTINCT ELEMENTS.

57776 - A10

BUT BY CHOOSING BOTH, YOU END UP HAVING THE ONE OFFENSE, IN EFFECT, LIKE AN INCLUDED OFFENSE OF THE OTHER, IN MY VIEW.  HOWEVER, I THINK THAT GIVES PROSECUTORS A LOT OF DISCRETION TO GET AROUND 2941.25. AND I THINK THE GENERAL ASSEMBLY HAS DONE THAT UNINTENTIONALLY.  THEY DON'T THINK ABOUT THESE THINGS. THESE PEOPLE HAVE NO CONCEPTION OF THESE THINGS, BUT THEY PASS THEM.

BUT I GUESS WHAT I AM SAYING HERE IS GIVEN RANCE, AND GIVEN COMPOUND OFFENSES AND HOW THEY ARE VIEWED, IT GIVES PROSECUTORS A LOT OF DISCRETION TO SKIRT WHAT WAS OBVIOUSLY THE INTENT OF 2941.25.  THAT IF YOU REALLY HAVE THE SAME ACTS WHICH CONSTITUTES TWO OR MORE OFFENSES AND THERE IS NOT A SEPARATE ANIMUS, AND I WILL TELL AS A MATTER OF LAW, I DON'T THINK THERE IS A SEPARATE ANIMUS IN THIS CASE, IT DOES GIVE YOU THE ABILITY TO, IN EFFECT, OBVIATE 2941.25.

BUT YOU KNOW WHAT?  YOU'RE RIGHT.  THAT IS THE LAW.  THAT IS WHAT RANCE SAYS.  SO I AM STUCK WITH RANCE, EVEN THOUGH I DON'T LIKE IT.

SO I AM GOING TO HOLD IN THIS CASE THAT FOR PURPOSES UNDER RANCE THAT THE FELONIOUS ASSAULT, COUNT SIX, IS NOT AN ALLIED OFFENSE OF SIMILAR IMPORT TO COUNT TWO, THE ROBBERY.  AND THEY ARE SEPARATE AND DISTINCT, AND THE DEFENDANT MAY BE CONVICTED OF BOTH AND SENTENCED

10

57776 - A11

SEPARATELY ON BOTH.

WHAT DOES THAT MAKE THE MAXIMUM PENALTY, IN YOUR VIEW?

MR. STEAD:  10 FOR THE AG BURG, 20 FOR THE TWO AG ROBS, EIGHT FOR THE FELONIOUS ASSAULT, FIVE FOR THE WEAPON UNDER DISABILITY.

THE COURT:  AND THREE FOR THE SPEC.

MR. STEAD:  THREE FOR THE SPEC.

THE COURT:  THAT WOULD BE 46 YEARS, AS I CALCULATE IT.

MR. STEAD:  THREE TENS AND EIGHT AND -- YES, 46.

THE COURT:  DEFENSE, DO YOU HAVE A VIEW OF WHAT THE MAXIMUM PERMISSIBLE PENALTY IS?

MR. SHWARTZ:  NO, YOUR HONOR.

THE COURT:  IN OTHER WORDS, YOU DON'T DISAGREE THAT IF THAT WAS IMPOSED THAT WOULD BE THE PENALTY?

MR. SHWARTZ:  YES.

THE COURT:  OKAY.  NOW, I WANT TO SAY ONE OTHER THING, GIVEN THE DECISION IN STATE VERSUS FOSTER YESTERDAY, IT IS NO LONGER NECESSARY FOR THIS COURT IN IMPOSING EITHER MAXIMUM SENTENCES OR CONSECUTIVE SENTENCES TO MAKE ANY SPECIAL FINDINGS.

WOULD THE STATE AGREE WITH THAT?

57776 - A12

MR. STEAD: JUDGE, I HAVE NOT HAD A CHANCE TO READ THE FOSTER OPINION YET. I AM SEEING IT FOR THE FIRST TIME HERE. I DID READ ABOUT IT IN THE NEWSPAPER. I HAVE NOT HAD A CHANCE TO DIGEST THAT OPINION.

THE COURT: HAVE YOU READ THE FOSTER DECISION?

