# Exhibit 12

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146

0B614 - V17

## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

State of Ohio,

                Plaintiff,         :      **Case No. 05 CR 146**

         -v-             :      **JUDGE COLLEEN O'DONNELL**

Richard H. Horton,            :

             Defendant.      :

## ENTRY GRANTING DEFENDANT'S 4/16/21 MOTION FOR NEW TRIAL

The factual and procedural history of this matter has been succinctly laid out many times in prior briefing and appellate review. *See, State v. Horton*, 10th Dist. No. 06AP-311, 2007-Ohio-4309; *State v. Horton*, 10th Dist. No. 10AP-466, 2011-Ohio-1387; *State v. Horton*, 10th Dist. No. 11AP-804, 2012-Ohio-2035. Accordingly, this Court will refrain from repeating it here, and instead simply take judicial notice of the jury's verdict finding Defendant guilty of numerous non-capital felony offenses and firearm specifications on or about 2/3/06, the trial court's verdict finding Defendant guilty of one non-capital felony firearm offense, and the trial court's subsequent imposition of an aggregate twenty-three (23) year prison sentence. Defendant has since sought collateral and appellate review multiple times for various reasons.

On or about 4/16/21, Defendant filed a Motion for New Trial Pursuant to Criminal Rule 33.[1] The State opposed the motion on 4/30/21.[2] Defendant did not file a Reply.

---

[1] In Defendant's instant motion, he incorporates by reference the statement of facts, arguments, affidavits, and exhibits from his previously-filed 5/22/20 Amended Motion for Leave to File a Motion for New Trial.

[2] In the Opposition, the State incorporates by reference the statement of facts, arguments, affidavits, and exhibits in its previously-filed 7/2/20 Answer and Motion to Dismiss [Defendant's 5/22/20 First Amended] Post-Conviction

FCPO 004708

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146
0B614 - V18

The Court scheduled the matter for an evidentiary hearing to be conducted 9/20/21. On

9/17/21, however, the parties filed Joint Stipulations of Fact, and waived the 9/20/21 hearing.

## A. Law and Argument

Defendant argues that he is entitled to a new trial via Crim.R. 33(A), which provides, in

relevant part:

> A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
>
> (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
>
> * * *
>
> (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

Specifically, Defendant argues in Claims One and Two that the State allegedly suppressed

handwritten interview notes made by Detective Walker of the Columbus Police Department

("CPD") during her investigation (which indicated an alleged victim [McClanahan] identified

Richard Diggs as a possible suspect and described the suspect as, among other descriptors, being

of a certain height range approximately one-to-four inches shorter than Defendant is), and because

---

Petition and Memorandum in Opposition to Motion for Leave to File a Delayed Motion for New Trial, as well as its 7/20/20 Reply Memorandum in Support of Motion to Dismiss Post-Conviction Petition.

FCPO 004709

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146

0B614 - V19

Det. Walker allegedly provided false and misleading testimony about same. Defendant contends that these handwritten interview notes were not discovered until ten years after Defendant's trial, in response to a public records request made at that time, which the State disputes. As such, Defendant argues, his constitutional rights were violated under *Brady v. Marlyand*, 373 U.S. 83 (1963), *Napue v. Illinois*, 358 U.S. 919 (1958), and their progeny; and he is entitled to a new trial pursuant to Crim.R. 33(A)(1) and 33(A)(2).

In Claim Three, Defendant argues alternatively that if CPD's handwritten interview notes were disclosed through discovery, as the State asserts, then Defendant was deprived of the effective assistance of counsel in violation of his constitutional rights under *Strickland v. Washington*, 466 U.S. 668 (1984), for defense counsel's unprofessional errors in failing to object to or impeach witness testimony regarding the contents of those notes and the testimony regarding same. Accordingly, Defendant argues, he is entitled to a new trial pursuant to Crim.R. 33(A)(1).

