# Exhibit 13

# IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **State of Ohio,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **Case No. 05-CR-00146** |
| | : | |
| **Richard H. Horton,** | : | **Judge Andria Noble** |
| | : | |
| **Defendant.** | : | |

## MOTION FOR *NOLLE PROSEQUI*

On October 9, 2004, the defendant committed a home invasion robbery, victimizing Richard McClanahan and Rhonda Curry at gunpoint inside their residence. A jury heard the case and convicted him, resulting in a 23-year prison sentence.

The record in this case details the aftermath, including Judge O'Donnell's reasoning for granting a new trial on January 12, 2022. That decision denied all but one of the defendant's claims that the court should grant a new trial, including denying a *Brady* claim concerning the reference to a Richard Diggs in the detective's handwritten notes. The *sole basis* on which Judge O'Donnell granted the new trial was due to newly discovered evidence that was not available at the time of trial. Specifically, an unknown male's DNA was on the shell casing located at the scene (notably, no allegation that it was Richard Diggs' DNA). The defendant's DNA was not on the casing.

Following this decision, the State reviewed the evidence, including the evidence brought forward after the verdict. Amongst that evidence was the identification of the defendant by the two victims, both of who knew the defendant *prior to that day*.

Ms. Curry's identification of the defendant involved the fact that she knew the defendant as "Richard" and knew that he had gone to the same school as her daughter. Further, she had

observed the defendant previously when he purchased a car from her niece. She selected the defendant out of an array. She was certain it was the defendant who committed these violent crimes.

When speaking with the State on May 23, 2023, she said she still "has nightmares" about what this defendant did to her and her partner of 22 years, Mr. McClanahan. Her memory of the events as of this filing are still clear, both with what happened to her and to Mr. McClanahan. She has not wavered in her identification of this defendant as the man who did this.

In addition, the State reviewed Richard McClanahan's trial testimony. Since the verdict, Mr. McClanahan died. Mr. McClanahan's testimony at trial, however, was detailed, both as to the events and as to the fact that this was the man who committed this violent crime. He had observed and engaged with the defendant the day before. He recognized his voice and the portion of his face that he could see. Further, he was even wearing the same clothing he was wearing the day before and the defendant made comments during the home invasion that referred back to their interaction the day prior.

Further, the defendant later offered him a $3,000 bribe to say he had identified the wrong man, but Mr. McClanahan declined the offer.

Given that the defense had an opportunity to cross-examine Mr. McClanahan, and given that the jury would *undoubtedly* have been aware of the Diggs' note at this new trial, the State believed the transcript of Mr. McClanahan's testimony was admissible.[1]

---

[1] The procedural history and the facts of the trial testimony are laid out in depth in prior filings. For example, a statement of facts can be found in the State's memorandum contra filed July 2, 2020, detailing the sworn testimony of Ms. Curry and Mr. McClanahan and the underpinnings of their identification of this defendant.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 May 25 12:38 PM-05CR000146

0B870 - U72

Following a full briefing on the issue of Mr. McClanahan's testimony, however, this court disagreed and ruled on April 25, 2023 that the State may not introduce Mr. McClanahan's sworn testimony via transcript. Recognizing this decision would be reviewed under the highly deferential "abuse of discretion" standard, the State elected not to appeal. The State certainly respects the court's ruling, even though we disagree with it.

Now, the State is faced with the decision whether to continue to pursue a case, where the defendant has served over 16 years in prison, and ask Ms. Curry to relive this "nightmare" over 18 years after the crimes, given the current state of the evidence. Upon much reflection, the State elects not to do so.

We write this brief synopsis to note that, upon a review of all of the information known to the State at this time, it remains the State's belief that this defendant committed these crimes. Our burden, however, requires that we prove this belief, with the available admissible evidence as it stands today, to a jury beyond a reasonable doubt. In light of the court's recent ruling preventing the State from introducing Mr. McClanahan's trial testimony, we do not believe we can meet that burden.

We, therefore, respectfully request that this court grant the State's motion to enter a *nolle prosequi*.

Respectfully submitted,

G. GARY TYACK
Prosecuting Attorney
Franklin County, Ohio

/s/ Steven Schott
Steven C. Schott  0097554
Assistant Prosecuting Attorney
373 South High Street, 14th Floor
Columbus, Ohio 43215
(614) 525-3555

/s/ Jason Manning
Jason Manning  0073707
Assistant Prosecuting Attorney
Director – Major Crimes

/s/ Seth Gilbert
Seth Gilbert
Assistant Prosecuting Attorney
Chief Counsel – Appellate Division

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was delivered via email (and will also be delivered via e-filing) to Larry Thomas and Brian Howe, attorneys for the defendant.

/s/ Steven Schott
Steven C. Schott     97554
Assistant Prosecuting Attorney