MR. SHWARTZ: NO. JUST WHAT THE NEWSPAPERS HAVE ON IT.

THE COURT: I HAVE READ THE DECISION THREE TIMES, AND I HAD TO DEAL WITH THIS IN A MURDER CASE I HAVE GOT. SO I THINK I AM FAIRLY FAMILIAR WITH IT. AND I THINK IT'S VERY CLEAR THAT GIVEN THAT DECISION, THE COURT -- THERE IS NO REQUIREMENT IN THE IMPOSITION OF MAXIMUM OR CONSECUTIVE SENTENCES FOR THE COURT TO MAKE ANY SPECIAL OR ADDITIONAL FINDINGS.

IN FACT, IT WOULD BE IMPERMISSIBLE FOR THE COURT TO DO THAT, AND SO I AM NOT DOING THAT.

DOES THE PROSECUTION HAVE ANYTHING FURTHER TO PRESENT ON SENTENCING IN THIS CASE?

MR. STEAD: I DO HAVE COPY OF HIS PRIOR RECORD.

THE COURT: I DO NOT.

MR. STEAD: WE WOULD NOTE -- WE WILL PRESENT YOU WITH THAT COMPLETE COPY OF HIS PRIOR RECORD. BUT HE HAS TWO PRIOR FELONY CONVICTIONS. HE WAS ON PAROLE OUT

12

57776 - A13

OF THE STATE OF WEST VIRGINIA AT THE TIME OF THIS OFFENSE FOR A CRIME INVOLVING DEALING IN CONTROLLED SUBSTANCES.

JUDGE, THIS MAN WENT INTO A HOME AT 7:30 IN THE MORNING, FORCED HIS WAY IN AT GUNPOINT AND ENDED UP SHOOTING ONE INDIVIDUAL AND TERRORIZING TWO PEOPLE AND IN A WAY JUST HARD TO IMAGINE.  YOUR HOME IS YOUR CASTLE.  YOU SHOULD BE ABLE TO WAKE UP IN YOUR HOME ON A SATURDAY MORNING SAFELY AND SOUNDLY.  THESE TWO PEOPLE WERE DENIED THAT BECAUSE THIS MAN DID NOT WANT TO MEET HIS RESPONSIBILITY TO THE COMMUNITY.

IN LIGHT OF THE PHYSICAL HARM SUFFERED IN THIS CASE BY MR. MCCLANAHAN, AND IN LIGHT OF THE EMOTIONAL HARM SUFFERED BY BOTH VICTIMS IN THIS CASE, IN LIGHT OF THE PRIOR RECORD, WHICH I WILL PRESENT TO THE COURT AT THIS POINT --

THE COURT:  HAVE YOU SEEN THE PRIOR RECORD?

MR. SHWARTZ:  YES, YOUR HONOR.

MR. STEAD:  -- WE FEEL THAT ANY SENTENCE IN THIS CASE THAT DOES NOT BEGIN WITH A TWO IS INAPPROPRIATE.  THIS MAN DESERVES TO DO AT LEAST 20 YEARS IN THE PENITENTIARY.

THE COURT:  DO YOU HAVE ANY VICTIMS PRESENT TO TESTIFY OR ANY IMPACT STATEMENT?

MR. STEAD:  JUDGE, WE SPOKE TO

13

57776 - A14

MR. MCCLANAHAN THIS MORNING.  HE CHOSE NOT TO COME DOWN HERE TODAY.

THE COURT:  GOT YOU.  AND MISS CURRY ALSO, I TAKE IT?

MR. STEAD:  YES.

THE COURT:  VERY GOOD.

MISS HOLFINGER OR MR. SHWARTZ.

MR. SHWARTZ:  PLEASE THE COURT.  MY CLIENT, OF COURSE, STILL MAINTAINS HIS INNOCENCE IN THIS.

THE COURT:  WITHOUT QUESTION.  I UNDERSTAND THAT.