In Claim Four, Defendant argues he is entitled to a new trial pursuant to Crim.R. 33(A)(6), *State v. Petro*, 148 Ohio St. 505 (1947), and *State v. Hawkins*, 66 Ohio St.3d 339 (1993), on the basis of newly-discovered evidence. Here, Defendant cites the fact that latent fingerprint testing conducted by the Ohio Bureau of Criminal Investigation (BCI) in 2019 on the 9mm cartridge casing collected from the scene excludes Defendant as the source of the DNA on that casing. The parties agree that these DNA results were not available to Defendant at the time of trial; rather, they were the product of a new method for testing cartridge casings that BCI developed as part of its work on this very matter, with the cooperation of Defendant and the State of Ohio.

In response to Defendant's arguments, the State argues generally that Defendant's claims lack merit and that Defendant fails to meet his burden pursuant to Crim.R. 33(B).

B. **Analysis**

FCPO 004710

0B614 - V20

1. **Timeliness pursuant to Crim.R. 33(B)**

Criminal Rule 33(B) provides:

> (B) Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Of particular importance to this argument is 11/8/19 – the date upon which BCI issued its report regarding the fingerprint analysis it conducted. Subsequently, on 5/11/20, the parties submitted to the Court a "Joint Briefing Schedule," indicating they agreed to permit Defendant to propose "new or amended [ ] filings" by 5/22/20. On 5/14/20, the Court officially adopted this briefing schedule.

On 5/22/20, Defendant filed his First Amended Post-Conviction Petition, and an Amended Motion for Leave to File a Motion for New Trial. Both filings were fully briefed.

On 4/7/21, the Court conducted a teleconference with counsel, at which the briefing was discussed. The Court ultimately granted Defendant provisional leave to file a Motion for New Trial within 14 days. *See*, 4/9/21 Entry.

Subsequently, Defendant filed the instant Motion for New Trial on 4/16/21, within the 14-day window the Court granted him in the 4/9/21 Entry.

FCPO 004711

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146
0B614 - V21

In *State v. Johnston*, 39 Ohio St.3d 48 (1988), the Court reviewed the timeliness of Johnson's Motion for New Trial, filed pursuant to Crim.R. 33, alleging both prosecutorial misconduct and newly-discovered evidence. Therein, Johnston was required to file his new trial motion either within 120 days after the journalization of the guilty verdict, or within 7 days after securing an order from the trial court finding he was unavoidably delayed from timely filing it, but Johnston failed to comply with either requirement. Regardless, the trial court there overlooked the timeliness issued and resolved the motion on its merits. On appeal, the *Johnston* Court held that "In reaching the merits, the trial court implicitly found that appellee was unavoidably prevented from filing the motion within the Crim. R. 33(B) time limits. We do not find that the trial court's handling of the matter in this fashion constituted an abuse of discretion." *Id*, at 58-59, citing *Ojalvo v. Bd. Of Trustees of Ohio State Univ*. (1984), 12 Ohio St.3d 230.

Here, upon review of the timeline in the instant matter, and *Johnston*, this Court finds by clear and convincing proof that Defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, as the fingerprint testing BCI performed was not available until 2019, when it was conducted in this matter. As such, this Court deems Defendant's instant motion timely filed. Moreover, the interests of justice require this Court examine the merits of Defendant's arguments and not deny the motion on procedural grounds.

2. **Interview Notes and Related Testimony**

Upon review of Defendant's Claims One and Two, regarding CPD's handwritten interview notes that were allegedly not properly disclosed in discovery and the testimony regarding same, the Court initially notes the parties dispute whether these notes were, indeed, properly disclosed in discovery; and the record does not establish they were *not* so disclosed. Indeed, to succeed on these claims, Defendant must show that the State actually suppressed the allegedly

FCPO 004712

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146
0B614 - V22

exculpatory and material evidence at issue. *See, State v. Johnston*, 39 Ohio St. 3d 48 (1988), and *Brady*, generally.

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Johnston*, at 60, citing *Brady*, at 87.

"In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Johnston*, at 61, citing *United States v. Bagley* (1984), 473 U.S. 667, at 682.