MR. SHWARTZ:  AND IT WAS A -- IT WAS AN IDENTIFICATION CASE.  AND, OF COURSE, THEY ARE ALWAYS THE MOST DIFFICULT TO DEFEND.  AND THERE IS ALWAYS A QUESTION ON IDENTIFICATION CASES AS TO WHETHER IN FACT MY CLIENT ACTUALLY COMMITTED THESE CRIMES.  AND WE ARE BEFORE THE COURT, I RESPECTFULLY ASK THE COURT TO BE AS LENIENT AS POSSIBLE IN THAT.  I THINK MY CLIENT DOES WANT TO MAKE A STATEMENT.

THE COURT:  I WOULD VERY MUCH APPRECIATE HEARING FROM MR. HORTON.  YOU CAN REMAIN SEATED, MR. HORTON.

THE DEFENDANT:  I WOULD RATHER STAND UP AND TESTIFY.  YOUR HONOR, I'D JUST LIKE FOR YOU TO CONSIDER A FEW THINGS.  FOR YOU TO CONSIDER THE FACT THAT I HAVE

57776 - A15

TWO CHILDREN. MY SON, HE SUFFERS FROM A FORM OF HEART DISEASE. HE HAD OPEN HEART SURGERY WHEN HE WAS TWO MONTHS OLD. HE'S HAD -- THEY HAD TO PERFORM SURGERY AGAIN ON HIM A COUPLE MONTHS AFTER THAT TO PUT A PACEMAKER IN HIM. I'D LIKE FOR YOU TO CONSIDER THE FACT THAT I DO HAVE A WIFE, AND WE HAVE ONLY BEEN MARRIED A SHORT TIME. SHE KNEW ME AT THE TIME OF THIS OFFENSE WHEN THIS OFFENSE HAPPENED. AND, YOU KNOW, SHE STUCK BY ME THROUGH THE WHOLE THING. YOU KNOW, JUST BELIEVING IN ME, JUST BELIEVING IN THE SYSTEM.

AND I'D LIKE FOR YOU TO CONSIDER THE FACT THAT I AM STANDING HERE TODAY AND ASKING FOR THE COURT TO ORDER A POLYGRAPH TEST. THE REASON BEING THAT I HAD -- ME AND MY COUNSELOR, WE JOSTLED WITH THIS FOR A COUPLE MONTHS. I JUST THOUGHT THAT WAS AN IMPORTANT PIECE OF EVIDENCE THAT SHOULD HAVE BEEN PRESENTED IN THIS TYPE OF CASE. AND HE JUST -- HE JUST CHOOSE NOT TO GO WITH THAT STYLE OF OR METHOD, JUST MAINTAINING THAT, YOU KNOW, THAT HE HAD BAD EXPERIENCES WITH IT IN THE PAST.

THE COURT: LET ME TELL YOU RIGHT NOW, I HAVE NO AUTHORITY TO DO WHAT YOU'RE ASKING.

THE DEFENDANT: OKAY. YOUR HONOR, I WOULD JUST LIKE YOU TO CONSIDER -- JUST CONSIDER A FEW OTHER THINGS THAT, YOU KNOW, THAT THE EVIDENCE THAT I

57776 - A16

PRESENTED HERE IN THIS CASE. I ACTUALLY ONLY PRESENTED TWO PIECES OF EVIDENCE, AND I JUST WANT YOU TO CONSIDER THE FACT THAT I COULD HAVE PRESENTED MORE PIECES OF EVIDENCE. A POLYGRAPH TEST, I COULD HAVE PRESENTED.

I NEVER ACTUALLY GOT TO SEE A BALLISTICS TEST ON THE BULLET THAT WAS FOUND IN THE HOUSE. JUST MAYBE CONSIDERING THAT THE ACTUAL PERSON WHO COMMITTED THIS CRIME MAYBE BETWEEN THIS TIME AND NOW, MAYBE THAT PERSON WAS CAUGHT WITH THE WEAPON AND MAYBE IT MATCHES UP, MAYBE THE GUY FITS THE SAME DESCRIPTION. YOU KNOW, MAYBE. I JUST NEVER GOT TO SEE AN ACTUAL BALLISTICS REPORT FROM THE BULLET.