"The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense." *U.S. v Agurs*, 427 U.S. 97, 109-110 (1976). The *Agurs* Court clarified that a constitutional violation of this nature only occurs when the state is aware of certain exculpatory and material evidence and the defense lacks knowledge of it. *Id*, at 103.

Here, while the record is clear that the defense conducted an independent investigation of this matter (as evidenced by the fact that "Ricky McLanahan" [McClanahan] was on Defendant's witness list), it does not demonstrate what information was uncovered thereby – specifically, whether the defense became aware of Richard Diggs or of McClanahan's height range description of the perpetrator. As such, this Court cannot conclude that any constitutional *Brady* violation occurred.

Furthermore, regarding Defendant's claim that Det. Walker provided false and misleading testimony relating to these handwritten interview notes, this Court is mindful that "Evidence of

FCPO 004713

perjury, without proof of knowledge on the part of the prosecution, does not implicate constitutional rights." *State v. Boddie*, 10th Dist. No. 12AP-811, 2013-Ohio-3925, ¶ 13. *See*, also, *State v. Iacona*, 93 Ohio St.3d 83 (2001) (requiring defendant to prove that the prosecution knew that allegedly false testimony was, indeed, actually false).

The record here does not establish that the trial prosecutors had any knowledge of the Richard Diggs reference or height range description in the CPD handwritten interview notes.

Accordingly, because Defendant has neither established that the CPD handwritten interview notes were not actually disclosed in discovery, nor that they constitute material and exculpatory evidence, this Court cannot find that Defendant's constitutional rights were violated at trial, such that a new trial is warranted pursuant to Crim.R. 33(A)(1), Crim.R. 33(A)(2), or under *Brady, Napue, Johnston, Bagley, Agurs*, or *Boddie*. Indeed, this Court finds, in light of all the other evidence and testimony offered at trial,[3] these CPD handwritten interview notes and testimony surrounding same are not material and exculpatory evidence, as there is not a reasonable probability that, had they been disclosed to Defendant, the result of the proceeding would have been different.

Accordingly, Defendant's Claims One and Two fail.

### 3. Ineffective Assistance of Counsel

For the same reasons state above at Section (B)(1), Defendant's ineffective assistance claim also fails, as Defendant fails to establish actual prejudice under *Strickland*, by demonstrating there is a reasonable probability that but for defense counsel's unprofessional errors in failing to

---

[3] Such information includes, but is not limited to: each victim's long-standing familiarity with and ultimate identification (via photo arrays and/or voice recognition) of Defendant as the perpetrator, a description of the clothing the perpetrator wore during and the day before the home invasion, each victim's similar story of how the home invasion occurred and what was allegedly said during it, McClanahan's description of a post-indictment personal encounter with Defendant wherein Defendant allegedly offered a bribe to McClanahan in exchange for recanting his identification of Defendant as the perpetrator (by giving McClanahan a piece of paper on which Defendant wrote his own name and phone number), and Defendant's ultimate concession at trial that he did give such paper to McClanahan.

FCPO 004714

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146

0B614 - V24

object to or impeach witness testimony regarding the contents of the notes and the testimony regarding same, the result of the proceeding would have been different.

### 4. Newly-Discovered DNA Results

As for Defendant's Claim Four regarding newly-discovered evidence, the Court initially notes the parties' agreement that the 2019 DNA results – which exclude Defendant as the source of the DNA on the 9mm cartridge casing collected from the scene – were not available to Defendant at the time of trial and could not with reasonable diligence have been discovered and produced at trial; rather, they were the product of a new method for testing cartridge casings that BCI developed as part of its work on this very matter, with the cooperation of Defendant and the State of Ohio. *See*, Joint Stipulations of Fact, at page 2, item 13, filed 9/17/21.

As required by Crim.R. 33(A)(6), Defendant has produced affidavits of witnesses by whom evidence regarding these 2019 DNA results would have been given at a hearing on the matter (although the parties jointly waived such hearing after the Court scheduled it). *See*, Defendant's 4/16/21 Motion for New Trial Pursuant to Crim.R. 33, Exhibits.