I WOULD LIKE FOR YOU TO CONSIDER THE FACT THAT I DIDN'T HAVE ANY CHARACTER WITNESSES SPEAK UPON MY BEHALF. THAT WAS DUE TO ADVICE FROM MY COUNSEL. HE STRONGLY ADVISED AGAINST THIS. AND I HAD -- YOU KNOW, I HAD FROM WHAT I FEEL A PRETTY DECENT CHARACTER WITNESS THAT CAN -- YOU KNOW, COULD VERIFY MY CHARACTER, VERIFY THAT I AM NOT THE TYPE OF PERSON THAT WOULD USE VIOLENCE TO OBTAIN MONEY. YOU KNOW, PEOPLE THAT HAS KNOWN ME AND JUST KNOWN THAT I HAVE -- YOU KNOW, THAT I HAVE ALWAYS LIVED A DECENT TYPE OF LIFE CONCERNING, YOU KNOW, MONEY.

I ALSO HAD A SUFFICIENT AMOUNT OF MONEY IN MY LIFE. I NEVER -- YOU KNOW, I LET THE RECORD SHOW THAT I NEVER USED VIOLENCE PRIOR TO THESE FINDINGS OF

57776 - A17

THE COURT.  AND I'D JUST LIKE FOR YOU TO CONSIDER, YOUR HONOR, THE FACT THAT, YOU KNOW, THE STATE -- THE STATE HAS PUT TRUST FORTH IN YOU, AND I BELIEVE THE STATE, YOU KNOW, THEY BELIEVE IN YOU, AND THEY TRUST IN YOU TO DO YOUR JOB.

AND, YOUR HONOR, I'D JUST LIKE FOR YOU TO LOOK IN YOUR HEART AND USE YOUR WISDOM, SIR.  AND, YOU KNOW, I DON'T KNOW HOW LONG YOU HAVE BEEN DOING THIS, YOU HAVE BEEN DOING THIS, BUT I AM REALLY -- I AM WILLING TO BELIEVE THAT YOU KNOW AN INNOCENT MAN WHEN YOU SEE ONE.  AND, YOU KNOW, WITH THAT RESPECT, YOUR HONOR, YOU KNOW, I JUST -- I JUST LIKE FOR YOU TO CONSIDER THOSE THINGS THAT I ALWAYS SHOWED UP HERE CLEAN CUT.  I ALWAYS HAD ON A SUIT AND TIE.  I NEVER COME DISRESPECTFUL TO THE COURT, BECAUSE, YOU KNOW, IN MY OPINION, I HAD NOTHING TO HIDE.

AND IN MY OPINION, I ALWAYS BELIEVED THAT THE JUSTICE SYSTEM WOULD DO ITS JOB, AND THAT THE TRUTH WOULD COME OUT.  AND I JUST LOOK FOR YOU TO CONSIDER -- WOULD LIKE FOR YOU TO CONSIDER THOSE THINGS, YOUR HONOR.

THAT IS IT.

THE COURT:  THANK YOU.  DO YOU HAVE ANY FURTHER WITNESSES?

MR. SHWARTZ:  NO.  HIS FAMILY IS HERE.

DO YOU WANT TO SPEAK?

57776 - A18

HIS FAMILY.

THE COURT:  YOU MAY BE SEATED.

IDENTIFY YOURSELF.

MR. HARMON:  ARTHUR HARMON.  I'M EMPLOYED FOR AMERICAN ELECTRIC POWER.  I KNOW RICHARD FROM MARRIAGE TO MY DAUGHTER.  I HAVE HAD A LOT OF TRUST IN HIM.  AND RICHARD CAME TO ME AND ASKED TO MARRY MY DAUGHTER.  AND WE ARE VERY RELIGIOUS PEOPLE.  AND I QUESTIONED HIM AS FAR AS I COULD ON THAT.  I AM THAT SERIOUS WITH MY CHILDREN.  MY DAUGHTER CAME IN AS A WITNESS TO WHERE HE WAS AT THAT TIME.  I DON'T TEACH MY CHILDREN TO LIE.  I BELIEVE HER AND WITH EVERYTHING SHE HAS TO SAY.