Pursuant to *State v. Hawkins*, 66 Ohio St.3d 339, 350 (1993):

> To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*See*, also, *State v. Petro*, 148 Ohio St. 505 (1947).

Here, regarding prongs (2) and (3), the parties do not dispute that the 2019 DNA results have been discovered since the trial, and could not in the exercise of due diligence have been discovered before the trial.

FCPO 004715

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146

0B614 - V25

Regarding prong (4), the State does not appear to contest the materiality of these DNA results either; nevertheless, the Court does find them material to the issue of Defendant's guilt, as they address the element of Defendant's identity as the perpetrator of the offenses charged. *State v. Cureton*, 2003-Ohio-6010 (9th Dist. 2003).

Regarding prong (5), Evidence "will not be deemed cumulative simply because part of its content was covered or duplicated by evidence produced at trial, so long as the testimony contains additional elements which contribute significantly to [the] defendant's case." *State v. Barber*, 3 Ohio App.3d 445, 447 (10th Dist. 1982). As such, this Court finds these DNA results are not merely cumulative to former evidence, as they contain additional elements which contribute significantly to Defendant's case, insofar as he proclaims his innocence as the perpetrator of the alleged offenses.

Regarding prongs (6) and (1), respectively, the Court must determine whether these 2019 DNA results merely impeach or contradict the former evidence; and whether they disclose a strong probability that they will change the result if a new trial is granted.

Of significance to this analysis is the State's own presentation of the case, wherein the prosecutor told the factfinders:

> This case is about one thing: eyewitness identification. Specifically, whether Richard McClanahan and Rhonda Curry correctly identified the defendant as the person who committed the crimes that we will be talking about. * * * The only issue the defense has, and the only issue that consequently the defense can argue about, is the eyewitness identification.

Tr. at 276-277.

Of additional significance to this analysis is other forensic information recovered from the scene: fingerprints from where the perpetrator held the bedframe – which did not match Defendant.

Clearly, these 2019 DNA results would offer Defendant the opportunity to expand on the

FCPO 004716

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146
0B614 - V26

"only issue [to] argue about," as the State indicated at trial. Indeed, had these results been available at trial, they would inform the factfinders' consideration of Defendant as the perpetrator, as they offer Defendant the opportunity to support his claim of innocence. Furthermore, considered in conjunction with the fingerprint results, they are of significant probative value and evidentiary weight.

As for prong (6), the Court finds these 2019 DNA results do not merely impeach or contradict former evidence, as they are of such significant probative value and evidentiary weight for the factfinders' consideration of Defendant's identity as the perpetrator.

In *State v. Jones*, 2013-Ohio-2986 (9th Dist.), Jones was convicted at trial without any physical evidence linking him to the crime scene, but rather from witness identifications through photo arrays and the testimony of a jail-house informant. Years later, DNA testing was conducted on numerous items of evidence. The results were all either inconclusive, or excluded Defendant as a source of DNA on the items. On motion, the trial court ultimately granted Jones a new trial, which was affirmed. The *Jones* Court held, "Viewing the DNA testing results in the context of the evidence at trial, therefore, there is a substantial probability that were Mr. Jones tried again, a different outcome would result."

Regarding prong (1), this Court, viewing the 2019 DNA testing results in the context of the evidence at trial, finds there is a strong probability that they will change the result if a new trial is granted.

Accordingly, this Court hereby **GRANTS** Defendant a new trial pursuant to Crim.R. 33; *State v. Hawkins*, 66 Ohio St. 3d 399 (1993); and *State v. Petro*, 148 Ohio St. 505 (1947).

## C. Conclusion

Upon review of the arguments of counsel, the 9/17/21 Joint Stipulations of Fact and

FCPO 004717

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Jan 12 1:18 PM-05CR000146
0B614 - V27

relevant legal authority, and for all the reasons stated above, this Court hereby **GRANTS** Defendant's 4/16/21 Motion for a New Trial.

  **IT IS SO ORDERED**.

            signature page attached
            JUDGE COLLEEN O'DONNELL

Copies to all parties.

FCPO 004718