RICHARD'S TESTIMONY THAT HE'S GIVEN IS VERY TRUE.  HE IS -- RICHARD HAS, SINCE HE'S BEEN OUT, HE'S TAKEN RESPONSIBILITY TO TAKE CARE OF HIS CHILDREN.  HE'S DONE EXPENDABLY WELL WITH CHILD SUPPORT.  I EVEN HAD TO ARGUE WITH HIM, YOU DON'T HAVE TO GO SO FAR.  BUT HE WAS VERY MUCH UPON TAKING CARE OF HIS CHILDREN AND HIS WIFE. I TOLD HIM YOU WANT TO MARRY MY DAUGHTER, YOU TAKE CARE OF HER.  I WILL LEAVE HER IN YOUR HANDS, AND I TRUSTED HIM WITH THAT.  HE'S BEEN THE TYPE OF PERSON THAT'S ALWAYS BEEN RESPECTABLE TO ME.  I APPRECIATE THAT.  I AM AN HONEST MAN.  AND, SIR, I BELIEVE THAT YOU'RE LIKE ME IN THAT WAY, YOU'RE HONEST, AND I SEE THE INNOCENCE IN

18

57776 - A19

HIM, AND I TRUST THAT YOU WILL TOO.

THAT IS ALL.

THE COURT:  ANYBODY ELSE?

MR. SHWARTZ:  NO, YOUR HONOR.

THE COURT:  LET ME SAY IN THIS CASE, MR. HORTON, WHAT YOU SAID, AND FROM WHAT THIS GENTLEMAN HAS SAID, YOU HAVE RAISED ISSUES CONCERNING THE FINDINGS IN THE CASE, AND HAVE ASKED ME TO CONSIDER THOSE AS PART OF THE SENTENCING IN THE CASE.  I CAN'T DO THAT.

THOSE ARE ISSUES ONCE THE JURY HAS FOUND YOU GUILTY, WHICH THEY HAVE, THEN I AM -- I MUST SENTENCE YOU ON THAT BASIS.  AND I CANNOT CONSIDER ANY ISSUES CONCERNING YOUR CLAIMED INNOCENCE IN THIS MATTER IN REACHING THAT SENTENCE, BECAUSE THOSE ISSUES HAVE BEEN RESOLVED.

IF THERE ARE ISSUES FOR APPEAL HERE, THAT IS WHAT A HIGHER COURT IS FOR, AS I THINK YOU UNDERSTAND. SO I MUST SENTENCE YOU BASED UPON THE FACTS OF THIS OFFENSE AS THE JURY HAS DETERMINED THEM, BASED UPON YOUR PRIOR RECORD IN THIS CASE.

NOW, ALONG THOSE LINES, YOU HAVE TWO PRIOR FELONY CONVICTIONS WHICH YOU SERVED TIME.  ONE, YOU WERE ON PAROLE, IN EFFECT, WHEN THIS OFFENSE WAS COMMITTED. THAT IS A SERIOUS MATTER.  THERE IS NO EXPLANATION OR JUSTIFICATION FOR THE VICIOUSNESS OF THESE OFFENSES.  TO

57776 - A20

BREAK INTO SOMEBODY'S HOUSE AT 7:30 IN THE MORNING WITH A GUN AND TO TERRORIZE THEM, WHICH IS EXACTLY WHAT YOU DID, AND TO SHOOT ONE OF THEM, WHICH IS EXACTLY WHAT YOU DID, IS HEINOUS.  THERE IS NO JUSTIFICATION FOR THAT. THIS WAS A BOLDFACE VICIOUS ROBBERY AND BURGLARY AND FELONIOUS ASSAULT ON TWO PEOPLE.

THIS VIOLATES THE SANCITY OF OUR HOME.  TO ME, THIS IS AMONG THE MOST SERIOUS OF OFFENSES.  GIVEN YOUR PAST RECORD, AND GIVEN THE VICIOUSNESS OF THESE OFFENSES, I HAVE NO ALTERNATIVE, IN MY MIND, AND WOULD NOT BE DOING MY JOB UNLESS I PASSED A SEVERE SENTENCE IN THIS CASE.

NOW, I DO COMMEND YOU BECAUSE YOU MADE A VERY GOOD APPEARANCE IN COURT.  YOU WERE ALWAYS VERY RESPECTFUL.  AND I UNDERSTAND YOU HAVE FAMILY, PEOPLE WHO LOVE YOU AND CARE ABOUT YOU.  AND I THINK YOUR WIFE, I THINK YOU CARE.  BUT THE PROBLEM HERE IS, RICHARD, THAT YOUR CONDUCT OUTWEIGHS ALL OF THAT.  IT OUTWEIGHS ALL OF THAT.  BUT THERE IS ENOUGH THERE FROM THESE PEOPLE THAT CARE ABOUT YOU, FROM YOUR DEMEANOR IN COURT, THAT I AM NOT IMPOSING MAXIMUM SENTENCES IN THIS CASE ON THE COUNTS.  BUT I WILL IMPOSE CONSECUTIVE SENTENCES ON SEVERAL OF THESE COUNTS.

IT IS THE JUDGMENT OF THIS COURT AS TO COUNT ONE, THE AGGRAVATED BURGLARY, THAT YOU BE CONFINED IN

57776 - A21

THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR A PERIOD OF EIGHT YEARS.

AS TO COUNT TWO, THE AGGRAVATED ROBBERY IN RELATIONSHIP TO MR. MCCLANAHAN, THAT YOU BE CONFINED IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR A PERIOD OF NINE YEARS.

AS TO COUNT SIX, THE FELONIOUS ASSAULT ON MR. MCCLANAHAN, WHICH IS AN F-2, THAT YOU BE CONFINED IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR A PERIOD OF THREE YEARS.

ON COUNT SEVEN, WHICH IS THE AGGRAVATED ROBBERY IN RELATION TO MISS CURRY, THAT YOU BE CONFINED IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR A PERIOD OF SIX YEARS.

ON COUNT 11, THE WEAPONS UNDER DISABILITY CHARGE, THAT YOU BE CONFINED TO THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS FOR A PERIOD OF THREE YEARS.

AND ON THE SPECIFICATION, THAT YOU BE CONFINED FOR A PERIOD OF THREE YEARS.

NOW, THE SENTENCES IN RELATION TO MR. MCCLANAHAN ARE MORE SEVERE THAN IN RELATION TO MISS CURRY BECAUSE THERE WAS NO PHYSICAL HARM IMPOSED ON HER.

AS FAR AS CONCURRENCY OR CONSECUTIVENESS, I AM ORDERING COUNT TWO AND SEVEN, WHICH ARE THE TWO

57776 - A22

AGGRAVATED ROBBERY COUNTS, TO RUN CONCURRENT WITH EACH OTHER, BUT CONSECUTIVE WITH ALL OTHER COUNTS.

COUNT 11, THE WEAPONS UNDER DISABILITY, IT WILL RUN CONCURRENT WITH ALL OTHER COUNTS.

THE SPECIFICATION WILL RUN CONSECUTIVE WITH ALL OTHER COUNTS.

SO THAT LEAVES US WITH A TOTAL SENTENCE OF 23 YEARS, AS I CALCULATE IT.

MR. STEAD:  AGREED.

THE COURT:  SO YOUR TOTAL SENTENCE IS 23 YEARS AT THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS.  I WILL NOT IMPOSE A FINE.  I WILL NOT IMPOSE COURT COSTS IN THIS CASE.

I DO ADVISE YOU THAT YOU HAVE A RIGHT TO APPEAL THIS SENTENCE.  IF YOU ARE UNABLE TO PAY THE COSTS OF APPEAL, YOU HAVE A RIGHT TO APPEAL WITHOUT PAYMENT.  IF YOU ARE UNABLE TO OBTAIN COUNSEL, THE COURT WILL APPOINT YOU COUNSEL FOR APPEAL PURPOSES.  AND YOU HAVE 30 DAYS TO EFFECT AN APPEAL.

DO YOU WISH TO EXERCISE THAT RIGHT AND HAVE THE COURT APPOINT YOU COUNSEL?

THE DEFENDANT:  YES, YOUR HONOR.

THE COURT:  WE'LL DO THAT.

I ALSO ADVISE YOU THAT YOU WILL BE SUBJECT TO A PERIOD OF POST RELEASE CONTROL UPON YOUR RELEASE ON

57776 - A23

SEVERAL OF THESE OFFENSES FOR A PERIOD OF FIVE YEARS. IF YOU WOULD VIOLATE THE TERMS AND CONDITIONS OF YOUR POST RELEASE CONTROL, THEN YOU COULD BE RETURNED TO THE INSTITUTION FOR A PERIOD OF NINE MONTHS EACH FOR VIOLATIONS TO A TOTAL OF UP TO ONE HALF OF YOUR ORIGINAL SENTENCE ON THOSE COUNTS.

MR. HORTON, I'M SORRY ABOUT WHAT HAPPENED HERE.  IT WAS YOUR FAULT.  YOU DID IT.  I AM SORRY BECAUSE THERE HAS BEEN A LOT OF PEOPLE HURT BY YOUR CONDUCT OTHER THAN YOURSELF.  THESE PEOPLE SITTING BACK HERE, MR. MCCLANAHAN AND MISS CURRY.  AND IT WAS UNNECESSARY.  YOU HAD A LOT OF ABILITY.  YOU HAD A LOT OF ABILITY.  I THINK YOU DO HAVE A LOT OF ABILITY, BUT YOU HAVE WASTED IT.  I ONLY HOPE THAT WHEN YOU'RE RELEASED FROM PRISON, THAT YOU MAKE SOMETHING POSITIVE OF YOUR LIFE, BECAUSE I THINK YOU HAVE THE ABILITY TO DO THAT.

I HAVE NOTHING MORE TO SAY.

MR. STEAD:  JUDGE, THE STATUS OF THIS SENTENCE WITH RESPECT TO THE SENTENCE OUT OF WEST VIRGINIA, CONCURRENT OR CONSECUTIVE?

THE COURT:  DO I HAVE THAT AUTHORITY?

MR. STEAD:  I BELIEVE YOU HAVE THAT AUTHORITY BECAUSE YOU WERE THE FINAL SENTENCER.  WE WOULD ASK IT BE A CONSECUTIVE SENTENCE.

57776 - A24

THE COURT:  IS THAT CONTROLLING OVER AN OUT-OF-STATE?  IF IT'S IN-STATE, I WOULD AGREE WITH YOU.

MR. STEAD:  WE ARE ASKING YOU TO DO IT.  IT IS YOUR CALL.

THE COURT:  WHAT IS THE LENGTH OF THE SENTENCE OUT-OF-STATE?

MR. STEAD:  TWO TO 15 YEAR SENTENCE OUT OF THE STATE OF WEST VIRGINIA.

THE COURT:  I AM NOT GOING TO EXERCISE THAT AUTHORITY IN THIS CASE.  I AM NOT GOING TO DO THAT BECAUSE I REALLY DO NOT BELIEVE THAT OHIO CAN DICTATE UNDER ITS STATUTES WHETHER OR NOT A SENTENCE IN WEST VIRGINIA IS CONCURRENT OR CONSECUTIVE TO THAT.  I THINK THAT IS UP TO THE WEST VIRGINIA AUTHORITIES.

BUT I WILL SAY THIS, I EXPECT HIM TO SERVE EVERY DAY OF THIS SENTENCE FIRST.

MR. STEAD:  JAIL-TIME CREDIT?

THE COURT:  WHAT DO WE HAVE?

MS. HOLFINGER:  WE WILL NEED TO CALCULATE IT.

THE COURT:  YOU CALCULATE IT UP AND WHATEVER YOU AGREE TO IS FINE WITH THE COURT.  ROUND IT OFF FOR 40 DAYS AND WE WILL GO WITH IT.

I WANT TO THANK YOU FOLKS FOR COMING IN.  I APPRECIATE YOU COMING IN.

57776 - A25

- - -

THEREUPON, THE HEARING WAS CONCLUDED.

- - -

57776 - A26

## CERTIFICATE

- - -

I DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE
AND ACCURATE AND COMPLETE TRANSCRIPT OF THE PROCEEDINGS
TAKEN ON MARCH 1, 2006, BY ME AND TRANSCRIBED FROM MY
STENOGRAPH NOTES.

MARK W. NEAL, ASSISTANT

OFFICIAL COURT REPORTER.

- - -